# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP-LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S EX PARTE MOTION FOR
## LEAVE TO EFFECT ALTERNATIVE SERVICE

**TABLE OF CONTENTS**

I. BACKGROUND AND FACTS SUPPORTING ALTERNATIVE SERVICE ...................... 1

    A. Plaintiff is a Texas LLC and Defendants are Chinese companies. .................................. 1

    B. TP-Link USA is Defendants' representative in the United States. ................................. 1

    C. Plaintiff has already attempted service on Defendants through multiple channels .......... 3

II. LEGAL STANDARDS ................................................................................................... 4

III. ARGUMENT ................................................................................................................... 6

    A. Alternative Service of Process is Justified for These Defendants .................................... 6

    B. Service on the Defendants Through TP-Link's US Subsidiary and Through TP-Link's U.S. Counsel Comports With Due Process ........................................................ 9

        1. Defendants can be served via their U.S. subsidiary, TP-Link USA. ...................... 9

        2. Service can be accomplished via known outside counsel for Defendants. ........... 11

III. CONCLUSION ............................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*,
   2014 U.S. Dist. LEXIS 185740 (W.D. Tex. July 2, 2014)................................................ 7, 8, 10

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*,
   2018 U.S. Dist. LEXIS 118058 (N.D. Tex. Mar. 16, 2018) ................................................... 6, 7

*Gramercy Ins. Co. v. Kavanagh*,
   2011 U.S. Dist. LEXIS 500003 (N.D. Tex. May 10, 2011) ...................................................... 6

*In GLG Life Tech Corp. Sec. Litig.*,
   287 F.R.D. 262 (S.D.N.Y. 2012) ............................................................................................. 8

*In re OnePlus Tech. Co.*,
   2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021) .......................................................... 5

*Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC*,
   295 F.R.D. 259 (S.D. Ohio 2013) ............................................................................................ 7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) .............................................................................................................. 6, 9

*Nuance Communications, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ................................................................................................ 5

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................................. 5

*RPost Holdings Inc. v. Kagan*,
   2012 U.S. Dist. LEXIS 7566 (E.D. Tex. Jan. 23, 2012) ........................................................... 6

*SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*,
   2020 U.S. Dist. LEXIS 211986 (E.D. Tex. June 15, 2020) .................................................. 5, 7

*STC.UNM v. TP-Link Techs. Co., Ltd.*,
   2020 U.S. Dist. LEXIS 257942 (W.D. Tex. Jan. 1, 2020)...................................................... 10

*STC.UNM v. TP-Link Techs. Co., Ltd.*,
   C.A. No. 6:19-cv-262 (W.D. Tex., Feb. 5, 2020) .................................................................... 2

*Stingray IP Solutions, LLC v. TP-Link Techs. Co., Ltd.*,
   C.A. No. 2:21-CV-00045-JRG (E.D. Tex., Nov. 19, 2021)............................................. passim

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988) ................................................................................................................. 9

*WorldVentures Holdings, LLC v. MaVie*,
   2018 U.S. Dist. LEXIS 209348 (E.D. Tex. Dec. 12, 2018) .................................................... 11

*WSOU Invs. d/b/a Brazos Licensing and Dev. v. TP-Link Tech. Co., Ltd.*,
   C.A. 6:20-cv-01012-ADA (W.D. Tex.) ............................................................................... 11, 12

**Rules**

Fed. R. Civ. P. 4(f) ........................................................................................................................ 5

Fed. R. Civ. P. 4(f)(3) ................................................................................................................... 6

Fed. R. Civ. P. 4(h)(2) .................................................................................................................. 4

Tex. Disciplinary Rule of Professional Conduct 1.03 ................................................................ 12

Plaintiff Atlas Global Technologies LLC ("Atlas" or "Plaintiff") files this Motion for Leave to Effect Alternative Service on Defendants TP-Link Technologies Co., Ltd., ("TP-Link Tech."), TP-Link Corporation Limited ("TP-Link Corp."), and TP-Link International Ltd. ("TP-Link Int'l") (collectively, "TP-Link" or "Defendants") and respectfully seeks leave to serve the summons and complaint on Defendants via alternative means as follows:

I.   **BACKGROUND AND FACTS SUPPORTING ALTERNATIVE SERVICE**

   A.   **Plaintiff is a Texas LLC and Defendants are Chinese companies.**

Plaintiff is a Texas limited liability company located at 4413 Spicewood Springs Rd., Suite 101, Austin, TX 78759. Dkt. No. 1 (Complaint) at 2. Defendant TP-Link Tech. is a multi-national private limited company organized under the laws of the People's Republic of China ("PRC" or "China"), with its principal place of business located at South Building 5, Keyuan Road, Central Zone Science & Technology Park, Nanshan, Shenzen, PRC 518057. *Id.* at 2-3. Defendants TP-Link Corp. and TP-Link Int'l are both private limited companies organized under the laws of Hong Kong, China, with a shared principal place of business located at Suite 901-902, 9/F, New East Ocean Centre, 9 Science Museum Road, Tsim Sha Tsui, Hong Kong, China 518057. *Id.* at 3.

   B.   **TP-Link USA is Defendants' representative in the United States.**

Defendants maintain no registered agent for service of process in the United States. Upon information and belief, Defendants import, sell, and offer to sell their products (including the Accused Wi-Fi 6 Products) through a U.S.-based subsidiary, TP-Link USA Corporation ("TP-Link USA"). TP-Link USA is a California corporation, with its principal place of business at 10 Mauchly, Irvine, CA 92618. Ex. 1 (CA Sec. of State Filing for TP-Link USA) at 1. The California Secretary of State identifies TP-Link USA's registered agent for service of process as Deyi Shu, listed at the same address as TP-Link USA's principal place of business. *Id.* at 2.

1

TP-Link USA is a United States subsidiary of TP-Link Tech. Ex. 2 (Xu Declaration) at 1. TP-Link USA's Chief Executive Officer, Richard Xu, has stated that TP-Link USA has "the backing of a global company's R&D" and that he was "appointed to establish a beachhead in the US market" for a Chinese company. Ex. 3 (Xu Interview) at 2.

Further, publicly-available documents and websites show that Defendants are all interconnected and related entities, and TP-Link USA is their representative in the United States. *See* Ex. 4 (FCC Order) at 1, 4 (referring to TP-Link USA as "an indirect wholly-owned-subsidiary" of TP-Link Tech. and involving all related entities in a consent decree); *see also* Ex. 5 (TP-Link US website) at 6 (showing the copyright for the US website is held by the foreign related entity: "Copyright © 2021 TP-Link Corporation Limited"); Ex. 6 (TP-Link Int'l Corporate Profile) at 3 (listing TP-Link Int'l as the supplier for TP-Link USA); *compare* Ex. 7 (FCC Profile for TP-Link Corp.) at 2-5 *with* Ex. 8 (FCC Profile for TP-Link Tech.) at 3-7 (listing the same Wi-Fi 6 equipment for both companies). Further, TP-Link USA holds itself out as the "U.S. presence" of TP-Link Tech. and connects itself to the "tens of millions of customers in more than 120 countries" that TP-Link serves. Ex. 9 (LinkedIn Profile For TP-Link USA) at 1. TP-Link USA also advises potential employees to email hr.usa@tp-link.com—using the same domain name as TP-Link Tech., not a separate domain for TP-Link USA. *Id*.

Moreover, other parties seeking to serve TP-Link Tech. have experienced the same difficulties that Plaintiff has, and in trying to resolve those difficulties, have demonstrated how closely TP-Link Tech. and TP-Link USA are connected. *See* Ex. 10 (Status Report Regarding Service of Discovery), *STC.UNM v. TP-Link Techs. Co., Ltd.*, C.A. No. 6:19-cv-262 (W.D. Tex., Feb. 5, 2020); Ex. 11 (Order Granting Alternative Service), *Stingray IP Solutions, LLC v. TP-Link Techs. Co., Ltd.*, C.A. No. 2:21-CV-00045-JRG (E.D. Tex., Nov. 19, 2021). In *STC.UNM*,

the court found that plaintiff had "provided sufficient facts for at least a *prima facie* case that [TP-Link Tech.] exerts the kind of control over its subsidiary [TP-Link USA] necessary to establish an alter ego status" and allowed discovery into the relationship between TP-Link Tech. and TP-Link USA. Ex. 10 at 1. And in *Stingray*, this Court credited evidence similar to that presented above as showing that "Defendants are interconnected and related entities, and that TP-Link USA is their subsidiary in the U.S." Ex. 11 at 7.

      **C.**    **Plaintiff has already attempted service on Defendants through multiple channels.**

On November 22, 2021, Plaintiff filed its complaint in this Court alleging claims for patent infringement against Defendants. Dkt. No. 1 (Complaint). On December 9, 2021, Plaintiff sent the complaint to TP-Link's counsel in co-pending Western District patent litigation and requested that TP-Link waive service. Ex. 12 (Fair-Hoffman email). TP-Link did not respond. Then on January 14, 2022 and again on January 19, 2022, Plaintiff attempted to serve Defendants via their U.S. subsidiary, TP-Link USA. Ex. 13 (Service Affidavit). More specifically, Atlas attempted to serve TP-Link USA's registered agent for service of process (and CFO and Secretary), Deyi Shu. *Id.* However, due to COVID, TP-Link USA's office was closed and Mr. Shu could not be served. *Id.*

Additionally, on January 26, 2022, this Court granted Plaintiff's Ex Parte Motion for Service of Process, sending copies of the Complaint and Summons to Defendants TP-Link Corp. and TP-Link Int'l. Dkt. No. 19 (Order). The complaints and summonses were sent via FedEx international priority mail to the headquarters of each of these companies, but delivery was improperly refused by recipients at TP-Link Corp. and TP-Link Int'l's shared address and returned. Ex. 14 (FedEx Tracking) at 2, 5; *see also* Ex. 15 (Photos of Returned Packages).

Plaintiff has therefore made reasonable efforts to effect service on all Defendants. And through these attempts, Defendants have arguably already been given adequate notice of these lawsuits, but have intentionally avoided service. *See* Ex. 14 at 2, 5 ("Shipment Refused by recipient" when properly delivered to TP-Link Int'l and TP-Link Corp.'s shared address); *see also* Ex. 12 (email to Defendants' counsel enclosing complaint). In view of the above facts, Plaintiff seeks leave to serve Defendants through the following alternative means: (1) service via Defendants' U.S. subsidiary; and/or (2) service via known outside counsel for Defendants.

**II.   LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 4(h)(2), a foreign corporation, partnership, or other unincorporated association located outside the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f), in turn, states that an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. Co.*, 2021 U.S. App. LEXIS 27282, at *9 (Fed. Cir. Sep. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f). *Id.* (quoting *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.* at *9.

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2020 U.S. Dist. LEXIS 211986, at *5-6 (E.D. Tex. June 15, 2020) (noting that plaintiffs had attempted service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents). District courts are granted broad discretion in making such a determination. *In re OnePlus*, 2021 U.S. App. LEXIS 27282, at *10.

Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant. *SIMO Holdings*, 2020 U.S. Dist. LEXIS 211986, at *6. "Due process, in turn, requires 'reasonable notice and an opportunity to be heard.'" *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, 2018 U.S. Dist. LEXIS 118058,

5

at *12 (N.D. Tex. Mar. 16, 2018) (citing *Gramercy Ins. Co. v. Kavanagh*, 2011 U.S. Dist. LEXIS 500003, at *1 (N.D. Tex. May 10, 2011)). "[T]he method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *RPost Holdings Inc. v. Kagan*, 2012 U.S. Dist. LEXIS 7566, at *4 (E.D. Tex. Jan. 23, 2012) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950)).

### III.    ARGUMENT

#### A.    Alternative Service of Process is Justified for These Defendants.

Rule 4(f)(3) independently allows substituted service if the method of service is directed by the Court and not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). Here, alternative service under Rule 4(f)(3) is justified given Plaintiff's good-faith—but unsuccessful—attempts to serve Defendants through reasonable means, and as an alternative to the time-consuming and expensive process of serving Defendants via the Hague Convention.

The facts of this case are virtually identical to those in another case involving the same TP-Link Defendants: *Stingray IP Sols. v. TP-Link Techs. Co.*, 2021 U.S. Dist. LEXIS 252513 (E.D. Tex. Nov. 19, 2021). In that *Stingray* case, this Court permitted alternative service on the TP-Link Defendants via their US subsidiary and their attorneys-of-record because of the delay, expense, prior attempts to effectuate service, and Defendants' refusal to accept service by international mail. *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *5-12. For the same reasons, this Court should similarly permit alternative service on TP-Link's US subsidiary and current counsel-of-record.

As an initial matter, alternative service via the TP-Link US subsidiary and counsel of record—both of which are located within the United States—is not "precluded by the Hague Convention because alternative service is to be effectuated within the United States." *Stingray*,

6

2021 U.S. Dist. LEXIS 252513, at *5-6. Moreover, this Court (and many others) have held that following the strict requirements of the Hague Convention is not necessary in order to serve a foreign defendant in a signatory country. *Id.*; *see also Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, 2014 U.S. Dist. LEXIS 185740, at *3-5 (W.D. Tex. July 2, 2014).

Alternative service is justified in this case because of the delay, expense, and complications associated with service via the Hague Convention. Courts recognize that "the multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3)." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *6; *see also Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *7-9; *SIMO Holdings*, 2020 U.S. Dist. LEXIS 211986 at *3; *ZTE Corp.*, 2018 U.S. Dist. LEXIS 118058, at *11-12. If Plaintiff is required to serve Defendants in China via the Hague Convention, it would take anywhere from several months to up to two years before this lawsuit could proceed on the merits.

The delay is particularly apparent with respect to TP-Link Tech, which is based in mainland China. While China is a signatory to the Hague Convention, China objects to Article 10 of the Hague Convention that permits service through postal channels and judicial officials in the State where service is to occur. *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *6 (citing *Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013)). Thus, TP-Link Tech cannot be served via more expedient methods of service—such as service under Rule 4(f)(2)(C)(ii)—that are applicable to Hong Kong-based entities like TP-Link Corp. and TP-Link Int'l. *Id.* at *6-7. So "service under Rule 4(f)(3) is favorable with respect to at least TP-Link Tech. because it would otherwise require delayed service under the Hague Convention." *Id.* at *7.

7

In addition to delay, "[c]ourts have also found that avoiding the additional expense of serving a defendant in a foreign country is a valid justification for granting an alternative method of service." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *7 (citing *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *8). Here, three defendants remain to be served—one in mainland China and two in Hong Kong. Requiring service to proceed solely under the Hague Convention would add the cost of separate applications to the respective central authorities along with the expense from any resulting delay. *Id.* at *7-8; *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (ordering alternative service of individual in China, noting that service under the Hague Convention would take "approximately six to eight months").

Beyond delay and expense, Plaintiff's multiple attempts to effectuate service—combined with TP-Link Corp. and TP-Link Int'l's role in refusing to accept service by FedEx mail following this Court's authorization of such service under Rule 4(f)(2)(C)(ii)—also favors granting alternative service under Rule 4(f)(3). *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8. As discussed above, Plaintiff has made multiple attempts to notify and serve the Defendants: (1) by emailing the complaint to Defendants' counsel along with a request to waive service (Ex. 12); (2) by attempting to serve Defendants' U.S. subsidiary on several occasions (Ex. 13); and (3) by attempting to serve TP-Link Corp. and TP-Link Int'l via international mail with leave of the Court per FRCP 4(f)(2)(C)(ii) (Exs. 14-15). "This is not a case where a plaintiff seeks alternative service without first attempting to provide substantive notice through other means." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8. Accordingly, alternative service is warranted under these facts.

B. **Service on the Defendants Through TP-Link's US Subsidiary and Through TP-Link's U.S. Counsel Comports With Due Process.**

Due process requires that the method of service ordered by the Court must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff seeks leave to serve Defendants through one or both of the following methods, either separately or concurrently:

1. Serving the complaints and other required materials on Defendants' U.S. subsidiary, TP-Link USA Corporation; and

2. Serving the complaints and other required materials via known counsel for Defendants TP-Link Tech., TP-Link Corp., and TP-Link Int'l.

As shown below, both proposed methods are reasonably calculated to give notice to Defendants of these lawsuits. Indeed, this Court previously found that Plaintiff's requested alternative "is reasonably calculated, under all of these circumstances, to apprise Defendants being served of the pendency of the action and afford them a fair opportunity to present their objections." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8-9.

**1. Defendants can be served via their U.S. subsidiary, TP-Link USA.**

As discussed above, Defendants are all inextricably connected and related entities, and TP-Link USA is the United States subsidiary that acts on Defendants' behalf in the United States. Exs. 1-11. TP-Link USA acts as a U.S.-based representative for Defendants and serving TP-Link USA constitutes valid service on all Defendants. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("service on a domestic agent is valid and complete under both state law and the Due Process Clause"). Here, Plaintiff has already attempted to serve the complaint and summons on TP-Link USA. Ex. 13. With permission from the Court, Plaintiff will

serve TP-Link USA via its registered agent with the summons, complaint, and the Court's order for alternative service.

Serving Defendants via their U.S.-based subsidiary, TP-Link USA, satisfies due process. Numerous courts, including this Court, have allowed alternative service of foreign defendants to be accomplished via service upon a U.S. subsidiary or affiliated company. *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8; *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *9.

TP-Link USA is not only affiliated with TP-Link Tech., TP-Link USA is a subsidiary of TP-Link Tech. *See* Ex. 2-4. In fact, in *STC.UNM*, the court acknowledged that numerous facts supported a *prima facie* case that TP-Link USA is an alter ego of TP-Link Tech. *STC.UNM v. TP-Link Techs. Co., Ltd.*, 2020 U.S. Dist. LEXIS 257942, at *9 (W.D. Tex. Jan. 1, 2020). The court in *STC.UNM* acknowledged, among other facts, that: (1) TP-Link Tech. and TP-Link USA share a common business name; (2) TP-Link USA has acknowledged its status as a subsidiary of TP-Link Tech.; (3) the same attorneys routinely represent both entities; and (4) Richard Xu, who has served as an executive of both companies, was sent by TP-Link Tech. to create TP-Link USA and establish a market for TP-Link Tech's products. *Id*. at *8-9. The court found it "particularly persuasive" that TP-Link Tech. and TP-Link USA use the same domain name in their email addresses; both use "@tp-link.com." *Id*. Further, upon information and belief, TP-Link USA's registered agent Deyi Shu and other TP-Link executives and employees travel to China to meet with executives representing Defendants. *See* Ex. 10 at 2. TP-Link USA therefore has the capability to apprise Defendants, either through regular communication or in person, of this lawsuit. Serving Defendants through TP-Link USA therefore satisfies due process.

In addition, serving the foreign TP-Link Defendants via their U.S. subsidiary, TP-Link USA, is proper under FRCP 4(e)(1).  That Federal Rule "permit[s] service [of an Eastern District

complaint in California] pursuant to California law," and "California law authorizes service upon a general manager." Arigna Tech. Ltd. v. Bayerische Motoren Werke AG, C.A. No. 2:21-cv-00172-JRG, Dkt. 168 (E.D. Tex. Jan. 20, 2022) at 5. TP-Link USA is a "general manager" of the TP-Link Defendants because TP-Link's accused Wi-Fi 6 products in the United States. See Exs. 1-10. Moreover, the TP-Link Defendants have direct or indirect control over TP-Link USA, in addition to 100% of the capital investment in TP-Link USA. ID. These facts prove that TP-Link USA is indeed a "general manager" for the TP-Link Defendants. See Arigna. Dkt. No. 168, at 8-10. And serving the TP-Link Defendants via their "general manager" satisfies due process. Id. at 11-14.

**2. Service can be accomplished via known outside counsel for Defendants.**

Defendants can also be served by sending the complaints and all required documents to attorneys that are currently representing Defendants in unrelated lawsuits. Not only is this method reasonably designed to apprise Defendants of the lawsuit, but it is also commonplace: "courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)." *WorldVentures Holdings, LLC v. MaVie*, 2018 U.S. Dist. LEXIS 209348, at *37-38 (E.D. Tex. Dec. 12, 2018).

TP-Link is currently involved in lawsuits in both the Eastern and Western Districts of Texas. *Stingray IP Solutions, LLC v. TP-Link Techs. Co., Ltd.*, C.A. 2:21-cv-00045-JRG (E.D. Tex.); *WSOU Invs. d/b/a Brazos Licensing and Dev. v. TP-Link Tech. Co., Ltd.*, C.A. 6:20-cv-01012-ADA (W.D. Tex.). In the Eastern District *Stingray* lawsuit, TP-Link is represented by Edward J Mayle, Kristopher L. Reed, and Steven D. Moore of the law firm Kilpatrick, Townsend & Stockton LLP. *Stingray*, Dkt. Nos. 20-22 (Notices of Appearance). And in the Western District *WSOU* lawsuit, TP-Link is represented by John T. Johnson, Jeffrey C. Mok, and David

11

M. Hoffman of the law firm Fish & Richardson P.C. *WSOU*, Dkt. Nos. 14-16 (Notices of Appearance). As TP-Link's legal representatives, these attorneys are not only likely to be in communication with TP-Link—they are obligated to remain in communication with TP-Link in order to adequately represent their client. *See*, *e.g.*, Tex. Disciplinary Rule of Professional Conduct 1.03. These attorneys at Kilpatrick, Townsend & Stockton and/or Fish & Richardson are in the best position to reasonably apprise TP-Link of the pendency of this action and afford TP-Link the opportunity to respond to the Complaint.

Notably, the Courts in both the Eastern District *Stingray* case and the Western District *WSOU* case permitted service through U.S. outside counsel—just as Plaintiff proposes here. *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *10; *WSOU*, C.A. 6:20-cv-01012-ADA (W.D. Tex. 2020), Text Order Granting Motion for Alternative Service (Dec. 12, 2020). Accordingly, "service upon [] U.S. counsel for TP-Link Tech. is reasonably calculated to notify the Defendants of the action and afford them an opportunity to respond." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *10.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant this motion and enter an order approving alternative service of process on Defendants through either their U.S. counsel, their United States subsidiary, or both, either separately or concurrently, as proper under Rule 4(f)(3) and (h)(2).

Dated: February 25, 2022                    Respectfully submitted,

/s/ Eric J. Enger
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188

Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com
eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818

13

Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff**
**Atlas Global Technologies***