**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>       Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD.,<br><br>       Defendants. | Civil Action No. 2:21-cv-430-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND .................................................................................2

     A.      Defendant TP-Link China.............................................................................2

     B.      Defendant TP-Link Hong Kong....................................................................2

     C.      Non-Party TP-Link USA ..............................................................................3

III.    LEGAL STANDARDS ..........................................................................................3

IV.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ............5

     A.      This Court Lacks General Jurisdiction Over Defendants ....................................5

     B.      This Court Lacks Specific Jurisdiction Over Defendants....................................6

          1.      Defendants Have Not Purposefully Directed Activities at Texas.............6

          2.      TP-Link USA's Actions Cannot Be Imputed to Defendants ...................9

     C.      It Would Offend Traditional Notions of Fair Play and Substantial
        Justice to Subject TP-Link China and TP-Link Hong Kong to Personal
        Jurisdiction in Texas ...................................................................................10

     D.      Federal Rule of Civil Procedure 4(k)(2) Does Not Apply .................................12

     E.      The Court Should Either Dismiss the Case or Transfer it to the CDCA .............13

V.      CONCLUSION....................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689, 1358, 1360 (Fed. Cir. 2012) ..............................................................................3

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
   6 F.4th 1283 (Fed. Cir. 2021) ....................................................................................9

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
   480 U.S. 102 (1987) ...................................................................................4, 7, 10, 11

*Black v. Acme Mkts., Inc.*,
   564 F.2d 681 (5th Cir. 1977) ..................................................................................3, 10

*Bristol-Meyers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ...............................................................................................4

*Cheetah Omni, LLC v. NP Photonics, Inc.*,
   No. 6:13-CV-418, 2014 WL 11709437 (E.D. Tex. Mar. 28, 2014) ........................13

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .............................................................................................4, 5, 6

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*,
   414 F. Supp. 2d 523 (E.D. Pa. 2005) .........................................................................7

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ..........13

*Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*,
   Case No. 2:15-cv-2049-JRG, Dkt. No. 53 (E.D. Tex. Sept. 1, 2016) .....................10

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
   No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ........5, 7, 10

*Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc.*,
   No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966 (E.D. Tex. July 17, 2019) ........13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ....................................................................................................4

*Grober v. Mako Prods.*,
   686 F.3d 1335 (Fed. Cir. 2012) ..................................................................................5

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
  921 F.3d 522 (5th Cir. 2019) ..............................................................14

*Hargrave v. Fibreboard Corp.*,
  710 F.2d 1154 (5th Cir. 1983) ..............................................................9

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..............................................................12

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001)..............................................................4

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..............................................................4

*Monkton Ins. Services, Ltd. v. Ritte*r,
  768 F.3d 429 (5th Cir. 2014) ..............................................................4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)..............................................................5, 7

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*,
  603 F.3d 1364 (Fed. Cir. 2010)..............................................................11

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) ..............................................................2, 3, 12

*Soverain IP, LLC v. AT&T, Inc.*,
  No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017)....................10

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
  563 F.3d 1285 (Fed. Cir. 2009)..............................................................13

*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009)..............................................................13

*Valley Dynamo L.P. v. Warehouse of Vending & Games*,
  168 F.Supp. 2d 616 (N.D. Tex. 2001) ..............................................................3

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)..............................................................13

*Walden v. Fiore*,
  571 U.S. 277 (2014)..............................................................5

*Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*,
  848 F.3d 1346 (Fed. Cir. 2017)..............................................................4

**Statutes**

28 U.S.C. .................................................................................................................................14

28 U.S.C. § 1404(a) ..........................................................................................................13, 14

28 U.S.C. § 1406(a) ............................................................................................................2, 13

**Other Authorities**

Fed. R. Civ. P. 4(k)(2).................................................................................................1, 12, 13

Fed. R. Civ. P. 12(b)(2).......................................................................................................1, 14

Fed. R. Civ. P. 12(b)(5)............................................................................................................2

## I.      INTRODUCTION

Defendants TP-Link Technologies Co., Ltd. ("TP-Link China") and TP-Link Corporation Limited f/k/a TP-Link International Ltd. ("TP-Link Hong Kong") respectfully move to dismiss this action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).[1]

Recognizing that TP-Link China and TP-Link Hong Kong do not have any operations in the United States, Plaintiff Atlas Global Technologies, LLC ("Atlas") attempts to establish jurisdiction through non-party TP-Link USA Corporation ("TP-Link USA").  For example, Atlas speculates that each of the named foreign Defendants has targeted "Texas residents and residents of this Judicial District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers."  Dkt. 1 ("Cmplt.") at ¶¶ 14, 24, 32.  But non-party TP-Link USA is *solely* responsible for importing, marketing, advertising, offering to sell, and selling "TP-Link branded" products in the United States.  And it is a separate company that is not controlled by either of the named foreign Defendants.  TP-Link USA's actions thus cannot be imputed to Defendants, neither of which has purposefully directed its activities at Texas.  And the "federal long-arm statute," Fed. R. Civ. P. 4(k)(2), does not cure this fatal jurisdictional defect because Defendants would be amenable to suit in the Central District of California ("CDCA") where TP-Link USA is located.

Atlas is attempting to manipulate venue.  TP-Link USA is the correct defendant here as the seller of the accused products in the United States, but Atlas does not sue this entity.  Rather, Atlas uses non-party TP-Link USA as the alleged basis for jurisdiction over the foreign Defendants, and even purports to have served both foreign Defendants by attempting service of

---

[1] Defendants TP-Link International Ltd. and TP-Link Corporation Limited are the same entity, as TP-Link International Ltd. changed its name to TP-Link Corporation Limited in 2020.  *See* Declaration of Jianmei Sun ("Sun Decl.") at ¶ 2.

1

process on an employee of TP-Link USA at TP-Link USA's Irvine, CA headquarters.  Dkt. 22 at

2 ¶ 5.  Yet Atlas deliberately omits TP-Link USA as a defendant because venue is manifestly

improper under *TC Heartland*. This Court should not countenance such venue manipulation, and

should either dismiss the case for lack of jurisdiction or transfer it to the CDCA under 28 U.S.C.

§ 1406(a).  *Cf. In re Samsung Elecs. Co., Ltd*., 2 F.4th 1371, 1377 (Fed. Cir. 2021) ("[W]e are

not bound by a plaintiff's efforts to manipulate venue."); *id*. at 1379 ("[D]isregarding this

manipulation," plaintiff "could have filed suit in the Northern District of California").[2]

## II.     FACTUAL BACKGROUND

### A.     Defendant TP-Link China

TP-Link China is a privately held corporation organized under the laws of China, with its

headquarters and principal place of business in Shenzhen, China.  Declaration of Yanmei Zhang

("Zhang Decl.") at ¶ 2.  TP-Link China does not have any employees or agents in Texas.  *Id*. at ¶

3.  Nor does it own, lease, or operate any offices or other facilities in Texas.  *Id*.  TP-Link China

does not design, manufacture, sell, or offer to sell any products in Texas.  *Id*. TP-Link China

does not ship products to Texas, and it does not conduct any marketing or advertising in, or

directed toward, Texas.  *Id*.

### B.     Defendant TP-Link Hong Kong

TP-Link Hong Kong is a privately held corporation organized under the laws of Hong

Kong, with its headquarters and principal place of business in Hong Kong.  Declaration of

Jianmei ("Sun Decl.") at ¶ 3.  TP-Link Hong Kong does not have any employees or agents in

Texas.  *Id*.   Nor does it own, lease, or operate any offices or other facilities in Texas.  *Id*.   TP-

---

[2] In a separate motion to be filed later today, Defendants also move to dismiss under Fed. R. Civ.
P. 12(b)(5) for improper service of process.

Link Hong Kong does not design, manufacture, sell, or offer to sell any products in Texas.  *Id*. TP-Link Hong Kong does not ship products to Texas, and it does not conduct any marketing or advertising in, or directed toward, Texas.  *Id*.

      **C.**      **Non-Party TP-Link USA**

      TP-Link USA is a California corporation with its headquarters and principal place of business at Irvine, CA.  Zhang Decl. at ¶ 4.  TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling "TP-Link branded" products in the United States, including the accused products in this case.  *Id*.  TP-Link USA is a wholly owned subsidiary of TP-Link UK, Ltd., which also has not been named as a Defendant.  *Id*.  Contrary to Atlas's allegations (*see* Complt. at *e.g.*,¶¶ 12-27), neither of TP-Link China or TP-Link Hong Kong directs or controls the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States.  *Id*.  And TP-Link USA is not a subsidiary (either directly or indirectly) of either of TP-Link China or TP-Link Hong Kong.  Zhang Decl. at ¶ 4; Sun Decl. at ¶ 3.

**III.**      **LEGAL STANDARDS**

      As Plaintiff, Atlas has the burden of establishing that this Court has jurisdiction over TP-Link China and TP-Link Hong Kong, and it must set out a *prima facie* case of personal jurisdiction.  *AFTG-TG, LLC v. Nuvoton Tech. Corp*., 689, 1358, 1360 (Fed. Cir. 2012).  In determining whether a plaintiff has met that burden, "[a]llegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Valley Dynamo L.P. v. Warehouse of Vending & Games*, 168 F.Supp. 2d 616, 619 (N.D. Tex. 2001); *Black v. Acme Mkts., Inc*., 564 F.2d 681, 683 n.3 (5th Cir. 1977).

      "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether

assertion of personal jurisdiction violates due process." *Xilinx, Inc. v. Papst Licensing GmbH & Co., KG*, 848 F.3d 1346, 1352-53 (Fed. Cir. 2017).[3]  Where, as here, the long-arm statute of Texas extends to the limits of federal due process, determining whether jurisdiction exists over an out-of-state defendant reduces to the issue of "whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).  The due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).

General jurisdiction is "all-purpose jurisdiction"; it allows a court to hear any claim against a defendant even if all the incidents underlying the claim occurred in a different state. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).  Only a limited set of circumstances will render a defendant amenable to general jurisdiction there. *Id*. Indeed, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of a defendant.  *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

In contrast, specific jurisdiction must be "case-linked", *i.e.*, the plaintiff's suit must itself arise out of or relate to the defendant's forum contacts.  *Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014); *Asahi Metal Indus. Co. v. Super. Ct. of Cal*., 480 U.S. 102, 112-13 (1987).  Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Daimler*, 571 U.S. at 136-39 (quoting *Goodyear*

---

[3] In patent cases, Federal Circuit law applies to personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws."  *Xilinx, Inc*, 848 F.3d at 1352.

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).  The underlying controversy "must arise out of contacts that the 'defendant [itself]' creates with the forum."  *Walden v. Fiore*, 571 U.S. 277, 277 (2014).  And the required minimum contacts "must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." *Id*.  The Federal Circuit applies a three-prong test to determine whether specific jurisdiction exists: (1) "whether the defendant purposefully directed activities at residents of the forum"; (2) "whether the claim arises out of or relates to those activities"; and (3) "whether assertion of personal jurisdiction is reasonable and fair."  *Freescale Semiconductor, Inc. v. Amtran Tech. Co*., No. A-12-CV-644-LY, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).  "The plaintiff has the burden of proving parts one and two of the test; the burden then shifts to the defendant to prove that personal jurisdiction is unreasonable."  *Id*. (citing *Grober v. Mako Prods*., 686 F.3d 1335, 1346 (Fed. Cir. 2012)).

## IV.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### A.    This Court Lacks General Jurisdiction Over Defendants

This Court does not have general jurisdiction over TP-Link China or TP-Link Hong Kong, as neither is "at home" in Texas.  The "paradigm bases for general jurisdiction" where a corporation is "at home" are "the place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137 (citation and quotation marks omitted). Neither Defendant is incorporated in Texas, and neither has its principal place of business in Texas.

Atlas concedes that TP-Link China is a Chinese corporation and TP-Link Hong Kong is a Hong Kong corporation.  Compl. at ¶¶ 5-7.  The Complaint thus provides no facts to establish general jurisdiction over either Defendant, and simply recites conclusory allegations that Defendants have unidentified contacts in the state (*id*. at ¶¶ 12-38) and speculates that each of the

5

named foreign Defendants has targeted "Texas residents and residents of this Judicial District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers." *Id*. at ¶¶ 14, 24, 32.  Nor can Atlas allege facts to establish general jurisdiction, because they do not exist.  TP-Link China has no contacts with Texas.  *See* Zhang Decl.  It is a Chinese company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.  *Id*.  Similarly, TP-Link Hong Kong has no contacts with Texas.  *See* Sun Decl.  It is a Hong Kong company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.  *Id*.

Atlas alleges that Defendants has contacts in Texas because each allegedly controls or otherwise directs the sale and shipment of accused products into Texas through, for example, unnamed "alter egos" and "subsidiaries."  Compl. at ¶¶ 14, 24, 32.  These conclusory allegations are directly contradicted by the Zhang and Sun Declarations.  And even if true (which they are not), they would be insufficient to establish general jurisdiction over either Defendant. In *Daimler*, the Supreme Court reversed the Ninth Circuit's finding that there was general jurisdiction over a foreign defendant that indirectly engaged in a "substantial, continuous, and systematic course of business" in the state.  *Daimler*, 571 U.S. at 138-139.  The Court found that the question was "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State."  *Id*. (internal quotation marks omitted).  Thus, none of Atlas's allegations, even if true (and none are entitled to a presumption of truth because they are controverted by declarations), would render either of the foreign Defendants "at home" in Texas.  Therefore, there is no general jurisdiction.

## B.     This Court Lacks Specific Jurisdiction Over Defendants

### 1.      Defendants Have Not Purposefully Directed Activities at Texas

The Court likewise does not have specific jurisdiction over either of TP-Link China or TP-Link Hong Kong.  To establish specific jurisdiction, Atlas needs to show that each of the Defendants (1) "purposefully directed activities at residents of the forum"; (2) Atlas's "claim arises out of or relates to those activities"; and (3) the "assertion of personal jurisdiction is reasonable and fair."  *Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc.*, 626 F.3d at 1231).  Atlas comes up short, as the Complaint merely recites conclusory allegations contradicted by Defendants' declarants.

Atlas has not shown that TP-Link China or TP-Link Hong Kong has "purposefully directed" its activities at residents of Texas.  Specifically, Atlas fails to allege any specific acts that either Defendant has committed in the State of Texas to warrant jurisdiction.  Atlas generally alleges that each Defendant plays some part in placing the accused products in the stream of commerce in Texas and that they somehow direct or control the making, sale, and distribution of the accused products in the United States through unnamed alter egos, but Atlas fails to allege specific facts to support its allegations. Compl. at ¶¶ 12-38.  These conclusory allegations do not establish purposeful direction or availment with regard to Texas.  *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State…a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). *See Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *1 ("A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful conduct."); *Davlyn Mfg. Co. v. H&M Auto Parts, Inc*., 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) ("[A] defendant does not

'purposefully direct' his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state.").  Thus, Atlas has not alleged facts sufficient to show that TP-Link China or TP-Link Hong Kong purposefully directed its activities at residents of Texas.

Nor can Atlas offer any facts to support its allegations.  As noted above, neither of TP-Link China or TP-Link Hong Kong designs, manufactures, sells, or offers to sell any products in Texas.  Zhang Decl.; Sun Decl.  And neither Defendant ships products to Texas or conducts any marketing or advertising in, or directed toward, Texas.  Zhang Decl.; Sun Decl.  Moreover, neither Defendant has any employees or agents in Texas; and neither owns, leases, or operates any offices or other facilities in Texas.  Zhang Decl.; Sun Decl.

Further, non-party TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the accused products.  Zhang Decl. at ¶ 4.   Thus, TP-Link China and TP-Link Hong Kong do not direct or control the marketing of the accused products in Texas.  And contrary to the allegations in the Complaint, TP-Link USA is not a subsidiary of either Defendant, but instead a wholly owned subsidiary of TP-Link UK.  Zhang Decl. at ¶ 4.  And neither of TP-Link China or TP-Link Hong Kong directs or controls the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States.  *Id*.  TP-Link USA is not an agent of, and is not authorized to accept service of process directed to, TP-Link China or TP-Link Hong Kong.  In sum, neither Defendant directs or controls importing, marketing, advertising, offering to sell, or selling the accused products in Texas—or anywhere

else in the United States.  *See* Zhang Decl.; Sun Decl.  Accordingly, there is no specific personal jurisdiction over TP-Link China or TP-Link Hong Kong.

For the same reasons discussed above, Atlas has not shown and cannot show that its claims arise out of or relate to Defendants' activities within the forum.  As demonstrated by the Zhang and Sun Declarations, neither Defendant has committed any acts within or directed toward the State of Texas.  Thus, Atlas's claims cannot arise out of any of Defendants' activities within the forum, and there is no specific jurisdiction over Defendants.

### 2.      TP-Link USA's Actions Cannot Be Imputed to Defendants

Atlas's effort to blur the lines between Defendants and TP-Link USA also fail.  Even in the context of a parent and subsidiary (which is not the situation here), the Fifth Circuit "demand[s] proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes."  *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).  For example, even "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."  *Id.*; *cf. Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) ("But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes.").

To the extent Atlas is pursuing some sort of alter ego theory here (*see* Cmplt. at ¶¶ 14, 24, 32), Atlas has not met its high burden to establish that non-party TP-Link USA is the alter ego of either foreign Defendant.  Instead, Atlas's Complaint puts forward conclusory allegations that Defendants and TP-Link USA Corporation are essentially the same company and that one or more of the entities allegedly can control the activities of the others.  For sound reasons, "such conclusory statements, without more, do not counsel in favor of disregarding the corporate

form." *Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*, Case No. 2:15-cv-2049-JRG, Dkt. No. 53 at 9 (E.D. Tex. Sept. 1, 2016); *see Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (dismissing where "the record does not conclusively demonstrate an *alter ego* relationship between MediaTek and MediaTek USA"); *cf. Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ("[E]ven if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness.").

Moreover, Atlas's conclusory allegations that Defendants somehow control or direct TP-Link USA are directly contradicted by the Zhang and Sun Declarations, as discussed above.  The Court is therefore not required to—and indeed, should not—accept Atlas's controverted allegations at face value.  *Black* 564 F.2d at 683 n.3 ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except insofar as controverted by defendant's affidavit*, must be taken as true") (emphasis added).

### C.     It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject TP-Link China and TP-Link Hong Kong to Personal Jurisdiction in Texas

Independently, the exercise of jurisdiction over TP-Link China and TP-Link Hong Kong under the circumstances would be unreasonable and run afoul of the limits set by the Constitution.  This is especially important because the exercise of jurisdiction would be over a non-U.S. corporation with no contacts in this forum. *See Asahi*, 480 U.S. at 115.

The evaluation of the "reasonableness" of exercising jurisdiction depends on several factors: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) the

interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc*., 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *Burger King*, 471 U.S. at 476-77).

First, the burden of requiring TP-Link China and TP-Link Hong Kong to litigate in Texas would be severe and unreasonable.  Neither Defendant conducts business in Texas, and both maintain their respective headquarters and principal places of business thousands of miles away in Asia.   Yet, Defendants would be forced to litigate in a venue distant from their homes when there was absolutely no reason for them to have "foreseen" that they would be haled into court in Texas. *See Burger King*, 471 U.S. at 474.  Further, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114-15.  These reasons weigh against exercising personal jurisdiction over foreign corporations like TP-Link China and TP-Link Hong Kong.

Second, the only interest Texas has in this action is that Atlas purportedly resides in Texas.  But on information and belief, Atlas was formed only shortly before the Complaint was filed, and it exists primarily or solely to litigate.  There is no evidence that Atlas conducts any business here.  Instead, by all appearances, it is simply attempting to force foreign corporations to a distant court to assert patent rights under which it apparently does not make any products.  In the related context of venue, the Federal Circuit has repeatedly held that when, as here, a plaintiff's incorporation, office, and documents in Texas "were recent, ephemeral, and a

construct for litigation," they are entitled to no weight.  *In re Samsung Elecs. Co., Ltd*., 2 F.4th at 1378 (directing transfer on mandamus).  So too here in the context of jurisdiction.  Texas has no legitimate interest in this case, and the formation of Atlas in Texas is merely "a fiction which appears to have been created to manipulate the propriety of venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (directing transfer on mandamus).  And as discussed above, Atlas's attempt to use TP-Link USA (located in the CDCA) as basis for jurisdiction and service of process, while intentionally *not* suing TP-Link USA to avoid the patent venue statute, is precisely the type of gamesmanship that weighs strongly against finding jurisdiction over Defendants.  *See In re Samsung Elecs*, 2 F.4th at 1377 ("[W]e are not bound by a plaintiff's efforts to manipulate venue."); *id*. at 1379 ("[D]isregarding this manipulation," plaintiff "could have filed suit in the Northern District of California").

Third, fourth, and fifth, there is no efficiency to be gained or interests to be served by exercising jurisdiction over TP-Link China and TP-Link Hong Kong, both of which are foreign corporations that conduct no business in Texas.  *See* Zhang Decl.; Sun Decl.  Atlas has no viable claim against TP-Link China or TP-Link Hong Kong and therefore will be unable to obtain any judgment against them.  Finally, there are no fundamental substantive social policies to be served by requiring a foreign corporation with no contacts in the state to litigate thousands of miles from home.

For all of these reasons, exercising jurisdiction over Defendants would be unreasonable.

## D.  Federal Rule of Civil Procedure 4(k)(2) Does Not Apply

Fed. R. Civ. P. 4(k)(2) does not apply here because Defendants would submit to jurisdiction in the CDCA where TP-Link USA is located.  Rule 4(k)(2) "allow[s] a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is *not subject to jurisdiction in any state's* courts of general jurisdiction, and (3)

the exercise of jurisdiction comports with due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009). (emphasis added). If the defendant identifies a state in which it would submit to personal jurisdiction, then Rule 4(k)(2) does not apply. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).

### E.     The Court Should Either Dismiss the Case or Transfer it to the CDCA

Atlas is not without a proper forum, because, as discussed above, Defendants are amenable to suit in the CDCA.  28 U.S.C. § 1406(a) "allows the Court to transfer a case 'in the interest of justice' to a district where venue is proper even if the Court lacks personal jurisdiction." *Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc*., No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *9 (E.D. Tex. July 17, 2019) (quoting *Cheetah Omni, LLC v. NP Photonics, Inc*., No. 6:13-CV-418, 2014 WL 11709437, at *3 (E.D. Tex. Mar. 28, 2014)). Accordingly, instead of dismissal, this Court can transfer the case to the CDCA, where TP-Link USA can be properly joined, and where the witnesses and evidence relating to importation and sales of the accused products are located.  Additionally, transferring the case, rather than dismissing it, would also avoid Atlas's "having to re-file and relinquish" potential damages due to the Patent Act's six-year damages window.  *EMED Techs. Corp. v. Repro-Med Sys., Inc*., No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) (C.J. Bryson sitting by designation).

In a separate motion to be filed later today, and without waiving any jurisdictional or other defenses, Defendants will also move to transfer this action to the CDCA under 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses. *See Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or

13

improperly laid, whereas, in contrast, § 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege.").[4]

## V.     CONCLUSION

For the foregoing reasons, this Court should dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction over TP-Link China and TP-Link Hong Kong, or else transfer this action under 28 U.S.C. § 1406 to the CDCA, where TP-Link USA is located.

---

[4] A "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction." *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019).

Dated:  May 16, 2022

Respectfully submitted,

/s/ *Kristopher L. Reed*
Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue

15

Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*

16

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 16, 2022, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/  Melissa R. Smtih*