# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00430-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP-LINK INTERNATIONAL LTD., | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. ARGUMENT ................................................................................................................... 4

    A.   Service Under the Hague Convention Was Not Required. ................................... 4

    B.   "Principles of Comity" Do Not Trump Federal Rules or The Court's Discretion. .......... 6

IV. CONCLUSION ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

*Cases*

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
    No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. Sept. 10, 2021) ............... 4, 5, 6, 7

*Nuance Communications, Inc. v. Abbyy Software House*
    626 F.3d 1222 (Fed. Cir. 2010) ........................................................................................ 4, 5

*Stingray IP Sols., LLC v. TP-Link Tech. Co.*,
    Case No. 2:21-cv-00045-JRG (E.D. Tex. May 4, 2022) ............................................. 1, 2, 3

*Volkswagenwerk Aktiengesellschaft v. Schlunk*
    486 U.S. 694 (1988) ............................................................................................................ 4

*WSOU Invs., LLC v. TP-Link Techs. Co.*,
    Case No. 6:20-cv-1012-ADA, 2021 U.S. Dist. LEXIS 167111
    (W.D. Tex. Sep. 1, 2021) ..................................................................................... 1, 2, 3, 5, 7

*Rules and Regulations*

Fed. R. Civ. P. 4 ..................................................................................................... 2, 3, 4, 5, 6

Fed. R. Civ. P. 12 .............................................................................................................. 1

Tex. Civ. Prac. & Rem. Code Ann. § 17.045 ................................................................... 4

Plaintiff Atlas Global Technologies LLC ("Atlas") files this Opposition to the Motion to Dismiss for Insufficient Service under Fed. R. Civ. P. 12(b)(5) filed by Defendants TP-Link Technologies Co., Ltd., ("TP-Link Tech."), TP-Link Corporation Limited ("TP-Link Corp."), and TP-Link International Ltd. ("TP-Link Int'l") (collectively, "TP-Link"). Dkt. No. 29 ("the Motion").

**I.   INTRODUCTION**

On at least two prior occasions (including one before this very Court), TP-Link filed this same dismissal motion and argued the Texas long-arm statute and principles of comity require TP-Link to be served via the Hague Convention. Each time, the Courts soundly rejected TP-Link's position that it had not been adequately served. *Stingray IP Sols., LLC v. TP-Link Tech. Co.*, Case No. 2:21-cv-00045-JRG, Dkt. No. 50 (E.D. Tex. May 4, 2022), Ex. A; *WSOU Invs., LLC v. TP-Link Techs. Co.*, Case No. 6:20-cv-1012-ADA, 2021 U.S. Dist. LEXIS 167111 (W.D. Tex. Sep. 1, 2021). TP-Link neglects to identify or address either of these prior opinions, or to indicate why the reasoning in those opinions was incorrect. TP-Link's third bite at the apple should fare no better.

**II.   FACTUAL BACKGROUND**

Atlas filed this lawsuit on November 22, 2021. Dkt. No. 1. For the next four months, Atlas worked diligently to serve TP-Link, while TP-Link worked just as hard to dodge service:

- December 9, 2021: Atlas sends the complaint to TP-Link's counsel in co-pending Eastern District patent litigation and requests that TP-Link waive service. Dkt. No. 18-2 (Fair-Hoffman email); Dkt. No. 18-1 (Enger 1/25/22 Dec.) at ¶3. No response was received. *Id.*

- January 14, 2022 & January 19, 2022: Atlas attempts to serve Defendants in the U.S. via their U.S.-based subsidiary, TP-Link USA Corporation ("TP-Link USA"). Dkt. No. 18-3 (Service Affidavit); Dkt. No. 18-1 (Enger 1/25/22 Dec) at ¶4. However, due to COVID, TP-Link USA's office was closed. *Id.*

- January 25, 2022: Atlas moves the Court to serve TP-Link via mail pursuant to FRCP 4(f)(2)(C)(ii) and 4(h)(2). Dkt. No. 18.

- January 26, 2022: The Court grants Atlas's motion to serve TP-Link via mail. Dkt. No. 19.

- January 27, 2022: The Court mails the complaint and summons to TP-Link. Dkt. No. 20-14 (Fed Ex Tracking) at 3, 6.

- February 10-11, 2022: TP-Link refuses to accept the Court's mailing, and the documents are returned unopened. Dkt. No. 20-14 (Fed. Ex. Tracking) at 2, 5; Dkt. No. 20-15 (Photos of Returned Packages).

- February 25, 2022: Atlas moves the Court for alternative service pursuant to FRCP 4(f)(3). Dkt. No. 20.

- March 9, 2022: The Court grants Atlas's motion for alternative service. Dkt. No. 21. Of note: "[T]he Court finds that the requested forms of alternative service are not prohibited by international agreement because neither method of alternative service falls within the scope of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the 'Hague Convention'). Compliance with the Hague Convention is mandatory when the requested method of service is effectuated within the territory of the foreign signatory. Here, both of the requested methods of alternative service—service through the registered agent of TP-Link USA and through counsel of record for TP- Link Tech.—are located within the United States. Thus, neither method is precluded by the Hague Convention and therefore, the particular facts and circumstances of this case allow for alternative service under Rule 4(f)(3)." *Id.* at 4 (internal citations omitted).

- March 9, 2022: Atlas emails the complaint, summons and order granting alternative service to TP-Link's current counsel in two co-pending Texas patent infringement lawsuits. Dkt. No. 22-2 (Enger 3/9/22 email); Dkt. No. 22-1 (Enger 3/21/22 Dec.) at ¶4.

- March 10, 2022: Atlas formally serves the complaint, summons, and order granting alternative service on TP-Link USA. Dkt. No. 22-3 (Shu Proof of Service); Dkt. No. 22-1 (Enger 3/21/22 Dec.) at ¶5.

- March 11, 2022: Atlas formally serves the complaint, summons, and granting alternative service on one of TP-Link's Texas-based counsel in the co-pending Western District *WSOU* patent infringement lawsuit. Dkt. No. 22-4 (Hoffman Proof of Service); Dkt. No. 22-1 (Enger 3/21/22 Dec.) at ¶6.

- March 15, 2022: Atlas formally serves the complaint, summons, and granting alternative service on one of TP-Link's Texas-based counsel in the co-pending Eastern District *Stingray* patent infringement lawsuit. Dkt. No. 22-5 (Reed Proof of Service); Dkt. No. 22-1 (Enger 3/21/22 Dec.) at ¶7.

Concurrent with the above, TP-Link moved this Court to dismiss another one of its cases for improper service on remarkably similar facts. *Stingray IP Sols., LLC v. TP-Link Tech. Co.*, Case No. 2:21-CV-00045-JRG ("*Stingray*"), Dkt. No. 23 (E.D. Tex. Feb. 4, 2022). Just as in the present case, this Court in *Stingray* permitted alternative service pursuant to FRCP 4(f)(3) on TP-Link's counsel in co-pending Texas patent litigation and on its domestic subsidiary, TP-Link USA. *Stingray*, Dkt. No. 18. TP-Link subsequently argued that such alternative service was improper because "the Texas Long-Arm Statute mandates use of the Hague Convention for service of foreign defendants" and "the principle of comity also insists that [the alternative service] be found insufficient." *Stingray*, Dkt. No. 23 at 17-18. This Court rejected TP-Link's arguments and denied TP-Link's motion on May 4, 2022. *Stingray*, Dkt. No. 50, Ex. A.

On May 16, 2022, less than two weeks later, and with this Court's *Stingray* decision in hand, TP-Link filed in this proceeding basically an identical motion to that which it filed in *Stingray*.[1] *Compare Stingray*, Dkt. No. 23 at 17-19 *with Atlas*, Dkt. No. 29 at 6-8. In fact, TP-Link's current Motion is such an obvious copy-paste job that it failed to substitute all instances of "Stingray" with "Atlas." *Atlas*, Dkt. No. 29 at 6. Yet nowhere in its current Motion does TP-Link once acknowledge the *Stingray* decision or explain why that decision was wrong.[2] *Id.*

---

[1] In addition to moving to dismiss for improper service, TP-Link's motion in *Stingray* also moved to dismiss for lack of personal jurisdiction. *Stingray*, Dkt. No. 23 at 9-17. But with respect to improper service issues, the two motions are almost word-for-word the same.

[2] Nor does TP-Link acknowledge or address a recent September 2021 opinion from the Western District of Texas rejecting the same improper service arguments. *WSOU Invs., LLC v. TP-Link Techs. Co.*, Case No. 6:20-cv-1012-ADA, 2021 U.S. Dist. LEXIS 167111 at *9, *17 (W.D. Tex. Sep. 1, 2021) ("Defendant [TP-Link's] interpretation of the Texas long-arm statute mandates that all foreign defendants only be served through the Hague Convention. Such a reading on its face is clearly erroneous…. [Further,] the principle of comity does not require plaintiffs to resort to Hague Convention procedures.").

3

### III. ARGUMENT

#### A. Service Under the Hague Convention Was Not Required.

TP-Link asserts "the Hague Convention is mandatory in the situation presented in this case." Mot. at 6. To the contrary, this Court properly relied upon the Federal Circuit's recent *OnePlus* opinion to find that service under Rule 4(f)(3), the service TP-Link challenges via its Motion, "'stands independently, on equal footing' with other methods of service under Rule 4(f)." Dkt. No. 21 at 3 (citing *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 U.S. App. LEXIS 27282, at *9 (Fed. Cir. Sept. 10, 2021)). Further, this Court correctly noted that service via the Hague Convention is only mandatory "when the requested method of service is effectuated within the territory of the foreign signatory." *Id.* at 4 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)). So because "both of [Atlas's] requested methods of alternative service—service through the registered agent of TP-Link USA and through counsel of record for TP- Link Tech.—are located within the United States," this Court rightly held "neither method is precluded by the Hague Convention." *Id.* Consequently, this Court ruled "the particular facts and circumstances of this case allow for alternative service under Rule 4(f)(3)." *Id.*

TP-Link also argues that, because the Texas long-arm statute requires mailing of service documents to the nonresident, the requirements of the Hague Convention must apply. Mot. at 6. Yet TP-Link fails to note the Federal Circuit explicitly rejected this exact argument:

> OnePlus further argues that the Texas long-arm statute requires the transmittal of documents abroad to a foreign defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045. Because valid service under Texas law requires the transmittal of documents abroad and triggers the Hague Convention, OnePlus contends that there was no valid service in this case and that the district court therefore lacked jurisdiction over OnePlus.
>
> The problem with OnePlus's jurisdictional argument is that it runs up against this court's decision in *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010). In that case, we rejected the defendants' argument that service authorized by a court under Rule 4(f)(3) did not establish personal

4

> jurisdiction over the defendants because it did not satisfy the service provisions of the forum state's long-arm statute. We wrote that the defendants' argument "confuses service of process under Rule 4(f)(3), which provides for court-directed service 'by any means not prohibited by international agreement,' with service under Rule 4(e)(1), which does not require a court-order and provides for service by 'following state law.'" *Id.* at 1240. The restrictions on service under California law, we held, did not "foreclose substituted service on others under Rule 4(f)(3)." *Id.* OnePlus's reliance on the service requirements of the Texas long-arm statute appears contrary to this court's analysis in *Nuance Communications*.

*OnePlus*, 2021 U.S. App. LEXIS 27282, at *7-8.[3]

TP-Link also incorrectly contends that, in *OnePlus*, "the Federal Circuit has indicated that the argument that Texas law requires service on foreign defendants under the Hague Convention merits consideration." Mot. at 6, n.6. This is, at best, a mischaracterization of the *OnePlus* decision. While *OnePlus* noted that one option for service on a foreign defendant was service under Rule 4(e)(1) "following state law," the Federal Circuit explicitly distinguished that option from the type of service ordered by the Court's alternative service order under the separate requirements of Rule 4(f)(3), and thus does *not* require compliance with the service requirements under Texas law. *See OnePlus*, 2021 U.S. App. LEXIS 27282, at *7-8. And the offhand comment that a party alleging insufficient service was free to challenge it on appeal from a final judgment does not indicate that such an appellate challenge would have any merit, but is merely the familiar refrain that always accompanies the denial of mandamus relief. *See id.* at n.2. Further, the Federal Circuit distinguished TP-Link's primary *Sheets* case: "The *Sheets* case [] did not involve court-authorized service under Rule 4(f)(3) and is there inapposite." *Id.* at n.1.

---

[3] In *WSOU Invs. d/b/a Brazos Licensing and Dev. v. TP-Link Tech. Co., Ltd.*, the Western District of Texas rejected a similar argument from TP-Link, holding that "[s]uch a reading [of the Texas long-arm statute] on its face is clearly erroneous as evidenced by the volumes of Texas state cases involving valid service of process on foreign entities through means other than the Hague Convention." 2021 U.S. Dist. LEXIS 167111, at *9 (citing cases).

5

Moreover, the circumstances underlying the Federal Circuit's "concerns" regarding Judge Albright's order in *OnePlus* are not present here. In this case, this Court did not order alternative service "based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *See OnePlus*, 2021 U.S. App. LEXIS 27282, at *9. Instead, this Court found that "delay, expense, the previous attempts of Atlas to effectuate service, and the refusal by TP-Link Corp. and TP-Link Int'l to accept service by FedEx [] weighs in favor of granting alternative service under Rule 4(f)(3)." Dkt. No. 21 at 4. Furthermore, "Atlas's multiple attempts to effectuate service—combined with TP-Link Corp. and TP-Link Int'l's role in refusing to accept service by FedEx mail []—also favors granting alternative service." *Id*. at 6. As this Court stated, "this is not a case where Rule 4(f)(3) is subsuming other modes of available service." *Id*. at 8. TP-Link takes no issue with these findings. Thus, this Court correctly held that Atlas did not need to first attempt service under the Hague Convention before seeking leave for alternative means.

### B.  "Principles of Comity" Do Not Trump Federal Rules or The Court's Discretion.

TP-Link's Motion ignores this Court's clear authority to exercise its discretion to order alternative service under these circumstances, as well the authority to grant alternative service pursuant to Rule 4(f)(3) independent from the Hague Convention requirements.[4] Defendants posit the argument that the Court's alternative service order demonstrates a "lack of respect for international comity." Mot. at 8. But none of Defendants' cited cases (*e.g.*, *Bayoil*, *Brewer*, *Alternative Delivery*, *Sang Young Kim*, or *Schlunk*) support the proposition that all service authorized by Rule 4(f)(3) must be "in accordance with the Hague Convention." *See* Mot. at 6-7.

---

[4] Defendant TP-Link Tech., in its Amicus Brief to the Federal Circuit, acknowledged what it now ignores: "Rule 4(f)(3) recognizes some latitude for district courts to work around [the Hague Convention] requirements in particular circumstances." *See* Ex. B (TP-Link Amicus) at 7.

Defendants' contention that "principles of comity" somehow require that service on foreign defendants, such as those in China or Hong Kong, must always adhere to the requirements of the Hague Convention is wrong. *Id.* at 7-8. As previously noted, the Federal Circuit soundly rejected this very argument. *See OnePlus*, 2021 U.S. App. LEXIS 27282, at *7-9. Moreover, comity is a two-way street. As noted in *WSOU* rejecting TP-Link Tech.'s similar arguments, a plaintiff's interests in determining where to seek relief for its claims will often outweigh concerns of prudential comity. *See WSOU*, 2021 U.S. Dist. LEXIS 167111, at *16-18.

IV. **CONCLUSION**

For the reasons stated herein, the Court should deny TP-Link's Motion to Dismiss.

Dated: May 31, 2022                                  Respectfully submitted,

*/s/ Eric J. Enger*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

8

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Atlas Global Technologies*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, on May 31, 2022, to be served via the Court's electronic filing system upon all counsel of record.

*/s/ Eric J. Enger*
Eric J. Enger
