# Exhibit B

No. 21-165

# United States Court of Appeals for the Federal Circuit

IN RE ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.

*Petitioner.*

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in Case Nos. 6-20-CV-00952-ADA, 6-20-CV-00953-ADA, 6-20-CV-00956-ADA, 6-20-CV-00957-ADA, 6-20-CV-00958-ADA, Hon. Alan J. Albright

**BRIEF OF *AMICUS CURIAE*  
TP-LINK TECHNOLOGIES CO., LTD.  
IN SUPPORT OF PETITIONER**

| | |
|---|---|
| John Dragseth<br>Fish & Richardson P.C.<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis MN 55402<br>Telephone: (612) 335-5070 | John T. Johnson<br>Jeffrey C. Mok<br>Fish & Richardson P.C.<br>7 Times Square, 20th Floor<br>New York, NY 10036<br>Telephone: (212) 765-5070 |
| August 6, 2021 | *Counsel for Amicus TP-LINK TECHNOLOGIES CO., LTD.* |

i

# CERTIFICATE OF INTEREST

Counsel for *Amicus Curiae* certifies the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

    TP-LINK TECHNOLOGIES CO., LTD.

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

    N/A

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

    None.

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

    David M. Hoffman of Fish & Richardson P.C.

5. Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

    N/A.

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

    N/A.

AUGUST 6, 2021                    */s/ John T. Johnson*
                                  John T. Johnson

i

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................... i

TABLE OF CONTENTS ............................................................................ ii

TABLE OF AUTHORITIES ...................................................................... iii

INTEREST OF AMICUS CURIAE ........................................................... 1

INTRODUCTION ....................................................................................... 2

ARGUMENT ............................................................................................... 3

CONCLUSION .......................................................................................... 12

CERTIFICATE OF SERVICE AND FILING .......................................... 13

CERTIFICATE OF COMPLIANCE ......................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**
This brief cites docket entries for a number of W.D. Tex. cases, which are listed by topic in tables near the brief's end. Amicus does not repeat them here.

**Rules**
Fed. R. Civ. P. 4……………………………………………………..……*passim*

**INTEREST OF AMICUS CURIAE**

TP-Link Technologies Co., Ltd. ("TP-Link China")[1] has a strong interest in the issues before this Court because it has been sued eleven times by WSOU Investments LLC ("WSOU") in the Waco Division, without ever being properly served.[2] In each suit, WSOU obtained permission from the district court to serve TP-Link China via alternative service by email on U.S. counsel that had *previously* represented TP-Link China, but stated that it did not currently represent and was not authorized to accept service, and by mail on an entity WSOU alleged to be a TP-Link China subsidiary but was not.[3]

Nearly two months before OnePlus moved to dismiss here, TP-Link China made its own motion for invalid service of process and lack of jurisdiction in each of the eleven cases. (*See, e.g.*, Case No. 6:20-cv-01012, ECF No. 17). Because the

---

[1] Petitioner OnePlus Technology (Shenzhen) Co., Ltd. has consented to the filing of this brief, but WSOU has yet to respond to TP-Link China's request for consent. Pursuant to Fed. R. App. P. 29(c), *amicus* certify that no counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person or entity, other than *amicus*, their members, or their counsel, made a monetary contribution to the preparation or submission of this brief.

[2] Case Nos. 6:20-cv-01012 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01013 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01014 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01015 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01016 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01017 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01018 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01019 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01020 (W.D. Tex. Oct. 31, 2020); 6:20-cv-01021 (W.D. Tex. Oct. 31, 2020); and 6:20-cv-01022 (W.D. Tex. Oct. 31, 2020).

[3] Even with that permission to serve via alternative means, WSOU still did not serve properly under Texas state law.

1

issues in the respective motions to dismiss overlapped, OnePlus and TP-Link China asked for a joint hearing and WSOU did not oppose. The district court declined and indicated that oral argument was not needed. But several days later, the court decided to hold a hearing on TP-Link China's motions, which it held on June 2, 2021. Since then, TP-Link China and WSOU have sought updates on the status of the motions in their cases, while the court has ruled that the cases must proceed in the interim—with the district court most recently stating that it will issue a written order denying TP-Link China's motion in time for *Markman*. As for OnePlus's motion to dismiss, the district court did not hold a hearing, but issued its written decision on July 8, 2020, denying OnePlus's motion to dismiss.

TP-Link China respectfully submits that the use of alternative service by the district court is an important issue, and one that raises a fundamental issue of civil procedure—*i.e.*, how does a plaintiff in Texas serve a foreign defendant? TP-Link China is both a representative of the problem itself, and a presenter of the problem as it applies to third parties. We do not repeat here the legal points that OnePlus raises in its mandamus petition, but instead focus on explaining how the district court's approach here will lead, and has led, to a widespread disregard of the Hague Convention, the Federal Rules of Civil Procedure, and Texas state law.

## INTRODUCTION

This mandamus petition affects not only OnePlus, but many current parties including TP-Link China and innumerable future parties. In particular, the law requires that Chinese companies like TP-Link China and OnePlus be served via the

2

Hague Convention. Although Rule 4(f)(3) recognizes some latitude for district courts to work around those requirements in particular circumstances, the approach of the district court here grants plaintiffs the ability to avoid statutory process requirements for foreign defendants that are located in Hague Convention countries, without any justification. But as OnePlus explains in its petition, a district court's discretion under Rule 4(f)(3) has particular limits—limits that WSOU has successfully urged the district court to ignore. This limitless discretion approach has led WSOU to seek even more untethered process favors in other cases, and will certainly lead other plaintiffs to do the same—to the great detriment of due process and international comity.

## ARGUMENT

A fast-growing problem is developing in the Western District of Texas, in which patent owners are permitted to circumvent the Hague Convention without justification, by: (1) filing *ex parte* motions for alternative service under FRCP 4(f)(3); (2) having the court clerk serve process overseas to Hague member countries via courier (*e.g.*, Federal Express); and (3) having the Texas Secretary of State serve process overseas by mailing the service papers abroad. This behavior by plaintiffs is creating a rogue atmosphere in which an important international convention, the Hague Convention, is disregarded.

WSOU itself has obtained alternative service under FRCP 4(f)(3) for foreign defendants located in Hague countries at least 25 times, not only with respect to companies in China, but also in Japan.

3

WSOU's eleven cases against TP-Link China demonstrate the fundamental trouble such an approach breeds. The cases' already-long history is as follows:

- WSOU filed eleven suits on eleven patents in Waco against TP-Link China, a Chinese company. WSOU never tried to serve through the Hague Convention. It instead moved *ex parte* for leave to effect alternative service under Rule 4(f)(3). (*See, e.g.*, Case No. 6:20-cv-01012, ECF No. 10). WSOU's proposed order showed it would serve (1) via email on two attorneys it said were TP-Link China's "recent U.S. counsel," and (2) "via registered mail carrier with return receipt" on an entity it alleged was TP-Link China's "U.S. subsidiary:" (ECF No. 10-3).

- The district court denied the motion without prejudice, saying WSOU should "exhaust all available avenues" and "attempt[] in good faith to serve Defendant." (Nov. 12, 2020 Text Order). WSOU, without making any attempt to serve, moved for reconsideration in a second *ex parte* motion—arguing it did not have to "attempt and fail to effectuate service" before obtaining alternative service—a motion the district court granted. (ECF No. 11; Dec. 7, 2020 Text Order).

- TP-Link China's attorneys then specially appeared and moved to dismiss, making arguments similar to those made by OnePlus here, along with additional arguments and a motion to (a) defer entry of a scheduling order, (b) to expedite consideration of its motion to dismiss, and/or (c) stay case activities pending resolution of the motion to dismiss. (ECF No. 20).

- At a June 2 hearing, the Court said it would have an Order out in two weeks: "Just plan on these two things: Me having a decision out in the next two weeks and me having a Markman in September. And come up with a schedule that accommodates that. And then if I grant the motion, then it all goes away anyway." (June 3, 2021 Tr. at 31:12-16; *see also* ECF No. 27 (Minute Order)).

- Two weeks later WSOU's counsel inquired with the court's law clerk, who noted that the court is "currently working on the order and expect it to be filed in the next couple of weeks" but provided the "Court's ruling preliminarily" denying the motion "with the full written order

4

> commemorating the ruling to follow" (June 22, 2021 email from court's law clerk).
>
> - On July 7, 2021, TP-Link inquired with the court's law clerk again, including by asking whether the district court would entertain interlocutory certification of the important issue raised in the motion.
>
> - The next day, the court issued its Order in the OnePlus cases, denying OnePlus's motions to dismiss.
>
> - The court's law clerk on July 12 informed the parties that the "Court will be issuing its order in the coming week" and that any interlocutory certification request should come after the order has issued. (July 12, 2021 email from court's law clerk).
>
> - On July 26, 2021, the court's law clerk revised the timing and stated: "The Court will issue the Order ahead of the Markman hearing." (July 26, 2021 email from court's law clerk).

So in those eleven cases, TP-Link China faces a real and complex quandary. It believes reasonably that it should not be litigating the eleven cases at all because the court lacks jurisdiction. Yet it is being forced to prepare contentions and *Markman* briefing across an enormous caseload of 11 patents. It has been unable to obtain a substantive ruling on its motions to dismiss that it could challenge by mandamus. And it certainly sees more trouble than good, at this time, in adding a procedural mandamus petition of its own to seek a more timely ruling or prevent the cases from moving forward until the threshold jurisdictional issue is resolved.

Nor is it a technical or immaterial problem. Unlike venue motions, which this Court sees most frequently from Western District of Texas, these Hague cases are about whether a case should move forward at all—yet they are moving forward. And these cases present important issues of law and comity under the Hague convention.

5

Despite their legal importance, they often evade review because they get tangled up in concerns about finality, discretion of this Court to not address writs, resolution via *ex parte* proceedings, practical problems of seeking review without being able to obtain a stay, and countless other problems.

And they are problems that a growing list of other defendants sued by WSOU have faced. For example, in *WSOU Investments LLC v. Canon, Inc.*, No. 6:20-cv-981, ECF No. 8 (W.D. Tex. Dec. 3, 2020, WSOU moved for alternative service without first attempting service via the Hague—seeking to serve Canon's "recent counsel" and a supposed U.S. subsidiary based on "evidence" of a printout from the NYS Department of State, Division of Corporations, Entity Information website showing Canon U.S.A., Inc. has an address in New York. The district court there issued a text order granting the motion and "[n]oting that good cause exists." Canon is located in Japan, a Hague member country that prohibits mail service.[4]

The problem comes not just from WSOU, but from other patentees who have quickly caught on, and are trying to push the "discretion" under FRCP 4(f)(3) well beyond any reasonable limit. For example, in *AQTECH, Inc. v. LG Electronics, Inc.*, 6:21-cv-95, ECF No. 8 (W.D. Tex. March 3, 2021), the patentee moved for alternative service under Rule 4(f)(3) on defendant's recent counsel and defendant's supposed U.S. subsidiary based only on a "legal page showing its address in New

---

[4] Japan opposes to all forms of mail service under Article 10. *See* https://www.hcch.net/en/states/authorities/details3/?aid=261.

Jersey." This case followed WSOU's playbook, again successfully ducking the Hague Convention on the sketchiest of information.

This process plays out again-and-again in the district court, with plaintiffs not even giving a nod to the Hague Convention or articulating any valid reason to ignore the Hague Convention—and being readily granted leave to serve via email to former U.S. counsel, entities that are alleged to be subsidiaries, people tied to the defendant in LinkedIn posts, and various other sundry, yet lacking, approaches:

- In *Asetek Danmark A/S v. Shenzhen Apaltek Co., Ltd., et al.*, No. 6:21-cv-501, ECF No. 10 (W.D. Tex. July 21, 2021), the court granted alternative service via "summons and complaint in three combined ways: (1) to Defendants' designated company emails kevin@apaltek.com and parry@apaltek.com, (2) to the LinkedIn account for Mr. Qineng "Kevin" Hsiao, Apaltek's General Manager and Chairman of the Board, and (3) by U.S. mail to Apaltek's registered U.S. patent agent under Federal Rule of Civil Procedure 4(f)(3)."

- In *ParkerVision, Inc. v. Hisense Co. Ltd. et al.*, No. 6:20-cv-870, text order (W.D. Tex. Oct. 29, 2020), the court granted alternative service (instead of Hague) via email to a Chinese defendant's U.S. counsel and its alleged U.S. subsidiary.

- In *Cedar Lane Technologies Inc. v Xiaomi, Inc.,* No. 6:20-cv-01193, text order (W.D. Tex. July 28, 2021), the court granted alternative service (instead of Hague) against Chinese defendant Xiaomi via email to previous U.S. counsel and an alleged U.S. subsidiary.

- In *Cedar Lane Technologies Inc v. Lenovo Group Limited*, No. 6:21-cv-21, ECF No. 9 (W.D. Tex. March 4, 2021), plaintiff moved for alternative service against Chinese defendant Lenovo via email to recent U.S. counsel and an alleged U.S. subsidiary.

In a newer refinement of this Hague-avoidance approach, plaintiffs are having the Western District's court clerk dispatch the service documents via mail to Hague

member countries, even though the defendants are located in countries that have objected to Article 10 service by mail (*e.g.*, Korea, China, Japan, and India). This "improved" approach allows plaintiffs to avoid making a motion for alternative service at all. For example:

- In *ParkerVision Inc. v. LG Electronics, Inc*. No. 6:21-cv-520, ECF No. 6 (W.D. Tex. June 10, 2021, plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii) against Korean defendant LG Electronics.

- In *Auth Token LLC v. Feitian Technologies Co., Ltd*., No. 6:21-cv-350, ECF No. 8 (W.D. Tex. April 21, 2021, plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii), against Chinese defendant Feitian Technologies.

- In *Auth Token LLC v. JCB Co., Ltd*., No. 6:21-cv-352, ECF No. 8 (W.D. Tex. April 21, 2021), plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii) against Japanese defendant JCB Co.

- In *Auth Token LLC v. UBIVELOX Inc*., No. 6:21-cv-353, ECF No. 8 (W.D. Tex. April 21, 2021, plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii), against UBIVELOX Inc. located in South Korea.

- In *SITO Mobile R&D IP v. Zee Entertainment Enterprises Ltd. et al*., No. 6:21-cv-505, ECF Nos. 7, 7-1 (W.D. Tex. June 10, 2021), plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii), against Indian defendant Essel Group. The same day, plaintiff sent a second letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii), against Indian defendant Zee Entertainment Enterprises Ltd.

- In *Kamino LLC v. Dynabook, Inc. et* al, No. 6:20-cv-519, ECF No. 8 (W.D. Tex. July 29, 2020), plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii) against Japanese defendant Dynabook.

- In *Sockeye Licensing TX LLC v. Actions Microelectronics Co., Ltd*., No. 6:21-cv-288, ECF No. 7 (W.D. Tex. April 5, 2021, plaintiff sent a letter to the court clerk requesting service of process under Rule 4(f)(2)(C)(ii), against Chinese defendant Actions Microelectronics.

And the "improvements" are growing. Some plaintiffs are now sending service papers to the Texas Secretary of State for forwarding via mail to defendants in Hague member countries, even though those countries have objected to Article 10 service by mail. Particular examples of this tactic are listed below.

For the Court's convenience, the following tables group cases in the Western District of Texas that, to counsels' knowledge, have recently used the above methods to avoid the reach of the Hague Convention.

This first table represents plaintiffs filing *ex parte* motions for alternative service under FRCP 4(f)(3) without justification:

| Rule 4(f)(3) Alternative Service | |
|---|---|
| **Case Name/Court** | **Country** |
| *AQTech, Inc. v LG Electronics, Inc.*, No. 6:21-cv-95, ECF No. 8 (W.D. Tex. March 3, 2021) | South Korea |
| *Asetek Danmark A/S v. Shenzhen Apaltek Co., Ltd., et al.*, No. 6:21-cv-501, ECF No. 9 (W.D. Tex. June 25, 2021) | China |
| *Cedar Lane Technologies Inc. v. Hitachi, Ltd.*, No. 6:21-cv-75, ECF No. 8 (W.D. Tex. Feb. 12, 2021) | Japan |
| *Cedar Lane Technologies Inc v. Lenovo Group Limited*, No. 6:21-cv-21, ECF No. 9 (W.D. Tex. March 4, 2021) | China |
| *Cedar Lane Technologies Inc. v Xiaomi, Inc.*, No. 6:20-cv-01193, ECF No. 8 (W.D. Tex. Feb. 8, 2021) | China |
| *CPC Patent Tech. Pty Ltd. v. HMD Global Oy*, No. 6-21-cv-166, ECF No. 12 (W.D. Tex. April 20, 2021) | Finland |
| *H-E-B, LP v. Wadley Holdings, LLC, et al.*, No. 6-20-cv-81, ECF No. 43 (W.D. Tex. June 26, 2020) | China |
| *ParkerVision, Inc. v. Hisense Co. Ltd. et al.*, No. 6:20-cv-870, ECF No. 10 (W.D. Tex. Oct. 26, 2020) | China |
| *WH Wall Family Holdings, LLLP v Terumo Corp.*, No. 6:20-cv-713, ECF No. 8-1 (W.D. Tex. August 11, 2020) | Japan |

This second table represents cases in which plaintiffs have asked the district court clerk to serve process overseas to Hague member countries by mailing the papers abroad:

| District Court Clerk Mailing | |
|---|---|
| Case Name/Court | Country |
| *Auth Token LLC v. Feitian Technologies Co., Ltd.*, No. 6:21-cv-350, ECF No. 8 (W.D. Tex. April 21, 2021) | China |
| *Auth Token LLC v. JCB Co., Ltd.*, No. 6:21-cv-352, ECF No. 8 (W.D. Tex. April 21, 2021) | Japan |
| *Auth Token LLC v. UBIVELOX Inc.*, No. 6:21-cv-353, ECF No. 8 (W.D. Tex. April 21, 2021) | South Korea |
| *Kamino LLC v. Dynabook, Inc. et al*, No. 6:20-cv-519, ECF No. 8 (W.D. Tex. July 29, 2020) | Japan |
| *ParkerVision Inc. v. LG Electronics, Inc.* No. 6:21-cv-520, ECF No. 6 (W.D. Tex. June 10, 2021) | South Korea |
| *SITO Mobile R&D IP v. Zee Entertainment Enterprises Ltd. et al.*, No. 6:21-cv-00505, ECF Nos. 7 & 7-1 (W.D. Tex. June 10, 2021) | India |
| *Sockeye Licensing TX LLC v. Actions Microelectronics Co., Ltd.*, No. 6:21-cv-288, ECF No. 7 (W.D. Tex. April 5, 2021) | China |

This third table represents cases in which plaintiffs have asked the Texas Secretary of State to serve process overseas by mailing the service papers abroad:

| Texas Secretary of State Mailing | |
|---|---|
| Case Name/Court | Country |
| *Cedar Lane Technologies Inc. v. Alpine Electronics, Inc.*, No. 6:21-cv-595, ECF No. 9 (W.D. Tex. June 30, 2021) | Japan |
| *Cedar Lane Technologies Inc. v. Dai Nippon Printing Co., Ltd.*, No. 6:21-cv-597, ECF No. 8 (W.D. Tex. June 30, 2021) | Japan |
| *Cedar Lane Technologies Inc. v. Fujifilm Corporation*, No. 6:21-cv-615, ECF No. 8 (W.D. Tex. June 30, 2021) | Japan |
| *Cedar Lane Technologies Inc. v. Hangzhou BroadLink Technology Co., Ltd.*, No. 6:21-cv-433, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Cedar Lane Technologies Inc. v. Hisense Co., Ltd.*, No. 6:21-cv-436, ECF No. 7 (W.D. Tex. May 17, 2021) | China |

| Texas Secretary of State Mailing | |
|---|---|
| *Cedar Lane Technologies Inc. v. Hitachi Kokusai Electric, Inc.*, No. 6-21-cv-423, ECF No. 7 (W.D. Tex. May 17, 2021) | Japan |
| *Cedar Lane Technologies Inc. v. Pantum International Limited*, No. 6:21-cv-424, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Cedar Lane Technologies Inc. v. Shenzhen Gosund Technology Co., Ltd.*, No. 6:21-cv-443, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Cedar Lane Technologies Inc. v. Shenzhen Sonoff Technologies Co., Ltd.*, No. 6:21-cv-449, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Cedar Lane Technologies Inc. v. Skyworth Group Co. Ltd.*, No. 6:21-cv-437, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Cedar Lane Technologies Inc. v. TCL Corporation*, No. 6-21-cv-408, ECF No. 7 (W.D. Tex. May 17, 2021) | China |
| *Digital Cache, LLC v Kingston Technology (Shanghai) Co., Ltd.*, No. 6:21-cv-163, ECF No. 11 (W.D. Tex. April 22, 2021) | China |
| *Digital Cache, LLC v. Sharp Corporation*, No. 6:21-cv-733, ECF No. 7 (W.D. Tex. Aug. 5, 2021) | Japan |
| *Pineapple34, LLC v. Fujitsu Limited*, No. 6:21-cv-581, ECF No. 8 (W.D. Tex. June 25, 2021) | Japan |
| *Sockeye Licensing TX LLC v. Chengdu XGimi Technology Co., Ltd.*, No. 6:21-cv-718, ECF No. 7 (W.D. Tex. Aug. 5, 2021) | China |
| *Sockeye Licensing TX LLC v. Skyworth Group Limited*, No. 6:21-cv-437, ECF No. 7 (W.D. Tex. May 17, 2021) | China |

In summary, OnePlus's mandamus petition explains why, ***in legal terms***, these sorts of activities are not permitted by law. We hope to have highlighted what happens, ***in practical terms***, when such tactics are allowed. A district court's discretion is not unbound, and cannot be used to open the doors to this abuse at the expense of international agreements and relations.

11

# CONCLUSION

For the reasons discussed in OnePlus's mandamus petition and above, this Court should grant the petition and require proper process in this case, and by extension, in the cases discussed above.

Dated: August 6, 2021

Respectfully submitted,

By: */s/* John T. Johnson

John Dragseth
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis MN 55402
Telephone: (612) 288-9696

John T. Johnson
Jeffrey C. Mok
Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: 212-765-5070
Facsimile: 212-258-2291

*Counsel for Amicus*
***TP-LINK TECHNOLOGIES CO., LTD.***

# CERTIFICATE OF SERVICE AND FILING

I certify that on August 7, 2021, I electronically filed the foregoing **BRIEF OF AMICUS CURIAE TP-LINK TECHNOLOGIES CO., LTD. IN SUPPORT OF PETITIONER** using the Court's CM/ECF filing system. A copy of the foregoing was served upon the following counsel of record via Electronic Mail and the district court judge via Federal Express**:**

Julie S. Goldemberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
T. 215.963.5000
F. 215.963.5001
julie.goldemberg@morganlewis.com

Michael J. Lyons
Ahren C. Hsu-Hoffman
Jacob J.O. Minne
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
T. 650.843.4000
F. 650.843.4001
michael.lyons@morganlewis.com
ahren.hsu-hoffman@morganlewis.com
jacob.minne@morganlewis.com

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
T. 713.890.5188
F. 713.890.5001
william.peterson@morganlewis.com

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
Jack Shaw
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065

Mark D. Siegmund
Law Firm of Walt Fair, PLLC
1508 N. Valley Mills Drive
Waco, TX 76710
T. 254.772.6400
F. 254.772.6432
mark@waltfairpllc.com

13

T. 650.453.5170
T. 650.453.5171
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Austin, Texas 78701
T./F. 512.865.7950

Hon. Alan D Albright
United States District Court
for the Western District of Texas
800 Franklin Avenue, Room 301
Waco, TX 76701
254.750.1510

(Via FEDEX)

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
DiNovo Price LLP
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
T. 512.539.2626
F. 512.539-2627
aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com


*/s/ John T. Johnson*
John T. Johnson

# CERTIFICATE OF COMPLIANCE

This **BRIEF OF AMICUS CURIAE TP-LINK TECHNOLOGIES CO., LTD. IN SUPPORT OF PETITIONER** is submitted in accordance with the type-volume limitation of Fed. Cir. R. 32(b). The brief contains 3,283 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14 Point.

Dated: August 6, 2021                         */s/ John T. Johnson*
                                              John T. Johnson