**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21-cv-430-JRG |
| | **JURY TRIAL DEMANDED** |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP LINK INTERNATIONAL LTD., | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(5) FOR INSUFFICIENT SERVICE OR PROCESS**

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................1

II.  THE TEXAS LONG-ARM STATUE MANDATES USE OF THE HAGUE
    CONVENTION FOR SERVICE ON FOREIGN TP-LINK DEFENDANTS ..................2

III.  *IN RE ONEPLUS* SUPPORTS DISMISSAL ....................................................3

IV.  ATLAS'S PURPORTED SERVICE CONTRAVENES CHINA'S OFFICIAL
    POSITION ON THE HAGUE CONVENTION, RENDERING ANY
    JUDGMENT HERE UNENFORCEABLE IN CHINA ....................................................4

V.  ATLAS'S ATTEMPTED VENUE MANIPULATION WARRANTS
    DISMISSAL ........................................................................................................5

VI.  CONCLUSION....................................................................................................5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010)...................................................................................................5

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)................................................................................3

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
    No. 2021-165, 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) ...........................2, 3, 4

*In re Samsung Elecs. Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) ...................................................................................5

*Sheets v. Yamaha Motors Corp., U.S.A.*,
    891 F.2d 533 (5th Cir. 1990) ....................................................................................3

*Trustees of Purdue Univ. v. STMicroelectronics N.V.*,
    No. 6:21-CV-00727-ADA, 2021 WL 5393711 (W.D. Tex. Nov. 18, 2021)............................4

*In re ZTE Corporation*
    (Fed. Cir. No. 2022-147, petition filed May 5, 2022)...............................................2

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. §17.045 ....................................................................2

**Other Authorities**

Fed. R. Civ. P. 4 Advisory Committee Note to 1993 Amendment ...................................3

Fed. R. Civ. P. 12(h)(1)...................................................................................................2

Fed. R. Civ. P. 12(b)(5)...................................................................................................5

ii

## I.    INTRODUCTION

Defendants TP-Link Technologies Co., Ltd. ("TP-Link China") and TP-Link Corporation Limited f/k/a TP-Link International Ltd. ("TP-Link Hong Kong") submit this reply in further support of their motion to dismiss for insufficient service of process.

Critical to the resolution of the motion, at "all times relevant to this case, TP-Link USA was not, and is not, a subsidiary (either directly or indirectly)" of TP-Link China or TP-Link Hong Kong.  Dkt. 29-1 ("Zhang Decl.") at ¶4; Dkt. 29-2 ("Sun Decl.") at ¶3.  Atlas's *ex parte* motion to serve Defendants via mail was thus premised on a fallacy, *i.e.*, that "Atlas attempted to serve Defendants in the U.S. via their ***U.S.-based subsidiary***" TP-Link USA.  Dkt. 18 at 1 (emphasis added).  And in its later *ex parte* motion for leave to effect "alternative" service, Atlas relied on this same pretense that TP-Link USA is Defendants' "***subsidiary***."  Dkt. 20 at 1, 2, 3, 4, 6, 8.  Atlas made those statements based on old information that was not correct at any time relevant to this case.  *See* Dkt. 20-2.  But given the *two* sworn declarations submitted with Defendants' motion, Atlas was on notice that a key premise of its *ex parte* motions was false.  Yet instead of acknowledging its misstatement to the Court, Atlas simply ignores this sworn testimony in its opposition brief.  Dkt. 38.  Instead Atlas triples-down on its disproven supposition that TP-Link USA is Defendants' "***U.S.-based subsidiary***."  *Id*. at 1, 3.  Once this error is corrected, Atlas's remaining arguments for sufficiency of service fall short.

Atlas implies that Defendants' motion was somehow improper because courts have allowed alternative service in prior cases, including in cases involving TP-Link.  Dkt. 38 at 1, 3, 4, 6.  But in *Stingray*, this Court also allowed alternative service based in part on a similar inaccurate representation by the plaintiff that TP-Link USA is the "subsidiary" of Defendants.  Dkt. 21 at 7; *see id*. at 1, 2, 6.  And even if the *Stingray* motion had been decided on accurate facts, Defendants must still move to dismiss here in order to preserve their argument for appeal.

*See* Fed. R. Civ. P. 12(h)(1) (the defense is waived if not timely asserted). Thus, there was nothing remotely improper about Defendants' motion or the arguments made therein.

Indeed, the Federal Circuit recently ordered responsive briefing to a petition for a writ of mandamus in *In re ZTE Corporation* (Fed. Cir. No. 2022-147, petition filed May 5, 2022). The Issue Presented is whether the WDTX improperly permitted alternative service and wrongly exercised general jurisdiction over a foreign corporation after the plaintiff transmitted documents abroad as required by the Texas long-arm statute—which invoked the Hague Convention—but never actually completed its service under the Hague Convention. Exhibit 1 at xii. There, the WDTX allowed service of the Chinese defendant by service on its *domestic subsidiary* located in Texas. *Id*. at 1-2. Defendants' objection to service here is stronger than ZTE's there because, again, TP-Link USA is not a subsidiary of Defendants.

Finally, before moving for alternative service, Atlas merely sent the papers "to TP-Link's counsel" and mailed them to corporate addresses in Asia (presumably in English). Dkt. 38 at 1-2. Allowing such cursory efforts to justify alternative service as allowed here to foreign corporations would effectively render the United States' commitments under the Hague Convention a nullity. *Cf. In re OnePlus Tech. (Shenzhen) Co., Ltd*., No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("We have concerns about the district court's invocation of alternative means of service[.]").

## II.    THE TEXAS LONG-ARM STATUE MANDATES USE OF THE HAGUE CONVENTION FOR SERVICE ON FOREIGN TP-LINK DEFENDANTS

Defendants cited abundant authority from the Fifth Circuit, and courts within the Fifth Circuit, holding that the service under the Hague Convention is mandatory. This is so because the Texas long-arm statute requires "a copy of the process and notice of the service" to be "immediately mailed to the nonresident or nonresident's principal place of business." Tex. Civ.

Prac. & Rem. Code Ann. §17.045.  Thus, in the case of TP-Link China for example, the papers must be transmitted to China—an action which invokes the Hague Convention.  *See* Dkt. 29 at 3-7 (citing, among other authorities, *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990)); *see also* Exhibit 1 at 9-13 (collecting authorities); Fed. R. Civ. P. 4 Advisory Committee Note to 1993 Amendment ("[T]he revision calls attention to the important effect of the Hague Convention and other treaties bearing on service of documents in foreign countries and favors the use of internationally agreed means of service.").

III.    *IN RE ONEPLUS* **SUPPORTS DISMISSAL**

With no Fifth Circuit precedent supporting its position, Atlas relies on the Federal Circuit's non-precedential *OnePlus* decision.  *See* Dkt. 38 at 4-6.  But the Federal Circuit did not decide the same issue before this Court.  *See In re OnePlus*, 2021 WL 4130643, at *4 ("On the present record, we decline to find a clear abuse of discretion that would justify the issuance of a writ of mandamus.").  And even then, the Federal Circuit made clear that its order "does not foreclose" the petitioner from raising its service of process arguments "on appeal from a final judgment against it."  *Id*. at *4 n.2. Contrary to Atlas's argument, this is not "merely the familiar refrain that always accompanies the denial of mandamus relief."  Dkt. 38 at 5.  If the Federal Circuit had rejected the service argument as a matter of law, it would not have invited later appeal on the issue, nor would it have couched its denial in terms of "the present record."[1]

In any event, *OnePlus* supports Defendants' position, not Atlas's.  Allowing Atlas to side-step the United States' commitments under the Hague Convention merely by (1) attempting

---

[1] The Federal Circuit's precedential pronouncement on the issue, *Nuance Communications*, on which *One Plus* relied, is readily distinguished.  There, the foreign defendant was from the Russian Federation, which, at the time, had refused to honor service under the Hague Convention and had "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters."  *Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1238 (Fed. Cir. 2010). That concern is absent here.

service on non-party TP-Link USA which is not Defendants' "subsidiary"; (2) sending the papers to domestic outside counsel and asking them to waive Hague Convention service; and (3) mailing English-language papers to Defendants in Asia, is exactly the type of record that invokes the Federal Circuit's "concerns" expressed in *OnePlus* (2021 WL 4130643, at *3), in part because "there are few actions made in pursuit of service that could exhaust less effort" than sending the papers to counsel from another litigation. *Trustees of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *2 (W.D. Tex. Nov. 18, 2021). What is more, Atlas never even attempted to properly comply with the Hague Convention, which is by itself reason to grant the motion. *Id.* at *2 ("[T]he Court will exercise its discretion to deny Purdue's motion for alternative service for failing to at least attempt to serve ST-INTL pursuant to the Hague Convention."). Given this record, finding proper service here could be viewed as a willingness "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *In re OnePlus*, 2021 WL 4130643, at *4.

## IV.    ATLAS'S PURPORTED SERVICE CONTRAVENES CHINA'S OFFICIAL POSITION ON THE HAGUE CONVENTION, RENDERING ANY JUDGMENT HERE UNENFORCEABLE IN CHINA

Principles of comity and a basic desire for a globally enforceable judgment also should compel Atlas to comply with the Hague Convention in serving Defendants. Dkt. 29 at 7-8. China's official position is that "the Hague Service Convention is mandatory" because "both China and US are members of the Convention." Exhibit 2 (Sept. 27, 2020 letter from Ministry of Justice, People's Republic of China to U.S. Department of Justice) at 1. Any other type of service, such as Atlas's flawed "alternative service," here, "will be deemed procedural defect" such that any judgment "will not be recognized by Chinese court." *Id.* at 2. Given the ramifications of this position, the Ministry of Justice of China "has launched an online system to

4

facilitate the submission of requests of service by other member states" and this system "proves itself an efficient and reliable way of implementation of the Convention." *Id.*

## V.    ATLAS'S ATTEMPTED VENUE MANIPULATION WARRANTS DISMISSAL

Dismissal here is especially appropriate due to Atlas's blatant attempt to manipulate venue.  Non-party TP-Link USA is "solely responsible for importing, marketing, advertising, offering to sell, and selling" the accused products in the United States.  Zhang Decl. ¶ 4.  Yet Atlas deliberately chose not to sue TP-Link USA—a California corporation having no place of business in Texas—because venue would be improper in this District.  Given this decision by Atlas, allowing Atlas to avoid the Hague Convention by serving *this same entity*, TP-Link USA, is manifestly unfair and inappropriate. The Court should not endorse Atlas's manipulation of venue here by finding proper service, thereby encouraging other plaintiffs similarly to disregard the United States' commitments under the Hague Convention in future cases.  *Cf. Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (urging courts to disregard a party's "attempts at manipulation" of jurisdiction); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1377 (Fed. Cir. 2021) ("[W]e are not bound by plaintiff's efforts to manipulate venue").[2]

## VI.    CONCLUSION

For the foregoing reasons and those in the moving brief, this Court should dismiss this case under Rule 12(b)(5) for insufficient service of process.

---

[2] Defendants have also moved to dismiss for lack of personal jurisdiction and to transfer the case to the Central District of California.  Dkt. 28, 30.  The court has stayed further briefing on those motions pending jurisdictional and venue discovery.  Dkt. 37.

5

Dated:  June 7, 2022

Respectfully submitted,

/s/ *Melissa R. Smith*
Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue

6

Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 7, 2022, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*