# EXHIBIT 2

# 中 华 人 民 共 和 国 司 法 部
## Ministry of Justice, People's Republic of China
No. 33, PingAnLi West Ave., Xicheng District, Beijing 100035, China
Tel: +86 10 5560 4537      Fax: +86 10 5560 4538

To:
U.S. Department of Justice
Attn: Ms. Katerina V. Ossenova
Trial Attorney, U.S. Department of Justice
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street, NW, Room 8102
Washington, D.C. 20530

CC to:
Justice Carol A. Corrigan
Supreme Court of California
350 McAllister St.
San Francisco, CA 94102
USA

Beijing, September 27, 2020
Our Ref: 2020-SXH-71

The Ministry of Justice of the People's Republic of China presents its compliments to the Department of Justice of the United States of America.

Regarding *ROCKEFELLER TECHNOLOGY INVESTMENTS (ASIA) VII v. CHANGZHOU SINOTYPE TECHNOLOGY CO., LTD.*, case No. S249923 in the Supreme Court of California, the defendant CHANGZHOU SINOTYPE TECHNOLOGY CO., LTD recently complained to our office that they have been attempted service through postal way, i.e. FedEx, a private courier, by the plaintiff's lawyer in US. As the Chinese Central Authority designated for *the Hague Service Convention*, the Ministry of Justice of China hereby reiterates as follows.

i.    The Chinese side holds that *the Hague Service Convention* is mandatory in terms of service abroad between the member states. As both China and US are members of *the Convention*, if any US judicial officers, officials or other competent persons need to serve any party in China, they have to follow the channel provided by *the Convention*.

ii.   At the accession to *the Convention*, the Chinese government has declared

1

# 中 华 人 民 共 和 国 司 法 部

## Ministry of Justice, People's Republic of China

No. 33, PingAnLi West Ave., Xicheng District, Beijing 100035, China
Tel: +86 10 5560 4537     Fax: +86 10 5560 4538

---

to oppose methods of service provided in *Article 10 of the Convention*. Therefore, service in China directly attempted by judicial officers, officials or other competent persons of other member states through postal way is against Chinese declaration. Such service will be deemed procedural defect, and the following judgment, if any, will not be recognized by Chinese court.

iii.    The Ministry of Justice of China has launched an online system to facilitate the submission of requests of service by other member states. Many US requesting parties have used this system which proves itself an efficient and reliable way of implementation of *the Convention*. This office takes this opportunity to call for more US requesting parties to use this system to increase the efficiency of *the Convention* at www.ilcc.online .

iv.    The Ministry of Justice of China is willing to make joint efforts with the Department of Justice of US to improve the judicial cooperation between the two countries.

The Ministry of Justice of the People's Republic of China avails itself of this opportunity to renew to the Department of Justice of United States of America of the assurances of its highest consideration.

International Legal Cooperation Center
Ministry of Justice
People's Republic of China

Contact: Zhiying Li (Ms.)
Tel: 86 10 6309 9146
Fax: 86 10 5560 4538
Email: ivylee319@vip.sina.com

**Enclosures**
1.    Complaint letter issued by the Chinese defendant company
2.    Proof of service filed by the US plaintiff's lawyer to the US court

2

司法部：

我们常州华文文字技术有限公司正式请求司法部的协助，致函美国司法部，表示在上述案件中（见附件）中国反对通过邮政渠道进行法庭文件送达程序。

在这个案子中，洛克菲勒违反了《海牙公约》的规定，通过邮递方式向位于中国的中国公司常州华文文字技术有限公司（Changzhou Sinotype Technology Co., Ltd.）进行传票和判决书的送达，作为《海牙公约》签约国，中国已明确表示反对通过邮递方式进行法庭文件送达。作为一个主权国家，中国不允许其公民（个人和公司）以与中国签署的《海牙公约》规定不同的方式获得外国法院文件。 而洛克菲勒（Rockefeller）在针对的诉讼中正是通过邮寄方式向常州华文文字技术有限公司（Sinotype）送达法院文件的。

Sinotype 通过美国的律师提出动议，撤销对不当送达方式的判决，但地方法院裁定站在洛克菲勒一方。 Sinotype 提出上诉，并在加利福尼亚州的上诉法院中胜诉。洛克菲勒（Rockefeller）继而向加利福尼亚最高法院上诉该决定，该法院推翻了下级法院的决定。现在，我们正在向美国最高法院提起上诉，因为《海牙公约》是一项国际条约，对美国和中国等签署国具有约束力。我们认为，司法部就此问题致函美国司法部来说明这个立场将对美国最高法院对我们的案件所做出决定乃是至关重要的。

由于时间很紧迫，请在 9 月 18 日之前将这封函件寄给美国司法部，以便美国

司法部有机会出面进行干预，并让法院有足够的时间来考虑我们的案件。同时，请介绍中国学者（如果有的话），希望他们可能以法庭之友的身份向美国最高法院就此问题提供意见。

非常感谢您的关注并及时执行此事。敬请尽快处理。

黄克俭（Kejian Huang）

董事长/CEO

常州华文文字技术有限公司（Changzhou Sinotype Technology Co. Ltd.）

Ministry of Justice of China,
No. 33, PingAnLi West Ave.,
Xicheng District,
Beijing 100035, China

Re:   Rockefeller Technology Investment (ASIA) v. Changzhou Sinotype Techonolgy Co. Ltd.   (Before US Supreme Court No. 20-238)

Ministry of Justice of China:

We at Changzhou Sinotype Technology Co., LTD. (Sinotype) formally request the assistance of the Ministry of Justice to send a letter to the United States Department of Justice expressing China's objection to service by postal channels in the above captioned case.

In this case, Rockefeller served summons (起诉书) and judgment (判决书)on Siontype,

which is a Chinese company located in China, via postal service, in violation of Hague Convention requirement.   As a signatory to Hague Convention, China has made clear of its objection to service by postal channels. As a sovereign, China does not allow its citizens (individuals and companies) to be served with foreign court papers in ways other than what's specified in the Convention regulations that China signed into. This is, however, exactly what Rockefeller did in its litigation against Sinotype, by serving the court paper through postal channels.

Through attorneys in the United States, Sinotype filed motion to set aside judgment for improper service, but the trial court ruled in Rockefeller's favor.   Sinotype appealed, and prevailed in its appeal to the appellate court in California.   Rockefeller appealed the decision to the California Supreme Court, which reversed the decision of lower court. Now we are appealing to the Supreme Court of the United States, because the Hague Convention is an international treaty and it's binding on signatory countries such as United States and China. We believe a letter from the Ministry of Justice of China explaining this to United States Department of Justice on the issue is critical for the US Supreme Court to make its decision on our case.

As time is of the essence, please send this letter to the US department of justice before September 18 so that the US department of Justice may have a chance to come out to intervene, and also for the court to have sufficient time consider our case.   In the meantime, please introduce Chinese scholars, if any, who might be willing to join an amicus brief.

Kejian Huang/CEO, Changzhou Sinotype Technology Co., LTD.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>• Steven A. Blum (SBN 133208)<br>— Blum Collins LLP<br>707 Wilshire Blvd., Suite 4880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-572-0400    FAX NO. *(Optional)*: 213-572-0401<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Rockefeller Technology Investments (Asia) VII | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California.<br>County of Los Angeles<br><br>SEP 19 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Shaunya Bolden |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: Rockefeller Technology Investments (Asia) VII | CASE NUMBER:<br>BS149995 |
|---|---|
| DEFENDANT/RESPONDENT: Changzhou Sinotype Technology Co., Ltd. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Civil Case Cover Sheet Addendum

3. a. Party served *(specify name of party as shown on documents served)*:
      Changzhou Sinotype Technology Co., Ltd.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Kejian (Curt) Huang

4. Address where the party was served:
   Niutang Town, Changzhou City, Jianshu Province, China 213168

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

| | |
|---|---|
| PLAINTIFF/PETITIONER: Rockefeller Technology Investments (Asia) VII | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Changzhou Sinotype Technology Co., Ltd. | BS149995 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                              (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section)*:

See Attachment A.

☑ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☑ On behalf of *(specify)*:  Changzhou Sinotype Technology Co., Ltd.

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)              ☑ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**

a. Name: Gary Ho

b. Address: 707 Wilshire Blvd., Suite 4880, Los Angeles, CA 90017

c. Telephone number: 213-572-0400

d. The fee for service was: $ 0.00

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: 8/8/2014

Gary Ho
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

## ATTACHMENT A TO PROOF OF SERVICE OF SUMMONS

*Rockefeller Technology Investments (Asia) VII v. Changzhou Sinotype Technology Co., Ltd.*

Case No. BS149995

### Section 5(d)

Rockefeller Technology Investments (Asia) VII served Changzhou Sinotype Technology Co., Ltd. with its summons and petition to confirm contractual arbitration award by federal express and email to sinotype@yahoo.com, in accordance with the means of service set forth in the parties' arbitration agreement, and as authorized by Code of Civil Procedure section 1290.4.

Code of Civil Procedure Section 1290.4, subdivision (a), provides that "A copy of the petition [to confirm contractual arbitration award] and a written notice of the time and place of the hearing thereof and any other papers up on which the petition is based shall be served in the manner provided in the arbitration agreement for the service of such petition and notice."

The parties' arbitration agreement is attached hereto. Paragraph 6 on page 4 of the arbitration agreement states that, "The Parties shall provide notice in the English language to each other at the addresses set forth in the Agreement via Federal Express or similar courier, with copies via facsimile or email, and shall be deemed received 3 business days after deposit with the courier."

Paragraph 1 on page 1 sets forth Changzhou Sinotype Technology Co., Ltd.'s address, which is "Niutang Town, Changzhou City, Jianshu Province, China 213168."