**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK TECHNOLOGIES CO., LTD., <br> TP-LINK CORPORATION LTD, and <br> TP-LINK INTERNATIONAL LTD., <br><br> Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY OPPOSING DEFENDANTS' MOTION
TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

There is no question that TP-Link was sufficiently apprised of this lawsuit and received notice through multiple means. And each of TP-Link's legal arguments regarding service has been rejected by many courts—including the Federal Circuit and this very Court. TP-Link's Motion is nothing more than an attempt to delay the merits of this patent dispute.

## I.      Service Under the Hague Convention Was Not Required.

Atlas's Opposition explained in detail why alternative service under Rule 4(f)(3) was proper in this case, and why the Texas Long-Arm Statute does not require service under the Hague Convention. Dkt. No. 38 at 4-6. In short, the specific alternative service procedures authorized by this Court—serving TP-Link's U.S.-based affiliate and current U.S.-based patent counsel—all took place within the United States, so neither procedure is precluded by the Hague Convention. *Id.* at 4. Further, TP-Link confuses the service under Rule 4(e)(1) that <u>was not used</u> in this case (which provides for service by "following state law" and invokes the Texas Long-Arm Statute) with the service under Rule 4(f)(3) that <u>was used</u> in this case (and which does not require compliance with Texas's service requirements). *Id.* at 5. Each of Atlas's positions is fully supported by relevant appellate caselaw. *E.g.*, *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 U.S. App. LEXIS 27282, at *7-9 (Fed. Cir. Sep. 10, 2021); *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1236-40 (Fed. Cir. 2010).

For the most part, TP-Link's Reply simply repeats the same tired arguments from its opening Motion. Dkt. No. 43 at 2-3. And none of the TP-Link's new arguments (addressed below in the order presented in TP-Link's Reply) carry the day.

*First*, TP-Link suggests there is "no Fifth Circuit precent supporting [Atlas's] position." Dkt. No. 43 at 3. False. In *Nagravision*, the Fifth Circuit held that "court-ordered email service under Rule 4(f)(3) [for a foreign defendant was] proper." *Nagravision SA v. Gotech Int'l Tech.*

*Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Further, the Fifth Circuit dismissed TP-Link's argument that service via the Hague is mandatory: "This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)." *Id.*

*Second*, TP-Link attacks the Federal Circuit's *OnePlus* decision as "non-precedential" and suggests that it did not "decide the same issue before this Court." Dkt. No. 43 at 3. Not true. *OnePlus* cites precedent to squarely reject each of TP-Link's service arguments. *OnePlus*, 2021 U.S. App. LEXIS 27282, at *7-9. For example, relying on *Nuance Communications* (which is unquestionably precedential), *OnePlus* rejected the argument that "the service requirements of the Texas long-arm statute" "foreclose substituted service on others under Rule 4(f)(3)." *See id.* at *7-8. *OnePlus* also explicitly rejected the argument that "Rule 4(f)(3) cannot be used to authorize alternative service that is effected within the United States." *Id*. at *8. TP-Link's assertion that "*OnePlus* supports Defendants' position, not Atlas's" is not credible. Dkt. No. 43 at 3.

*Third*, TP-Link tries to distinguish this case from *Nuance Communications* because, in that case, the defendant was from a country that "had refused to honor service." Dkt. No. 43 at 3, n.1. But *Nuance Communications* noted that "numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention." *Nuance Communications*, 626 F.3d at 1238. Further, there is no requirement that "plaintiffs [] show [any] lack of judicial assistance by the host nation," before seeking alternative relief via Rule 4(f)(3). *See In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702, at *8-9 (N.D. Cal. Jun. 12, 2008).

*Finally*, TP-Link wrongly attempts to factually analogize this case to the *Purdue* case. Dkt. No. 43 at 3-4. In *Purdue*, the plaintiff simply emailed defendant's former counsel to request a

waiver of service before moving for alternative service under Rule 4(f)(3). *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 U.S. Dist. LEXIS 222677, at *5-6 (W.D. Tex. Nov. 18, 2021). But here, Atlas did far more. In addition to emailing TP-Link's current counsel to request a waiver of service (which went ignored), Atlas: (1) attempted to serve TP-Link's U.S. affiliate; (2) moved the Court to mail the complaint to TP-Link in Hong Kong, which TP-Link refused to accept; (3) moved the Court for alternative service; (4) emailed the complaint to six of TP-Link's current patent counsel; (5) formally served TP-Link's U.S. affiliate; and (6) formally served two of TP-Link's current patent counsel. Dkt. No. 38 at 1-2 (citing evidence). As such, this Court properly found that "Atlas' multiple attempts to effectuate service—combined with TP-Link Corp. and TP-Link Int'l's refusing to accept service[—]also favors granting alternative service under Rule 4(f)(3)." Dkt. No. 21 at 6. This Court rightly held "this is not a case where Rule 4(f)(3) is subsuming other modes of available service." *Id.* at 8.

## II.    TP-Link's Other Arguments Are Irrelevant, Counterfactual And/Or Premature.

In addition to its flawed arguments directed to the merits, TP-Link also introduces several other arguments that have no bearing on the outcome.

*First*, TP-Link implies that the Court's Order granting alternative service was premised on TP-Link USA being Defendants' formal U.S.-based "subsidiary" (as opposed to merely being interconnected with Defendants such that service on TP-Link USA would provide Defendants with notice of the lawsuit). Dkt. No. 43 at 1. Hardly. While the Court considered evidence showing that TP-Link USA was, in fact, Defendants' subsidiary in the U.S. (Dkt. No. 21 at 6-7), the Court's ruling did not depend on such. Instead, the Court actually ruled that evidence showed the "TP-Link [Defendants] and TP-Link USA are interconnected [so] service on TP-Link USA is reasonably calculated to give TP-Link notice of the present action." Dkt. No. 21 at 7. TP-Link

3

admits that it is interconnected to TP-Link USA because that U.S. company is "responsible for importing, marketing, advertising, offering to sell, and selling 'TP-Link branded' products in the United States." Dkt. No. 29 at 3. And TP-Link does not dispute that it received notice of the present action. *Id.* There is no false premise. Furthermore, the Court granted two forms of alternative service—service on TP-Link USA <u>and</u> service on TP-Link's current patent counsel. Dkt. No. 21 at 8. So even if alternative service on TP-Link USA was somehow improper, that would not affect the alternative service on TP-Link's current patent counsel.

*Second*, TP-Link misunderstands some criticisms in Atlas's Opposition brief. Dkt. No. 43 at 1. Atlas did not condemn TP-Link for bringing a motion that other courts had denied; as TP-Link points out, even an unsuccessful motion preserves the issue for appeal. Rather, Atlas criticized TP-Link for failing to address or even candidly disclose those prior denials in its Motion. Dkt. No. 38 at 1, 3; *see* Tex. R. Prof. Conduct 3.03(a)(4).

*Third*, TP-Link selectively cites some of the briefing in the pending *In re ZTE Corporation* mandamus petition. Dkt. No. 43 at 2. But TP-Link fails to mention the *ZTE* briefing that refutes its positions. Ex. A (ZTE Opposition Brief). And even more importantly, the Federal Circuit has not yet ruled on the *ZTE* case.

*Fourth*, TP-Link argues that Atlas's alternative service renders any future judgment against TP-Link unenforceable in China. Dkt. No. 43 at 4. But that enforceability issue is not ripe.

*Finally*, TP-Link alleges venue manipulation, and refers to its pending transfer motion. Dkt. No. 43 at 5. Atlas will respond to this argument in its forthcoming venue opposition brief, which will be filed on September 6, 2022 after formal venue discovery. Dkt. No. 37.

For the reasons stated herein and in Atlas's Opposition, the Court should deny TP-Link's Motion to Dismiss for allegedly improper service.

4

Dated: June 14, 2022

Respectfully submitted,

*/s/ Eric J. Enger*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000

5

Facsimile: (713) 221-2021
mheim@hpcllp.com
eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, on June 14, 2022, to be served via the Court's electronic filing system upon all counsel of record.

/s/ Eric J. Enger
Eric J. Enger