**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LIMITED, and TP LINK INTERNATIONAL LTD., <br><br> Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP <br><br> **JURY TRIAL DEMANDED** <br><br> ██████████ |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   RESPONSE TO ATLAS'S FACTUAL ALLEGATIONS..............................................2

     A.   Defendants' Activities All Occur in China...........................................................2

     B.   Defendants Arms-Length Relationship with Non-Party TP-Link USA..................................................................................................................4

     C.   The ███████████████ Does Not Establish "Significant Oversight" of TP-Link USA by Defendants............................................................4

III.  ARGUMENT .......................................................................................................6

     A.   Defendants Have Not Purposefully Directed Activities at Texas..........................6

     B.   Defendants Do Not Direct Activities At the Target Forum Nor Have Defendants Engaged in "Something More" as Required in *Asahi* ..................................................................................................................9

     C.   It Would Not Be Reasonable or Fair To Subject Defendants to Personal Jurisdiction On This Record.......................................................................9

IV.  CONCLUSION...................................................................................................10

CERTIFICATE OF SERVICE ........................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
480 U.S. 102 (1987)..................................................................................................9

*Baylor Univ. v. Vintage Brand, LLC*,
2022 U.S. Dist. LEXIS 85794 (W.D. Tex. May 12, 2022)........................................8

*Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*,
No. 2:17-CV-00418-JRG, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018) .................8

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*,
414 F. Supp. 2d 523 (E.D. Pa. 2005) .......................................................................9

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) .............6, 10

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)...............................................................................10

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
420 F.3d 1369 (Fed. Cir. 2005)..................................................................................7

*North Am. Philips Corp. v. Am. Vending Sales, Inc.*,
35 F.3d 1576 (Fed. Cir. 1994).....................................................................................7

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010)..................................................................................6

*In re Samsung Elecs. Co., Ltd.*,
2 F.4th 1371 (Fed. Cir. 2021) ..............................................................................2, 10

*Seven Networks, LLC v. ZTE (USA), Inc.*,
No. 3:17-CV-1495-M, 2018 WL 2427147 (N.D. Tex. May 30, 2018) .....................8

**Statutes**

28 U.S.C. § 1406(a) ............................................................................................................2, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)........................................................................................................10

## I.    INTRODUCTION

Plaintiff Atlas Global Technologies, LLC ("Atlas") failed to articulate in the Complaint a plausible theory of personal jurisdiction for Defendants TP-Link Technologies Co., Ltd. ("TP-Link China") and TP-Link Corporation Limited f/k/a TP-Link International Ltd. ("TP-Link Hong Kong") within the State of Texas.  Specific jurisdiction requires activities *purposefully directed to the forum state*, not just the United States at large.  But none of Atlas's arguments and evidence show purposeful direction to Texas, but merely an awareness that certain accused products are sold in the United States generally by a third-party distributor. That is not enough for personal jurisdiction in this Court, and Defendants' Motion to Dismiss should be granted.

The relative size of a customer/supplier relationship has little bearing on whether Atlas has articulated a theory of personal jurisdiction for the State of Texas.  *See* Opposition to Defendants' Motion to Dismiss ("Response" or "Resp.") at 1 ("There are situations where a mom-and-pop shop…").  And Defendants have never suggested it is "almost accidental that the accused products…are sold in the United States" as argued by Atlas. *Id*.  Defendants acknowledge that their products manufactured and sold in China to a distributor ultimately are imported and sold in the United States; but Atlas's sole theory of specific jurisdiction is entirely premised on the activities of **non-party** TP-Link USA Corporation ("TP-Link USA").[1]



Discovery taken by Atlas proves (a) non-party TP-Link USA ███████████████ ; (b) TP-Link USA is ██████████ ; and (c) TP-Link USA is ████ ██████████████ ████████████ .  If an accused product is in Texas, that is attributable to

---

[1] Atlas makes no argument that the Court should exercise general personal jurisdiction.

the actions of a non-party, not by Defendants.  In particular, Atlas has not identified any act by the named Defendants purposefully directed to any consumer in Texas.  All the activities Atlas identifies in its Response, such as preparing "English user guides, American power plugs, and FCC certifications" (*id.* at 1) are to assist its customer, TP-Link USA, sell products in the United States generally, not Texas specifically.  Resp. at 1. Discovery further confirms TP-Link USA is a separate company and is not controlled by either of the named Defendants.  Defendants' relationship with TP-Link USA ████████████████████████████████████ ███████████████████████████████████████████████████.  TP-Link USA's actions cannot be imputed to Defendants for purposes of personal jurisdiction.[2]

Again, Atlas's failure to name TP-Link USA represents an attempt at venue manipulation.  Atlas relies on the actions of non-party TP-Link USA as the basis for purported jurisdiction over the foreign Defendants, yet Atlas deliberately omitted TP-Link USA as a defendant because venue would be improper under *TC Heartland*.  Given this, the Court should either dismiss the case for lack of jurisdiction or transfer it to the CDCA under 28 U.S.C. § 1406(a); *cf. In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1377 (Fed. Cir. 2021) ("[W]e are not bound by a plaintiff's efforts to manipulate venue").

## II.    RESPONSE TO ATLAS'S FACTUAL ALLEGATIONS

### A.    Defendants' Activities All Occur in China

Both TP-Link China and TP-Link Hong Kong are privately held corporations, organized respectively under the laws of China and Hong Kong.  Atlas acknowledges in the Response that Defendants activities for the Accused Products all occur overseas, including the design,

---

[2] Atlas admits it cannot meet the heightened standard necessary to claim TP-Link USA is an "alter-ego" of Defendants.  Response at 9 ("Atlas is not arguing that TP-Link USA is the alter-ego of TP-Link Hong Kong or TP-Link China…").

development, and manufacture.  Response at 1; *see also* Ex. 1 (Defendants' Responses to Interrogatories ("Rog. Resp.")), at Rog. 4. The Accused Products are ███████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████████████. Ex. 2 (Dep. Tr. of Yanmei "Rita" Zhang ("Zhang Dep.") 56:5-25; Ex. 3 (Written Deposition Response of Jianmei Sun ("Sun Written Dep."), Question 29.  Defendants do not and have not made, used, sold, offered for sale, imported into, or used any Accused Product in Texas—facts that Atlas cannot and does not dispute.  Indeed, Atlas acknowledges that the Accused Products only reach the United States via TP-Link USA. Response at 1 ("TP-Link Hong Kong then sells the accused products to TP-Link USA, who sells the products in the United States").

Defendants have no employees in the State of Texas (or elsewhere in the United States). Ex. 1 (Rog. Resp.) at Rog. 2.  Neither Defendant owns or leases property, office space, facilities, or otherwise has a presence within the United States.  *See id*. at Rog. 3.  Employees of Defendants are not in Texas and they do not regularly travel to the United States nor Texas.

Atlas alleges personal jurisdiction in Texas is appropriate based on packaging and support materials that ████████████████████████████████████.[3] ████████ █████████████████████████████████. Ex. 2 (Zhang Dep.) 58:9-17.  Similarly, as the manufacturer of the Accused Products, Defendants obtain certifications of the products from the Federal Communications Commission (and obtain any other marketing certifications, such as from the Wi-Fi Alliance)████████████████████. *Id*. at 62:24-63:16; 67:22-68:3. Preparing packages and support materials, and certifying products are predicate acts to sales to

---

[3] Atlas argues for jurisdiction based on inclusion of power plugs usable in the United States, but a power supply rated for up to 240v and 50/60 Hz is designed to be used anywhere in the world, not just the United States.  *See* https://www.ceptics.com/pages/dual-voltage-vs-single-voltage.

3

TP-Link USA who, ███████████████████████████████████

███████████████████████████████ .

**B.    Defendants Arms-Length Relationship with Non-Party TP-Link USA**

TP-Link USA is a California corporation with its headquarters and principal place of business at Irvine, CA.  Zhang Decl. at ¶ 4.  TP-Link USA is a wholly owned subsidiary of TP-Link UK, Ltd., which also has not been named as a Defendant.  *Id*.  Defendants do not ████████

██████████████████████████████ .  Ex. 4 (Stingray Rog. Resp.) at Rog. 1.  TP-Link USA's relationship ████████████████████████████████████

███████████████ .  Ex. 3 (Sun Written Dep.), Question 13.

**C.    The** ███████████████ **Does Not Establish "Significant Oversight" of TP-Link USA by Defendants**

Atlas declares "[t]he question of whether TP-Link directed or controlled the activities of TP-Link USA is not the correct issue." Response at 9. Defendants disagree—TP-Link USA is a non-party, and there is no evidence cited by Atlas that TP-Link USA is controlled by Defendants.  The vast majority of Atlas's arguments for personal jurisdiction over Defendants depends on TP-Link USA's activities; therefore, it is crucial to address TP-Link USA's status as a separate entity with its sole relationship to ███████████ ████ █████████████

█████████ .  Atlas, however, elects not to do so.

As it cannot argue "control" on this record, Atlas instead argues for an amorphous standard of "significant oversight" by Defendants over TP-Link USA.  *Id*.  Atlas does not cite any case that defines this term, nor does it cite any case that finds "significant oversight"—if it exists—as relevant to a "stream of commerce" theory of personal jurisdiction.  The allegation of "significant oversight" is further refuted by the record and represents a misreading of the

---

[4] ██████████████████████████████████████████████ .

███████████████████████████████████████████████████████.  The plain terms of

that ███████████████████████████████████████████████████.

*First*, the ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████  Ex. 5 (Distribution Agreement) at

TPL0003350 (emphasis added).  Thus, Defendants can, ███████████████████████

████████████████████████████████████████████.

*Second*, the agreement only requires that ████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████.  *Id.* ████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████.  Ex. 3 (Sun Written Dep.), Question 28.  █████████

███████████████████████████████████████████.  *Id*. ████████████████████

████████████████████████████████████████████████████████████

███████████████████.  Ex. 2 (Zhang Dep.) 119:7-11; 138:6-17. And it was TP-Link USA—not

Defendants, as alleged by Atlas—who attended the 2022 CES Convention.  Resp. at 12; *see*

https://servicecenter-nearme.com/ces-2022-exhibitor-list-with-booths/ (CES Smart Home

Exhibitor list).

*Third*, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████.  *Id.*  And TP-Link USA, ████████████████████████

█████████████████████████████████████s.  *Id.* at TPL0003351.

5

### III.    ARGUMENT

#### A.    Defendants Have Not Purposefully Directed Activities at Texas

Atlas opens its argument section by stating "TP-Link never denies knowing its products will be sold in Texas." Response at 5. This argument is not only factually inaccurate, it oddly places a burden on Defendants to disclaim certain knowledge or else, under Atlas's theory, the Court should assume the opposite is true. The record evidence shows ██████████████ ████████████████████████████████████████████████████████████████████ Ex. 2 (Zhang Dep.) 138:6-17. And it is Atlas's burden to prove purposefully directed activities by Defendants to Texas, not Defendants burden to "deny knowing" anything. *See Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (*citing Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).

And Atlas has not met its burden. The evidence cited by Atlas shows, at most, that Defendants have a general customer/supplier relationship with non-party TP-Link USA, who sells products within the United States as a whole. Resp. 5-8. Given this absence of evidence, Atlas resorts to adding the inaccurate phrase "including Texas" to several otherwise factual statements ███████████████████████, despite offering no corroboration for the same. For example, Atlas argues that under the ██████████████████████████████████ ████████████████████████████████████" Resp. at 5 (emphasis added); *also* at 8 "…████████████████████████████████████████████████████████████████") (emphasis added); 9-10 ("…███████████████████████████████████████ ██████) (emphasis added). In truth, the ██████████████████████████████████ ████████████████████████████████████████████. *See* Ex. 5 (██████████

6

██████████    Rather, TP-Link USA decides where and how it sells the products. Ex. 2 (Zhang Dep.) 138:6-17.

Moreover, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████. *See* Response, Exs. D and E; *see also* Ex. 2 (Zhang Dep.) 56:5-25.

And the other evidence cited in the Response speaks only about the United States at large, and never specifically addresses Texas.  Response at 6-8.  In particular, Defendants, as the manufacturer, obtain the FCC certifications and UL certifications prior to selling the products to TP-Link USA ████████████████████████████████████████

██████████████.  Ex. 2 (Zhang Dep.) 58:9-17; 62:24-63:16; 67:22-68:3; 70:22-71:3.  All of those are nationwide certifications, and none are specific to Texas or any other state.  Simply tacking on the words "and Texas" to a description of evidence that is specific only at the level of the United States as a whole (as Atlas does repeatedly in its Response) does not change the actual nature or direction of Defendants' activities. *See* Response at 1, 6, 11, 12, 13, 14.

Atlas cites *North American Phillips* ostensibly for the proposition that ████████████

████████████████████████████████████████.  Resp. at 6, n. 2 (citing *North Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579-80 (Fed. Cir. 1994)).  This is not correct.  In *North American Philips*, defendants participated in tradeshows and entered directly into contracts with customers within the forum state; that the accused products were purchased FOB and shipped to a different state was irrelevant there because the defendants had themselves overtly directed sales activity at Illinois. *North Am. Philips Corp.*, 35 F.3d at 1577-78; *see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1377 (Fed.

Cir. 2005) (distinguishing *North American Philips* because "in some cases the criterion for determining the location of a 'sale' under section 271(a) is not necessarily where legal title passes; the 'more familiar places of contracting and performance' may take precedence over the passage of legal title"). Here, no evidence exists that Defendants direct any activities to Texas.

Atlas also cites *Baylor University* for the proposition that Defendants alleged ███████ ███████████████████████████████ from selling in Texas somehow imparts jurisdiction. Resp. at 7 (*citing Baylor Univ. v. Vintage Brand, LLC*, 2022 U.S. Dist. LEXIS 85794, at *11-12 (W.D. Tex. May 12, 2022)). In *Baylor University*, the defendant sold apparel *branded with Baylor's trademarks* to a third party (also a named defendant to the suit); the co-defendant then sold the apparel in Texas. *Baylor Univ.*, 2022 WL 1506286, at *4. That the apparel was branded with the name and logo of a Texas-based university and advertised to those interested in Baylor ("[t]he Vintage Brand Baylor Bears Shop at VintageBrand.com is the ultimate destination for die-hard Baylor Bears fans and alumni . . .") strongly implied purposeful direction to Texas customers. *Id*. Here, TP-Link USA is not named—intentionally—as a defendant, and Atlas cannot cite any similar evidence of packaging or other indicia directed specifically to Texas consumers. The existence of accused products in Wal-Mart or Best Buy in Texas is the result of actions ███████████ █████████████████████████████████. Ex. 2 (Zhang Dep.) 138:2-17. Atlas cannot and does not show any evidence of Defendants' "knowledge" of sales within the Texas, nor any evidence that Defendants have any control over the sales locations of non-party TP-Link USA.[5]

---

[5] Atlas's other cited cases are similarly unavailing. Resp. at 8. For example, in *Blitzsafe* the foreign parent entity was aware that its U.S. subsidiary (and co-named defendant) distributed automobiles to independent dealers in Texas. *See Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*, No. 2:17-CV-00418-JRG, 2018 WL 4849345, at *3 (E.D. Tex. Sept. 6, 2018). In *Seven Networks*, the record reflected control by the foreign parent over the co-defendant U.S. subsidiary that sold accused products into Texas. *See Seven Networks, LLC v. ZTE (USA), Inc.*, No. 3:17-CV-1495-M, 2018 WL 2427147, at *3 (N.D. Tex. May 30, 2018).

**B.    Defendants Do Not Direct Activities At the Target Forum Nor Have Defendants Engaged in "Something More" as Required in *Asahi***

All of Defendants' activities to ██████████████████████████, as identified in the Response, are directed to the United States in general, not to Texas specifically. Such evidence falls far short of meeting *Asahi*'s "something more" standard, which explicitly requires activity purposefully directed to the "forum state." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).

Again, obtaining FCC certifications and UL certifications are predicate acts for selling in the United States in general. Similarly, ████████████████████████████████████████████████████████████████████████████████████████. Ex. 2 (Zhang Dep.) 58:5-17. ███████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████. *See supra* at 6. Simply put, Atlas has not identified a single act by Defendants purposefully directed to Texas consumers, or specifically directed at any potential end-customer that may be found in the state. Further, and as discussed above, there is no evidence in the record of so-called "significant oversight" by Defendants of TP-Link USA's activities, and Atlas cites no case law to suggest what level of "significant oversight" of a non-party would even be sufficient to establish specific personal jurisdiction. Resp. at 9. *See Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) ("[A] defendant does not 'purposefully direct' his activities at a forum state merely by selling a component part to a nationwide distributor…").

**C.    It Would Not Be Reasonable or Fair To Subject Defendants to Personal Jurisdiction On This Record**

Atlas's arguments that an exercise of personal jurisdiction over Defendants would be "reasonable and fair" are equally unavailing. Resp. at 14-15. First, the Court need not even

9

reach this point as Atlas has failed to establish a plausible theory of personal jurisdiction. *See Freescale Semiconductor,* 2014 WL 1603665, at *4 ("The plaintiff has the burden of proving parts one and two of the test; the burden then shifts to the defendant to prove that personal jurisdiction is unreasonable").

Should the Court consider this final aspect, however, Defendants established in the Motion that an exercise of jurisdiction over Defendants under these circumstances would be unreasonable and run afoul of the limits set by the Constitution. *See* Motion at 10-12. In its Response, Atlas fails to adequately address any of the relevant factors. For example, Atlas cannot and does not dispute Defendants face substantial burdens in litigating far from their China and Hong Kong locations. Resp. at 14-15. Further, in claiming that Texas has a "sufficient interest" in litigating the dispute, and Atlas has "strong interest" in seeking relief in its home state, Atlas only states it is "headquartered in Texas," but ignores Defendants' arguments that there is no evidence Atlas actually conducts *any* business in the state. And Atlas ignores, presumably because it has no response, Defendants' arguments that a party, like Atlas, recently formed as an ephemeral construct for litigation does not create for Texas a legitimate interest in addressing the dispute. Motion at 11-12 (*citing In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371 (Fed. Cir. 2021); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (same)).

For these reasons and those stated in the Motion, exercising jurisdiction over Defendants would be unreasonable.

## IV.    CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, this Court should dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction over TP-Link China and TP-Link Hong Kong, or else transfer this action under 28 U.S.C. § 1406 to the CDCA.

Dated:  September 13, 2022

Respectfully submitted,

/s/ *Kristopher L. Reed*

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 13, 2022, and was served via email on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Stephannie Stover*
Stephannie Stover

76484545V.2