# Exhibit A

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**In re:  LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS MOBILE RESEARCH U.S.A. LLC, LG ELECTRONICS ALABAMA, INC.,**
*Petitioners*

_____

2018-134

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos.  2:16-cv-01424-JRG-RSP,  2:16-cv-01425-JRG-RSP, 2:17-cv-00124-JRG, and 2:17-cv-00145-JRG-RSP, Judge J. Rodney Gilstrap.

_____

**ON PETITION**

_____

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

**O R D E R**

LG Electronics, Inc. et al. (collectively, "LG") seek a writ of mandamus asking this court to direct the United States District Court for the Eastern District of Texas to transfer this case to the United States District Court for

the District of New Jersey. Fundamental Innovation Systems International LLC ("FISI") opposes the petition. LG replies. LG also moves to stay the district court proceedings pending this court's review of its mandamus petition.

## BACKGROUND

This petition stems from a patent infringement suit filed in December 2016 by FISI in the Eastern District of Texas against five LG entities: LG Electronics Inc. ("LGEKR"), LG Electronics U.S.A., Inc. ("LGEUS"), LG Electronics MobileComm U.S.A., Inc. ("LGEMU"), LG Electronics Mobile Research U.S.A. LLC ("LGEMR"), and LG Electronics Alabama, Inc. ("LGEAI").

FISI's complaint accuses LG of infringing several patents related to mobile devices, which cover, inter alia, facilitating data communication and charging mobile devices. LGEAI, which is the focus of this petition, provides customer service and repair services to LG customers, including selling replacement chargers for LG brand products purchased in the United States.

In June 2017, LG moved to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As to why this case "could have been brought" in New Jersey, the motion stated:

> This action could have been filed in D.N.J. LGEUS, LGEMU, LGEMR, and LGEAI are all registered to do business in New Jersey. Yoon Decl., ¶¶ 2-5. As noted above, LGEUS, LGEMU, and LGEMR also have offices and facilities in D.N.J.[3] *Id.*, ¶¶ 2-3, 7, 9-10. In

fact, this District has previously found that LG has sufficient connections to D.N.J. to transfer venue there.

In footnote 3 to their motion, LG added, as pertinent here, that "for the limited purpose of this transfer motion, LGEAI consents to jurisdiction in D.N.J."

The magistrate judge recommended denying LG's motion, finding that they "have not come close to making a sufficient showing" that the "District of New Jersey would have been able to exercise personal jurisdiction over [LGEAI]" in this case, even though "[o]n another record, the conclusion that a New Jersey court would have had personal jurisdiction over [LGEAI] might be supportable." *Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, 2:16-cv-01425, slip op. at 6 (E.D. Tex. Jan. 3, 2018). The district court overruled LG's objections and adopted the magistrate judge's recommendation to deny the motion. *Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, 2:16-cv-01425 (E.D. Tex. Feb. 13, 2018) (hereinafter "Transfer Order"). This petition followed.

DISCUSSION

A party seeking a writ of mandamus bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may only be used when the district court's decision amounted to such a clear abuse of discretion that the decision to deny transfer amounted to a patently erroneous result. *See In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Hoffmann–La Roche Inc.*, 587

F.3d 1333, 1336 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1341 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In other words, if some plausible basis in the record exists to support the district court's ruling, "the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (internal citations omitted).

In our view, mandamus relief is not appropriate here. The dispositive legal issue is whether FISI "might have . . . brought" this action against LGEAI originally in New Jersey. 28 U.S.C. § 1404(a). FISI notes that Fifth Circuit law governs this court's review of the district court's denial of LG's transfer motion, *TS Tech*, 551 F.3d at 1319, and requires the moving party to show that the transferee court would have personal jurisdiction over every defendant in the action. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *Genentech*, 566 F.3d at 1346. FISI contends that the district court did not clearly abuse its discretion in finding that burden had not been met here. We agree.

LG's transfer motion contained no evidence or argument in support of personal jurisdiction over LGEAI in New Jersey. The motion indicated that LGEAI is incorporated in Alabama and appears to be headquartered in Huntsville, Alabama. There was also nothing in the motion (or the reply) to support the notion that LGEAI was "so heavily engaged in activity" in New Jersey "'as to render [it] essentially at home' in that State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). Indeed, LG indicated below and in its filings before this court that only a handful of LGEAI's employees work from New Jersey. *See BNSF*, 137 S. Ct. at 1559 (noting that a corporation that operates in many places can scarcely be deemed at home in all of them).

IN RE: LG ELECTRONICS, INC.                                                        5

LG's petition for writ of mandamus contends that by registering to do business in New Jersey, LGEAI consented to jurisdiction in New Jersey. The district court determined that this argument was not properly raised in LG's motion to transfer. Transfer Order at 4 n.1 ("The complexities raised by Judge O'Malley's opinion in [*Acorda Therapeutics Inc. v. Mylan Pharmaceuticals Inc.*, 817 F.3d 755 (Fed. Cir. 2016)] were never raised, nor was the *Acorda* case ever cited, in the original briefing."). We see no error, let alone clear error, in the district court's waiver determination. Notably, LG indicated it was only willing to consent to jurisdiction for the limited purpose of this case; that position is inconsistent with taking the position that it has generally consented to jurisdiction due to registration.*

The magistrate judge also correctly held that transfer could not simply be based on LGEAI's consent. The Supreme Court long ago rejected the notion that "the § 1404(a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would require[], 'where it may now be rebrought, with defendants' consent.'" *Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960). While Congress has since amended § 1404(a) to abrogate part of the *Hoffman* decision, the statute still allows for transfer to a court that does not have personal jurisdiction over each defendant only if "all parties have

---

* We note that *BNSF* left open the question of whether a defendant corporation has consented to jurisdiction by registering to do business in the state and maintaining an agent for service of process. 137 S. Ct. at 1559. Petitioners themselves further note that there are conflicting holdings on consent-via-registration by different New Jersey Appellate Division panels and that the Supreme Court of New Jersey has not yet resolved the issue.

6                                    IN RE: LG ELECTRONICS, INC.

consented." And FISI has withheld its consent to transfer here.

Finally, LG contends that supporting evidence and argument in its reply and its objection to the magistrate judge's ruling to the district court establish specific and/or general jurisdiction. But it is well settled—both in the Fifth Circuit and elsewhere—that a district court has discretion to disregard evidence and argument offered for the first time in a reply brief or in objections to a magistrate judge's ruling. *See, e.g., Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994); *Flooring Sys., Inc. v. Chow*, 2013 WL 4674667, at *1 n.2 (E.D. Tex. Aug. 29, 2013). We therefore cannot say that it was a clear abuse of discretion on the part of the district court to deny transfer based on the cursory support in LG's original transfer motion.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The motion for a stay is denied as moot.