# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LIMITED, and TP-LINK INTERNATIONAL LTD., <br><br> Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' INITIAL AND ADDITIONAL DISCLOSURES</u>**

Defendants TP-Link Technologies Co., Ltd., TP-Link Corporation Limited, and TP-Link International Ltd. (collectively, "TP-Link" or "Defendants") provide the following Initial and Additional Disclosures to Plaintiff Atlas Global Technologies LLC ("Atlas" or "Plaintiff") pursuant to Paragraphs 1 and 3 of the Discovery Order (Dkt. No. 41). These disclosures are based on information reasonably available to TP-Link at this time. TP-Link reserves the right to amend or supplement these disclosures based on its continuing investigation and discovery.

These disclosures reflect TP-Link's good faith effort to identify information (of which it is aware as of this date) that TP-Link reasonably believes it may use to support its claims and defenses. TP-Link's investigation and analysis is ongoing, and discovery from Atlas and/or third parties may yield additional information. TP-Link expressly reserves its rights: (a) to make subsequent revisions, supplementation, or amendment to these disclosures based upon any information, evidence, documents, facts, or things which hereafter may be discovered, or the relevance of which hereafter may be discovered, and (b) to identify, produce, introduce, or

- 1 -

rely upon additional or subsequently identified, acquired, or discovered writings, evidence, and information at trial or in any pretrial proceedings held in this case.

By making these disclosures, TP-Link does not waive any applicable privilege or protections, including without limitation, the attorney-client-privilege, attorney work product protection, the joint defense privilege, and the common interest privilege. Any information provided by TP-Link in connection with these disclosures remains subject to all objections as to competence, relevance, materiality, and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and TP-Link expressly reserves all such objections and grounds.

## I.    INITIAL DISCLOSURES

### A.    The correct names of the parties to the lawsuit.

Defendants TP-Link International, Ltd. and TP-Link Corporation Limited are the same entity, as TP-Link International Ltd. changed its name to TP-Link Corporation Limited in 2020. Defendant TP-Link Technologies Co., Ltd. was renamed TP-Link Lianzhou Co., Ltd. in December 2021. On information and belief, Plaintiff's correct name is Atlas Global Technologies LLC.

### B.    The name, address, and telephone number of any potential parties.

At this time, TP-Link is not aware of any potential parties other than those already named in the action.

### C.    The legal theories and, in general, the factual bases of TP-Link's claims or defenses.

*Non-Infringement*

TP-Link states that it does not infringe directly or indirectly (either individually or jointly), literally or under the doctrine of equivalents, any valid claim of U.S. Patent Nos. U.S.

Patent Nos. 9,763,259, 9,825,738, 9,912,513, 9,917,679, 10,020,919, 10,756,851, 9,531,520, and 9,532,187 (collectively, the "Patents-in-Suit"). Additional information regarding TP-Link's non-infringement positions will be set forth in its expert reports, which will be served pursuant to the Docket Control Order.

*__Invalidity__*

As to each of the asserted claims of the Patents-in-Suit, TP-Link further contends that such claims are invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112. Particulars pertaining to the invalidity of the asserted claims will be set forth in TP-Link's invalidity contentions, which will be served pursuant to the Docket Control Order.

> **D.    The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person.**

Based on the information reasonably available to TP-Link at this time, the following individuals may have knowledge of relevant facts. In making these disclosures, TP-Link reserves its right to object under the applicable rules to testimony by any of the persons listed below. Individuals listed below who are employees or officers of TP-Link are represented by the undersigned counsel for TP-Link. As such, they may only be contacted through the undersigned counsel for TP-Link, whose contact information is listed at the end of these disclosures.

| Name | Contact Information | Subjects of Information |
|---|---|---|
| Yanmei Zhang (Operation Director of TP-Link Technologies Co., Ltd.) | Counsel for Defendants | Knowledge of the business practices and operations of TP-Link Technologies Co., Ltd. |
| Jianmei Sun (Director of TP-Link Corporation Limited). | Counsel for Defendants | Knowledge of the business practices and operations of TP-Link Corporation Ltd. |

In addition to the persons listed above, TP-Link incorporates by reference all individuals and entities listed in the initial disclosures of Atlas in this matter and any individuals whom Atlas may call as witnesses at trial. Further, TP-Link expects to retain one or more experts in this matter and will disclose the identities of its experts in accordance with the Local Rules, Patent Rules, and Docket Control Order.

Finally, other individuals not specifically known to TP-Link at this time may possess relevant information, including, but not limited to, relevant information regarding the invalidity and enforceability of the Patents-in-Suit. TP-Link reserves the right to modify or supplement these disclosures with respect to any individuals whose identities or scope of knowledge are disclosed or ascertained through discovery and to use and introduce such supplemental information or any subsequently identified or produced documents at the trial of this matter.

**E.      Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, TP-Link is not aware of any indemnity and insuring agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**F.      Any settlement agreements relevant to the subject matter of this action.**

At this time, TP-Link is not aware of any settlement agreements relevant to the subject matter of this action.

**G.      Any statement of any party to the litigation.**

- 4 -

At this time, TP-Link is not aware of any statements of any party to the litigation relevant to the subject matter of this action.

## II.    ADDITIONAL DISCLOSURES

### A.    Disclosures required by the Patent Rules for the Eastern District of Texas

TP-Link will provide the additional disclosures required by the Patent Rules for the Eastern District of Texas in accordance with the schedule for such disclosures set forth in the Patent Rules and the Docket Control Order.

### B.    Document Production

TP-Link will produce or permit the inspection of all non-privileged documents, electronically stored information, and tangible things in the possession, custody, or control of TP-Link that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Local Rules, the Patent Rules, and/or the Docket Control Order

### C.    Computation of Damages

TP-Link intends to rely on a damages expert in this action and will therefore disclose its computation of damages at the time for Expert Disclosures. *See* Discovery Order (Dkt. No. 44) ¶ 3(c) ("[T]he disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.").

DATED:  June 8, 2022     Respectfully submitted,

          By: */s/ Kristopher L. Reed*

          GILLAM & SMITH, LLP

          MELISSA R. SMITH
          (Texas State Bar No. 24001351)
          HARRY L. GILLAM, JR.
          (Texas State Bar No. 07921800)
          303 South Washington Avenue
          Marshall, Texas 75670
          Telephone:  (903) 934-8450
          Facsimile:   (903) 934-9257
          Email:  melissa@gillamsmithlaw.com
          Email:  gil@gillamsmithlaw.com

          KILPATRICK TOWNSEND & STOCKTON LLP

          STEVEN D. MOORE
          Two Embarcadero Center, Suite 1900
          San Francisco, CA  94111
          Telephone:  (415) 576-0200
          Facsimile:   (415) 576-0300
          Email:  smoore@kilpatricktownsend.com
          Email:  tpfingst@kilpatricktownsend.com

          KRISTOPHER L. REED
          2001 Ross Avenue, Suite 4400
          Dallas, Texas 75201
          Email: kreed@kilpatricktownsend.com

          KEVIN M. BELL
          EDWARD J. MAYLE
          1400 Wewatta Street, Suite 600
          Denver, Colorado 80202
          Email: kbell@kilpatricktownsend.com
          Email: tmayle@kilpatricktownsend.com

          ANDREW N. SAUL
          1100 Peachtree Street, Suite 2800
          Atlanta, GA 30309-4528
          Email: asaul@kilpatricktownsend.com

          Attorneys for DEFENDANTS

- 6 -

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be transmitted to counsel for Atlas by electronic service on June 8, 2022.

*/s/ Kevin M. Bell*
Kevin M. Bell