# Exhibit W

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|                        |     |                         |
|------------------------|-----|-------------------------|
| MHL TEK, LLC,          | )   |                         |
|                        | )   |                         |
|     Plaintiff, | )   |                         |
|                        | )   |                         |
|     v.        | )   | Case No. 2:07-cv 289-TJW |
|                        | )   |                         |
| NISSAN MOTOR CO.; et al., | )   |                         |
|                        | )   |                         |
|     Defendants. | )   |                         |
|                        | )   |                         |

**DEFENDANT BMW MANUFACTURING CO. LLC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
MEMORANDUM IN SUPPORT**

Defendant BMW Manufacturing Co. LLC ("BMWMC") files this Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support pursuant to Federal Rule of Civil Procedure 12(b)(2) and would show the Court the following:

## I.    SUMMARY OF ARGUMENT.

BMWMC and other companies in the BMW family have structured their relations such that BMWMC does not have any contacts with Texas and affirmatively does not avail itself of the benefit of the laws of Texas. Rather, another BMW company, BMW of North America, LLC ("BMWNA"), has such contacts with Texas. BMWNA is a party in this case and does not dispute personal jurisdiction over it. However, there is not a sufficient nexus with this forum to exercise jurisdiction over BWMMC consistent with the requirements of the due process clause of the Constitution.

BMWMC is a Delaware limited liability company with its principal and only place of business in South Carolina. BMWMC has no offices or employees in Texas. BMWMC has no presence in Texas and transacts no business in Texas. BMWMC does not make or sell any goods or services to residents of Texas. BMWMC does not solicit sales, make offers for sale, or

4003954.1
1.815

ship products into Texas.  BMWMC does not accept phone orders, mail orders, or internet sales from Texas.

BMWMC builds BMW X5 and Z4 model vehicles in an authorized Foreign Trade Zone. For cars destined for the US, BMWMC sells the cars to BMW AG, its ultimate parent. BMWNA, in turn, purchases vehicles from BMW AG and imports and distributes these vehicles for sale in the United States.  BMWNA, and not BMWMC, directs and controls the distribution of BMW vehicles in the US, including into Texas.

Due process requires the nonresident defendant's contacts be purposefully directed toward the forum state.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-74 (1985).  The due process clause requires that the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).  It requires a court to determine whether the nonresident defendant has, through its actions, purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the forum state's law.  *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

BMWMC acknowledges that the scope of the stream of commerce theory of jurisdiction is expansive.  *See, e.g., Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558 (1994); *Jacob Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.,* 2005 U.S. Dist. LEXIS 36211 (2005).  Nonetheless, BMWMC respectfully submits that these cases are not controlling here.  In this case, BMWMC has not purposefully availed itself of the benefit of conducting business in Texas but, instead, has taken affirmative, purposeful steps not to do so.

Here BMWMC has not availed itself of the laws of Texas and has not put goods into the stream of commerce through a sale to an unrelated, third party with knowledge that the goods were destined to enter Texas.  Instead, BMWMC sells the vehicles it makes to its German parent, BMW AG.  BMW AG, in turn, sells the vehicles to BMWNA.  BMWNA is the entity that takes possession of the vehicles, imports them into the US, and distributes them to dealers in the US.

- 2 -

By this arrangement, BMWMC has purposefully avoided contacts with Texas and hence finding personal jurisdiction in this case would not comport with the due process clause. Accordingly, BMWMC respectfully submits that plaintiff's Complaint should be dismissed.

BMWMC is currently challenging the exercise of jurisdiction over it in a Texas state court in San Antonio. On April 27, 2007, BMWMC made a special appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure in *Jason Wong et al. v. Bavarian Imports, et al.*, No. 2006-CI-16633 ("the *Wong* case"), a case pending in Bear County, Texas, District Court, for the purpose of contesting personal jurisdiction in that matter. The personal jurisdiction issue in the *Wong* case is currently pending. BMWMC contends in the *Wong* case that it has never consented to jurisdiction in a court in Texas.

Finally, this is not a situation where a corporate defendant is attempting to limit or deny a plaintiff's recovery based on technicalities of title. To the contrary, BMWNA, the BMW distributing and marketing entity with the sole authority to conduct business in the US including in the state of Texas, is a party defendant, has appeared and answered, and will not contest personal jurisdiction over it.

## II. INTRODUCTION

### A. Factual Background

#### 1. BMWMC has no contacts with Texas.

BMWMC is a Delaware limited liability company with its principal (and only) place of business in Spartanburg, South Carolina. Declaration of Linda Archer in Support of Motion of Defendant BMW Manufacturing Co., LLC to Dismiss Plaintiff's Complaint, filed concurrently ("Archer Decl.") at ¶ 3. BMWMC does not do business in Texas. In particular:

- BMWMC has no employees or distributors resident in Texas.

- BMWMC does not have an office or mailing address in Texas, and it does not own or lease any real property in Texas.

- 3 -

- BMWMC has never been registered or otherwise qualified to do business in the State of Texas and did not appoint an agent for service of process in Texas for such purpose.

- BMWMC does not solicit or make any sales in the State of Texas. It has no sales agents or other sales related activities in Texas. BMWMC does not accept orders from Texas by phone, by mail, or over the internet. BMWMC does not have a "web page" or other internet presence that would allow a Texas resident to purchase a vehicle from BMWMC.

Archer Decl. at ¶¶ 6, 8.

### 2.      The Distribution of BMW brand vehicles in Texas.

Co-defendant BMWNA is a Delaware limited liability company with its principal place of business in Woodcliff Lake, New Jersey. *Id.* at ¶ 11. BMWMC and BMWNA are "sister" companies, and both companies are wholly owned by BMW (U.S.) Holdings Corp. *Id.* at ¶ 3. BMWMC and BMWNA are distinct and separate limited liability companies. *Id.* at ¶ 3. Neither company directs or controls the activity of the other.

BMWMC was established specifically to manufacture BMW-brand vehicles. Currently BMWMC assembles X5 and Z4 model BMW vehicles at its South Carolina facility for sale to other BMW affiliated companies around the world. *Id.* at ¶ 4. BMWMC's South Carolina facility is an established Foreign Trade Zone pursuant to the Federal Trade Zone Act of 1934, 19 U.S.C. §§81a-81u. *Id.* at ¶ 5. Thus, vehicles assembled from the plant destined for the US are subject to formal US customs entry procedures and are assessed the applicable payment of customs duties and excise taxes when they leave the plant, the point of entry to the U.S. market. *Id.*

BMWMC is not a sales and marketing company. It does not sell vehicles to end users or dealers anywhere in the world, and in particular does not sell any vehicles in Texas through any means – no direct sales, phone, internet, or other vehicle is used by BMWMC to sell vehicles to Texas residents. *Id.* at ¶ 8. In contrast, BMWNA is the BMW entity that distributes BMW

- 4 -

vehicles throughout United States. *Id.* at ¶ 12. BMWNA, and not BMWMC, directs the distribution of BMW-brand vehicles to the BMW dealer networks in the US. *Id.*

BMWMC builds the X5 and Z4 model vehicles at its facility in South Carolina. Archer Decl. at ¶ 3; Declaration of Joseph Augello in Support of Motion of Defendant BMW Manufacturing Co., LLC to Dismiss Plaintiff's Complaint, filed concurrently ("Augello Decl.") at ¶ 3. When the vehicles complete the production process at the end of the manufacturing line, the vehicles are given the status code known internally as "Status 6000." Archer Decl. at ¶ 4; Augello Decl. at ¶ 4.

When the vehicles reach Status 6000, at the end of the assembly line, BMWMC generates the release documents for the vehicle. For vehicles destined for the US, the vehicles are sold at Status 6000 stage to BMW, AG. Augello Decl. at ¶ 4. BMW AG, in turn, resells the cars to BMWNA. Archer Decl. at ¶ 7; Augello Decl. at ¶ 5. BMWNA takes possession of the vehicles at Status 6000, assumes the risk of loss, and is responsible for and pays for the transportation of the vehicles on common carriers for distribution throughout the US. Augello Decl. at ¶ 5.

### III. ARGUMENT

#### A. Applicable Law.

Federal Circuit law governs personal jurisdiction determinations in patent cases. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994); *Jacobs Chuck Mfg Co. vs. Shandong Weida Mach. Co,* 2005 U.S. Dist. LEXIS 36211, **7 (E.D. Tex., Dec. 5, 2005). Determining whether personal jurisdiction over a nonresident defendant is proper requires two inquiries: (1) whether a forum state's long-arm statute permits service of process; and, (2) whether the assertion of jurisdiction would be inconsistent with due process. *Beverly Hills Fan,* 21 F.3d at 1569. Because the Texas long-arm statute has been interpreted to extend as far as the limits of due process, the dispositive inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process

4003954.1
1.815

requirements. *Jacobs Chuck*, 2005 U.S. Dist. LEXIS 36211 at \*4; *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Jacobs Chuck*, 2005 U.S. Dist. LEXIS 36211 at \*4 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)); *see also Beverly Hills*, 21 F.3d at 1565, 1568. Due process requires a court to determine whether the nonresident defendant has, through its actions, purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the forum state's law. *Jacobs Chuck*, 2005 U.S. Dist. LEXIS 36211 at \*5. The minimum contacts analysis focuses "solely on the actions and reasonable expectations of the defendant." *Burger King Corp.*, 471 U.S. 462, 481-82 (1985).

Moreover, personal jurisdiction cannot be based merely on activities of a defendant's other related corporate entities. *Phonetel Commn., Inc. v. U.S. Robotics Corp.*, 2001 U.S. Dist. LEXIS 7233, \*13 (refusing to base personal jurisdiction on the conducts of a subsidiary). Likewise, where a nonresident defendant purposefully structures transactions to avoid the benefits and protections of a forum's laws, such intentional corporate structure weighs against the finding of jurisdiction. *American Type Culture Collection, Inc. ("ATCCI") v. Colman*, 83 S.W.3d. 801, 808 (Tex. 2002); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375-376 (Fed. Cir. 1987) (corporate defendant's intent and right to structure its affairs in a manner calculated to shield it from jurisdiction is relevant in assessing jurisdictional questions).

Plaintiff bears the burden of presenting a prima facie case of personal jurisdiction. *See Electronics For Imaging*, 340 F.3d at 1349. Even if the plaintiff meets its burden of showing that the defendant has the requisite minimum contacts with the forum, the defendant may nevertheless demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable. *Electronics for Imaging*, 340 F.3d at 1350; *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2002).

- 6 -

4003954.1
1.815

**B.     BMWMC lacks the "minimum contacts" necessary to create jurisdiction in the State of Texas.**

**1.     Plaintiff cannot establish general jurisdiction over BMWMC.**

For general jurisdiction to exist over BMWMC, there must be continuous and systematic contacts between the State and the foreign corporation. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). Here, Plaintiff cannot establish that general jurisdiction exists.

In this case, plaintiff's Complaint is devoid of any allegations regarding activities allegedly committed by BMWMC in or directed towards Texas. This is hardly surprising, as BMWMC does not do business in the State of Texas. *See* Archer Decl. at ¶¶ 6, 8.

BMWMC has never been registered or otherwise qualified to do business in Texas and did not appoint an agent for service of process in Texas for such purpose. It has no employees or distributors resident in Texas. *Id.* It owns or leases no property in Texas, has no office or mailing address in Texas, and provides no services of any kind in Texas. *Id.* It has no sales agents or other sales related activities in Texas. BMWMC does not accept orders from Texas by phone, by mail, or over the internet. BMWMC does not have a "web page" or other internet presence that would allow a Texas resident to purchase a vehicle from BMWMC. *Id.* It neither solicits sales nor accepts offers from Texas citizens. *Id.* Thus, BMWMC transacts no business in this state.

The facts demonstrate that BMWMC does not have the systematic business contacts with the state of Texas required to establish general jurisdiction.

**2.     Plaintiff cannot establish specific jurisdiction over BMWMC.**

Specific jurisdiction over a foreign corporation that does not do business within the state can be found if the party seeking to assert jurisdiction can demonstrate a sufficient nexus between the foreign corporation and the activities within the state that gave rise to the cause of action. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). Where a forum state seeks

- 7 -

to assert specific jurisdiction over an out-of-state defendant who has not consented to suit, due process requires that the defendant has "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id.* A Texas court has explained the "purposefully availing" requirement as follows:

> First, only the defendant's forum-state contact matter, not anyone else's. Second, the contacts must be purposeful, not merely random, isolated, or fortuitous. Third, a nonresident defendant must seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction, thus impliedly consenting to its laws.

*Ira Resources, Inc. v. Greigo,* 221 S.W.3d 592, 596 (Texas 2007) (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

Likewise, the Federal Circuit applies a three-part test to evaluate the nature and quality of a defendant's contacts so as to determine the availability of specific jurisdiction:

(1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Akro Corp v. Luker,* 45 F.3d 1541, 1545-46 (Fed. Cir. 1995); *Auto Wax Co., Inc. v. Kasei Kogyo Co.,* 2001 U.S. Dist. LEXIS 24023, *4 (W.D. Tex. 2001).

Presumably, plaintiff will argue that the "stream of commerce" theory provides a basis for exercising personal jurisdiction on BMWMC. According to this theory, a court may exercise personal jurisdiction over a manufacturer that deliberately places products into the stream of commerce with the intention that those products will be sold in the forum state. *World-Wide Volkswagen,* 444 U.S. at 297-98; *see also, Jacobs Chuck,* 2005 U.S. Dist. LEXIS 36211 at *9.

Defendant BMWMC understands that the scope of the stream of commerce theory of jurisdiction is expansive. However, BMWMC contends that the due process clause places some limits on the stream of commerce theory. *See, World-Wide Volkswagen,* 444 U.S. at 292-293.

- 8 -

4003954.1
1.815

For personal jurisdiction to comport with due process, there still must be some acts by the defendant such that the exercise of jurisdiction over that defendant is consistent with traditional notions of fairness. *Id.* at 294; *Auto Wax,* 2001 U.S. Dist. LEXIS 24023 at \*7 ("[A]wareness that a product may end up in the forum state is not enough. The plaintiff must show [that defendant's] intentional targeting of the forum state, such as advertising, marketing, or providing advise to customers in Texas."); *Michiana Easy Livin' Country Inc. v. Holten,* 168 S.W.3d 777, 785 (Texas 2005) ("defendant must seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction.")

Here, BMWMC does not do business, make sales, or solicit sales in Texas. Nor does it sell goods to independent third parties with knowledge that the goods are destined for Texas, as in, for example, *Jacobs Chuck.* By contrast, BMWMC is part of a structured corporate organization where BMWMC makes cars for the U.S. market and sells them to its ultimate parent, BMW AG. BMW AG, in turn, resells the cars via an intercompany transfer, to a U.S. marketing company, BMWNA. BMWNA, in turn, imports vehicles into the US and distributes them to dealers.[1] Thus, while there are companies in the BMW family that are amenable to jurisdiction in Texas, BMWMC is not one of them. *Phonetel Commn., Inc. v. U.S. Robotics Corp.,* 2001 U.S. Dist. LEXIS 7233, \*12-13 (holding that more is required than a mere corporate relationship to base jurisdiction on a related entity's contacts with a forum state); *3D Syst.,* 160 F.3d at 1380 (cautioning against lightly casting aside corporate form to find jurisdiction based on subsidiary's contacts.); *Ira Resources,* 221 S.W.3d at 596 ("[A] defendant can only trigger specific jurisdiction through its own conduct, not the unilateral acts of third parties.); *Commonwealth Gen'l Corp. v. York,* 177 S.W.3d 923, 925 (Tex. 2005) (refusing to base specific jurisdiction on the conduct of a subsidiary and holding that "separate corporations are presumed to be distinct entities").

---

[1] Because of the Foreign Trade Zone status of BMWMC, the transfer of vehicles from BMWMC to BMWNA constitutes an "importation" of the vehicles into the US, and the relevant customs regulations and duties apply to that transfer.

4003954.1
1.815

The fact that BMWMC is specifically organized and conducts its business activities so that it purposefully does not avail itself the benefits and protection of the Texas state law distinguishes this case from many other cases decided under the stream-of-commerce theory. For example, in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, the Federal Circuit held that personal jurisdiction over a defendant manufacturer and a defendant distributor was proper where both defendants had *affirmatively established a distribution network* that brought allegedly infringing products into the US  21 F.3d 1558, 1565-66 (Fed. Cir. 1994).  Similarly, in *Jacobs Chuck Mfg Co. vs. Shandong Weida Mach. Co.*, this Court exercised personal jurisdiction over a foreign manufacturer which had *negotiated and entered a supply contract* in which it *granted an exclusive right to sell* allegedly infringing products in the US to an independent distributor.  2005 U.S. Dist. LEXIS 36211, **15-16 (E.D. Tex., Dec. 5, 2005).

Here, BMWMC did not do any of these things.  BMWMC did not  negotiate, contract for, or otherwise establish any distribution network or marketing agreement for the vehicles it assembles.  In other words, unlike the defendants in *Beverly Hills Fan* or *Jacobs Chuck*, the BMW corporate structure purposefully limits BMWMC's activities so that it does not distribute or market vehicles, in Texas or elsewhere.  Courts have respected such corporate structure in finding no personal jurisdiction over a foreign defendant.  *See 3D System*, 160 F.3d 1373, 1381-82; *Phonetel Commn.*, 2001 U.S. Dist. LEXIS 7233 at 12-13; *ATCC*, 45 83 S.W.3d at 808; *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2005) ([A] defendant may purposefully avoid a particular forum by structure its transactions in such a way as to neither profit from the forum's laws nor subject itself of jurisdiction there.").

As noted by the Third Circuit, "a review of the 'stream of commerce' cases indicates that the manufacturers involved made *deliberate decisions* to market their products in the forum state." *Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 299 (3d Cir. 1985) (emphasis added).  By contrast, manufacturers that exercise no control over when, where, or how their products are distributed or marketed are not subject to personal jurisdiction.  *See Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 615 (8th Cir. 1998) (holding that the defendant was not

- 10 -

subject to personal jurisdiction under the "stream of commerce" theory where the defendant exercised no control over its product, the importer, or the distributor once the product left the defendant's control). Having conducted it business affairs to intentionally and purposefully avoid marketing vehicles in Texas, BMWMC should not be found to have "purposefully directed" any activity towards Texas or any state to justify the assertion of personal jurisdiction.

## IV.    CONCLUSION.

For the foregoing reasons, defendant BMWMC respectfully submits that this action should be dismissed with prejudice as to it.

Dated: September 7, 2007

Respectfully submitted,

By: /s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
N. Claire Abernathy
State Bar No. 24053063
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com
E-Mail: cabernathy@mailbmc.com

**ATTORNEYS FOR DEFENDANT
BMW MANUFACTURING CO. LLC**

OF COUNSEL:

Joseph P. Lavelle
Vivian S. Kuo
Howrey, LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 383-6888
Facsimile: (202) 383-6610

- 11 -

4003954.1
1.815

# CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 7th day of September, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


/s/ S. Calvin Capshaw
S. Calvin Capshaw

4003954.1
1.815