## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-430-JRG |
| v. | **JURY TRIAL DEMANDED** |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP LINK INTERNATIONAL LTD., | ▬▬▬▬▬▬▬▬▬ |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION UNDER 28 U.S.C. 1404(a) TO TRANSFER THE ACTION TO THE <u>CENTRAL DISTRICT OF CALIFORNIA</u>

**TABLE OF CONTENTS**

**Page**

I.     IF THIS COURT HAS JURISDICTION, SO DOES THE CDCA .....................................1

II.    THE WILLING WITNESS COST OF ATTENDANCE, RELATIVE EASE
       OF ACCESS TO SOURCES OF PROOF, AND AVAILABILITY OF
       COMPULSORY PROCESS FACTORS ALL STRONGLY FAVOR
       TRANSFER. ............................................................................................................2

       A.     Atlas's Own Witnesses Are in the CDCA; None Are in the EDTX......................2

       B.     Newracomm and the California-Based Inventors Strongly Favor
              Transfer ...................................................................................................3

       C.     Defendants' Witnesses Are All in China and Hong Kong ...................................4

       D.     The Wi-Fi Chip Suppliers Strongly Favor Transfer .............................................4

       E.     Additional Third Parties Are Irrelevant to This Case ...........................................5

III.   NO FACTOR FAVORS KEEPING THIS CASE IN THE EDTX .................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok, Inc.*,
No. 2021 WL 2043978 (W.D. Tex. May 21, 2021).....................................................................4

*Atlas v. ASUSTeK*,
Case 6:21-cv-00820 ...................................................................................................................5

*Atlas v. Sercomm*,
Case 6:21-cv-00818-ADA ...........................................................................................................5

*Future Link Sys., LLC. v. Broadcom Inc.*,
No. 6:21-CV-00264-ADA, 2022 WL 1063618 (W.D. Tex. Mar. 29, 2022)............................4

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
71 F. Supp. 2d 517 (E.D. Va. 1999) ........................................................................................4

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
921 F.3d 522 (5th Cir. 2019) ...................................................................................................1

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)................................................................................................5

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ................................................................................................3

*In re Juniper*,
14 F.4th at 1233 .......................................................................................................................5

*Leroy v. Great W. United Corp.*,
443 U.S. 173 (1979)..................................................................................................................2

*In re Meraki Integrated Circuit (Shenzen) Tech., Ltd.*,
No. 2021-180, 2021 WL 5292271 (Fed. Cir. Nov. 15, 2021) (concurring
opinion) .................................................................................................................................1, 2

*In re Samsung Elecs. Co., Ltd.*,
2 F.4th 1371 (Fed. Cir. 2021) ..................................................................................................5

*Seagen Inc. v. Daiichi Sankyo Co.*,
546 F. Supp. 3d 515 (E.D. Tex. 2021)......................................................................................2

*Uniloc USA, Inc. v. Apple Inc.*,
No. 2:17-CV-00258-JRG, 2017 WL 11553227 (E.D. Tex. Dec. 22, 2017)..............................3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(B) ..................................................................................................4

## I.    IF THIS COURT HAS JURISDICTION, SO DOES THE CDCA

Atlas argues Defendants have not shown that this case "could have been brought in the CDCA." Dkt. 68 ("Opp.") at 2-5. But Defendants expressly brought this motion in the alternative to their motion to dismiss. Dkt. 30 at 15 ("If this Court does not dismiss this case outright, it should transfer it to the CDCA"); *see also Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019) (holding that a "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction.").

As stated in the moving brief, "[i]f the CDCA lacks personal jurisdiction, then so too does this Court." Dkt. 30 at 9 n.5. Naturally, if the EDTX has jurisdiction, then the CDCA has it for the same reasons. "[T]his is not a situation where jurisdiction might be proper in Texas, but not in California." *In re Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 2021-180, 2021 WL 5292271, at *2 (Fed. Cir. Nov. 15, 2021) (concurring opinion). Under Atlas's theories and the record evidence, jurisdiction "would apply equally to both districts (or be lacking in both districts)." *Id*. Indeed, the same evidence and arguments raised in Atlas's opposition to Defendants' personal jurisdiction motion present a stronger case for jurisdiction in California than in Texas. To wit, not counting exhibits, CDCA-based "TP-Link USA" is referenced sixty-six times in Atlas's opposition to Defendants' jurisdictional motion. *E.g*., Dkt. 62 at 1.

Specifically, all "facts presented in this case" show that if the EDTX has jurisdiction under any theory, then the CDCA has jurisdiction by even greater force. *Meraki*, 2021 WL 5292271 at *2. The only alleged connection that the EDTX has to this case is that some unknown number of the accused products inevitably enter this District via the stream of commerce. That same theory would apply equally to California. Further, the company solely responsible for importing and selling the accused products in the United States—TP-Link

1

USA—is incorporated and has its headquarters in the CDCA.[1]  And again, the only reason Atlas omitted TP-Link USA as a defendant was to try to manipulate venue.  Dkt. 30 at 1-2.

In sum, the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  And that is what Defendants ask the Court to do here.  If the Court concludes that there is no personal jurisdiction, the transfer motion is moot; if the Court finds jurisdiction, then it follows that the CDCA likewise has jurisdiction, and the threshold transfer inquiry is satisfied.[2]

## II.    THE WILLING WITNESS COST OF ATTENDANCE, RELATIVE EASE OF ACCESS TO SOURCES OF PROOF, AND AVAILABILITY OF COMPULSORY PROCESS FACTORS ALL STRONGLY FAVOR TRANSFER.

### A.    Atlas's Own Witnesses Are in the CDCA; None Are in the EDTX

Atlas is controlled by Acacia, its CDCA-based parent, and the locations of their own witnesses compel transfer.  Dkt. 30 at 2-6.  **(1) Marc Booth** is the CEO of Atlas Acacia.  Booth Decl. at ¶ 2.  He runs Acacia/Atlas from Irvine, CA—in the CDCA—and is responsible "for all aspects of the business, including portfolio analysis, acquisition and licensing."  Dkt. 30 at 5.; *see*

---

[1] *See* Declaration of Edward J. Mayle ("Mayle Decl.") Ex. 1 (Rule 30(b)(6) Tr.) at 56:5-12 ("███ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████"), *id*. at 63 (similar), at 86:25-87:7 ("████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████."), *id*. at 138:6-17 (similar), *id*. at 91:25-92:2 (similar); *see also* Zhang Decl. (Dkt. 30-1); Sun Decl. (Dkt. 30-2).

[2] In contrast to *Seagen Inc. v. Daiichi Sankyo Co.*, where the defendant failed to provide "any specific facts or analysis of personal jurisdiction in the Motion to Transfer" and "bypassed the statutory inquiry without mention, resorting only to an analysis of the forum non conveniens factors" (546 F. Supp. 3d 515, 529 (E.D. Tex. 2021)), there is more than sufficient evidence here to support Defendants' alternative argument that, if jurisdiction exists in Texas, there is jurisdiction in California. *E.g.*, n.1, *supra*; *In re Meraki*, 2021 WL 5292271 at *2 ("Because that basis for personal jurisdiction would also apply equally to California, the district court appeared to have plausibly concluded that this case could have been brought in the transferee venue.").

2

Opp. at 13 and Booth Decl.  **(2) Erik Ahroon**, a VP of Acacia that works in the Irvine office,

"███████████████████████████████████████████████████████████████████

███████.."  Opp. Ex. J. at 23:3-20.  Atlas CFO / Acacia PAO, **(3) Kirsten Hoover**, is also based in

the CDCA.  Dkt. 30 at 5.  Ms. Hoover is aware of ███████████████████████.  Opp. Ex. J.

at 24:3-15.  Atlas's former VP and Director and Acacia's former Senior VP of Licensing and

Litigation, **(4) Eric Lucas**, is also based in the CDCA.  Dkt. 30 at 5.  Atlas asserts without

support that Mr. Lucas "does not possess any non-duplicative knowledge."  Opp. at 13.  **(5)**

**Jennifer Graff** of the CDCA played a role in the formation of Atlas.  Opp. Ex. J. at 25:7-26:17;

Dkt. 30 at 5.  Finally, **(6) Craig Yudell** omits from his Declaration that ████████████

███████████████████████████████████████████████████████████████████

███████.  Opp. Ex. J. at 27:4-10, 32:20-23.  It is "troubling" that Mr. Yudell omitted these

material facts from his Declaration (and Atlas likewise omitted them from its Opposition).

*Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 11553227, at *8 (E.D. Tex.

Dec. 22, 2017) (transferring venue where plaintiff's witness "spends about twenty percent of his

time" in Irvine and Newport Beach "and owns a residence in Newport Beach").

In sum, all of Atlas's own witnesses reside in the CDCA—including Mr. Yudell for much

of the time—and none live in the EDTX.  Attempting to deflect the obvious, Atlas suggests that

its witnesses are "willing" to travel to Marshall.  But what matters is convenience, not biased

preference, and the convenience factor weighs strongly in favor of transfer here and is not

"attenuated when the witnesses are employees of the party calling them."  *In re Juniper*

*Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).

   **B.     Newracomm and the California-Based Inventors Strongly Favor Transfer**

Atlas confirms that the original assignee of the patents, Newracom, is based in the CDCA

in Irvine.  Dkt. 30 at 2.  It further confirms that inventors are in California—including two that

work for Newracom in the CDCA and others in California that are subject to the CDCA's subpoena power. Dkt. 30 at 7; Opp. at 12; Salinas Decl at ¶ 2-4; *see* Fed. R. Civ. P. 45(c)(1)(B). Atlas offers a uncorroborated statement from outside counsel that Newracom witnesses in the CDCA (as well as one in San Diego and others in Korea) would "willingly" travel to Marshall. Salinas Decl. at ¶¶ 2-3. But even if accurate, a trial would be more convenient in the CDCA.

### C.      Defendants' Witnesses Are All in China and Hong Kong

Defendants' witnesses all reside in China and Hong Kong. *See* n.1, *supra*.; Dkt. 66 at 2-4. Travelling from Shenzhen or Hong Kong to Los Angeles is more convenient than flying to any airport in Texas and then travelling hours via car to Marshall.

### D.      The Wi-Fi Chip Suppliers Strongly Favor Transfer

Atlas grasps at straws by pulling an assortment of LinkedIn profiles of alleged "Wi-Fi chip supplier" people off the internet, none of which purport to be in the EDTX. Critically, it is pure speculation by Atlas that any of those individuals has anything to do with the design of the Wi-Fi chips at issue in this litigation. What is not speculation is that Qualcomm, Broadcom, and Intel are all "headquartered" in California (Opp. at 9), and that most (if not all) of the relevant witnesses from those Wi-Fi chip suppliers are found in California. Ex. 2 (Broadcom VP declaring the "vast majority" of Broadcom's Wi-Fi development happens in California; no relevant documents or witnesses in Texas); *Future Link Sys., LLC. v. Broadcom Inc.*, No. 6:21-CV-00264-ADA, 2022 WL 1063618 (W.D. Tex. Mar. 29, 2022) (finding that Broadcom has far more witnesses in California); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 518 (E.D. Va. 1999) (transferring to San Diego); Ex. 3 (Intel headquartered in California). Without question, each of the three chip suppliers has its "strongest presence in California" (*10Tales, Inc. v. TikTok, Inc.*, No. 2021 WL 2043978, at *3 (W.D. Tex. May 21, 2021)) and, unlike this Court, the CDCA can compel their witnesses to testify at trial under Fed. R. Civ. P. 45(c)(1)(B). With

4

hundreds of chip designers subject to the CDCA's trial subpoena power and almost "nothing on the other side of the ledger, the factor strongly favors transfer." *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021).[3]

###### E.    Additional Third Parties Are Irrelevant to This Case

Atlas speculates that Samsung Austin Semiconductor ("SAS") has a relevant witness. (Opp. at 11; Ex. FF).  But the patents do not recite *methods of manufacturing* and so SAS is irrelevant. And even if relevant, out of the eighteen Wi-Fi chips that are implicated in this case, only two were manufactured by SAS.  Mayle Decl. ¶ 5 and Exs. 4-5.  Atlas also argues that the "Wi-Fi Alliance" employees in Austin are relevant.  Opp. at 11-12 (Opp. Exs. JJ-MM).  But such employees have no information regarding whether aspects of the 802.11ax Standard are implemented in the accused products.  As such, Atlas's reliance on SAS and the Wi-Fi Alliance—neither of which is in the EDTX—is of no significance to the question of transfer.

### III.    NO FACTOR FAVORS KEEPING THIS CASE IN THE EDTX

Other cases in the EDTX do not weigh against transfer.  *In re Samsung*, 2 F.4th at 1380. And the defendants in other Atlas cases in the WDTX have also moved to transfer to the CDCA. *Atlas v. Sercomm*, Case 6:21-cv-00818-ADA at Dkt. 39; *Atlas v. ASUSTeK*, Case 6:21-cv-00820 at Dkt. 39.  "Court congestion" also does not weigh aginst transfer.  *In re Juniper*, 14 F.4th at 1233.  Finally, the recent formation of Atlas in the EDTX is merely "a fiction which appears to have been created to manipulate the propriety of venue," as is omitting TP-USA from this case. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009).; *In re Samsung* at 1377.

---

[3] If LinkedIn "evidence" is relevant, such evidence shows that tens of thousands of Qualcomm, Broadcom, and Intel engineers are in California.  Mayle Decl. ¶¶ 6-8. And many have knowledge of IEEE 802.11 products.  *Id.*; *also* Ex. 2 at ¶¶ 2, 8-19 (identifying Broadcom Wi-Fi witnesses).

Dated:  October 4, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

6

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on October 4, 2022, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3).

*/s/  Melissa R. Smith*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Melissa R. Smith*