**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>      v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP-LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO TRANSFER**

**TABLE OF CONTENTS**

I.   TP-Link has not established that this case could have been brought in CDCA ...................... 1

II.  The convenience factors do not clearly favor transfer ............................................. 2

    a.   The party witnesses.................................................................... 2

    b.   Inventors .............................................................................. 3

    c.   Third-party chip suppliers........................................................... 3

    d.   Wi-Fi Alliance ........................................................................ 5

    e.   ███████████████ ................................................................. 5

III. Conclusion................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Chirmar Sys. v. Dell, Inc.*,
2016 U.S. Dist. LEXIS 195762 (E.D. Tex. Feb. 27, 2106)........................................................ 4

*Fundamental Innovation Sys. Int'l v. LG Elecs., Inc.*,
2017 U.S. Dist. LEXIS 213778 (E.D. Tex. Dec. 28, 2017) ....................................................... 1

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
71 F. Supp. 2d 517 (E.D. Va. 1999)......................................................................................... 5

*Hoffman v. Blaski*,
363 U.S. 335 (1960) .................................................................................................................. 2

*In re Apple Inc.*,
818 F. App'x 1001 (Fed. Cir. 2020).......................................................................................... 5

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ................................................................................................ 3

*In re LG Elecs., Inc.*, Case No. 18-134, Dkt. 31 (Fed. Cir. Apr. 24, 2018) ................................... 2

*In re Meraki Integrated Circuit (Shenzen) Tech.*,
2021 U.S. App. LEXIS 33791 (Fed. Cir. Nov. 15, 2021)........................................................... 2

*Japan Display Inc. v. Tianma Microelectronics Co.*,
2021 U.S. Dist. LEXIS 160256 (E.D. Tex. Aug. 25, 2021).................................................... 1, 2

*Jawbone Innovations, LLC v. Samsung Elecs. Co.*,
2022 U.S. Dist. LEXIS 157916 (E.D. Tex. Aug. 31, 2022)........................................................ 1

*KT Imaging USA, LLC v. HP Inc.*,
2021 U.S. Dist. LEXIS 35071 (E.D. Tex. Feb. 25, 2021).......................................................... 3

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
2019 U.S. Dist. LEXIS 90416 (E.D. Tex. May 30, 2019) .......................................................... 4

The Court should deny TP-Link's Motion because it failed to establish all Defendants are subject to personal jurisdiction in CDCA—a threshold question. Even if the Court reaches the convenience factors, TP-Link has not shown it would be clearly more convenient to litigate a dispute between a Texas plaintiff and a Chinese defendant in California.

TP-Link's Reply does not dispute many of the points made in Atlas's Response. TP-Link does not dispute that its third-party suppliers all have facilities in Texas ███████████ ████████████████████████████. TP-Link does not dispute that it has no documents or employee witnesses in California. TP-Link does not dispute that TP-Link USA should be given zero weight in the transfer analysis. TP-Link does not dispute that this case will proceed to trial over a year faster in EDTX. And TP-Link makes no attempt to rehabilitate its declarants.

## I.    TP-Link has not established that this case could have been brought in CDCA

TP-Link's main argument is that "if this court has jurisdiction, so does the CDCA." Reply at 1. Atlas's Response cited three cases rejecting this exact argument (Response at 3-4), but the Reply does not address any of them. *See Jawbone Innovations, LLC v. Samsung Elecs. Co.*, 2022 U.S. Dist. LEXIS 157916, at *11 (E.D. Tex. Aug. 31, 2022) (rejecting the argument that "[Plaintiff's] venue allegations 'are also applicable to NDCA'"); *Japan Display Inc. v. Tianma Microelectronics Co.*, 2021 U.S. Dist. LEXIS 160256, at *8-9 (E.D. Tex. Aug. 25, 2021) ("In its Motion, [Defendant] states, 'if Plaintiffs could bring this suit anywhere in the U.S., they could have done so in the Central District of California.' [Defendant's] prevarication falls short of its statutory burden."); *Fundamental Innovation Sys. Int'l v. LG Elecs., Inc.*, 2017 U.S. Dist. LEXIS 213778, at *9 (E.D. Tex. Dec. 28, 2017) (rejecting the argument that "if it is good enough for Texas, it is good enough for New Jersey"), *pet. denied In re LG Elecs., Inc.*, Case No. 18-134, Dkt.

1

31 (Fed. Cir. Apr. 24, 2018 (Ex. A). TP-Link's argument improperly shifts the burden of establishing transferee jurisdiction to non-movant Atlas. *See Japan Display*, 2021 U.S. Dist. LEXIS 160256, at *7. And TP-Link still refuses to state whether CDCA has general or specific personal jurisdiction.[1] *See* Reply at 1 (referencing "jurisdiction under any theory").

TP-Link cites just one case supporting its position, *In re Meraki Integrated Circuit (Shenzen) Tech.*, 2021 U.S. App. LEXIS 33791 (Fed. Cir. Nov. 15, 2021) (Hughes, J., concurring). *Meraki* is a concurring opinion addressing a district court decision ***that was not even appealed***, meaning the threshold question was not briefed by the parties. *See id.* at *5. Other than the district court decision it is addressing, the *Meraki* concurrence does not cite a single case. *See id.* The concurrence does not dictate the outcome here.

TP-Link also suggests (twice) that TP-Link USA's presence in California supports the notion of personal jurisdiction over TP-Link in CDCA. *See* Reply at 1-2. But in its jurisdiction briefing, TP-Link argued that TP-Link USA "is a separate company that is not controlled by either of the named foreign Defendants" and that "TP-Link USA's actions thus cannot be imputed to Defendants." Dkt. 28 at 1. TP-Link cannot credibly take both positions.

II.     **The convenience factors do not clearly favor transfer**

    a.  **The party witnesses**

Atlas is a Texas entity, and its president and primary witness Craig Yudell lives in Austin.[2]

---

[1] TP-Link has abandoned its original argument—that it "consents" to jurisdiction in CDCA—because it is legally flawed. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

[2]

Yudell Dec. at ¶5. Trial in Marshall would be more convenient to Mr. Yudell than trial in CDCA. *Id*. at ¶6. The Reply cites several other Atlas or Acacia employees, most of whom Atlas addressed in its Response. *See* Response at 13. The only "new" name is Erik Ahroon, ████████████████

████████████████████████████████████████████████████████

██████████████

TP-Link does not have any employee witnesses (or documents) in California. Reply at 4. All of TP-Link's witnesses will be required to travel a significant distance regardless of where this case is tried. *See KT Imaging USA, LLC v. HP Inc.*, 2021 U.S. Dist. LEXIS 35071, at *12 (E.D. Tex. Feb. 25, 2021), quoting *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (100-mile rule should not be rigidly applied when the witness must travel a significant distance no matter where they testify).

### b. Inventors

TP-Link's Motion identified six inventors purported to live in California. As Atlas explained in its Response, only one of the six can be categorized as an unwilling witness who actually lives in CDCA. Response at 12. And the Reply does not address the fact that another inventor (Minho Cheong) works for AMD in Austin. *See id*.

### c. Third-party chip suppliers

TP-Link does not dispute that all four of its chip suppliers have facilities in Texas. Atlas's Response identified specific Texas-based employees and former employees from each supplier, showing Wi-Fi development work in Texas. Response at 9-11. TP-Link does not substantively respond, other than to suggest the relevance of these witnesses is "pure speculation." Reply at 4. Instead, TP-Link argues that "most (if not all) of the relevant witnesses from those Wi-Fi chip suppliers are found in California." Reply at 4. ████████████████████████████

3

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

TP-Link attempts to buttress its argument with a 2019 declaration from Broadcom, allegedly showing Broadcom's California ties. *See* Reply at 4. There is nothing tying the statements in that declaration to the present case. The declaration is three years old, from a different case, involving a different defendant/Broadcom customer (Apple), a different set of accused products, and a different version of the 802.11 standard. The accused products referenced in the declaration implemented the 802.11ac standard (Wi-Fi 5). Reply Ex. 2 at ¶¶5-6. The accused products in this case implement the 802.11ax standard (Wi-Fi 6). Dkt. 1 at ¶49.

TP-Link has not presented evidence that any Broadcom chipset addressed in the declaration is included in any accused TP-Link product in this case. Nor is there any evidence TP-Link has ever interacted with Mr. Gaikwad (the declarant) or any other individual referenced in the declaration. ██████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████ TP-Link's attempts to educate itself before filing its Reply should be disregarded.[3]

TP-Link's Qualcomm "evidence" is even weaker.[4] TP-Link cites a 23-year-old case

---

[3] *See Chirmar Sys. v. Dell, Inc.*, 2016 U.S. Dist. LEXIS 195762, at *4-5 (E.D. Tex. Feb. 27, 2106) (transfer movant should not present new evidence in its reply); *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 U.S. Dist. LEXIS 90416, at *1 n.1 (E.D. Tex. May 30, 2019) ("The Court will not consider the new evidence that Defendant attached to its Reply Brief.").

[4] The Reply does not mention Taiwan-based MediaTek, which has a facility in Austin. Ex. M.

transferring Qualcomm from Virginia to SDCA. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517 (E.D. Va. 1999). That case involved completely different technology (wireless phones) and pre-dates the Atlas patents by many versions of the 802.11 standard. *See id*. at 518.

### d. Wi-Fi Alliance

Atlas identified four employees of the Wi-Fi Alliance in Austin who are likely to have relevant knowledge regarding 802.11 standard testing and compliance. Response at 11-12. TP-Link dismisses these witnesses as "of no significance to the question of transfer." Reply at 5. The Federal Circuit has said otherwise. *See In re Apple Inc.*, 818 F. App'x 1001, 1004 (Fed. Cir. 2020). Atlas cited this case in its Response, but the Reply did not address it.

### e.



but TP-Link has not identified any component of an accused product manufactured in California.

### III. Conclusion

TP-Link has not satisfied the threshold question of proving all defendants are subject to personal jurisdiction in CDCA. TP-Link recycles the same arguments that have been rejected repeatedly by this Court, and it does not even attempt to distinguish them. Should the Court reach the convenience factors, TP-Link has not established it would be clearly more convenient to litigate this dispute in CDCA. The Motion should be denied.

Dated: October 12, 2022

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

6

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via email.

/s/ Blaine Larson
Blaine Larson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this document contains material designated under the Protective Order (Dkt. 55).

/s/ Blaine Larson
Blaine Larson