# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00430-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP-LINK INTERNATIONAL LTD., | |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DKT. 28)**

Plaintiff Atlas files this Supplemental Brief to alert the Court to a recent order in *Stingray IP Solutions, LLC v. TP-Link Technologies Co.*, 2:21-CV-46, Dkt. 84 (E.D. Tex. Oct. 13, 2022) ("*Stingray*" or "the *Stingray* opinion") (attached as Exhibit A). Atlas proposed the parties submit simultaneous briefs to the Court regarding the impact of the *Stingray* opinion, but TP-Link stated it believed additional briefing was not necessary.

The *Stingray* opinion determined the issue of whether TP-Link was subject to personal jurisdiction in EDTX in just three sentences. *Stingray* at 15-16. The opinion did not address any specific fact, argument, or case citation from either party. The *Stingray* opinion also relied on Rule 4(k)(2), which neither TP-Link nor Atlas argued is applicable to this case.

**I.      The *Stingray* opinion does not address Atlas's cases**

This Court has addressed whether personal jurisdiction over a foreign defendant is proper on numerous occasions. Atlas's personal jurisdiction briefing cited nine EDTX cases with similar fact patterns where the court found personal jurisdiction. *See Largan Precision Co. v. Ability Opto-Electronics Tech. Co.,* 2020 U.S. Dist. LEXIS 18697 (E.D. Tex. Feb. 5, 2020); *Motion Games, LLC v. Nintendo Co.*, 2014 U.S. Dist. LEXIS 190187 (E.D. Tex. Mar. 7, 2014); *Invensense, Inc. v. STMicroelectronics, Inc.*, 2014 U.S. Dist. LEXIS 3311 (E.D. Tex. Jan. 10, 2014); *CSIRO v. Mediatek, Inc.*, 2013 U.S. Dist. LEXIS 199510 (E.D. Tex. Sep. 12, 2013); *Fractus, S.A. v. Samsung Elecs. Co.,* 2009 U.S. Dist. LEXIS 139636 (E.D. Tex. Dec. 9, 2009); *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112 (E.D. Tex. 2009); *ICON Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 U.S. Dist. LEXIS 34767 (E.D. Tex. Mar. 26, 2009); *MHL TEK, LLC v. Nissan Motor Co.,* 2008 U.S. Dist. LEXIS 26696 (E.D. Tex. Apr. 2, 2008); *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.,* 2005 U.S. Dist. LEXIS 36211 (E.D. Tex. Dec. 5, 2005). Atlas's Sur-Reply devotes several sentences to each case. Dkt. 69 at 1-7. In many of those cases, the foreign defendant made

1

identical arguments to the ones TP-Link makes here, and the court rejected those arguments. Atlas cited several of those cases in its Response (giving TP-Link an opportunity to respond), but TP-Link did not address them in its Reply. The *Stingray* decision does not address or distinguish any of Atlas's cited cases. And those cases correctly rejected the arguments TP-Link makes here; indeed, accepting TP-Link's arguments has far-reaching consequences concerning foreign manufacturer jurisdiction that are inconsistent with and unsupported by the case law.

In contrast to Atlas, TP-Link did not cite a single EDTX case with a similar fact pattern where the court found it lacked jurisdiction. Instead, TP-Link relied on *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, 2014 U.S. Dist. LEXIS 58044 (W.D. Tex. Mar. 19, 2014). The *Stingray* opinion cites the *Freescale* decision in its recitation of TP-Link's arguments. *Stingray* at 12. As Atlas explained, *Freescale* applied a different legal standard and has been distinguished by courts in this District. *See* Dkt. 69 at 7-9.

## II. If the Court finds it lacks personal jurisdiction, the proper remedy is dismissal, not transfer

The *Stingray* decision relies on both FED. R. CIV. P. 4(k)(2) and 28 U.S.C. §1406 in transferring the case to CDCA. There is tension in relying on the two provisions simultaneously—Rule 4(k)(2) requires a finding that TP-Link ***is not*** subject to specific personal jurisdiction in CDCA, but §1406 requires a finding that TP-Link ***is*** subject to specific personal jurisdiction in CDCA.

Rule 4(k)(2) addresses the situation where a foreign defendant lacks state-specific ties but has ties to the United States in general.[1] FED. R. CIV. P. 4(k)(2); *see Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1293 (Fed. Cir. 2012). A prerequisite to finding jurisdiction appropriate in CDCA under

---

[1] Neither TP-Link nor Atlas asked this Court to find personal jurisdiction in EDTX or CDCA under Rule 4(k)(2). *See* Dkt. 28 at 12-13 (arguing Rule 4(k)(2) does not apply).

Rule 4(k)(2) is a finding that TP-Link is not subject to personal jurisdiction in either Texas or California. The *Stingray* decision does not make that finding one way or the other.

Section 1406 allows a district court to transfer a case to any district "in which it could have been brought." 28 U.S.C. §1406(a). The burden is on the moving party to establish the case could have been brought in the transferee venue, including by showing the transferee court has personal jurisdiction. *Uniloc USA, Inc. v. Nutanix, Inc.*, 2017 U.S. Dist. LEXIS 229347, at *13 (E.D. Tex. Dec. 6, 2017). The *Stingray* decision relies on TP-Link's "consent" to jurisdiction in CDCA. *Stingray* at 17. But a moving defendant cannot satisfy the "in which it could have been brought" standard by consenting to jurisdiction in the transferee venue. *Hoffman v. Blaski*, 363 U.S. 335, 342-343 (1960). The *Stingray* decision never affirmatively finds that TP-Link would be subject to personal jurisdiction in CDCA. It simply relies on TP-Link's consent to suit there. *Stingray* at 17. But even in the context of Rule 4(k)(2), a court cannot properly base transfer on the defendant's consent. *See Merial*, 681 F.3d at 1294-95 ("[A] defendant cannot defeat Rule 4(k)(2) by simply naming another state; the defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit — a forum where jurisdiction would have been proper at the time of filing, regardless of consent. … [T]he incentives for gamesmanship under a contrary rule would be particularly acute in such cases because the [defendant] could use a simple, unilateral statement of consent … to achieve transfer into a forum it considers more convenient (or less convenient for its opponent)…").

The *Stingray* opinion suggests transfer to CDCA is appropriate so that TP-Link USA "can be properly joined." *Stingray* at 17. As Atlas explained in its briefing, TP-Link took inconsistent positions regarding TP-Link USA in its transfer and jurisdiction motions. In its transfer motion, TP-Link emphasized TP-Link USA's role and importance. But in its jurisdiction motion, TP-Link

3

sought to distance itself from TP-Link USA. *See* Dkt. 76 at 2. Regardless, the issue of joinder has not been briefed and is not presently before the Court. The Court should not transfer this case simply so TP-Link USA can be joined as a defendant.

If the Court finds it lacks personal jurisdiction, Atlas submits that the proper remedy is dismissal, not transfer.[2] The *Stingray* decision makes no finding about whether TP-Link has proven it is subject to personal jurisdiction in CDCA. That was a hotly debated issue in the parties' transfer briefing. *See* Dkt. 68 at 2-5; Dkt. 76 at 1-2. Because TP-Link has not established this case could have been brought in CDCA, the appropriate remedy would be dismissal without prejudice.

---

[2] Because neither Atlas nor TP-Link argued that either EDTX or CDCA has personal jurisdiction under Rule 4(k)(2), 4(k)(2) should not be used as a basis to find jurisdiction in CDCA. *See Stingray* at 17. However, if the Court determines there is nationwide jurisdiction over TP-Link such that jurisdiction under Rule 4(k)(2) is appropriate in CDCA, jurisdiction would be equally proper in EDTX under the same Rule.

Dated: October 21, 2022

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

5

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Atlas Global Technologies*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via CM/ECF.

*/s/ Blaine Larson*
Blaine Larson
