IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD.,<br><br>Defendants. | Civil Action No. 2:21-cv-430-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DKT. 28)

Atlas failed to raise certain arguments in its opposition brief and sur-reply, and now effectively seeks a "do-over." *See* Dkts. 79, 80. But Atlas cites no authority that would allow such extraordinary relief. The Court should therefore strike Atlas's supplemental brief that improperly seeks to raise new arguments for the first time after briefing closed. L.R. CV-7(k).

**First**, there have been no new factual developments in this case that would justify re-opening briefing or entertaining Atlas's untimely arguments. The only change is that the Court held that it lacked personal jurisdiction over Defendants in the separate litigation filed by Atlas's sister company, Stingray.[1] *See* Dkt. 80-1 (*Stingray* Order). It is true that the factual record in the *Stingray* case and this case are nearly identical—in fact, the jurisdictional deposition of

---

[1] Both Stingray and Atlas are subsidiaries of Acacia.

1

Defendants was taken jointly by the Stingray and Atlas attorneys. Dkt. 65 Ex. 2 at 3 (identifying counsel for Stingray and Atlas). But that is no reason to allow Atlas to file what amounts to a backdoor request for reconsideration of the Court's order in the *Stingray* matter in this case.

**Second**, Atlas inaccurately argues that "neither Atlas nor TP-Link argued" that Fed. R. Civ. P. 4(k)(2) "was applicable in this case." Dkt. 79 at 1; Dkt. 80 at 1; Dkt. 80 at 4 n.2. This argument omits Atlas's "alternative" allegations in the Complaint wherein Atlas invoked jurisdiction under Rule 4(k)(2) as to each Defendant:

> 22. In the alternative, this Court has personal jurisdiction over TP-Link Technologies under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal law; TP-Link Technologies is not subject to the jurisdiction of the courts of general jurisdiction of any state; and exercising jurisdiction over TP-Link Technologies is consistent with the U.S. Constitution.

Dkt. 1 at ¶ 22 (highlighting added); *see also id*. at ¶¶ 30, 36. More importantly, Atlas's argument ignores that Defendants expressly addressed why Rule 4(k)(2) does ***not*** apply in Defendants' opening brief. Dkt. 28 at 12-13.

Yet Atlas never addressed Rule 4(k)(2) in its response brief (or in its sur-reply) to Defendants' Motion to Dismiss. Instead, Atlas's only argument in opposition to that Motion was that jurisdiction exists in Texas under Rule 4(k)(1)—it never argued under Rule 4(k)(2) that that the case could not have been brought in the CDCA or that Defendants have sufficient contacts with the United States "as a whole." Indeed, Atlas never even mentioned Rule 4(k)(2). *See* Dkt. 28 at 3-4 (citing Rule 4(k)(1) only); *id*. at Section IV.A ("TP-Link purposefully directs activities ***toward Texas***") (emphasis added); *id*. at Section IV.B ("Atlas's claims arise out of TP-Link's activities ***in Texas***") (emphasis added); *see also* Sur-Reply (Dkt. 69) at Section II ("TP-Link purposefully directs activities ***toward Texas***") (emphasis added). Atlas thus waived any

2

argument under Rule 4(k)(2) and should not be allowed now to argue the issue after briefing has closed.  *Dugger v. Stephen F. Austin State Univ.*, 232 F.Supp.3d 938, 957 (E.D. Tex. 2017) (untimely argument "waived") (C.J. Bryson by designation).[2]

Under Atlas's sole briefed theory of personal jurisdiction under Rule 4(k)(1), Atlas needed to show that specific personal jurisdiction exists in the EDTX, as opposed to needing to merely show that Defendants have sufficient contacts with the United States "as a whole" under Rule 4(k)(2).  But Atlas did not meet its burden of showing a basis for specific jurisdiction in the EDTX under Rule 4(k)(1).  *See* Dkt. 65.  Instead, the record evidence adduced by Atlas demonstrates that non-party TP-Link USA, based in the CDCA, is the sole entity that imports and sells the accused products in the United States.  *See* Dkt. 65; Dkt. 28 at 13 (citing *Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc.*, No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *8 (E.D. Tex. July 17, 2019) (finding Rule 4(k)(2) inapplicable where defendant "pointed to" plaintiff's "own allegations of infringement in [other forums] to show an independent basis for jurisdiction in those fora.")).  And this failure to adduce sufficient evidence to support its Rule 4(k)(1) argument does not provide good cause for the Court to allow Atlas to inject a new Rule 4(k)(2) argument into the case under the guise of a "supplemental brief."

**Third**, Atlas argues for the first time that "should the court find that it lacks personal jurisdiction, Atlas believes the proper remedy would be dismissal, not transfer." Dkt. 79 at 1-2; Dkt. 80 at 2-4.  This also is a new argument that Atlas should have raised during briefing.  In their opening brief supporting the Motion to Dismiss, Defendants expressly argued that the case could be transferred to the CDCA if this Court lacks jurisdiction.  *See* Dkt. 28 at 13 (citing

---

[2] In contrast, Atlas's sister company Stingray did argue that jurisdiction was proper under Rule 4(k)(2), and the Court correctly rejected that argument.  *See* Dkt. 80-1 (*Stingray* Order) at 14-17.

*Georgetown Rail Equip.*, 2019 WL 5954966, at *9). Yet Atlas also elected not to address this argument in its response or sur-reply. It would be unfair and bad precedent to let Atlas raised this forfeited argument in a "supplemental brief." *Dugger*, 232 F.Supp.3d at 957.

**Finally**, that "the *Stingray* opinion does not address any of the personal jurisdiction cases cited in Atlas's briefing" is no basis for giving Atlas leave to file a third brief on the issue. Dkt. 79 at 1; Dkt. 80 at 1-2. The Court has not yet ruled on Defendants' jurisdictional Motion in this case, and undoubtedly will consider any cases cited by Atlas in its response and sur-reply briefing before doing so. And the Court was under no obligation to "address any of the personal jurisdiction cases cited in Atlas's briefing" in its decision in the *Stingray* litigation. So, it makes no sense why this would provide cause for supplemental briefing in this case unless, again, Atlas is trying improperly to challenge the Court's order in *Stingray* by proxy for its sister company.

For the above reasons, Defendants respectfully request that the Court strike Atlas's "supplemental" briefing, and that the Court adjudicate the Motion to Dismiss on the existing briefs and record.

Dated:  October 25, 2022						Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on the 25th day of October 2022 and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

/s/ Melissa R. Smith