# Exhibit 25

8146575

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

*August 13, 2021*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *15/497,094*
**FILING DATE:** *April 25, 2017*
**PATENT NUMBER:** *10020919*
**ISSUE DATE:** *July 10, 2018*

Certified by

*Andrew Lawson*

Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office

ATLAS-00018996

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/497,094 | 04/25/2017 | Dae Won LEE | 303AA0264US1 | 6236 |

83220          7590          09/13/2017

AMPACC Law Group, PLLC
Steve Cho
6100 219th Street SW, Suite 580
Mountlake Terrace, WA 98043

| EXAMINER |
|---|
| HENSON, JAMAAL R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2411 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/13/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docketing@ampacc.com
scho@ampacc.com

PTOL-90A (Rev. 04/07)

ATLAS-00019154

| **Applicant-Initiated Interview Summary** | **Application No.** 15/497,094 | **Applicant(s)** LEE ET AL. | |
|---|---|---|---|
| | **Examiner** JAMAAL HENSON | **Art Unit** 2411 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *JAMAAL HENSON*.                                          (3)_____.

(2) *Dennis O'Connor - Applicant's Representative*.           (4)_____.

Date of Interview: *06 September 2017*.

Type:    ☒ Telephonic    ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant    ☐ applicant's representative]

Exhibit shown or demonstration conducted:    ☐ Yes    ☐ No.
    If Yes, brief description: _____.

Issues Discussed    ☐101 ☐112 ☐102 ☒103 ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1 and 11*.

Identification of prior art discussed: *Stephenson*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*The applicant proposed amendments to overcome the Stephenson reference. The applicant proposed amending the claim to further define the process of determining a number and further defining the number as a cardinality wherein the cardinality is a number of elements in a set or group. The proposed amendments if entered as discussed would overcome the current rejection however further search is necessary to determine patentability*.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /JAMAAL HENSON/ Examiner, Art Unit 2411 | /Andrew Lai/ Supervisory Patent Examiner, Art Unit 2411 |
|---|---|

ATLAS-00019155

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.
A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed.
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

ATLAS–00019156

PATENT
Attorney Docket No.: 303AA0264US1
Client Reference No.: P15-152US1-C1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Confirmation No.: 6236 |
| Dae Won LEE et al. | Examiner: HENSON, JAMAAL R |
| Application No.: 15/497,094 | Technology Center/Art Unit: 2411 |
| Filed: April 25, 2017 | AMENDMENT |
| For: PROTECTION METHODS FOR WIRELESS TRANSMISSIONS | |
| Customer No.: 83220 | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed July 31, 2017, and the Interview with the Examiner held of September 06, 2017, please enter the following amendments and remarks:

**Amendments to the Claims** are reflected in the claim listing beginning on page **2** of this paper.

An **Interview Summary** begins on page **6** of this paper.

**Remarks/Arguments** begin on page **6** of this paper.

ATLAS-00019157

Appl. No. 15/497,094
Amdt. dated October 11, 2017
Reply to Office Action of July 31, 2017

PATENT
Attorney Docket No.: 303AA0264US1
Client Ref. No.: P15-152US1-C1

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application:

**Listing of Claims:**

1. (Currently amended) A method performed by a wireless device, the method comprising:

receiving a Null Data Packet Announcement (NDPA), the NDPA including one or more station information fields;

determining a number of the one or more station information fields in the NDPA;

receiving a Null Data Packet (NDP); and

when the number of the one or more station information fields in the NDPA is one, transmitting first Channel State Information (CSI) feedback in response to receiving the NDP,

wherein the number of the one or more station information fields in the NDPA is the cardinality of the one or more station information fields in the NDPA.

2. (Original) The method of claim 1, further comprising:

when the number of the one or more station information fields in the NDPA is greater than one:

receiving a first trigger frame; and

transmitting the first CSI feedback in response to receiving the first trigger frame.

3. (Original) The method of claim 2, wherein transmitting the first CSI feedback in response to receiving the NDP comprises:

transmitting the first CSI feedback a first predetermined interframe space (IFS) after receiving the NDP.

4. (Original) The method of claim 3, wherein transmitting the first CSI feedback in response to receiving the first trigger frame comprises:

transmitting the first CSI feedback a second predetermined IFS after receiving the first trigger frame.

ATLAS-00019158

Appl. No. 15/497,094                                                                         PATENT
Amdt. dated October 11, 2017                                    Attorney Docket No.: 303AA0264US1
Reply to Office Action of July 31, 2017                            Client Ref. No.: P15-152US1-C1

5. (Original) The method of claim 2, wherein transmitting the first CSI feedback in response to receiving the NDP comprises:

transmitting the first CSI feedback in a single user transmission in response to receiving the NDP.

6. (Original) The method of claim 5, wherein transmitting the first CSI feedback in response to receiving the first trigger frame comprises:

transmitting the first CSI feedback in a multi user transmission in response to receiving the first trigger frame.

7. (Original) The method of claim 6, wherein the first trigger frame comprises resource assignment information.

8. (Original) The method of claim 7, wherein transmitting the first CSI feedback in a multi user transmission comprises:

participating in the multi user transmission based on the resource assignment information to transmit the first CSI feedback in response to receiving the first trigger frame.

9. (Original) The method of claim 2, further comprising:

when the number of one or more station information fields in the NDPA is greater than one:

receiving a second trigger frame; and

transmitting second CSI feedback in response to receiving the second trigger frame.

10. (Original) The method of claim 1, further comprising:

receiving a sounding poll frame; and

transmitting the first CSI feedback in response to receiving the sounding poll frame.

ATLAS-00019159

Appl. No. 15/497,094                                                                PATENT
Amdt. dated October 11, 2017                     Attorney Docket No.: 303AA0264US1
Reply to Office Action of July 31, 2017              Client Ref. No.: P15-152US1-C1

11. (Currently amended) A method performed by a wireless device, the method comprising:

transmitting a Null Data Packet Announcement (NDPA), the NDPA including one or more station information fields;

transmitting a Null Data Packet (NDP); and

when a number of the one or more station information fields in the NDPA is one, receiving first Channel State Information (CSI) feedback in response to transmitting the NDP,

wherein the number of the one or more station information fields in the NDPA is the cardinality of the one or more station information fields in the NDPA.

12.  (Original) The method of claim 11, further comprising:

when the number of the one or more station information fields in the NDPA is greater than one:

transmitting a first trigger frame; and

receiving the first CSI feedback in response to transmitting the first trigger frame.

13.  (Original) The method of claim 12, wherein receiving the first CSI feedback in response to transmitting the NDP comprises:

receiving the first CSI feedback a first predetermined interframe space (IFS) after transmitting the NDP.

14.  (Original) The method of claim 13, wherein receiving the first CSI feedback in response to transmitting the first trigger frame comprises:

receiving the first CSI feedback a second predetermined IFS after transmitting the first trigger frame.

15.  (Original) The method of claim 12, wherein receiving the first CSI feedback in response to transmitting the NDP comprises:

receiving the first CSI feedback in a single user transmission in response to transmitting the NDP.

ATLAS-00019160

Appl. No. 15/497,094
Amdt. dated October 11, 2017
Reply to Office Action of July 31, 2017

PATENT
Attorney Docket No.: 303AA0264US1
Client Ref. No.: P15-152US1-C1

16.  (Original) The method of claim 15, wherein receiving the first CSI feedback in response to transmitting the first trigger frame comprises:

receiving the first CSI feedback in a multi user transmission in response to transmitting the first trigger frame.

17.  (Original) The method of claim 16, wherein the first trigger frame comprises resource assignment information.

18.  (Original) The method of claim 17, wherein receiving the first CSI feedback in a multi user transmission comprises:

participating in the multi user transmission based on the resource assignment information to receive the first CSI feedback in response to transmitting the first trigger frame.

19.  (Original) The method of claim 12, further comprising:

when the number of one or more station information fields in the NDPA is greater than one:

transmitting a second trigger frame; and

receiving second CSI feedback in response to transmitting the second trigger frame.

20.  (Original) The method of claim 11, further comprising:

transmitting a sounding poll frame; and

receiving the first CSI feedback in response to transmitting the sounding poll frame.

Page 5 of 7

ATLAS-00019161

Appl. No. 15/497,094                                                      PATENT
Amdt. dated October 11, 2017                          Attorney Docket No.: 303AA0264US1
Reply to Office Action of July 31, 2017                      Client Ref. No.: P15-152US1-C1

## INTERVIEW SUMMARY

At the Interview with the Examiner held on September 06, 2017, a discussion of the difference between the claimed "number of station fields in the Null Data Packet Announcement (NDPA)" and the disclosure by the references of behaviors dependent on the contents of the first of the stations fields was held.  The Examiner agreed that clarifying the claims by amending them to indicate that the number of the one or more station information fields in the NDPA is the cardinality of the one or more station information fields in the NDPA would overcome the present rejections over the art.  The Examiner stated that additional search would be needed to determine if the claims as so amended would be allowable.

## REMARKS/ARGUMENTS

The claims have been amended as indicated above, and in keeping with the discussions held during the September 06, 2017, Interview with the Examiner.  No new matter has been added.

Claims 1-5, 9, 11-15 and 19 were rejected under 35 U.S.C. §103 as allegedly unpatentable over Stephens et al. (US 2014/0044112), in view of Abraham et al. (US 2012/0250543).  Claims 6-8 and 16-18 were rejected under §103 as allegedly unpatentable over Stephens et al. and Abraham et al. in further view of Merlin (US 2016/0262051).  Claims 10 and 20 were rejected under §103 as allegedly unpatentable over Stephens et al. and Abraham et al. in further view of Seok (US 2015/0085777).  Applicants respectfully traverse the rejections.

Regarding claim 1, Applicants respectfully submit that the references of record do not disclose all the features of the claim.  For  example, as discussed at the Interview with the Examiner held on September 06, 2017, the references do not disclose determining a number of the one or more station information fields in a NDPA, or disclose when the number of the one or more station information fields in the NDPA is one, transmitting first Channel State Information (CSI) feedback in response to receiving a NDP, wherein the number of the one or more station information fields in the NDPA is the cardinality of the one or more station information fields in the NDPA, as now recited in the claim.

Therefore claim 1 is allowable.

Claim 11 is allowable for reasons similar to those presented in the traversal for claim 1.

Claims 2-10 and 12-20 each depend from an allowable base claim and are allowable for at least that reason.

ATLAS-00019162

Appl. No. 15/497,094                                                                PATENT
Amdt. dated October 11, 2017                        Attorney Docket No.: 303AA0264US1
Reply to Office Action of July 31, 2017                  Client Ref. No.: P15-152US1-C1

## CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Application are in condition for allowance.  The issuance of a formal Notice of Allowance at an early date is respectfully requested.

The Commissioner is authorized to charge any deficiency in any fees required under 37 C.F.R. 1.16 and/or 1.17, including extension of time fees, and credit any overpayment to Deposit Account No. 50-4713.

If the Examiner believes a telephone conference would expedite prosecution of this Application, please telephone the undersigned at 425-348-3500.

Respectfully submitted,

/Dennis M. O'Connor/

Dennis M. O'Connor
Reg. No. 65,215

AMPACC Law Group, PLLC
6100 219th St. SW, Suite 580
Mountlake Terrace, WA 98043
Tel: 425-348-3500
Fax: 425-348-3299
DOC

Page 7 of 7

ATLAS-00019163

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/497,094 | 04/25/2017 | Dae Won LEE | 303AA0264USI | 6236 |

| | | |
|---|---|---|
| 83220       7590       01/12/2018 | | |

AMPACC Law Group, PLLC
Steve Cho
6100 219th Street SW, Suite 580
Mountlake Terrace, WASHINGTON 98043

| EXAMINER |
|---|
| HENSON, JAMAAL R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2411 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/12/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docketing@ampacc.com
scho@ampacc.com

PTOL-90A (Rev. 04/07)

ATLAS-00019205

| | Application No. | Applicant(s) |
|---|---|---|
| ***Applicant-Initiated Interview Summary*** | 15/497,094 | LEE et al. |

| | Examiner | Art Unit | AIA Status |
|---|---|---|---|
| | JAMAAL R HENSON | 2411 | Yes |

All participants (applicant, applicants representative, PTO personnel):

(1) <u>JAMAAL R. HENSON.</u>                                    (3) _____.

(2) <u>Dennis O'Connor - Applicant's Representative.</u>        (4) _____.

Date of Interview: <u>09 January 2018</u>.

Type:    ☑ Telephonic    ☐ Video Conference
         ☐ Personal [copy given to:   ☐ applicant    ☐ applicant's representative]

Exhibit shown or demonstration conducted:    ☐ Yes    ☐ No.
    If Yes, brief description: _____.

Issues Discussed    ☐101   ☑112   ☐102   ☑103   ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: <u>1 and 11</u>.

Identification of prior art discussed: <u>Merlin (US 2016/0262051 A1)</u>.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

<u>With regard to the 112(a) rejection for claims 1 and 11 the Examiner agrees to drop the 112(b) rejection and that the claim language is not disclose new matter and that "cardinality" more clearly defines the "number" of station information fields. In view of the Merlin reference the applicant proposed amendments to overcome the Merlin reference. In particular the Merlin reference discloses the transmission of the PSI after the reception of the NIP and when the DOPA indicates to a specific mobile device that the DOPA is directed to that mobile device fig.4 and par.[0067] of Merlin. The Merlin reference also discloses a feedback type in fig.13, par.[0129], wherein the feedback type discloses if the station should single user or multi-user feedback. However Merlin does not disclose that the station should determine the exact number of station information fields in the DOPA and when the exact number is 1 the station identified in the DOPA should send its feedback after the NDP, or when the exact number is more than one sending the stations identified should send its feedback back after the NDP..</u>

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /JAMAAL R HENSON/ | /ANDREW LAI/ |
|---|---|
| Examiner, Art Unit 2411 | Supervisory Patent Examiner, Art Unit 2411 |

ATLAS-00019206

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiners responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicants correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,-
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicants record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiners version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, Interview Record OK on the paper recording the substance of the interview along with the date and the examiners initials.

ATLAS-00019207