**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD.,<br><br>Defendants. | Civil Action No. 2:21-cv-430-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION UNDER FED. R. CIV. P. 72**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................1

II.   LEGAL STANDARD..............................................................................3

III.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION................................3

     A.    This Court Does Not Have Jurisdiction Under Rule 4(k)(1) ................................3

     B.    This Court Does Not Have Jurisdiction Under Rule 4(k)(2) ................................6

IV.  ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §1404 ..................7

V.   THE COURT SHOULD ALSO DISMISS THE CASE FOR INSUFFICIENT SERVICE OF PROCESS ........................................................................8

VI.  CONCLUSION........................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dugger v. Stephen F. Austin State Univ.*,
  232 F. Supp. 3d 938 (E.D. Tex. 2017).................................................................................6

*Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc.*,
  No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966 (E.D. Tex. July 17, 2019)........................7

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
  921 F.3d 522 (5th Cir. 2019) .............................................................................................6

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..........................................................................................5

*Japan Display Inc. v. Tianma Microelectronics Co.*,
  No. 2:20-CV-00283-JRG, 2021 WL 3772425 (E.D. Tex Aug. 25, 2021)................................7

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ..........................................................................................8

*In re Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
  No. 2021-180, 2021 WL 5292271 (Fed. Cir. Nov. 15, 2021) (Hughes, J.,
  concurring)......................................................................................................2, 3, 6

*Stingray IP Sols., LLC v. TP-Link Techs. Co.*,
  No. 2:21-CV-00045-JRG, 2022 WL 17357774 (E.D. Tex. Oct. 13, 2022)..................... *passim*

*Uniloc USA, Inc. v. Apple Inc.*,
  2017 WL 11553227 (E.D. Tex. Dec. 22, 2017).....................................................................7

**Statutes**

28 U.S.C. § 1404.................................................................................................................1, 7, 8

28 U.S.C. § 1406.................................................................................................................1, 7, 8

**Other Authorities**

Fed. R. Civ. P. 4(k) .......................................................................................................2, 3, 4, 6, 7

Fed. R. Civ. P. 30(b)(6)...........................................................................................................1

Fed. R. Civ. P. 72....................................................................................................................3

## I.    INTRODUCTION

TP-Link Technologies Co., Ltd. ("TP-Link China") and TP-Link Corporation Limited f/k/a TP-Link International Ltd. ("TP-Link Hong Kong") (collectively, "Defendants") respectfully object to Magistrate Judge Payne's Report and Recommendation, Dkt. 92 ("R&R"). The Court should dismiss the case for lack of jurisdiction and transfer it to the Central District of California ("CDCA") under 28 U.S.C. § 1406 to cure the jurisdictional defect, or, at minimum, transfer the case under 28 U.S.C. § 1404 for the convenience of the witnesses.

***First***, on identical operative facts, this Court already found "that the exercise of personal jurisdiction over [TP-Link] Defendants in this Court would be unreasonable."  *Stingray IP Sols., LLC v. TP-Link Techs. Co*., No. 2:21-CV-00045-JRG, 2022 WL 17357774, at *8 (E.D. Tex. Oct. 13, 2022) (plaintiff mandamus petition pending).  *Stingray* involved: (i) the same Defendants; (ii) the same non-party distributor of TP-Link products (TP-Link USA); (iii) a plaintiff controlled by the same parent company (Acacia) as Plaintiff Atlas; (iv) the exact same jurisdictional Rule 30(b)(6) deposition; and (v) materially identical jurisdictional declarations and documents.  Yet the R&R contradicts *Stingray* without citing or distinguishing it:

| Issue | *Stingray* (2022 WL 17357774) | R&R (Dkt. 92) |
|---|---|---|
| **Rule 4(k)(1) Specific Personal Jurisdiction in EDTX** | <u>NO:</u><br><br>"Plaintiff has failed to show that Defendants do more than simply place their products into the stream of commerce—in Asia—and thereafter through a non-party U.S. distributor. Some small number of these products end up in Texas and this District. Ultimately, the Court concludes that the exercise of personal jurisdiction over Defendants in this Court would be unreasonable under these facts." *Stingray* at *8. | <u>YES:</u><br><br>"TP-Link USA is the established distribution channel, and TP-Link USA is the sole distributor of 'TP-Link' branded products throughout the United States including Texas …" R&R at 3.  The arguments that the exercise of jurisdiction would be unreasonable "are either rejected or not compelling." *Id*. at 6. |

1

| Issue | *Stingray* (2022 WL 17357774) | R&R (Dkt. 92) |
|---|---|---|
| **Nationwide Rule 4(k)(2) Personal Jurisdiction** | **NO:** "… CDCA has both proper jurisdiction and venue in this case" such that Rule 4(k)(2) does not apply. *Stingray* at *9. | **YES:** "Federal Rule of Civil Procedure 4(k)(2) is applicable."  R&R at 3. |
| **Jurisdiction in CDCA** | **YES:** "[T]he Court transfers this case to the Central District of California."  *Id*. at *9. | **NO:** No transfer because Defendants purportedly "impliedly challenge" CDCA jurisdiction.  R&R at 4-5. |

This case thus should be transferred because this Court in *Stingray* has already found—on a materially identical record—that the TP-Link Defendants are not subject to the personal jurisdiction of this Court.

*Second*, the R&R clearly erred in recommending denial of Defendants' alternative motion to transfer.  The R&R found alleged jurisdiction here under Rules 4(k)(1) and 4(k)(2), yet it found that the case could *not* have been brought in the CDCA—because Defendants allegedly "impliedly" conceded that the CDCA lacks personal jurisdiction.  R&R at 10.

As an initial matter, Atlas waived any argument under Rule 4(k)(2).  *See* Dkt. 81 at 2-3. Moreover, far from "implying" that the CDCA lacks jurisdiction, Defendants explicitly admitted that the case could have been brought there.  Dkt. 28 at 12-13; *see Stingray*, 2022 WL 17357774, at *9 (transferring to CDCA).  And an earlier Federal Circuit concurring mandamus opinion by Judge Hughes rejected the precise reasoning of the R&R.  This "is not a situation where jurisdiction might be proper in Texas, but not in California. The district court's own stated basis for jurisdiction … would apply equally to both districts (or be lacking in both districts) …" *In re Meraki Integrated Cir. (Shenzhen) Tech., Ltd*., No. 2021-180, 2021 WL 5292271, at *2 (Fed. Cir. Nov. 15, 2021) (Hughes, J., concurring).  Under the R&R's erroneous logic, "a foreign

2

defendant who wants to preserve its right to assert lack of jurisdiction would never be able to avail itself of the right to transfer to a clearly more convenient venue." *Id*. at *2. Finally, the record adduced by Atlas shows that if there is personal jurisdiction here under any theory, then there is personal jurisdiction in the CDCA by even greater force. Dkt. 81 at 3; Dkt. 74 at 1-2; *see also* Dkt. 20 at 1-3, 10-11 (Atlas arguing CDCA-s based TP-Link USA is Defendants' alter ego).

Further, the R&R clearly erred in finding that the convenience factors do not favor transfer. R&R at 10-18. This despite (i) no party witnesses in EDTX; (ii) Atlas's own witnesses reside in the CDCA; and (iii) third parties subject to subpoena are in CDCA but not in EDTX (*e.g.*, TP-Link USA, original patentee Newracom, named inventors, etc.). *See* Dkt. 30; Dkt. 74.

*Third*, the R&R erred by allowing insufficient "alternative service" on non-party TP-Link USA (located in the CDCA) and on domestic outside counsel from a different case, rather than properly serving Defendants via the Hague Convention as required. R&R at 6-10. Atlas's improper service is an independent ground for this Court to dismiss this action.

## II.    LEGAL STANDARD

As to the dispositive motions to dismiss, the Court "must determine de novo" any part of the R&R that has been objected to. Fed. R. Civ. P. 72(b)(3). Regarding Defendants' alternative motion to transfer venue, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION

### A.    This Court Does Not Have Jurisdiction Under Rule 4(k)(1)

The R&R found that this Court has specific personal jurisdiction over Defendants under Rule 4(k)(1) because Defendants "admit to preparing English user guides, incorporating power plug and transformer assemblies for compatibility with the American electrical grid, and obtaining US Federal Communications Commission certifications for the accused products,"

3

which products are "sold to its customer, non-party TP-Link USA, who is solely responsible for importing, marketing, advertising, offering to sell, and selling the accused products in the United States." R&R at 2. The R&R also stated that "defendants do not deny knowledge of the sale of accused products in Texas and have taken no action to prevent such sales." *Id*. According to the R&R, "[t]hese facts are sufficient to establish personal jurisdiction." *Id*. at 2-3. The R&R also found that the exercise of personal jurisdiction would not be unreasonable. *See id*. at 5-6 (concluding that Defendants' arguments are "either rejected or not compelling"). Defendants object to the R&R's findings and conclusions for the reasons set forth in their briefs (*see* Dkt. 28; Dkt. 65; Dkt. 81) and as summarized below. Further, as discussed in the Introduction, the R&R is inconsistent with this Court's previous finding in *Stingray*—on a materially identical record— that Defendants are not subject to jurisdiction in the EDTX.

**First**, none of Atlas's arguments show purposeful direction of activities *in Texas*, but, at most, merely an awareness that certain products are sold in the United States generally by a third party, TP-Link USA, which is based in CDCA and which Atlas conspicuously chose not to sue. Dkt. 65 at 1-2. Non-party TP-Link USA purchases the accused products in China; it is solely responsible for the importation of said products into the United States; and it is solely responsible for selling the accused products in the United States, taking full control over where the products are ultimately sold. Dkt. 65 at 1-5; Dkt. 28 at 1-2. Thus, if the accused products are sold in Texas, that is attributable to the actions of non-party TP-Link USA, not Defendants.

The activities discussed in the R&R (*e.g.*, obtaining FCC certifications for the accused products) are done to assist Defendants' customer TP-Link USA sell products in the United States generally, not Texas specifically. Dkt. 65 at 2-10. There is no genuine dispute that: Defendants' activities all occur in China and Hong Kong (Dkt. 65 at 2-3); Defendants have no

4

employees in Texas or elsewhere in the United States (*id*. at 3); and none of the packaging and support materials prepared by Defendants are directed at Texas, but rather, are done to support TP-Link USA's activities in the United States market generally (*id*. at 3-4). It is likewise undisputed that: non-party TP-Link USA is a California corporation based in Irvine, CA (Dkt. 65 at 4; Dkt. 28 at 2-3); TP-Link USA is not a subsidiary of Defendants (Dkt. 65 at 4; Dkt. 28 at 2-3); Defendants do not share any common corporate leadership with TP-Link USA (Dkt. 65 at 4); and TP-Link USA's relationship with TP-Link Hong Kong is defined solely by an arm's-length Distribution Agreement between the two companies (Dkt. 65 at 4-9). *See* Dkt. 28 at 7-12.

**Second**, the exercise of jurisdiction would be unreasonable. *See* Dkt. 28 at 10-12; Dkt. 65 at 9-10. It is undisputed that Atlas—which is owned and controlled by CDCA-based Acacia—conducts no business in Texas. Dkt. 28 at 11-12; Dkt. 65 at 10. Texas has no legitimate interest in this case because the recent formation of the non-practicing plaintiff entity Atlas in Texas is merely "a fiction which appears to have been created to manipulate the propriety of venue." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009). Moreover, Defendants showed, and Atlas does not meaningfully address, that Atlas filed suit against foreign entities while intentionally not naming TP-Link USA as a defendant to avoid the *TC Heartland* rule that would require this case to be in CDCA. Dkt. 28 at 10-12; Dkt. 65 at 9-10. It is particularly unreasonable to subject Defendants to suit in Texas—thousands of miles from where they reside—when Atlas could have sued the sole importer and seller TP-Link USA in the CDCA. On an identical operative record, this Court found "that the exercise of personal jurisdiction over [TP-Link] Defendants in this Court would be unreasonable under these facts." *Stingray*, 2022 WL 17357774, at *8; *see also* Dkt. 81 at 1-3. The Court should do so again here.

5

**B.    This Court Does Not Have Jurisdiction Under Rule 4(k)(2)**

The R&R states that Rule 4(k)(2) applies because "Defendants' position challenges not only this Court's personal jurisdiction, but also that of the Central District of California." R&R at 3-4. The R&R states that "defendants cannot merely submit" to jurisdiction in the CDCA and that "because defendants impliedly challenge the personal jurisdiction" of the CDCA, they are "precluded from relying upon such a submission to defeat the application of Rule 4(k)(2)." *Id*. at 4-5. Defendants object to the R&R's findings and conclusions for the reasons set forth in their briefs (*see* Dkt. 28; Dkt. 65; Dkt. 81) and as summarized below.

***First***, Atlas waived any argument that Rule 4(k)(2) applies. In their opening brief, Defendants expressly argued that Rule 4(k)(2) does not apply. Dkt. 81 at 2. Yet Atlas never addressed Rule 4(k)(2) in its opposition or sur-reply; its <u>sole argument</u> was that jurisdiction exists in Texas under Rule 4(k)(1). *Id*. Atlas thus waived any argument under Rule 4(k)(2). *Id*. at 2-3; *Dugger v. Stephen F. Austin State Univ*., 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017).

***Second***, Defendants never "implied" that the CDCA lacks personal jurisdiction. To the contrary, they admitted that the CDCA has jurisdiction. *See* Dkt. 28 at 12-13; Dkt. 30 at 8-9.

***Third***, a foreign defendant does not have to submit to jurisdiction in Texas to move in the alternative to transfer a case to a convenient venue. *See In re Meraki*, 2021 WL 5292271, at *2. Indeed, a "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction." *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co*., 921 F.3d 522, 540 (5th Cir. 2019).

***Fourth***, if the EDTX has personal jurisdiction, then the CDCA has it by even greater force. Dkt. 74 at 1-2; Dkt. 81 at 3; Dkt. 20 at 1-3, 10-11 (Atlas arguing that TP-Link USA is Defendants' alter ego). The only connection the EDTX has to this case is that some of the accused products may ultimately arrive here via the stream of commerce. So too in California.

6

Moreover, CDCA-based TP-Link USA is solely responsible for importing and selling the products in the U.S.  *Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc*., No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *8 (E.D. Tex. July 17, 2019) (Rule 4(k)(2) inapplicable where defendant "pointed to" plaintiff's "own allegations of infringement in [other forums]").

***Finally***, the R&R's finding that the case could not have been brought in the CDCA is inconsistent with this Court's *Stingray* order transferring the case to the CDCA under 28 U.S.C. § 1406, which like § 1404, requires that the case could have been brought there.[1]

## IV.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §1404

The R&R's threshold finding and conclusion that the case could not have been brought in the CDCA (*see* R&R at 4-5, 10) is erroneous as shown in Section III.B *supra*.  It is also internally inconsistent to find that the "federal long-arm-statute," Rule 4(k)(2), applies in Texas (R&R at 3), but that the case could not have been brought in the CDCA (R&R at 10).

Further, multiple convenience factors strongly favor transfer.  For example, Defendants have no connection to the EDTX, TP-Link USA is in the CDCA, and nearly all witnesses of Atlas and its parent Acacia reside in the CDCA.  Dkt. 30 at 3-6; Dkt. 74 at 2-3.  Atlas's only claimed witness in Texas, Craig Yudell, works from home in Austin (not in the EDTX).  And Atlas/Mr. Yudell omitted that he spends about 40 percent of his time working from Atlas/Acacia's office in CDCA—where he also has a secondary residence.  Dkt. 74 at 3; *Uniloc USA, Inc. v. Apple Inc*., 2017 WL 11553227, at *8 (E.D. Tex. Dec. 22, 2017) (finding similar omission "troubling" and transferring venue).  Yet the R&R found the costs of attendance for

---

[1] *Japan Display* is readily distinguishable.  There, counsel for plaintiff told the Court that defendant had not conceded "to the jurisdiction of the transferee court," and defense counsel did not disagree.  2021 WL 3772425, at *2.  In a subsequent motion, the defendant "did not acknowledge that it was subject to the personal jurisdiction of any U.S. court."  *Id*. at *3.

California-based witnesses "neutral." R&R at 16. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) (inconvenience is not "attenuated when the witnesses are employees of the party calling them"). Additionally, many important third parties can be compelled to appear in the CDCA, but not the EDTX—including (i) TP-Link USA representatives; (ii) Acacia witnesses; (iii) original patentee Newracom witnesses; (iv) named inventors, and (v) representatives of chip suppliers Qualcomm, Broadcom, and Intel. Dkt. 30 at 4-5; Dkt. 74 at 2-5. The other third parties mentioned by Atlas are irrelevant. Dkt. 74 at 5. Yet the R&R erroneously found this factor—arguably the most important factor—"neutral." R&R at 13-15.

The R&R found that the relative ease of access to sources of proof "slightly favors" transfer. R&R at 10-13. The R&R found that only two factors allegedly weigh against transfer: (i) "all other practical problems" and (ii) "court congestion." R&R at 16-18. As to the former, the R&R appears to rest its decision on its erroneous finding that the case could not have been filed in the CDCA. As to the latter, alleged "court congestion" does not outweigh the other convenience factors that strongly favor transfer. *In re Juniper*, 14 F.4th at 1233.

## V. THE COURT SHOULD ALSO DISMISS THE CASE FOR INSUFFICIENT SERVICE OF PROCESS

The Texas long-arm statute mandates use of the Hague Convention here. *See* Dkt. 29 at 6-7; Dkt. 43 at 2-5. The principle of comity also demands that Atlas's purported service on non-party TP-Link USA (which is not owned or controlled by Defendants) and domestic outside counsel from a different litigation be found insufficient. Dkt. 29 at 7-8; Dkt. 43 at 5.

## VI. CONCLUSION

Defendants request that this Court dismiss this case and transfer it to the CDCA under 28 U.S.C. § 1406, or alternatively, transfer it to the CDCA under 28 U.S.C. § 1404.

Dated:  January 6, 2023

Respectfully submitted,

/s/   *Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

9

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 6, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*

11