**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP-LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS**
**<u>TO THE REPORT AND RECOMMENDATION</u>**

**TABLE OF CONTENTS**

I.   The R&R correctly found that TP-Link is subject to specific personal jurisdiction ............... 1

   A.  TP-Link is subject to jurisdiction under Rule 4(k)(1) ........................................................ 1

   B.  Alternatively, TP-Link is subject to jurisdiction under Rule 4(k)(2) ............................... 3

II.  The R&R correctly found that TP-Link failed to prove it would be clearly more convenient to litigate this case in CDCA ................................................................................................. 3

III. The R&R correctly found that TP-Link has been properly served ......................................... 5

IV. Conclusion ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Aten Int'l Co. v. Emine Tech. Co.*,
   261 F.R.D. 112 (E.D. Tex. 2009) ........................................................................................ 2

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 2012) ........................................................................................... 1

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................................... 2

*CSIRO v. Mediatek, Inc.*,
   2013 U.S. Dist. LEXIS 199510 (E.D. Tex. Sep. 12, 2013) .............................................. 2

*Fractus, S.A. v. Samsung Elecs. Co.*,
   2009 U.S. Dist. LEXIS 139636 (E.D. Tex. Dec. 9, 2009) ............................................... 2

*ICON Health & Fitness, Inc. v. Horizon Fitness, Inc.*,
   2009 U.S. Dist. LEXIS 34767 (E.D. Tex. Mar. 26, 2009) ............................................... 2

*In re OnePlus Tech. Co.*,
   2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021) ................................................. 6

*In re Stingray IP Sols.*,
   2023 U.S. App. LEXIS 389 (Fed. Cir. Jan. 9, 2023) ....................................................... 3

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................................. 3

*Invensense, Inc. v. STMicroelectronics, Inc.*,
   2014 U.S. Dist. LEXIS 3311 (E.D. Tex. Jan. 10, 2014) .................................................. 2

*Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*,
   2005 U.S. Dist. LEXIS 36211 (E.D. Tex. Dec. 5, 2005) ................................................. 2

*Largan Precision Co. v. Ability Opto-Electronics Tech.*,
   2020 U.S. Dist. LEXIS 18697 (E.D. Tex. Feb. 5, 2020) .................................................. 2

*MHL TEK, LLC v. Nissan Motor Co.*,
   2008 U.S. Dist. LEXIS 26696 (E.D. Tex. Apr. 2, 2008) .................................................. 2

*Motion Games, LLC v. Nintendo Co.*,
2014 U.S. Dist. LEXIS 190187 (E.D. Tex. Mar. 7, 2014) ........................................................ 2

*Nuance Communs., Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ........................................................................................ 2, 3, 6

**Rules**

Fed. R. Civ. P. 4(e)(1) ................................................................................................................. 6

Fed. R. Civ. P. 4(f)(3) .............................................................................................................. 5, 6

Fed. R. Civ. P. 4(k)(1) ................................................................................................................. 1

Fed. R. Civ. P. 4(k)(2) .............................................................................................................. 1, 3

The Report & Recommendation (Dkt. 92, "R&R") is a thorough, well-reasoned decision that cited precedent from this District and the Federal Circuit. Throughout its Objections (Dkt. 94, "Obj."), TP-Link re-raises identical arguments from earlier briefing without addressing the contrary substantive authority cited by Atlas or the R&R. TP-Link's Objections should be overruled, and the R&R should be adopted.

## I.     The R&R correctly found that TP-Link is subject to specific personal jurisdiction

The R&R found that TP-Link was subject to this Court's personal jurisdiction on two grounds—Rule 4(k)(1) and Rule 4(k)(2). R&R at 2, 3. Either ground is sufficient to establish jurisdiction. Both findings are supported by evidence and caselaw.

### A.  TP-Link is subject to jurisdiction under Rule 4(k)(1)

The R&R identified numerous facts that support personal jurisdiction over TP-Link, including that: (1) TP-Link prepares English user guides for the accused products; (2) TP-Link incorporates American power plugs into the accused products; and (3) TP-Link obtains FCC certifications for the accused products. R&R at 2. TP-Link does not dispute any of these facts. Obj. at 4. The R&R also found that the accused products are sold throughout the United States via an established distribution channel (TP-Link USA). R&R at 3. TP-Link does not dispute this either. Obj. at 4-5. Based on these facts, the R&R determined TP-Link "reasonably anticipated that its products would be sold in Texas." R&R at 3. Once again, TP-Link does not dispute this. Obj. at 5.

The decision is consistent with Federal Circuit precedent. The R&R cited *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 2012) for the proposition that "where a defendant purposefully ships an accused product into a forum state through an established distribution channel and the cause of action for patent infringement is alleged to arise out of these activities, no more is usually required to establish specific personal jurisdiction." R&R at 2-3 (citing *Beverly Hills*, 21 F.3d at 1565). The R&R also cited precedent from this District. *See*

1

*Largan Precision Co. v. Ability Opto-Electronics Tech.*, 2020 U.S. Dist. LEXIS 18697, at *19 (E.D. Tex. Feb. 5, 2020) ("It is undisputed that finished products incorporating AOET's lenses frequently are made available for sale in multiple retail locations in Texas. Moreover, AOET appears to have, at the very least, the *intent* that its products be sold in the United States and Texas, even if it does not know or control all of the precise details of those downstream transactions." (emphasis in original)); *ICON Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 U.S. Dist. LEXIS 34767, at *42 (E.D. Tex. Mar. 26, 2009) ("[T]his Court presumes that JHT Taiwan knew Texas was a termination point of the distribution channel because the North American companies established a connection with Texas retailers."). TP-Link does not cite, much less distinguish, any of these cases.[1] *See* Obj. at 4-5.

TP-Link also argues this Court's exercise of personal jurisdiction would be unreasonable. "When a defendant seeks to rely on the 'fair play and substantial justice' factor to avoid the exercise of jurisdiction by a court that otherwise would have personal jurisdiction over the defendant, he must present a ***compelling case*** that the presence of some other considerations would render jurisdiction unreasonable." *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)) (quotations omitted and emphasis added). The R&R walked through all five factors and found that exercising personal jurisdiction over TP-Link would not be unreasonable. *See* R&R at 5-6. TP-

---

[1] These decisions are consistent with many other decisions cited in Altas's briefing. *See, e.g.*, *Motion Games, LLC v. Nintendo Co.*, 2014 U.S. Dist. LEXIS 190187 (E.D. Tex. Mar. 7, 2014); *Invensense, Inc. v. STMicroelectronics, Inc.*, 2014 U.S. Dist. LEXIS 3311 (E.D. Tex. Jan. 10, 2014); *CSIRO v. Mediatek, Inc.*, 2013 U.S. Dist. LEXIS 199510 (E.D. Tex. Sep. 12, 2013); *Fractus, S.A. v. Samsung Elecs. Co.,* 2009 U.S. Dist. LEXIS 139636 (E.D. Tex. Dec. 9, 2009); *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112 (E.D. Tex. 2009); *MHL TEK, LLC v. Nissan Motor Co.,* 2008 U.S. Dist. LEXIS 26696 (E.D. Tex. Apr. 2, 2008); *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.,* 2005 U.S. Dist. LEXIS 36211 (E.D. Tex. Dec. 5, 2005).

2

Link (citing a venue case, rather than a jurisdiction case) merely restates its previous arguments and does not address *Nuance*. *See* Obj. at 5.

### B. Alternatively, TP-Link is subject to jurisdiction under Rule 4(k)(2)

Rule 4(k)(2) addresses the situation where a foreign defendant lacks state-specific ties but has ties to the United States in general. *See* Fed. R. Civ. P. 4(k)(2). TP-Link argues 4(k)(2) cannot be used to establish jurisdiction in EDTX because TP-Link would be subject to personal jurisdiction in CDCA. Obj. at 6-7. However, as the *Stingray* opinion noted, a defendant cannot merely consent to jurisdiction in their desired transferee venue. *In re Stingray IP Sols.*, --- F. 4th ---, 2023 U.S. App. LEXIS 389, at *14 (Fed. Cir. Jan. 9, 2023). As the R&R correctly found, TP-Link never established it would have been subject to personal jurisdiction in CDCA. R&R at 4. In fact, TP-Link implicitly argued it **would not** have been subject to jurisdiction in CDCA. *Id*.

TP-Link argues Atlas waived the right to rely on Rule 4(k)(2). Obj. at 6. Atlas's position was that neither Atlas nor TP-Link argued TP-Link was subject to jurisdiction in EDTX or CDCA under Rule 4(k)(2), so 4(k)(2) should not be used as a basis to find jurisdiction in CDCA. *See* Dkt. 80 at 4 n.2. However, if the Court determined there was nationwide jurisdiction over TP-Link such that jurisdiction under 4(k)(2) was appropriate in CDCA, jurisdiction would be equally proper in EDTX under the same Rule. *Id*.

### II. The R&R correctly found that TP-Link failed to prove it would be clearly more convenient to litigate this case in CDCA

TP-Link begins its transfer objections by mischaracterizing the R&R. TP-Link argues the R&R made a "threshold finding and conclusion that the case could not have been brought in the CDCA." Obj. at 7. The R&R did not make that finding. Instead, it acknowledged the "threshold question" issue was complicated because of TP-Link's contradictory arguments, but nevertheless the R&R "proceeds with an analysis of the factors provided in *In re Volkswagen*." R&R at 10.

3

There is no explicit finding one way or the other regarding whether TP-Link established that the case "might have been brought" in CDCA. *See id.*

The R&R carefully reviewed the evidence and the transfer factors before deciding that TP-Link had not proven it would be clearly more convenient to litigate in CDCA. That decision should not be overturned.

The R&R first addressed the relative ease of access to sources of proof. It found that Atlas maintained documents in Texas and that third-party chip suppliers may also have documents at their Texas facilities. R&R at 12-13. Most infringement documents (in the possession of TP-Link) are located in China or Hong Kong. *Id.* at 13. There may be some damages documents in California from TP-Link USA, but the R&R noted that the distribution agreement contemplates TP-Link USA will assist TP-Link with document production. *Id.* Taken together, this factor "only slightly favors transfer if not neutral." *Id.* That conclusion is supported by the cited evidence.

Next, the R&R found that the compulsory process factor was neutral because there were third party witnesses in both Texas and California. R&R at 15. The R&R identified several categories of Texas witnesses, including: an inventor of one of the asserted patents; employees from third-party suppliers Qualcomm, Broadcom, MediaTek, and Intel; employees of Samsung Austin Semiconductor with knowledge "relevant to manufacturing of accused components and testing and compliance with Wi-Fi 6 standards"; and employees of the Wi-Fi Alliance with knowledge relevant to "testing and compliance with Wi-Fi 6 standards." *Id.* at 14-15. The presence of these witnesses in Texas supports the finding that this factor is neutral.

Regarding willing witnesses, the R&R noted there are willing witnesses in both Texas and

California. Notably, Atlas's president and primary witness Craig Yudell lives in Austin.[2] R&R at 16. The R&R also noted that TP-Link's party witnesses must travel from China or Hong Kong regardless of where the case is litigated. *Id*. Based on this evidence, the R&R reasonably concluded this factor is neutral. *Id*.

The remaining factors weigh against transfer. As noted regarding the "other practical problems" factor, there are two related cases also involving Wi-Fi 6 technology (with 6 and 7 overlapping patents, respectively) pending in this division. R&R at 16. The R&R also found that this case would proceed to trial "significantly faster" in EDTX than in CDCA. *Id*. at 17. Neither of these factors show it would be clearly more convenient to litigate this dispute in California.

The transfer evidence was carefully reviewed in a detailed report & recommendation. TP-Link does not challenge any of the factual findings, just the ultimate conclusion. That reasoned conclusion should be adopted.

## III.    The R&R correctly found that TP-Link has been properly served

Finally, TP-Link devotes just two sentences to arguing the case should be dismissed for insufficient service of process. Obj. at 8. The R&R thoroughly reviewed and rejected both arguments based on Federal Circuit precedent.

First, TP-Link argues the Texas long-arm statute mandates service of process through the Hague Convention. Obj. at 8. As explained in the R&R, the Hague Convention is not applicable because service of process was granted under Rule 4(f)(3). R&R at 7 (citing *In re OnePlus Tech.*

---

[2] TP-Link accuses Atlas of "omitt[ing] that [Mr. Yudell] spends about 40 percent of his time working from Atlas/Acacia's office in CDCA—where he also has a secondary residence." Obj. at 7. TP-Link made this same argument in its Reply. Dkt. 74 at 3. In its Sur-Reply, Atlas explained the 40% figure came from a different witness who testified he does not track how much time Mr. Yudell spends in California, and any attempt to quantify it would "just be guessing." Dkt. 76 at 2 n.2. Further, Atlas attached the full transcript TP-Link alleges was omitted as an Exhibit to its Response. *See* Dkt. 68, Ex. J.

*Co.*, 2021 U.S. App. LEXIS 27282, at *7-8 (Fed. Cir. Sep. 10, 2021)). Rule 4(f)(3) permits service "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). As the Federal Circuit explained, TP-Link's argument "confuses service of process under Rule 4(f)(3), which provides for court-directed service by any means not prohibited by international agreement, with service under Rule 4(e)(1), which does not require a court-order and provides for service by following state law." *In re OnePlus*, 2021 U.S. App. LEXIS 27282, at *7 (quoting *Nuance*, 626 F.3d at 1240) (quotations omitted). TP-Link does not cite either *OnePlus* or *Nuance* in its Objections. *See* Obj. at 8.

Second, TP-Link argues the principles of comity demand that Atlas's alternative service be deemed insufficient. Obj. at 8. As Atlas noted in its briefing, TP-Link fails to cite a single case holding that service under Rule 4(f)(3) must be in accordance with the Hague Convention. *See* Dkt. 38 at 6.

The R&R also found alternative service appropriate under Rule 4(e)(1). *See* R&R at 8-10. TP-Link does not address that finding in its Objections. *See* Obj. at 8. That is an independent ground for affirming the R&R.

## IV.    Conclusion

TP-Link fails to address the significant authority cited in the R&R and re-raises arguments that were rejected. TP-Link's objections should be overruled.

6

Dated: January 20, 2023

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

7

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via CM/ECF.

*/s/ Blaine Larson*
Blaine Larson