IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21-cv-430-JRG |
| TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AND DEFENDANTS' COUNTERCLAIMS**

Defendants TP-Link Technologies Co., Ltd., and TP-Link Corporation Limited f/k/a TP-Link International Ltd. (collectively, "Defendants") respectfully submit their Answer and Additional Defenses to the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff Atlas Global Technologies LLC ("Atlas" or "Plaintiff") as follows:

**NATURE OF THE ACTION[1]**

1.      Collectively, the Defendants admit this is an action for patent infringement, in which Plaintiff alleges infringement of certain clams of U.S. Patent Nos. 9,763,259 ("the '259 patent"); 9,825,738 ("the '738 patent"); 9,912,513 ("the '513 patent"); 9,917,679 ("the '679 patent"); 10,020,919 ("the '919 patent"); 10,756,851 ("the '851 patent"); 9,531,520 ("the '520

---

[1] For purposes of this pleading, Defendants use the headings in the Complaint. Defendants do not admit any of the allegations contained in those headings.

1

patent"); and 9,532,187 ("the '187 patent") (collectively, the "Asserted Patents"), and that copies of the Asserted Patents purportedly are attached to the Complaint.

2.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, the Defendants each deny any allegations in this paragraph.

### THE PARTIES

3.      The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4.      The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

5.      Defendant TP-Link Technologies Co., Ltd. ("TP-Link China") admits it is a private limited company organized under the laws of the People's Republic of China, with its principal place of business located at South Building 5 Keyuan Road, Central Zone Science & Technology Park, Nanshan, Shenzhen, PRC, Postcode: 518057; Defendants otherwise deny this allegation.

6.      Defendant TP-Link Corporation Limited ("TP-Link Hong Kong") admits it is a private limited company organized under the laws of Hong Kong, People's Republic of China, with its principal place of business located at Suite 901, New East Ocean Centre, Tsim Sha Tsui, Hong Kong, China.  The Defendants each deny any remaining allegations in this paragraph.

7.      Defendant TP-Link International Ltd. changed its name to TP-Link Corporation Limited in 2020 and thus no longer exists; therefore, TP-Link Hong Kong denies the allegations in paragraph 7.  TP-Link China lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the same.

8.      TP-Link China and TP-Link Hong Kong admit that in the Complaint the individual Defendants are referred to collectively as "TP-Link" and "Defendants."  The Defendants each deny any remaining allegations in this paragraph.

9.      TP-Link China admits that it was founded in 1996.  TP-Link Hong Kong denies that it was founded in 1996.  The statements on the cited website pages speak for themselves.  To the extent a further response is required, the Defendants each deny any remaining allegations in this paragraph.

10.     TP-Link China admits that it engages in research and development, and manufacturing of products in China.  TP-Link Hong Kong admits that it engages in distribution and sale of certain products in Asia.  Defendants each denies any engagement in importation to the extent that term refers to the United States, and deny they are engaged in related technical services to the extent that term refers to the United States.  TP-Link China admits that it manufactures certain products in China (hereinafter, the "TP-Link Products").  The Defendants admit that the TP-Link Products are manufactured and sold in China.  The Defendants deny that they individually or collectively import the TP-Link Products into the United States or distribute or sell the TP-Link Products in the United States, in Texas, or the Eastern District of Texas.

11.     Neither Defendant controls the content of the website listed, and on this basis, the Defendants each deny the allegations in this paragraph.

**<u>JURISDICTION AND VENUE</u>**

12.     The Defendants each admit that this action purports to arise under the patent laws of the United States.  Otherwise, this paragraph states legal conclusions to which no response is required.  To the extent a further response is required, the Defendants each deny any allegations in this paragraph.

13.     The Defendants adopt as if stated in full here its briefing, declarations, and evidence in support of their (a) Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. 28, (b) Motion to Dismiss for Insufficient Service of Process, Dkt. 29, and (c) Motion to Transfer Venue, Dkt No. 30, as if fully restated herein.  To the extent that the allegations of paragraph 12 are inconsistent with these cited pleadings, the Defendants deny the remaining allegations in this paragraph.

### A.     Personal Jurisdiction of TP-Link Technologies

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore deny the same.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

### B.     Personal Jurisdiction of TP-Link Corporation

24.     Denied.

25.     Denied.

26.     Denied.

27.    The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore deny the same.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

**C.    Personal Jurisdiction of TP-Link International**

32.    TP-Link International became TP-Link Corporation Limited in 2020 and thus no longer exists.  As such, the Defendants deny the allegations in this paragraph.

33.    TP-Link International became TP-Link Corporation Limited in 2020 and thus no longer exists.  As such, the Defendants deny the allegations in this paragraph.

34.    The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny the same.

35.    TP-Link International became TP-Link Corporation Limited in 2020 and thus no longer exists.  As such, the Defendants deny the allegations in this paragraph.

36.    TP-Link International became TP-Link Corporation Limited in 2020 and thus no longer exists.  As such, the Defendants deny the allegations in this paragraph.

37.    TP-Link International became TP-Link Corporation Limited in 2020 and thus no longer exists.  As such, the Defendants deny the allegations in this paragraph.

38.    Denied.

**THE 802.11 STANDARD**

39.    This paragraph, which merely purports to summarize aspects of the IEEE Wi-Fi Committees and Standard setting process and makes no effort to address the actual functioning

of any TP-Link Product, states legal conclusions to which no response is required. The Defendants each deny infringement of any valid and enforceable claim of the Asserted Patents. To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

40.     This paragraph, which merely purports to summarize aspects of the IEEE Wi-Fi Committees and Standard setting process and makes no effort to address the actual functioning of any TP-Link Product, states legal conclusions to which no response is required. The Defendants each deny infringement of any valid and enforceable claim of the Asserted Patents. To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

41.     This paragraph, which merely purports to summarize aspects of the IEEE Wi-Fi Committees and Standard setting process and makes no effort to address the actual functioning of any TP-Link Product, states legal conclusions to which no response is required. The Defendants each deny infringement of any valid and enforceable claim of the Asserted Patents. To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

42.     This paragraph, which merely purports to summarize aspects of other companies' products and makes no effort to address the actual functioning of any TP-Link Product, states legal conclusions to which no response is required. The Defendants each deny infringement of any valid and enforceable claim of the Asserted Patents. To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

43.     The Defendants do not control the content of the websites listed, and on this basis the Defendants each deny the allegations in this paragraph.

6

**NEWRACOM**

44.    The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny the same.

45.    The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore deny the same.

## TP-LINK'S KNOWLEDGE OF NEWRACOM'S PATENTS

46.    The Defendants each lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore deny the same.

## TP-LINK'S USE OF THE PATENTED TECHNOLOGY

47.    Denied.

48.    The Defendants admit that a portion of their operating revenue is derived from the manufacture in China and sale in China of the TP-Link Products but deny the allegations in paragraph 48 to the extent that they state the Defendants manufacture, sell, distribute, or use the TP-Link Products in the United States.  The content of the web pages cited therein speak for themselves.  To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

49.    The Defendants admit that certain of the cited products in the chart in paragraph 49 are TP-Link branded products, but deny that the identified products infringe any valid and enforceable claim of the Asserted Patents. To the extent that this paragraph includes quotations or screenshots from cited website pages, that content speaks for itself.  To the extent a further response is required to any allegations in this paragraph, the Defendants each deny such allegations.

50.    Denied.

7

## FIRST COUNT

**(Infringement of U.S. Patent No. 9,763,259)**

51. The Defendants incorporate their responses to paragraphs 1-50 herein by reference.

52. The Defendants each admit that the '259 patent is entitled "Sounding Methods." The Defendants admit that the '259 patent purportedly issued from U.S. Patent Application No. 62/054,270, but deny that that the '259 Patent is a valid or duly and legally issued patent. To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## SECOND COUNT

**(Infringement of U.S. Patent No. 9,825,738)**

60. The Defendants incorporate their responses to paragraphs 1-59 herein by reference.

61. The Defendants each admit that the '738 patent is entitled "Acknowledgement Method and Multi User Transmission Method." The Defendants admit that the '738 patent

purportedly issued from U.S. Patent Application No. 14/678,724, but deny that that the '738 Patent is a valid or duly and legally issued patent. To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### THIRD COUNT

### (Infringement of U.S. Patent No. 9,912,513)

68. The Defendants incorporate their responses to paragraphs 1-59 herein by reference.

69. The Defendants each admit that the '513 patent is entitled "System and Method of Synchronization for OFDMA Transmission." The Defendants admit that the '513 patent purportedly issued from U.S. Patent Application No. 15/203,717, but deny that that the '513 Patent is a valid or duly and legally issued patent. To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

70. Denied.

71. Denied.

72. Denied.

73.    Denied.

74.    Denied.

75.    Denied.

## FOURTH COUNT

### (Infringement of U.S. Patent No. 9,917,679)

76.    The Defendants incorporate their responses to paragraphs 1-75 herein by reference.

77.    The Defendants each admit that the '679 patent is entitled "Method and Apparatus for Transmitting Response Frame Based on Type in a High Efficiency Wireless LAN."  The Defendants admit that the '679 patent purportedly issued from U.S. Patent Application No. 14/931,753, but deny that that the '679 Patent is a valid or duly and legally issued patent.  To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

## FIFTH COUNT

### (Infringement of U.S. Patent No. 10,020,919)

84.    The Defendants incorporate their responses to paragraphs 1-83 herein by reference.

85.    The Defendants each admit that the '919 patent is entitled "Protection Methods for Wireless Transmission."  The Defendants admit that the '919 patent purportedly issued from U.S. Patent Application No. 15/497,094, but deny that that the '919 Patent is a valid or duly and legally issued patent.  To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## SIXTH COUNT

### (Infringement of U.S. Patent No. 10,756,851)

92.    The Defendants incorporate their responses to paragraphs 1-91 herein by reference.

93.    The Defendants each admit that the '851 patent is entitled "Multiplexing Acknowledgment Messages in Response to Downlink Frames."  The Defendants admit that the '851 patent purportedly issued from U.S. Patent Application No. 16/203,501, but deny that that the '851 Patent is a valid or duly and legally issued patent.  To the extent a further response is

11

required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's

allegations in this paragraph, and therefore deny any such allegation on that basis.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

## SEVENTH COUNT

### (Infringement of U.S. Patent No. 9,531,520)

100.    The Defendants incorporate their responses to paragraphs 1-99 herein by reference.

101.    The Defendants each admit that the '520 patent is entitled "Apparatus and Method for Downlink and Uplink Multi-User Transmissions."  The Defendants admit that the '520 patent purportedly issued from U.S. Patent Application No. 15/078,920, but deny that that the '520 Patent is a valid or duly and legally issued patent.  To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

## EIGHTH COUNT

### (Infringement of U.S. Patent No. 9,532,187)

108.    The Defendants incorporate their responses to paragraphs 1-107 herein by reference.

109.    The Defendants each admit that the '187 patent is entitled "Interleaver for Physical Layer Protocol Data Unit in a High Efficiency Wireless LAN."  The Defendants admit that the '187 patent purportedly issued from U.S. Patent Application No. 14/823,524, but deny that that the '187 Patent is a valid or duly and legally issued patent.  To the extent a further response is required, the Defendants lack knowledge or information sufficient to respond to Plaintiff's allegations in this paragraph, and therefore deny any such allegation on that basis.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

## PRAYER FOR RELIEF

The Defendants each deny infringement of the Asserted Patents, directly or indirectly. The Defendants each deny that Plaintiff is entitled to any of the grounds enumerated in the Complaint or any other relief, and respectfully request that the Court enter judgment against Plaintiff on Plaintiff's claims.  To the extent that the Prayer for Relief includes any factual allegations, the Defendants each deny those allegations.

13

**ADDITIONAL DEFENSES**

The Defendants collectively assert the following defenses set forth below.  By pleading these defenses, Defendants do not concede that they have the burden of proof as to any of them. Defendants further reserve the right to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

The Complaint and each purported claim for relief asserted therein fails to state a claim upon which relief can be granted.

**SECOND DEFENSE: NON-INFRINGEMENT**

Defendants do not make, use, test, sell, offer for sale, or import into the United States, and have not made, used, tested, sold, offered for sale or imported into the United States, any products that infringe any valid or enforceable claim of the '259, '738, '513, '679, '919, '851,'520, or '187 patents, either directly or indirectly, literally or through the doctrine of equivalents, or otherwise.

**THIRD DEFENSE: INVALIDITY**

One more asserted claims of the '259, '738, '513, '679, '919, '851,'520, or '187 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provision of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications that led to the '259, '738, '513, '679, '919, '851,'520, or '187 patents from asserting that the asserted claims of the aforementioned patents are infringed by any accused product, including under the doctrine of equivalents.

## FIFTH DEFENSE: LIMITATION ON DAMAGES

Plaintiff's claims for monetary damages are limited by the statute of limitations and/or limited to acts of infringement occurring within six years of the date of initiating this suit under 35 U.S.C. § 286.

## SIXTH DEFENSE: FAILURE TO MARK

To the extent that Plaintiff, its predecessors, or licensees of any asserted patent failed to comply with the marking requirements set forth in 35 U.S.C. § 287, the relief sought by Plaintiff is barred, in whole or in part.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, TP-Link Technologies Co., Ltd., and TP-Link Corporation Limited f/k/a TP-Link International Ltd. (collectively, "Counterclaim-Plaintiffs") hereby counterclaim against Atlas Global Technologies LLC ("Atlas") and, in support thereof, as follows:

## THE PARTIES

1.     TP-Link Technologies Co., Ltd. ("TP-Link China") is a private limited company organized under the laws of the People's Republic of China, with its principal place of business located at South Building 5 Keyuan Road, Central Zone Science & Technology Park, Nanshan, Shenzhen, PRC, Postcode: 518057.

2.     TP-Link Corporation Limited ("TP-Link Hong Kong") is a private limited company organized under the laws of Hong Kong, People's Republic of China, with its principal place of business located at Suite 901, New East Ocean Centre, Tsim Sha Tsui, Hong Kong, China.

3.    On information and belief, Atlas is a limited liability company organized under the laws of Texas with its principal place of business at 4413 Spicewood Springs Rd., Suite 101, Austin, TX 78759.

4.    Atlas alleges that it is the owner of all rights, title, and interest in each of U.S. Patent Nos. 9,763,259 ("the '259 patent"); 9,825,738 ("the '738 patent"); 9,912,513 ("the '513 patent"); 9,917,679 ("the '679 patent"); 10,020,919 ("the '919 patent"); 10,756,851 ("the '851 patent"); 9,531,520 ("the '520 patent"); and 9,532,187 ("the '187 patent") (collectively, the "Asserted Patents").   Dkt. 1, ¶ 1.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201, and 2202.  Furthermore, an actual, substantial, and continuing justiciable controversy exists between Counterclaim-Plaintiffs and Atlas based on Atlas having filed its claims alleging infringement the Asserted Patents, with respect to which Counterclaim-Plaintiffs require a declaration of their rights by this Court. The controversy concerns the right of Atlas to maintain suit for alleged infringement of one or more of the Asserted Patents.

6.    This Court has personal jurisdiction over Atlas, *inter alia*, because Atlas has submitted to the personal jurisdiction of this Court by filing its claims here.

7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, *inter alia*, because Atlas has submitted to the venue of this District by filing its claims here. Although this District clearly is not the most convenient forum for this case, Atlas has brought these counterclaims in this District at present in response to Atlas's claims of infringement of the Asserted Patents in this District.

## COUNTERCLAIM COUNT 1: BREACH OF CONTRACT

16

8.      The allegations of the foregoing paragraphs are incorporated by reference as if fully set forth herein and form the basis for the following counterclaim.

9.      The Institute of Electrical and Electronics Engineers ("IEEE") is a standard-setting organization that produces globally applicable standards for local area networks, including Wi-Fi standards IEEE 802.11,  IEEE 802.11a, IEEE 802.11b, IEEE 802.11g, IEEE 802.11n, IEEE 802.11ac and IEEE 802.11ax.  The IEEE 802.11 standard is entitled "Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").  The IEEE 802.11ax standard is an amendment to 802.11 standards.

10.     The IEEE requires its members to use reasonable endeavors to inform IEEE of patents that are essential to practice of its standards or technical specifications.

11.     Atlas admits that Newracom, Inc. was the original owner of the Asserted Patents through assignment from the named inventors.  Dkt. 1, ¶ 4.  Atlas asserts that Newracom was a major contributor to the 802.11ax-2021 Standard, and asserts that Newracom was a leader in technical submissions ultimately adopted by the 802,11ax Task Group.  Dkt. 1, ¶ 45.  On information and belief, Newracom was a member of IEEE during all times relevant to these allegations, and obligations of an IEEE member extend to all of its Affiliates pursuant to the IEEE's Standard Board Bylaws ("IEEE Bylaws").

12.     On March 11, 2015, Newracom submitted a Letter of Assurance (the "LOA") submitted to the IEEE.

13.     In the LOA, Newracom checked the box that states, "The Submitter will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination," and also

17

stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims."

14. Atlas, as the assignee of Newracom's patents, has asserted in its Infringement Contentions that the claims of the Asserted Patents are "Essential Patent Claims" to the IEEE 802.11ax standard.

15. Atlas is thus bound to the terms of the LOA through the assignment of the Asserted Patents from Newracom to Atlas, including each of the Asserted Patents.

16. With respect to damages for alleged infringement, Atlas is bound to offer terms of a license "under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination," ("FRAND") as required by the LOA.

17. Atlas is further obligated to offer a license to its alleged IEEE standard-essential patents, including, but not limited to, the Asserted Patents, consistent with the IEEE Bylaws, including the IEEE's Patent (FRAND) Policy, and the LOA, including that such license be on FRAND terms and conditions.

18. Any royalty rate sought by Atlas must comply with those FRAND terms and conditions.

19. Atlas breached its contractual commitment, as set forth in the LOA to the IEEE and the IEEE Bylaws, by failing to offer a license to its essential patents—including, but not limited to, some or all of the Asserted Patents—on FRAND terms and conditions prior to filing the Complaint in this action.

20. Atlas did not communicate any desire or offer to license the Asserted Patents to Defendants before initiating this action.

21.    Atlas purportedly sent a letter to non-party TP-Link USA Corporation on June 8, 2021, but no such letter was ever sent to either of the Defendants named in this action.

22.    By failing to communicate with Defendants or to offer Defendants FRAND license terms for the Asserted Patents before filing this Complaint, Atlas breached its FRAND commitments for each of the Asserted Patents.

23.    Atlas further breached its contractual commitments with respect to the IEEE as neither it nor Newracom disclosed, in accordance with IEEE's policies, one or more of the Asserted Patents to the IEEE pursuant to the IEEE's requirements to declare that the patent(s) are essential to any IEEE 802.11 standard.

24.    Atlas's failure to so disclose one or more of the Asserted Patents to IEEE constitutes a waiver of Atlas's rights to enforce any claimed-essential patents against any entity practicing any IEEE 802.11 standard and renders those patents unenforceable.

25.    Breaching FRAND commitments, as Atlas has done here, undermines the safeguards that standard-setting organizations put in place to guard against abuse. By seeking unfairly to exploit a patent's actual or purported incorporation into a standard, the patentee violates the very commitment that led to incorporation of that technology, and the exclusion of competing technologies, in the first place. Accordingly, violation of FRAND commitment fundamentally disrupts and threatens industry standard-setting, which is tolerated under the antitrust laws only to the extent it is accompanied by safeguards that ensure that the elimination of inter-technology competition is outweighed by the benefits of having a single standard not beholden to or held up by proprietary interests.

26.    Atlas's violation of its FRAND commitments effectively deprived Defendants of their rights as a third-party beneficiary to a license to the Asserted Patents on FRAND terms and

19

conditions outside of the pressures of litigation.  As Atlas filed the litigation before making any FRAND offer, any subsequent negotiation has not complied with Atlas's FRAND obligations as the pressures of litigation skew the terms and negotiation context.

27.    Atlas's breach has caused harm to Defendants as Atlas's refusal to offer a license on FRAND terms and conditions has caused Defendants to expend resources unnecessarily in defense of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs request the Court grant it the following relief:

A.    an Order denying all relief requested by Atlas and a judgment dismissing all of Atlas's claims against Counterclaim-Plaintiffs with prejudice;

B.    a judgment declaring that Atlas breached its FRAND obligations under the IEEE Patent (FRAND) Policy and award Counterclaim-Plaintiffs damages for Atlas's breaches of its FRAND obligations;

C.    a judgment declaring that each and every claim of the 802.11 Asserted Patents is invalid and/or unenforceable;

D.    a judgment declaring this an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim-Plaintiffs of their reasonable attorneys' fees and costs; and

E.    all other relief that the Court may determine to be just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants/Counterclaim-Plaintiffs hereby demands a trial by jury of all triable issues.

Dated:  February 16, 2023

Respectfully submitted,

/s/ *Melissa R. Smith*_____
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

21

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 16, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/ Melissa R. Smith*