**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21-cv-430-JRG |
| | **JURY TRIAL DEMANDED** |
| TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD., | |
| Defendants. | |

**DEFENDANTS' OBJECTIONS TO CLAIM CONSTRUCTION ORDER (DKT. 117)**

Pursuant to Fed. R. Civ. P. 72(a), Defendants respectfully submit their objections to the Magistrate Judge's Claim Construction Order. Dkt. 117 (the "Order"). Defendants respectfully request the Court modify the Order to find certain terms indefinite and adopt Defendants' proposed constructions for the remaining terms for the reasons set forth below and previously presented in Defendants' briefs and at the hearing on January 13, 2023.

## I.    DISPUTED CLAIM TERMS IN U.S. PATENT NO. 9,531,520

### A.    "the downlink multi-user frame including a plurality of resource unites (RUs)" ('520 Patent, Claim 1)

The Order rejected Defendants' argument that this term is indefinite and construed this term to have its plain meaning.  Order, 8-11.  Defendants object to the Order for the reasons set forth in their briefing, incorporated by reference in its entirety.  Dkt. 90, 2-4.  Specifically, the Order fails to adequately explain how "plain meaning" fixes the inherent mismatch in terms "including" and "upon" for the RUs in the DL MU frame.  *Id.* This mismatch is not resolved, thus Defendants request that the Court find this term to be indefinite.

### B.    "including a respective set of MAC Protocol Data Units (MPDUs) in each RU of the plurality of RUs"; "…the first MPDU unt…" ('520 Patent, Claims 1, 9)

The Order rejected Defendants' argument that these terms are indefinite and construed the terms to have its plain meaning.  Order, 12-15.  Defendants object to the Order for the reasons set forth in their briefing, incorporated by reference in its entirety.  Dkt. 90, 4-5. Defendants respectfully request that the Court find this term indefinite because RUs cannot both be data units to be transmitted and a transmission medium used for transmissions. *Id.* at 5.

### C.    "network device" ('520 Patent, Claims 1, 6)

The Order rejected Defendants' proposed construction of the term, and construed "network device" to have its plain meaning.  Order, 15-20.  Defendants object to the Order for the reasons set forth in their briefing, incorporated by reference in its entirety, namely that

1

"network device" as used in Claims 1 and 6 refer to actions performed by an "access point" only, and thus must exclude "non-access points" that do not generate a "downlink multi-user frame" or "receive the uplink multi-used response transmission." Dkt. 90, 5-8.

## II.    DISPUTED TERMS IN U.S. PATENT NO. 9,763,259

### D.    "wherein the NDPA frame indicates information corresponding to the predetermined length" ('259 Patent, Claim 6)

The Order rejected Defendants' argument that this term is indefinite and instead construed this term to have its plain meaning. Order, 20-24. Defendants object to the Order for the reasons set forth in their briefing, incorporated by reference in its entirety. Dkt. 90, 8-9. Defendants request that the Court find the term indefinite because a POSITA is unable to ascertain what is within the scope of claim the as the patent does not explain how a frame is to indicate "information" or how that information corresponds to frame length. *Id.* at 8.

## III.    DISPUTED TERMS IN U.S. PATENT NO. 9,825,738

### E.    "wherein the second information is a function of a total number of space time streams to be used to transmit the multiple uplink frames" ('738 Patent, Claims 1, 9)

The Order rejected Defendants' argument that this term is indefinite and construed this term to have its plain meaning. Order, 25-29. Defendants object to the Order for the reasons set forth in their briefing, incorporated by reference in its entirety. Dkt. 90, 9-11. Namely, "function" is not adequately defined and is ambiguous—an ambiguity not resolved in the Order. For instance, in adopting Plaintiff's view that "function" need only be "one variable [] based on another variable," the Order compounding the lack of clarity as to what is the claimed "function." Order, 28. Defendants request that the Court find this term is indefinite.

### F.    "uplink set-up information" ('738 Patent, Claim 1, 9)

The Order rejected Defendants' proposed construction of the term and construed "uplink

set-up information" to have its plain meaning.  Order, 29-32.  Defendants object to the Order

rejecting its proposed construction for the reasons set forth in their briefing, incorporated by

reference in its entirety.  Dkt. 90, 11-12.  The Court should construe the term as argued by

Defendant; the patent show setup information used for a subsequent uplink transmission. *Id.*, 12.

G.      **"wherein the acknowledgement frame includes acknowledgement information for one or more of the plurality of stations" ('738 Patent, Claims 6, 14)**

The Order rejected Defendants' proposed construction of the term, and instead construed

this term to have its plain meaning.  Order, 29-32.  Defendants object to the Order for the reasons

set forth in their briefing, incorporated by reference in its entirety; for instance, the information

for the "acknowledgment frame" is explicitly defined by the inventor as including "an

information per TID subfield, a block ACK starting sequence control field, and a block ACK

bitmap subfield for one or more of the plurality of stations."  Dkt. 90, 11-12.  Defendants thus

respectfully request that the Court construe the term as argued by Defendant.

**IV.    DISPUTED TERMS IN U.S. PATENT NO. 9,912,513**

H.      **"wherein at least a portion of the payload of the uplink…" ('513 Patent, Claims 1, 9, 10, 16)**

The Order rejected Defendants' argument that these related claim terms are indefinite and

instead construed the claims as set forth in the Order table.  Order, 36-40.  Defendants object to

the Order finding the claim terms not indefinite for the reasons set forth in their briefing, which

is hereby incorporated by reference in its entirety.  Dkt. 90, 14-16.  The Court should determine

this term is indefinite because an undefined a POSITA would not be apprised of the claims'

bounds with respect to limits of the "portion" of the header and payload that is claimed and the

level to which they must be "associated with" the guard interval or CP length."  *Id.* at 14-15.

I.      **"based on the resources for the UL MU transmission ('513 Patent, Claim 15)**

The Order rejected Defendants' argument that this term is indefinite and instead construes the claim as, "'based on the resources for the UL MU transmission' modifies the 'plurality of frames from the set of stations'." Order, 40-43. Defendants object to Order for the reasons set forth in their briefing, incorporated by reference in its entirety. Dkt. 90, 16-17. Defendants respectfully request that the Court find term is indefinite because POSITA would not have been reasonably certain as to whether the processing of the uplink frame, or the uplink frame itself, are required to be 'based on the resources for the UL MU transmission. *Id.* at 16.

## V.    DISPUTED TERMS IN U.S. PATENT NO. 9,917,679

### J.    "single-user (SU) format," "SU format," "multiple-user (MU) format," and "MU format" ('679 Patent, Claims 1, 6)

Defendants object to the Order rejecting its contention that "SU format" and "MU format" are indefinite. Dkt. 90, 17-21; Order 43-48. The Order properly notes neither term appears in the specification and were added in prosecution, while also noting, correctly, that "this argument perhaps may bear upon the written description requirement or the enablement requirement." Order 45, 47. The terms also are indefinite, however, because the '679 Patent never identifies the "format" claimed—in part because "format" was added instead of "type" during prosecution. Dkt. 90, 17-21. The Order relies primarily on extrinsic evidence, namely testimony of Plaintiff's expert; but such testimony only shows that a POSITA might understand the "SU format" from prior art IEEE specifications, but not the claimed "MU format." *Id.*

## VI.    DISPUTED TERMS IN U.S. PATENT NO. 10,020,919

### K.    "…the number of the one or more station information fields"; "when a number of the one or more station information fields in the NDPA is one"; "when the number of the one or more station information fields in the NDPA is greater than one" ('919 Patent, Claims 1, 11, 2, 8, 12, 19)[1]

---

[1] Defendants do not object as to the construction of term **L**, "cardinality" for '919 Patent.

**M.**   **"wherein the number of the one or more station information fields in the NDPA is the cardinality of the one or more station information fields in the NDPA" ('919 Patent, Claims 1, 11)**

Defendants object to the Order rejecting its contention that dependent claims 2, 8, 11, 12, and 19 are indefinite because they (and the independent claim from which they depend) cannot be practiced. Dkt. 90, 21-25; Order, 49-58.  While the Order correctly noted that claims 1 and 2 "recite methods carried out by wireless devices that are capable of operating in a particular way when the number of the one or more station information fields in the NDPA is one and in a different way when the number of the one or more station information fields in the NDPA is greater than one," (Order, 52), claim 2 is **dependent** from claim 1.  If dependent claim 2 (and claims 8, 11, 12, and 19 for identical reasons) are practiced then the number of "station information fields in the NDPA" **must be** greater than 1, meaning claim 1 is **not practiced.**  Dkt. 90, 21-25.  Defendants respectfully request that the Court find claims 2, 8, 11, 12, and 19 indefinite for patenting an "impossibility." *Id.*

**VII.   DISPUTED TERMS IN U.S. PATENT NO. 10,756,851**

**N.**   **"scheduling extension" ('851 Patent, Claims 1, 2, 7, 8)**

The Court incorrectly determined Defendants' proposal to limit "scheduling extension" to a "subfield in the HT control field" would "improperly limit the disputed terms to a specific feature of particular embodiments." Order at 61.  The Court should have used the claims as the starting context for the term, as each relevant claim focuses on the control field, which here is the HT Control Field.  *See* Dkt. 90, 26-27.  For the reasons set forth in Defendants' briefing and as argued at the hearing, the best understanding of the term requires that "scheduling extension" must apply to a subfield appended to the HT control field.  *Id.*  Defendants thus respectfully request that the Court adopt its proposed construction for "scheduling extension."

Dated:  February 22, 2023

Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

6

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 22, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/ Melissa R. Smith*