**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21-cv-430-JRG |
| | **JURY TRIAL DEMANDED** |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP LINK INTERNATIONAL LTD., | |
| Defendants. | |

## <u>DEFENDANTS' MOTION TO STAY PROCEEDINGS</u>

Defendants TP-Link Technologies Co., Ltd., and TP-Link Corporation Limited f/k/a TP-Link International Ltd. (collectively, "Defendants") respectfully move this Court to stay all proceedings pending the United States Court of Appeals for the Federal Circuit's resolution of Defendants' petition for writ of mandamus. In its petition, Defendants ask the Federal Circuit to vacate this Court's orders denying Defendants' motion to transfer venue, and to remand with instructions to transfer this case to the Central District of California. On February 21, 2023, the Federal Circuit entered an expedited order directing Plaintiff Atlas Global Technologies LLC ("Plaintiff" or "Atlas"), to respond to Defendants' petition no later than February 28, 2023, and further ordered that Defendants file any reply within three days thereafter.

Defendants respectfully submit that a stay pending resolution of their petition is warranted to prevent prejudice to Defendants and to conserve the parties' and the Court's resources. Fact discovery is set to close on April 7, 2023, expert disclosures are due on April 17, 2023, rebuttal expert disclosures on May 8, 2023, expert discovery is due to close on May 22, 2023, the deadline for filing dispositive motions falls on May 30, 2023, and pretrial disclosures are due June 12, 2023.

1

Multiple depositions are presently being scheduled for the month of March 2023.  A stay would simplify the issues by giving the parties and the Court clarity, before exchanging expert materials, deposing experts, and briefing dispositive motions, as to which, if any, claims will go forward in this Court, and which will be transferred.

## I.    BACKGROUND

On May 16, 2022, Defendants filed their Motion to Transfer Venue.  Dkt. 30 ("Motion to Transfer").  The Motion to Transfer requested that the Court, pursuant to 28 U.S.C. § 1404(a), transfer the lawsuit to the Central District of California.  The parties completed venue discovery and subsequently closed briefing on the Motion to Transfer on October 12, 2022. *See* Dkt. No. 76.

On December 28, 2022, the Magistrate Judge issued a Report and Recommendation denying the Motion to Transfer.  Dkt. No. 92.  On February 2, 2023, the Court issued an order summarily adopting the Report and Recommendation.

On February 17, 2023, Defendants filed their petition for writ of mandamus with the Federal Circuit.  Dkt. 123.  As noted above, the Federal Circuit ordered expedited briefing, with Plaintiff to respond to the mandamus petition by February 28, 2023, and Defendants to reply within three days thereafter.

## II.    LEGAL STANDARD

This Court may stay trial proceedings pending resolution of a petition for writ of mandamus to the Court of Appeals.  *See Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH,* No. C 08-4909, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying all proceedings pending resolution of mandamus petition in related case); *Ruppert v. Principal Life Ins. Co.,* No. 06-cv-903, 2007 WL 2025233, at *8 (S.D. Ill. July 9, 2007) (staying order of transfer pending resolution of petition for writ of mandamus); *see also In re U.S. Dep't of Homeland Security,* 459 F.3d 565,

568 (5th Cir. 2006) (granting emergency motion to stay pending disposition of petition for writ of mandamus).

In evaluating a motion to stay pending disposition of a writ of mandamus, courts apply the same four-factor balancing test that governs stays pending direct appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed by a stay; and (4) the public interest in granting the stay. *See Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C. Cir. 1985); *In re First South Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987). Importantly, each of these factors need not be given equal weight. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 513 (Fed. Cir. 1990). Rather, "the four stay factors can effectively merge," in that the court "assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.*

## III.    ARGUMENT

Defendants respectfully submit that a stay of proceedings pending the Federal Circuit's decision on Defendants' writ petition is necessary and appropriate. The likely simplification of the issues in this case, and the conservation of party and judicial resources across multiple districts, make this the optimal approach.

### A.    Defendants Likely Will Prevail on the Merits of Their Writ Petition

The Federal Circuit has granted mandamus relief from orders denying comparable motions to transfer on multiple occasions. *See, e.g., In re Nintendo Co., Ltd.,* 589 F.3d 1194 (Fed. Cir. 2009) (ordering transfer); *In re Google, LLC*, No. 2023-101, 58 F.4th 1379, 2023 WL 1425780 (Fed. Cir. Feb. 1, 2023) (same).

The just-issued *In re Google* case is particularly relevant here: in a precedential decision, the Federal Circuit issued strong guidance on certain transfer factors, including holding that if a

plaintiff—such as Atlas here—does not sell any patented products, it was "clear abuse of discretion to accord [court congestion] any weight."  2023 WL 1425780, at *2-*3.  In addition, as nearly all relevant witnesses resided in California—as they do here—the Federal Circuit determined that "the district court should have weighed this factor firmly . . . in favor of transfer." *Id.* at 3.  And for litigation-only entities like Atlas with no substantive presence in the EDTX, the Federal Circuit held that little weight should be accorded to a non-practicing entity with a mere ephemeral presence in the transferor forum.  *See id.* at *4 ("Jawbone incorporated in Texas in February 2021 and established an office in Waco in August 2021, just one month before it filed suit against Google. . . . Jawbone conducts no activities from Texas that relate to the accused technology. . . . Under such circumstances, Jawbone has no meaningful presence in the Western District of Texas."); *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) ("[L]ittle or no weight should be accorded to a party's recent and ephemeral presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation.") (internal citation omitted).

The Court did not have the opportunity to consider this recent, precedential guidance from the Federal Circuit, as *In re Google* issued the day before the Court issued its Order adopting the Magistrate Judge's Report.  Given the new uncertainty associated with the Court's Order after *In re Google*, a stay will benefit both the Parties and the Court as the Federal Circuit considers transfer to the Central District of California under this new precedent.  And, as discussed above, Defendants are likely to prevail on the merits of their writ petition in view of *In re Google*.  Thus, this factor favors a stay.

## B.    A Stay Is Warranted To Prevent Harm to Defendants and To Conserve Party and Judicial Resources

Defendants have suffered prejudice by having to litigate in an inconvenient forum.  *See In re EMC Corp.,* 501 F. App'x 973, 975-76 (Fed. Cir. 2013) ("Congress' intent 'to prevent the waste

of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense' may be thwarted where defendant is subject to extended litigation prior to resolution of its transfer motion.") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)); *In re Nintendo,* Misc. No. 151, 544 F. App'x 934, 941 (Fed. Cir. Sept. 25, 2013) ("[T]his Court has specifically recognized the importance of addressing motions to transfer at the outset of litigation.") (internal quotation marks omitted); *DietGoal Innovations LLC v. El Pollo Loco Inc.,* No. 12-cv-568, 2013 WL 3760125, *1 (E.D. Tex. July 16, 2013) ("Timely motions to transfer venue 'should [be given] a top priority in the handling of [a case]….'") (quoting *In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003)).

Defendants' motion to transfer was filed at the outset of pleadings in May 2022, and was decided on February 2, 2023.  Given the advanced case schedule, a decision from the Federal Circuit is unlikely before the close of discovery and perhaps may not issue before the dispositive motion deadline on May 30, 2023.  A stay serves all parties and the Court by conserving resources during the short period required for the Federal Circuit to decide Defendants' mandamus petition. Otherwise, Defendants will be severely prejudiced by having to litigate in an inconvenient forum for nearly the entire pre-trial period in the event the Federal Circuit grants the writ (which, again, is likely in view of *In re Google*). And Atlas will suffer no prejudice from a modest delay, as it is a non-practicing entity that was formed solely for the purpose of filing lawsuits like this one. *See In re Google*, 2023 WL 1425780, at *2-*3.  As such, the prudent course is to enter a stay pending final resolution of the writ petition.  *See ACF Indus., Inc. v. Guinn,* 384 F.2d 15, 19 (5th Cir. 1967) (explaining that a stay provides an important "means of avoiding unnecessary duplication of judicial machinery.")

**C.      No Party Will Suffer Substantial Harm From a Stay**

Issuance of the requested stay will not harm any party.  Plaintiff does not compete with Defendants in the marketplace.  Plaintiff is a non-practicing entity that seeks only damages, not injunctive relief.  *See* Dkt. 1 at 44.  Thus, in this particular circumstance, Plaintiff's desire for speedy enforcement of its patent rights is outweighed by the risk of wasted resources arising from pursuing the current case schedule in an inconvenient forum.

**D.      The Public Interest Favors a Stay**

Finally, the public interest favors a stay.  While Defendants acknowledges the public interest in speedy resolution of disputes, Plaintiff's non-participation in this market substantially diminishes any such interest here.  In contrast, a modest stay pending resolution of Defendants' writ satisfies both the public's interest in the efficient use of judicial resources and the Federal Circuit's "strong preference to avoid duplicative litigation." *Google, supra* at 990.

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all proceedings in this Court pending the Federal Circuit's decision on the petition for writ of mandamus, and grant Defendants such other and further relief as the Court may deem appropriate.

Dated:  February 24, 2023

Respectfully submitted,

*/s/ Steven D. Moore*_____
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500

7

Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 24, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on February 22, 2020 via telephone conference. No agreement could be reached because the parties disagreed on the merits. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Melissa R. Smtih*

77057493V.2