# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

ATLAS GLOBAL TECHNOLOGIES LLC

    **Plaintiff,**

    **v.**

TP-LINK TECHNOLOGIES CO., LTD.;
TP-LINK CORPORATION LTD, and TP-
LINK INTERNATIONAL LTD.;

    **Defendants.**

**Civil Action No.  2:21-cv-00430**

Jury Trial Requested

## Plaintiff's Answer to Defendants' Counterclaim

Plaintiff Atlas Global Technologies LLC ("Atlas" or "Plaintiff") respectfully submit their Answer and Additional Defenses to Defendants' Original Counterclaim filed by Defendants TP-Link Technologies Co., Ltd. And TP-Link Corporation Limited f/k/a TP-Link International Ltd. (collectively, "Defendants") as follows:

### THE PARTIES

1.    Admitted that TP-Link Technologies Co., Ltd. ("TP-Link China") purports to be a private limited company organized under the laws of the People's Republic of China, with its principal place of business located at South Building 5 Keyuan Road, Central Zone Science & Technology Park, Nanshan, Shenzhen, PRC, Postcode: 518057.

2.    Admitted that TP-Link Corporation Limited ("TP-Link Hong Kong") purports to be a private limited company organized under the laws of Hong Kong, People's Republic of China, with its principal place of business located at Suite 901, New East Ocean Centre, Tsim Sha Tsui, Hong Kong, China.

10187414v1/017149

3.    Admitted.

4.    Admitted that Atlas alleges it is the owner of the Asserted Patents. Otherwise, denied.

## JURISDICTION AND VENUE

5.    The allegations in this paragraph are legal conclusions to which no response is required.

6.    Admitted that Atlas has submitted to jurisdiction in this Court.

7.    Admitted that venue is proper in this district for the claims and counterclaim asserted in this litigation between these parties.

## COUNTERCLAIM 1: BREACH OF CONTRACT

8.    Atlas incorporates by reference the preceding Paragraphs regarding Defendants' counterclaim as if fully set forth herein.

9.    Admitted.

10.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

11.    Admitted that Newracom was the original owner of the Asserted Patents through assignment from the named inventors, was a major contributor to the 802.11ax-2021 Standard, and was a leader in technical submissions ultimately adopted by the 802.11ax Task Group. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

12.    Admitted.

13.    Admitted that the March 11, 2015 Letter of Assurance has a box checked next to the form language stating: "The Submitter may own, control, or have the ability to license Patent

2

Claims that might be or become Essential Patent Claims." Further admitted that the March 11, 2015 Letter of Assurance has a box checked next to the form language stating: "The Submitter will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination." The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

14.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

15.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

16.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

17.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

18.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

19.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

20.    Denied.

21.    Admitted that Atlas sent a letter to Defendants on June 8, 2021. Otherwise, denied.

22.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

10187414v1/017149

23.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

24.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

25.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

26.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

27.    The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

## PRAYER FOR RELIEF

Atlas opposes all relief requested by Defendants, and denies that Defendants is entitled to any of the relief set forth in Defendants' requested relief "A-E."

## JURY DEMAND

Defendants' demand for a jury trial does not contain any factual allegations to which Atlas is required to respond. Atlas has demanded a jury trial for its claims against Defendants.

Dated: March 9, 2023                           Respectfully submitted,

                                               */s/ Max L. Tribble*
                                               Max L. Tribble Jr.
                                               Texas Bar No. 20213950
                                               mtribble@susmangodfrey.com
                                               Joseph S. Grinstein
                                               Texas Bar No. 24002188
                                               jgrinstein@susmangodfrey.com
                                               Alejandra C. Salinas
                                               Texas Bar No. 24102452

10187414v1/017149

asalinas@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
Oleg Elkhunovich
CA State Bar No. 269238
oelkhunovich@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Alden G. Harris
Texas Bar No. 24083138
aharris@hpcllp.com
William B. Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com

5

10187414v1/017149

**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Max L. Tribble*
Max L. Tribble Jr.

6

10187414v1/017149