# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

ATLAS GLOBAL TECHNOLOGIES LLC

    **Plaintiff,**

    **v.**

TP-LINK TECHNOLOGIES CO., LTD.;
TP-LINK CORPORATION LTD, and TP-
LINK INTERNATIONAL LTD.;

    **Defendants.**

**Civil Action No.  2:21-cv-00430**

Jury Trial Requested

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND .........................................................................................................2

III.    LEGAL STANDARDS ................................................................................................4

IV.     ARGUMENT...............................................................................................................5

        A.      A Stay Would Be Highly Prejudicial to Atlas. ..........................................5

        B.      Defendants Are Not Prejudiced in the Absence of a Stay. ......................7

        C.      The Public Interest Strongly Disfavors a Stay...........................................9

        D.      Defendants Are Unlikely to Obtain a Writ of Mandamus. ....................10

V.      CONCLUSION..........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cheney v. U.S. Dist. Court for D.C.*,
542 U.S. 367 (2004)..................................................................................................10

*Dietz v. Bouldin*,
579 U.S. 40 (2016)......................................................................................................4

*F.T.C. v. Standard Oil Co. of California*,
449 U.S. 232 (1980)....................................................................................................7

*Ex parte Fahey*,
332 U.S. 258 (1947)..................................................................................................10

*Fundamental Innovation Systems Int'l LLC v. LG Electronics, Inc.*,
No. 2:16-cv-1425-JRG-RSP (E.D. Tex. Mar. 22, 2018) ...........................................12

*Hilton v. Braunskill*,
481 U.S. 770 (1987)....................................................................................................4

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
No. CV H-14-3428, 2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) .............................. *passim*

*In re Davis*,
730 F.2d 176 (5th Cir. 1984) ......................................................................................4

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)..................................................................................12

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ...........................................................................2, 6, 12

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ..................................................................................12

*In re Planned Parenthood Fed. of Am., Inc.*,
52 F.4th 625 (5th Cir. 2022) .....................................................................................12

*In re Samsung Elecs. Co.*,
2 F.4th 1371 (Fed. Cir. 2021) ....................................................................................12

*In re Verizon Bus. Network Servs. Inc.*,
635 F.3d 559 (Fed. Cir. 2011)....................................................................................12

*In re Vistaprint Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010)........................................................................................11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) .................................................................10

*Intell. Ventures II LLC v. FedEx Corp.*,
    No. 2:16-cv-00980-JRG, 2017 WL 6559172 (E.D. Tex. Dec. 22, 2017)........................ *passim*

*Intertrust Technologies Corp. v. Cinemark Holdings, Inc.*,
    2:19-cv-00266-JRG (E.D. Tex. Nov. 24, 2020) ...........................................................7

*Kahn v. GMC*,
    889 F.2d 1078 (Fed. Cir. 1989)..........................................................................6

*Kaneka Corp. v. JBS Hair, Inc.*,
    No. 3:10-cv-1430, 2011 WL 13167931 (N.D. Tex. Mar. 30, 2011)..........................8

*Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*,
    232 F. Supp. 3d 628 (D. Del. 2017)....................................................................9

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
    No. 2:13-cv-00235, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014)..........................6

*M.D. v. Perry*,
    No. C-11-84, 2011 WL 7047039 (S.D. Tex. July 21, 2011) .....................................8

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
    No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015).........................5

*Nken v. Holder*,
    556 U.S. 418 (2009).......................................................................4, 9, 13

*Personalweb Techs. LLC v. Int'l Bus. Machines Corp.*,
    6:12-cv-659-JRG, 2016 WL 7364672 (E.D. Tex. Jan. 28, 2016)............................7

*Renegotiation Board v. Bannercraft Clothing Co.*,
    415 U.S. 1 (1974)......................................................................................7

*Saint Lawrence Comm'ncs LLC v. ZTE Corp.*,
    Case No. 2:15-cv-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) .............5

*Sierra Club v. Fed. Emergency Mgmt. Agency*,
    No. CIV. A. H-07-0608, 2008 WL 2414333 (S.D. Tex. June 11, 2008)..................4

*Smartflash LLC v. Google, Inc.*,
    No. 6:14-cv-435-JRG-KNM, 2015 WL 13840411 (E.D. Tex. Apr. 6, 2015) ...........5

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ...................................................................................7

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
   No. 2:17-cv-00235-JRG, 2018 WL 2722051 (E.D. Tex. June 6, 2018) ......................... *passim*

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
   No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ............... *passim*

*VideoShare, LLC v. Meta Platforms Inc.*,
   No. 6-21-cv-00254-ADA, 2022 WL 2718986 (W.D. Tex. July 12, 2022) .............................6

*Virginian R. Co. v. United States*,
   272 U.S. 658 (1926) ................................................................................................................4

*WSOU Invs. LLC v. ZTE Corp.*,
   No. 6:20-cv-00487-ADA, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022) ....................... *passim*

**Rules**

Fed. R. Civ. P. 1 .........................................................................................................................10

## I.    INTRODUCTION

The TP-Link Defendants' eleventh-hour motion to stay misstates the record and law and ignores a substantial body of authority denying similar motions predicated on identical arguments. The Court should deny it.

For starters, Defendants' contention that Atlas will suffer no prejudice from a stay is an argument that this Court has rejected time and time again. It "has repeatedly recognized that a plaintiff has a right to timely enforcement of its patent rights, even if [as here] the plaintiff does not practice the asserted patents, and even if [as here] the plaintiff could be made whole by money damages." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00235-JRG, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018) (quotation omitted).

Similarly, Defendants' argument that they will be prejudiced without a stay ignores established authority rejecting their assertion that being "forced to litigate in an [allegedly] improper forum" is irreparable injury, *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 6559172, at *3 (E.D. Tex. Dec. 22, 2017), and holding that "the prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal," *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017). "Regardless of whether it occurs in this District or the [CDCA], [Defendants] will have to proceed with fact discovery," expert discovery, and motion practice. *WSOU Invs. LLC v. ZTE Corp.*, No. 6:20-cv-00487-ADA, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022).

Finally, the "public interest in the just and speedy resolution of disputes" weighs heavily against a stay. *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *4 (E.D. Tex. Mar. 24, 2020). Defendants contend there is a need to avoid duplicative litigation, but they do not and cannot point to what litigation would be duplicated.

1

"Even if Defendants prevail" in obtaining a writ of mandamus, "the work done in preparing this case for trial can be translated directly into a new forum where the case can be tried before a jury." *Intell. Ventures II LLC*, 2017 WL 6559172, at *4.

The prejudice to Atlas from staying this case, lack of prejudice to Defendants, and public interest disfavoring a stay are reason enough to deny Defendants' motion, regardless of the likelihood of Defendants obtaining a writ of mandamus. *See WSOU Invs. LLC*, 2022 WL 479131, at *2 (assuming a party was likely to succeed and still denying a stay motion because "the other three factors weigh strongly against a stay and collectively outweigh this factor"). But even that factor weighs against Defendants. This Court has already rejected Defendants' arguments for transfer. Dkt. Nos. 92, 113. And Defendants' contention that *In re Google LLC*, 58 F.4th 1379 (Fed. Cir. 2023)—issued after this Court ruled on the transfer motion—was a sea change and necessitates a contrary outcome, overstates the breadth of that decision. *In re Google* applied existing authority, just like this Court, and did not announce any new legal standards or principles. This Court's conclusions on Defendants' transfer motion thus remain sound.

Defendants, then, have not met the "demanding" standard to show a stay is warranted. *Uniloc 2017 LLC*, 2020 WL 1433960, at *3. Their motion should be denied.

## II.    BACKGROUND

Atlas filed this case against Defendants on November 22, 2021. Dkt. No. 1. Six months later Defendants filed three motions seeking to escape the case early: one motion to dismiss for lack of personal jurisdiction, one motion to dismiss for insufficient service of process, and one motion to transfer venue to the Central District of California. Dkt. Nos. 28, 29, 30. Briefing was completed on October 12, 2022, following venue discovery. Dkt. No. 76.

2

On December 28, 2022, Magistrate Judge Payne issued a thorough report and recommendation recommending the Court deny each motion. Dkt. No. 92. Defendants lodged objections, Dkt. No. 94, which the Court correctly overruled on February 2, 2023, Dkt. No. 113. The Court held, "after conducting a *de novo* review," that "the reasoning set forth within the Report and Recommendation" was correct and that Defendants "fail[ed] to show that the Report and Recommendation was clearly erroneous." Dkt. No. 113.

More than two weeks later, on February 17, Defendants filed a petition for writ of mandamus with the Federal Circuit limited to their motion to transfer venue. Dkt. No. 123. Defendants then waited another week to file the present motion to stay. Dkt. No. 127. In the meantime, the Federal Circuit ordered Atlas to respond to Defendants' petition by February 28, with Defendants' reply due March 3.

Despite taking over two weeks to file their petition for writ of mandamus—which itself challenges the reasoning and conclusions of Judge Payne's December report and recommendation—and another week to file their motion to stay, Defendants would not grant Atlas the basic courtesy of a one-week extension to file their response to the petition for writ of mandamus. What's more, Defendants filed their motion to stay at the very end of day on Friday, February 24, and asked this Court to expedite briefing and cut Atlas's response time in half (all while Atlas had to respond to Defendants' petition for writ of mandamus). Dkt. No. 128. Defendants' procedural gamesmanship is nothing more than an attempt to jam up Atlas and gloss over the significant shortcomings in the merits of Defendants' positions. The Court should put an end to Defendants' procedural machinations and efforts to drag out this case indefinitely.

### III.    LEGAL STANDARDS

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  In determining whether to stay a proceeding pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Stays, however, are not awarded as "a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)); *see also WSOU Invs. LLC*, 2022 WL 479131, at *1 ("Stays are not awarded as a matter of right."); *Intell. Ventures II LLC*, 2017 WL 6559172, at *1 (same).  The "standard is a demanding one" because a stay "is an intrusion into the ordinary processes of administration and judicial review." *Uniloc 2017 LLC*, 2020 WL 1433960, at *3 (quoting *Niken*, 556 U.S. at 427).

Defendants thus face a "heavy burden" to show a stay is warranted. *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. CIV. A. H-07-0608, 2008 WL 2414333, at *7 (S.D. Tex. June 11, 2008).  Defendants "must make out a clear case of hardship or inequity in being required to go forward." *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (quotation omitted); *accord WSOU Invs. LLC*, 2022 WL 479131, at *1.  "[S]peculative concerns" are insufficient. *Sierra Club*, 2008 WL 2414333, at *7.

And Defendants' burden is heightened here compared to other instances where a party seeks to stay proceedings pending appeal.  A party filing a petition for a writ of mandamus "seeks an extraordinary remedy from the Court's exercise of discretion." *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435-JRG-KNM, 2015 WL 13840411, at \*10 (E.D. Tex. Apr. 6, 2015).  As a result, courts generally "will not delay the normal litigation schedule to accommodate one party seeking this type of extraordinary remedy." *Id.*

## IV.    ARGUMENT

Defendants have not come close to satisfying their heavy burden to show that a stay is warranted.  None of the relevant factors weighs in favor of indefinitely pausing proceedings and Defendants' motion should thus be denied.

### A.    A Stay Would Be Highly Prejudicial to Atlas.

Turning first to the prejudice to Atlas, Defendants' contention that Atlas suffers no prejudice from a stay because it is a non-practicing entity is contradicted by their own acknowledgement that Atlas has a right to a "speedy enforcement of its patent rights."  Dkt. No. 127 ("Mot.") at 6.  It is also contrary to well-established caselaw.  As this Court and others have held repeatedly, patent plaintiffs have an interest in the timely enforcement of their rights.  *See Uniloc 2017 LLC*, 2020 WL 1433960, at \*4 ("The Court agrees that a plaintiff has a right to timely enforce its patents."); *Saint Lawrence Comm'ncs LLC v. ZTE Corp.*, Case No. 2:15-cv-349-JRG, 2017 WL 3396399, at \*2 (E.D. Tex. Jan. 17, 2017) ("[A] plaintiff has a right to timely enforcement of its patent rights."); *see also WSOU Invs. LLC*, 2022 WL 479131, at \*2 (plaintiff has a "right to timely enforce its patents"); *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at \*2 (W.D. Tex. Jan. 5, 2015) ("A patent holder has an interest in the

timely enforcement of its patent right." (quoting *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, Civ. A. No. 2:13-cv-00235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014))).

This is true "even if the plaintiff [as here] does not practice the asserted patents." *Team Worldwide Corp.*, 2018 WL 2722051, at *4 (quotation omitted). It is also true "even when [as here] the patent holder has only sought monetary relief," *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-cv-00254-ADA, 2022 WL 2718986, at *2 (W.D. Tex. July 12, 2022) (quotation omitted), and "could be made whole by money damages," *Team Worldwide Corp.*, 2018 WL 2722051, at *4 (quotation omitted).

Defendants suggest that *In re Google* silently overruled this mountain of authority and holds that non-practicing entities have no right to speedy resolution of their claims, Mot. at 5, but the case is not nearly so broad. It involved the weight to be accorded the relative time to trial between different courts when considering convenience transfers and cautioned against giving this factor too much "significance." *In re Google LLC*, 58 F.4th at 1383. It did not opine on the prejudice a party, even a non-practicing entity, suffers from an indefinite stay of its case or hold that non-practicing entities have no right to a speedy resolution of their claims. By Defendants' logic, non-practicing entities could never show prejudice when another party seeks a stay. But that is not the law, nor should it be. Special rules do not govern non-practicing entities compared to other litigants. Both are entitled to their day in court and speedy resolution of their claims. *See Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989) (acknowledging the "strong public policy favoring expeditious resolution of litigation").

Further, as Defendants acknowledge, this case is at an advanced stage. The Court has issued claim constructions, the parties have exchanged a number of document productions, depositions are scheduled, and fact discovery closes April 7, 2023, with expert disclosures due ten

6

days after.  Dkt. No. 116 (Third Amended Docket Control Order).  The advanced stage of proceedings weighs heavily against a stay.  *Intertrust Technologies Corp. v. Cinemark Holdings, Inc.*, 2:19-cv-00266-JRG, ECF No. 180 (E.D. Tex. Nov. 24, 2020) (denying motion to stay pending resolution of mandamus petition because of the advanced stage of proceedings); *Personalweb Techs. LLC v. Int'l Bus. Machines Corp.*, 6:12-cv-659-JRG, 2016 WL 7364672, at *3 (E.D. Tex. Jan. 28, 2016) (stage of the proceedings weighed against a stay where the "deadline to substantially complete document production and exchange privilege logs [was] less than a month away"); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005) (the stage of litigation weighed "heavily in favor of denying the stay" where document production had already occurred and claim construction had already been argued).

Finally, a stay prejudices Atlas by "jeopardiz[ing] [Atlas's] ability to obtain discovery from individuals whose memories may be fading as time passes."  *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4.  For all these reasons, granting a stay now would be highly prejudicial to Atlas.

**B.    Defendants Are Not Prejudiced in the Absence of a Stay.**

On the other side of the ledger, Defendants suffer no prejudice if the case is not stayed. The primary "prejudice" Defendants point to—highlighting upcoming discovery and motions deadlines—is the purported prejudice of having to "litigate in an inconvenient forum" going forward.  Mot. at 1–2, 5.  Courts routinely reject such contentions.  *See Intell. Ventures II LLC*, 2017 WL 6559172, at *3 (rejecting the argument that being "forced to litigate in an [allegedly] improper forum" is "itself an irreparable injury").  "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."  *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Board v. Bannercraft Clothing Co.*,

7

415 U.S. 1, 24 (1974)); *see also In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 ("[T]he prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal."); *M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011) ("The prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'"); *Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-cv-1430, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011) ("Ordinary discovery deadlines, without more, does not give rise to an undue burden."); *accord WSOU Invs. LLC*, 2022 WL 479131, at *2.

This authority correctly recognizes that fact discovery, expert discovery, and dispositive motions are going to occur whether or not this case is transferred, and it makes no difference where the case is docketed. Depositions will take place, and in the same locations. For example, Defendants are offering their witnesses for deposition in Macau, which is not going to change regardless of where this case is pending. Expert reports will be compiled in the same locations. And dispositive motions will be drafted and filed. There is nothing inconvenient about undertaking these tasks while the case is pending in this Court as compared to any other jurisdiction.

Because the same events are going to occur regardless of where this case is pending, Defendants suffer no prejudice in the absence of a stay and are incorrect that a stay will "conserve" any resources. *See Team Worldwide Corp.*, 2018 WL 2722051, at *3 (agreeing that there "is nothing to be gained from a stay here," in part, because the requesting party would "have to participate in discovery whether the case is in this Court or another"); *WSOU Invs. LLC*, 2022 WL 479131, at *2 ("Regardless of whether it occurs in this District or the NDTX, ZTE will have to proceed with fact discovery."). On the flip side, "[d]enying the stay will enable the parties to complete the remaining discovery … and have this case ready for trial … regardless of the District

8

in which the trial will be held." *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 628, 631 (D. Del. 2017).

Defendants also claim that they "have suffered prejudice by having to litigate in an inconvenient forum," Mot. at 4–5, but that is a red herring. The question for current purposes is whether Defendants will suffer any prejudice **going forward** in the absence of a stay. *See Nken*, 556 U.S. at 426 ("whether the applicant will be irreparably injured **absent** a stay" (emphasis added and quotation omitted)). They won't. Moreover, their entire argument is premised on the Eastern District of Texas being an inconvenient forum. This Court already held it is not. Finally, Defendants saying they suffered prejudice does not make it so. Tellingly absent from Defendants' motion is any discussion of what the alleged prejudice was. Defendants' citations to and reliance on cases holding that transfer motions should be decided early does not remedy this shortcoming. Mot. at 4–5. "These cases do not instruct district courts to stay cases after the district court issues its venue transfer decision, nor do these cases bear on the four-factor analysis." *WSOU Invs. LLC*, 2022 WL 479131, at *1.

The lack of prejudice to Defendants, then, weighs strongly against a stay.

### C.      The Public Interest Strongly Disfavors a Stay.

Defendants "acknowledge[] the public interest in speedy resolution of disputes." Mot. at 6. That interest weighs strongly against a stay. *See Uniloc 2017 LLC*, 2020 WL 1433960, at *4 ("[I]t is bedrock that there is a public interest in the just and speedy resolution of disputes."); *Team Worldwide Corp.*, 2018 WL 2722051, at *4 ("[A]llowing this case to continue promotes the public interest in the speedy resolution of disputes." (quotation omitted)); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 ("The public interest … favors speedy resolution of

disputes."); Fed. R. Civ. P. 1 (stating the Rules should be used to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Defendants claim—repeating a similar refrain—that non-practicing entities like Atlas do not have an interest in the speedy resolution of their claims, Mot. at 6, but that assertion fails for the reasons already discussed. Defendants also contend there is a need to avoid duplicative litigation, Mot. at 6, but they do not and cannot point to what litigation would be duplicated. If a witness is deposed now while the case is pending in this Court, for example, there is no reason the witness would need to be deposed again if the case were transferred. Similarly, if an expert report is submitted, there is no reason it needs to be redone if the case were transferred. Thus, "[e]ven if Defendants prevail, the work done in preparing this case for trial can be translated directly into a new forum where the case can be tried before a jury," and "judicial economy does not compel a stay." *Intell. Ventures II LLC*, 2017 WL 6559172, at \*4; *see also In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at \*4 ("[T]he Court finds that a stay will not further judicial economy because, as noted above, most of the discovery will need to be conducted even if the Rule 23(f) appeal is successful."). The public interest favors this suit continuing.

### D.    Defendants Are Unlikely to Obtain a Writ of Mandamus.

Finally, Defendants are unlikely to succeed in obtaining a writ of mandamus. The writ is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). "[O]nly exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *Id.* (cleaned up); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (en banc) (quoting *Cheney*, 542 U.S. at 380).

Despite this high standard, Defendants' petition merely regurgitates the same arguments this Court has already correctly rejected.  They thus have not made a strong showing that they are likely to succeed on the merits.  *See Team Worldwide Corp.*, 2018 WL 2722051, at *2–3 (relying on prior reasoning to conclude that the moving party "failed to make the requisite strong showing of a likelihood of success on the merits"); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 ("In this case, for the reasons stated in the Court's Memorandum and Order on class certification and in this Memorandum and Order, Defendants have failed to demonstrate a likelihood of success on the merits.").

For example, Defendants argue that the "relative ease of access to sources of proof" factor weighs strongly, not slightly, in favor of transfer because Defendants' distributor—TP-Link USA—stores "its documents and evidence in CDCA."  *In re TP-Link Technologies Co., Ltd.*, No. 2023-123, ECF No. 1 (Fed. Cir. Feb. 17, 2023), at 33 ("Mandamus Pet.").  But as this Court already found, while "most of the documents relevant to damages at least originate from California [with TP-Link USA]," "most of the documents relevant to infringement are located in China and Hong Kong" with Defendants, and "the distribution agreement between [TP-Link] Hong Kong and its U.S. counterpart contemplates assistance with document production."  Dkt. No. 92, at 13.

As another example, Defendants argue that the "other practical problems factor" does not weigh against transfer, despite co-pending litigation in this District, because the other cases involve "different defendants and different products."  Mandamus Pet. at 35.  Defendants' argument, however, ignores binding Federal Circuit authority—relied on by this Court—denying a mandamus petition where co-pending litigation involved "the same patent-in-suit, and pertain[ed] to the same underlying technology and accus[sed] similar services."  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010) (quoted at Dkt. No. 92, at 16).  As this Court correctly found,

that is the case here because "there are two related cases involving Wi-Fi 6 technology co-pending in this division."  Dkt. No. 92, at 16.

As a final example, Defendants argue that the "local interest" factor strongly favors transfer because third-party chip manufacturers designed the chips at issue in California.  Mandamus Pet. at 29–30.  But as this Court already correctly held, "there is **no** affirmative evidence" to support this assertion.  Dkt. No. 92, at 18 (emphasis added).

Defendants lean heavily on the Federal Circuit's decision in *In re Google LLC*, 58 F.4th 1379 (Fed. Cir. 2023), and contend that it creates "new uncertainty" concerning the Court's prior conclusions.  Mot. at 3–4.  But *In re Google* applied existing precedent, as demonstrated by its repeated citations to and application of Federal Circuit and Fifth Circuit authority.  *See id.* at 1383, 1384–85 (citing *In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 631, 632 n.5 (5th Cir. 2022), *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320–21, 1322 (Fed. Cir. 2021), *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021), *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011), and *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)).  This Court was likewise bound by and rendered its decision under that same authority.  Dkt. No. 92, at 10–19.  *In re Google* is therefore not the sea change that Defendants paint it to be.

Finally, Defendants place inordinate weight on the Federal Circuit's decision to order a response and reply to Defendants' mandamus petition.  Mot. at 1.  But that decision "does not demonstrate the 'strong showing.'  Rather, it is only indicative of the fact that the Circuit will hear both sides of this case and not one framed entirely in favor of [Defendants]."  *Team Worldwide Corp.*, 2018 WL 2722051, at *2; *see also Fundamental Innovation Systems Int'l LLC v. LG Electronics, Inc.*, No. 2:16-cv-1425-JRG-RSP, ECF No. 141 (E.D. Tex. Mar. 22, 2018) (denying motion to stay even though Federal Circuit had ordered briefing on petition for writ of mandamus).

For these reasons, Defendants have not "made a strong showing that" they are "likely to succeed on the merits." *Nken*, 556 U.S. at 426 (citation omitted).  But even if Defendants could make such a showing (and they cannot), the prejudice to Atlas from staying this case, lack of prejudice to Defendants, and public interest weigh so strongly and collectively against a stay that Defendants' motion should still be denied.  *See WSOU Invs. LLC*, 2022 WL 479131, at *2 (assuming party was likely to succeed in obtaining a petition for writ of mandamus and still denying a motion to stay because "the other three factors weigh strongly against a stay and collectively outweigh this factor").

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Stay Proceedings. Dkt. No. 127.

Dated: March 10, 2023                                  Respectfully submitted,

*/s/ Elizabeth L. DeRieux*
Max L. Tribble Jr.
Texas Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
Alejandra C. Salinas
Texas Bar No. 24102452
asalinas@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
Oleg Elkhunovich

CA State Bar No. 269238
oelkhunovich@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Alexander W. Aiken
WA State Bar No. 55988
aaiken@susmangodfrey.com
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Alden G. Harris
Texas Bar No. 24083138
aharris@hpcllp.com
William B. Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway

14

Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***

15

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 10, 2023, this document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Alexander W. Aiken*
Alexander W. Aiken