**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00430-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP-LINK INTERNATIONAL LTD., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND A FINDING OF NO ENTITLEMENT TO PRIORITY DATES EARLIER THAN ACTUAL FILING DATES FOR CERTAIN PRIOR ART**

## TABLE OF CONTENTS

I.      Introduction.............................................................................................................. 1

II.     Background............................................................................................................... 2

        A.      Statement of Undisputed Material Facts.................................................... 2

                i.      The '259 Patent................................................................................. 3

                ii.     The '520 Patent................................................................................. 3

                iii.    The '187 Patent................................................................................. 4

                iv.     The '738 Patent................................................................................. 4

                v.      The '513 Patent................................................................................. 6

                vi.     The '919 Patent................................................................................. 6

        B.      Statement of Issue to be Decided by the Court.......................................... 7

                vii.    Whether TP-Link should be precluded from alleging priority dates earlier
                        than the filing dates for its alleged prior art references. ............................ 7

III.    Legal Standards........................................................................................................ 7

        **A.      Summary Judgment**................................................................................... 7

        B.      Establishing Entitlement to Priority Dates................................................. 8

IV.     Analysis.................................................................................................................... 8

        A.      TP-Link is Aware of Atlas's Priority Date Arguments.............................. 8

        B.      TP-Link Cannot Meet its Burden of Proof to Show Earlier Priority Dates for its
                Alleged Prior Art References ..................................................................... 9

                1.      Choi 701 ('187 Patent).................................................................. 10

                2.      Choi 654 ('513 Patent).................................................................. 10

                3.      Chu ('738 Patent).......................................................................... 11

                4.      Chun 898 ('259 Patent)................................................................. 11

                5.      Chun 288 ('513 Patent)................................................................. 11

6.     Chun 910 ('520 Patent) ................................................................................ 11

7.     Chun 388 ('919 Patent) ................................................................................ 12

8.     Lee ('187 Patent) ......................................................................................... 12

9.     Marvell ('187 Patent) .................................................................................. 12

10.    Merlin 051 ('919 Patent) ............................................................................ 13

11.    Merlin 258 ('738 Patent) ............................................................................ 13

12.    Merlin 690 ('738 Patent) ............................................................................ 13

13.    Rong ('513 Patent) ...................................................................................... 13

14.    Vermani 335 ('738 Patent) ......................................................................... 14

V.     Conclusion ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242 (1986)...................................................................................................... 7

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,

598 F.3d 1336 (Fed. Cir. 2010) ..................................................................................... 8

*Celotex Corp. v. Catrett*,

477 U.S. 317 (1986)...................................................................................................... 7

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,

800 F.3d 1375 (Fed. Cir. 2015) ................................................................................. 7, 9

*L.A. Biomedical Research Inst. v. Eli Lilly & Co.*,

849 F.3d 1049 (Fed. Cir. 2017) ..................................................................................... 8

*PowerOasis Inc. v. T-Mobile USA, Inc.*,

522 F.3d 1299 (Fed. Cir. 2008) ..................................................................................... 8

*Tech Licensing Corp. v. Videotek, Inc.*,

545 F.3d 1316 (Fed. Cir. 2008) ................................................................................... 10

**Statutes**

35 U.S.C. §112(a) ................................................................................................................ 8, 9

**Rules**

FED. R. CIV. P. 56(a) ............................................................................................................. 7

## I.     INTRODUCTION

TP-Link's invalidity report from Dr. Hansen relies on many alleged prior art patents and printed publications that claim priority to earlier-filed provisional applications. TP-Link purports to rely on the provisional application dates as the critical date for its prior art references. However, neither TP-Link nor its expert provide any evidence or analysis that the prior art references are actually entitled to the earlier provisional dates. Dr. Hansen's invalidity report (Ex. A (Hansen Report)) ***never addresses the contents of any provisional application***, other than to note its date. In light of TP-Link's total failure of proof, the Court should grant summary judgement that TP-Link is not entitled to rely on the provisional application dates of its alleged prior art references.



This matters because, for at least fourteen references, TP-Link's failure to prove up provisional priority dates means the references have critical dates after the provisional applications of the Asserted Patents. These references have priority dates falling between the provisional and non-provisional application filing dates for the Asserted Patents. For each of these references, Atlas's expert (Ex. B (Psounis Report)) opined that the Asserted Patents are entitled to claim priority to provisional applications that pre-date the prior art references. For these references, Dr. Hansen does not provide any argument or analysis that the references are entitled to claim priority to filing dates before the dates of Atlas's provisional applications. Because TP-Link's expert did

not include this analysis in his expert report, TP-Link should be precluded from arguing for an earlier priority date at trial.

## II.    BACKGROUND

### A.    Statement of Undisputed Material Facts

1. Atlas accused TP-Link of infringing the following patents: 9,531,520 ("the '520 Patent"); 9,532,187 ("the '187 Patent"); 9,763,259 ("the '259 Patent"); 9,825,738 ("the '738 Patent"); 9,912,513 ("the '513 Patent"); 9,917,679 ("the '679 Patent"); and 10,020,919 ("the '919 Patent") (collectively, the "Asserted Patents"). Dkt. 1.

2. Atlas's Infringement Contentions (served May 4, 2022) identified the priority dates for the Asserted Patents. Ex. C (Infringement Contentions) at 8-10.

3.  For each Asserted Patent, Atlas stated that the patent was entitled to claim priority to at least one provisional application. Ex. C (Infringement Contentions) at 8-10.

4. TP-Link served Interrogatory No. 2, asking Atlas to identify the conception and reduction to practice dates of each asserted claim. Atlas responded on September 26, 2022, identifying the same provisional applications cited in Atlas's infringement contentions. Ex. D (Atlas's Resp. to TP-Link's 1st Rogs) at 5-9.

5. TP-Link served its invalidity report on May 2, 2023. Ex. A (Hansen Report) at 1.

6. Atlas served its rebuttal validity report on May 23, 2023. Ex. B (Psounis Report) at 1.

7. Dr. Psounis's validity report provided analysis for why the Asserted Patents are entitled to claim priority to their earlier provisional applications. Ex. B (Psounis Report) at ¶¶62-68 ('520 Patent), 335-45 ('187 Patent), 873-903 ('259 Patent), 1002-44 ('738 Patent), 1467-99 ('513 Patent), 1795-1831 ('919 Patent).

### i.        The '259 Patent

8. Dr. Hansen contends the asserted claims of the '259 Patent are invalid over Chun 898. Ex. A (Hansen Report) at ¶1564.

9. The '259 Patent's non-provisional U.S. application was filed on September 22, 2015. Dkt. 1, Ex. A ('259 Patent).

10. The '259 Patent claims priority to a provisional application filed on September 23, 2014. Dkt. 1, Ex. A ('259 Patent).

11. Chun 898 refers to U.S. Patent Pub. No. 2017/0033898, which was filed as a PCT application on February 16, 2015. Ex. A (Hansen Report) at ¶1564; Ex. E (Chun 898 Pub.).

12. Dr. Hansen does not offer any analysis or opinion that Chun 898 is entitled to a priority date earlier than February 16, 2015. Ex. A (Hansen Report) at ¶1564.

### ii.        The '520 Patent

13. TP-Link contends the asserted claims of the '520 Patent are invalid over Chun 910. Ex. A (Hansen Report) at ¶154.

14. The '520 Patent's non-provisional U.S. application was filed on March 23, 2016. Dkt. 1, Ex. G ('520 Patent).

15. The '520 Patent claims priority to provisional applications filed on March 23, 2015 and March 30, 2015. Dkt. 1, Ex. G ('520 Patent).

16. Chun 910 was filed as a PCT application on October 27, 2015. Ex. A (Hansen Report) ¶97.

17. Dr. Hansen does not offer any analysis or opinion that Chun 910 is entitled to a priority date earlier than October 27, 2015. Ex. A (Hansen Report) at ¶¶97–102; Ex. B (Psounis Report) at ¶¶181-85.

### iii.    The '187 Patent

18. TP-Link contends the asserted claims of the '187 Patent are invalid over Lee, Choi 701, and Marvell. Ex. A (Hansen Report) at ¶879.

19. The '187 Patent issued on December 27, 2016. Dkt. 1, Ex. H ('187 Patent).

20. The '187 Patent claims priority to a foreign application filed August 11, 2014, and a U.S. provisional application filed March 18, 2015. Dkt. 1, Ex. H ('187 Patent).

21. Lee was published on September 21, 2017 and was filed as a PCT application on July 2, 2015. Ex. A (Hansen Report) at ¶112.

22. Dr. Hansen does not offer any analysis or opinion that Lee is entitled to a priority date earlier than July 2, 2015. Ex. A (Hansen Report) at ¶¶112–15.

23. Choi 701 states that it was filed November 5, 2015, as PCT Application No. PCT/KR2015/011855 and was published November 23, 2017, as US 2017/0339701. Ex. B (Psounis Report) at ¶379.

24. Dr. Hansen does not offer any analysis or opinion that Choi 701 is entitled to a priority date earlier than November 5, 2015. *See, e.g.,* Ex. A (Hansen Report) at ¶879; *see also* Ex. B (Psounis Report) at ¶¶378–79, 383.

25. Marvell bears the date July 12, 2015. Ex. B (Psounis Report) at ¶705.

26. Dr. Hansen does not offer any analysis or opinion that Marvell is entitled to a priority date earlier than July 12, 2015. *See, e.g.,* Ex. A (Hansen Report) at ¶879; *see also* Ex. B (Psounis Report) at ¶¶704–07.

### iv.    The '738 Patent

27. Dr. Hansen contends the asserted claims of the '738 Patent are invalid over Merlin 258, Merlin 690, Vermani 335, and Chu. Ex. A (Hansen Report) at ¶1867.

28. The '738 Patent claims priority to provisional applications filed on April 4, 2014, and April 18, 2014. Dkt. 1, Ex. B ('738 Patent).

29. Merlin 258 is publication of Application No. 14/469,306, which was filed August 26, 2014. Ex. B (Psounis Report) at ¶1088.

30. Dr. Hansen does not offer any analysis or opinion that Merlin 258 is entitled to a priority date earlier than August 26, 2014. Ex. A (Hansen Report) at ¶¶122–25.

31. Dr. Hansen states that Merlin 258 claims priority to a provisional application, but he offers no opinion or analysis that Merlin 258 is entitled to that earlier priority date. Ex. A (Hansen Report) at ¶¶122–25.

32. Merlin 690 is a publication of Application No. 14/258.520, which was filed October 30, 2014. Ex. A (Hansen Report) at ¶88.

33. Dr. Hansen does not offer any analysis or opinion that Merlin 690 is entitled to a priority date earlier than October 30, 2014, again merely stating that Merlin 690 claims priority to an earlier provisional application. Ex. A (Hansen Report) at ¶¶88–93.

34. Vermani 335 was filed in July 2014 and published in January 2015. Ex. B (Psounis Report) at ¶1242.

35. Dr. Hansen's report does not address Vermani 335's publication date or its alleged priority date. *See, e.g.,* Ex. A (Hansen Report) at ¶1867; Ex. B (Psounis Report) at ¶1242.

36. Dr. Hansen states that the Chu U.S. non-provisional application was filed on November 11, 2014. Ex. A (Hansen Report) at ¶106.

37. Dr. Hansen does not offer any analysis or opinion that Chu is entitled to a priority date earlier than November 11, 2014. Ex. A (Hansen Report) at ¶¶106–11.

5

### v.        The '513 Patent

38. Dr. Hansen contends the asserted claims of the '513 Patent are invalid over Rong, Choi 654, and Chun 288. Ex. A (Hansen Report) at ¶2404.

39. The '513 Patent claims priority to a U.S. provisional application filed October 8, 2014. Dkt. 1, Ex. C ('513 Patent).

40. Rong was filed on October 22, 2014. Ex. A (Hansen Report) at ¶117.

41. Dr. Hansen does not offer any analysis or opinion that Rong is entitled to a priority date earlier than October 22, 2014. Ex. A (Hansen Report) at ¶¶117–21.

42. Choi 654 was filed on October 20, 2015. Ex. B (Psounis Report) at ¶1512.

43. Dr. Hansen's report does not address Choi 654's publication date or its alleged priority date. *See, e.g.,* Ex. A (Hansen Report) at ¶2404; Ex. B (Psounis Report) at ¶¶1512.

44. Chun 288 refers to U.S. Patent No. 10,034,288, which was filed as a PCT application on February 16, 2015. Ex. A (Hansen Report) at ¶2404; Ex. F (Chun 288 Patent).

45. Dr. Hansen does not offer any analysis or opinion that Chun 288 is entitled to a priority date earlier than February 16, 2015. *Id.* at ¶2404.

### vi.        The '919 Patent

46. Dr. Hansen contends the asserted claims of the '919 Patent are invalid over Merlin 051 and Chun 388. Ex. A (Hansen Report) at ¶3399.

47. The '919 Patent claims priority to a provisional application filed October 12, 2015. Dkt. 1, Ex. E ('919 Patent).

48. Merlin 051 was filed on February 19, 2016. Ex. B (Psounis Report) at ¶1839.

49. Dr. Hansen does not offer any analysis or opinion that Merlin 051 is entitled to a priority date earlier than February 19, 2016. *See, e.g.,* Ex. A (Hansen Report) at ¶3399; Ex. B (Psounis Report) at ¶1839.

6

50. Chun 388 refers to U.S. Patent No. 10,349,388, which was filed on August 19, 2016. Ex. A (Hansen Report) at ¶3399; Ex. G (Chun 388 Patent).

51. Dr. Hansen does not offer any analysis or opinion that Chun 388 is entitled to a priority date earlier than August 19, 2016. Ex. A (Hansen Report) at ¶3399; Ex. B (Psounis Report) at ¶1862.

### B.      Statement of Issue to be Decided by the Court

**vii.      Whether TP-Link has raised a genuine issue of material fact regarding priority dates earlier than the filing dates for its alleged prior art references.**

TP-Link failed to present any evidence that any of its prior art references are entitled to priority dates earlier than their latest filing dates. The Court should find that TP-Link cannot argue for an earlier priority date for the Chun 288, Chun 388, Chun 898, Chun 910, Lee, Choi 654, Choi 701, Marvell, Merlin 258, Merlin 690, Vermani 335, Chu, Rong, and Merlin 051 references.[1]

### III. LEGAL STANDARDS

### A.      Summary Judgment

Summary judgment is appropriate where the movant has shown there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). No evidence summary judgment is appropriate when the moving party demonstrates an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has demonstrated the absence of evidence, the nonmovant must present affirmative evidence indicating that there is a genuine factual issue. *Anderson v. Liberty*

---

[1] Atlas is not seeking summary judgment that these references are not prior art. Rather, Atlas is seeking to preclude TP-Link from asserting an earlier priority date than the reference's filing date. In essence, Atlas agrees it is a fact issue as to whether the Atlas patents are entitled to the priority date of their provisionals. If not, then these references may be prior art. It is not a fact issue, however, as to whether these prior art references are entitled to the priority date of **their** provisionals, insofar as TP-Link has advanced no such evidence.

*Lobby, Inc.*, 477 U.S. 242, 257 (1986). A party moving for no evidence summary judgment need not "produce evidence showing the absence of a genuine issue of material fact" on issues for which it does not bear the burden of proof. *Celotex*, 477 U.S. at 325.

### B.      Establishing Entitlement to Priority Dates

"A [prior art] reference patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims in the reference patent in compliance with §112." *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1382 (Fed. Cir. 2015). The party asserting invalidity bears the burden of proving the provisional provides written description support for the claims of the prior art reference. *Id.* at 1381. To satisfy the written description requirement of §112, the description must "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). "Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *PowerOasis Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008).

## IV.    ANALYSIS

### A.      TP-Link is Aware of Atlas's Priority Date Arguments

TP-Link has had notice of Atlas's position regarding the priority dates of the Asserted Patents since the beginning of this litigation. Atlas first identified the provisional application filing dates as the priority dates for each Asserted Patent in its Patent Rule 3-1(e) disclosures. Ex. C (Infringement Contentions) at 8–10. Atlas again identified those same dates, along with conception and reduction to practice evidence, in its response to TP-Link's first set of interrogatories. Ex. D (Atlas's Resp. to TP-Link's 1st Rogs) at 5–9. Should TP-Link attempt to argue it was unaware of

Atlas's priority arguments prior to expert reports, that argument is contradicted by the proceedings in this case.

**B.      TP-Link Cannot Meet its Burden of Proof to Show Earlier Priority Dates for its Alleged Prior Art References**

There is no evidence in the record that the prior art references are entitled to their provisional application priority dates. For each of these prior art references, Dr. Hansen cites (or impliedly relies on without citing) the prior art references' provisional application date, but he does not provide any analysis or opinion that the provisional provides written description support of the claims of the references. *See L.A. Biomedical Research Inst. v. Eli Lilly & Co.*, 849 F.3d 1049, 1057 (Fed. Cir. 2017) ("In order for a patent to be entitled to priority based on an earlier application or chain of applications, each previous application in the chain must comply with the written description requirement of 35 U.S.C. §112(a)."). Dr. Hansen therefore fails to show that any of these references are entitled to a priority date earlier than their filing dates. *See Dynamic Drinkware*, 800 F.3d at 1378. For example, Dr. Hansen's priority analysis for the Chun 910 reference (for the '520 Patent) is limited to the paragraph below:

> **E.      U.S. Patent Publication 2017/0338910 ("Chun")**
>
> 97.      U.S. Patent Pub. No. 2017/0338910 to Chun et al. ("Chun"), claimed priority to a provisional application filed on October 27, 2014 and a PCT application filed on October 27, 2015, filed on April 27, 2017, and published on November 23, 2017. Chun indicates that the application was assigned to LG Electronics Inc.

Ex. A (Hansen Report) at ¶97. In contrast, for the Asserted Patents, Dr. Psounis provided a lengthy, claim-by-claim analysis of why each patent was entitled to claim priority to each provisional application. Ex. B (Psounis Report) at ¶¶62-68 ('520 Patent), 335-45 ('187 Patent), 873-903 ('259 Patent), 1002-44 ('738 Patent), 1467-99 ('513 Patent), 1795-1831 ('919 Patent). As an example,

the pages below contain Dr. Psounis's analysis for why the '520 Patent is entitled to claim priority to its two provisional applications:



*Id.* at ¶¶61-68.

For the references listed below, TP-Link should be precluded from arguing the reference is entitled to a priority date that precedes its filing date. *See Tech Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008).

### 1. Choi 701 ('187 Patent)

Choi 701 was filed on November 5, 2015 and published on November 23, 2017. Ex. B (Psounis Report) at ¶379. Dr. Hansen does not provide any opinion or analysis that Choi 701 is entitled to claim priority to an earlier date. Ex. A (Hansen Report) at ¶879. Dr. Hansen simply states that Choi 701 is prior art to the '187 Patent. *Id.*; Ex. B (Psounis Report) at ¶¶378-383. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Choi 701 is entitled to any priority date earlier than November 5, 2015.

### 2. Choi 654 ('513 Patent)

Choi 654 was filed on October 20, 2015 and published on March 10, 2016. Ex. B (Psounis Report) at ¶1512. Dr. Hansen does not provide any opinion or analysis that Choi 654 is entitled to claim priority to an earlier date. Ex. A (Hansen Report) at ¶2404. Dr. Hansen simply states that

Choi 654 is prior art to the '2404 Patent. *Id.*; Ex. B (Psounis Report) at ¶1512. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Choi 654 is entitled to any priority date earlier than October 20, 2015.

### 3.    Chu ('738 Patent)

Chu's U.S. non-provisional application was filed on November 11, 2014. Ex. A (Hansen Report) at ¶106. Dr. Hansen does not offer any analysis or opinion that Chu is entitled to a priority date earlier than November 11, 2014. Ex. A (Hansen Report) at ¶¶106–11, 1867. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Chu is entitled to any priority date earlier than November 11, 2014.

### 4.    Chun 898 ('259 Patent)

Chun 898 was filed as a PCT application on February 16, 2015. Ex. E (Chun 898 Pub.). Dr. Hansen does not offer any analysis or opinion that Chun 898 is entitled to a priority date earlier than February 16, 2015. Ex. A (Hansen Report) at ¶1564; Ex. B (Psounis Report) at ¶911. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Chun 898 is entitled to any priority date earlier than February 16, 2015.

### 5.    Chun 288 ('513 Patent)

Chun 288 was filed as a PCT application on February 16, 2015. Ex. F (Chun 288 Patent). Dr. Hansen does not offer any analysis or opinion that Chun 288 is entitled to a priority date earlier than February 16, 2015. Ex. A (Hansen Report) at ¶2404; Ex. B (Psounis Report) at ¶1522. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Chun 288 is entitled to any priority date earlier than February 16, 2015.

### 6.    Chun 910 ('520 Patent)

Chun 910 was filed as a PCT application on October 27, 2015. *See* Ex. B (Psounis Report) at ¶¶181-85. Dr. Hansen does not offer any analysis or opinion that Chun 910 is entitled to a priority

date earlier than October 27, 2015. Ex. A (Hansen Report) at ¶¶97–102, 154; Ex. B (Psounis Report) at ¶¶181-85. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Chun 910 is entitled to any priority date earlier than October 27, 2015.

### 7.    Chun 388 ('919 Patent)

Chun 388 was filed on August 19, 2016. Ex. G (Chun 388 Patent). Dr. Hansen does not offer any analysis or opinion that Chun 388 is entitled to a priority date earlier than August 19, 2016. Ex. A (Hansen Report) at ¶3399; Ex. B (Psounis Report) at ¶1862. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Chun 388 is entitled to any priority date earlier than August 19, 2016.

### 8.    Lee ('187 Patent)

Lee was published on September 21, 2017 and filed as a PCT application on July 2, 2015. Ex. A (Hansen Report) at ¶112. Lee claims priority to three provisional applications filed in summer 2014, but Dr. Hansen does not provide any opinion or analysis that Lee is entitled to claim priority to those provisional applications. *See id*. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Lee is entitled to any priority date earlier than July 2, 2015.

### 9.    Marvell ('187 Patent)

Marvell bears the date July 12, 2015. Ex. B (Psounis Report) at ¶705. Dr. Hansen does not offer any analysis or opinion that Marvell is entitled to a priority date earlier than July 12, 2015. *See, e.g.,* Ex. A (Hansen Report) at ¶879; *see also* Ex. B (Psounis Report) at ¶¶704–07. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Marvell entitled to any priority date earlier than July 12, 2015.

### 10.    Merlin 051 ('919 Patent)

Merlin 051 was filed on February 19, 2016. Ex. B (Psounis Report) at ¶1839. Dr. Hansen does not offer any analysis or opinion that Merlin 051 is entitled to a priority date earlier than February 19, 2016. *See, e.g.,* Ex. A (Hansen Report) at ¶3399; Ex. B (Psounis Report) at ¶1839. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Merlin 051 is entitled to any priority date earlier than February 19, 2016.

### 11.    Merlin 258 ('738 Patent)

Merlin 258 is a publication of an application that was filed on August 26, 2014. Ex. B (Psounis Report) at ¶1088. Dr. Hansen states that Merlin 258 "was filed on August 26, 2014 and claims priority to a provisional application filed on August 28, 2013." *Id*. at ¶122. Dr. Hansen does not opine that Merlin 258 is entitled to this provisional application filing date, nor does he offer *any* evidence establishing that Merlin 258 is entitled to the provisional August 2013 filing date. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Merlin 258 is entitled to any priority date earlier than August 26, 2014.

### 12.    Merlin 690 ('738 Patent)

Merlin 690 is a publication of an application that was filed on October 30, 2014. Ex. A (Hansen Report) at ¶88. Dr. Hansen does not offer any analysis or opinion that Merlin 690 is entitled to a priority date earlier than October 30, 2014. Ex. A (Hansen Report) at ¶¶88–93, 1867. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Merlin 690 is entitled to any priority date earlier than October 30, 2014.

### 13.    Rong ('513 Patent)

Rong was filed on October 22, 2014. Ex. A (Hansen Report) at ¶117. Dr. Hansen does not offer any analysis or opinion that Rong is entitled to a priority date earlier than October 22, 2014. Ex. A (Hansen Report) at ¶¶117–21, 2404. The Court should therefore grant summary judgment

13

that TP-Link is precluded from arguing Rong is entitled to any priority date earlier than October 22, 2014.

### 14.    Vermani 335 ('738 Patent)

Vermani 335 was filed in July 2014 and published in January 2015. Ex. B (Psounis Report) at ¶1242. Dr. Hansen's report does not address Vermani 335's publication date or its alleged priority date. *See, e.g.,* Ex. A (Hansen Report) at ¶1867; Ex. B (Psounis Report) at ¶1242. The Court should therefore grant summary judgment that TP-Link is precluded from arguing Vermani 335 is entitled to any priority date earlier than July 2014.

## V.    CONCLUSION

TP-Link has not provided any evidence that the alleged prior art references discussed above are actually entitled to their provisional application dates, because TP-Link has failed to show that any of the provisional applications provide written description support for the claims of the later patent or publication. The Court should preclude TP-Link from arguing for a priority date earlier than the reference's filing date, because TP-Link did not make a *prima facie* showing that any of these references are supported by an earlier provisional application.

Dated: June 8, 2023

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

15

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Atlas Global Technologies*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served to all counsel of record via CM/ECF.

/s/ *Blaine Larson*
Blaine Larson


**CERTIFICATE OF CONFERNECE**

The undersigned hereby certifies that prior to filing this motion, lead and local counsel for

Atlas conferred by phone with lead and local counsel for TP-Link. This motion is opposed.

/s/ *Blaine Larson*
Blaine Larson