# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00430-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP-LINK INTERNATIONAL LTD., | |
| Defendants. | |

**ATLAS'S P.R. 3-1 DISCLOSURE OF ASSERTED CLAIMS AND
INFRINGEMENT CONTENTIONS AND P.R. 3-2 DOCUMENT PRODUCTION**

Pursuant to Patent Rules 3-1 and 3-2 and the Court's Order regarding scheduling (Dkt. No. 25), Plaintiff Atlas Global Technologies LLC ("Atlas") hereby provides its Disclosure of Asserted Claims and Infringement Contentions and its Document Production Accompanying Disclosure against Defendants TP-Link Technologies Co., Ltd, TP-Link Corporation Ltd., and TP-Link International Ltd. ("TP-Link" or "Defendants").

Atlas presents these Infringement Contentions based on its analysis of the facts currently known based on its review of certain publicly available information. Atlas reserves the right to amend or further supplement these disclosures—including to supplement its infringement contentions pursuant to P.R. 3-6—with additional information learned in the course of discovery or further investigation concerning TP-Link's products or services.

## I.    Atlas's P.R. 3-1 Disclosures

### A.    P.R. 3-1(a): Infringed Claims

Subject to ongoing discovery and investigation, and based on present information and belief, Atlas asserts that TP-Link infringes the following claims (collectively, "the Asserted Claims"):

- Claims 1-6, 8-16, and 18-20 of U.S. Patent No. 9,531,520 ("the '520 Patent");

- Claims 1-14 of U.S. Patent No. 9,532,187 ("the '187 Patent");

- Claims 1-7 and 18 of U.S. Patent No. 9,763,259 ("the '259 Patent");

- Claims 1-16 of U.S. Patent No. 9,825,738 ("the '738 Patent");

- Claims 1-19 of U.S. Patent No. 9,912,513 ("the '513 Patent");

- Claims 1-10 of U.S. Patent No. 9,917,679 ("the '679 Patent");

- Claims 1-9 and 11-19 of U.S. Patent No. 10,020,919 ("the '919 Patent"); and

- Claims 1-5, 7-9, and 14-15 of U.S. Patent No. 10,756,851 ("the '851 Patent").

1

Atlas reserves the right to supplement the Asserted Claims following further discovery and/or claim construction.

### B.    P.R. 3-1(b): Accused Instrumentalities

Subject to ongoing discovery and investigation, and based on present information and belief, the Accused Instrumentalities are TP-Link's Wi-Fi 6 devices that comply with the 802.11ax-2021 Wi-Fi 6 Standard, including its Wi-Fi 6 access points and Wi-Fi 6 stations.  The following is a non-exhaustive listing of TP-Link's Accused Instrumentalities based on publicly-available information, but this listing will necessarily be incomplete as TP-Link continues to introduce new Wi-Fi 6 devices:

| Products | |
|---|---|
| Archer AX10 | Deco X90 |
| Archer AX20 | EAP610 |
| Archer AX21 | EAP615 |
| Archer AX23 | EAP620 HD |
| Archer AX50 | EAP660 HD |
| Archer AX53 | EAP670 |
| Archer AX55 | EX220 |
| Archer AX72 | EX221 |
| Archer AX73 | EX223 |
| Archer AX90 | EX420 |
| Archer AX1500 | EX440 |
| Archer AX1800 | EX510 |
| Archer AX3000 | HX220 |
| Archer AX3200 | HX440 |
| Archer AX3600 | HX510 |
| Archer AX4400 | NX440 |
| Archer AX5400 | RE500X |
| Archer AX6000 | RE505X |

| Archer AX11000 | RE600X |
|---|---|
| Archer GX90 | RE603X |
| Deco W3600 | RE605X |
| Deco W7200 | RE700X |
| Deco X20 | TX50E |
| Deco X60 | TX3000E |
| Deco X68 | TXE75E |

https://www.wi-fi.org/product-finder-results?sort_by=default&sort_order=desc&capabilities= 189&companies=606; https://www.tp-link.com/us/home-networking/wifi-router/?filterby=5730; ATLAS-TPL-00000001 to ATLAS-TPL-00000382.

Examples of TP-Link's Wi-Fi 6 products are shown below from TP-Link's website:





3



**Archer AX21**

AX1800 Dual-Band Wi-Fi 6 Router



**Archer AX1800**

AX1800 Dual-Band Wi-Fi 6 Router



**Archer AX20**

AX1800 Dual-Band Wi-Fi 6 Router



Deco X20 (3-Pack)
**Deco WiFi AX1800 (WiFi 6)**

MSRP $249.99

-Dual-band up to 1.8 Gbps
-Up to 5,800 sq. ft.
-No-Drop WiFi[1]



Deco X60 (3-Pack)
**Deco WiFi AX3000 (WiFi 6)**

MSRP $279.99

-Dual-band up to 3 Gbps
-Up to 7,000 sq. ft.
-TP-Link HomeCare[TM]



Deco X90 (2-Pack)
**Deco WiFi AX6600**

MSRP $449.99

-Tri-band up to 6.6 Gbps
-Up to 6,000 sq. ft.
-AI-Driven Mesh



**RE505X**

AX1500 Wi-Fi 6 Range Extender



**RE500X**

AX1500 Wi-Fi Range Extender



**RE650**

AC2600 Wi-Fi Range Extender

4

https://www.tp-link.com/us/home-networking/wifi-router/?filterby=5730; https://www.tp-link.com/us/deco-mesh-wifi/; https://www.tp-link.com/us/home-networking/all-network-expansion/

TP-Link both directly and indirectly infringes each of the Asserted Claims. TP-Link directly infringes the asserted method claims by using the Accused Instrumentalities in the United States without a license. TP-Link directly infringes the asserted apparatus claims by making, using, selling, offering to sell, and/or importing the Accused Instrumentalities in the United States without a license.

TP-Link also indirectly infringes the asserted method claims by inducing third parties—including TP-Link's customers and end-users of TP-Link's products—to use the TP-Link Accused Instrumentalities in the United States in an infringing manner, as directed and instructed by TP-Link. TP-Link also indirectly infringes the asserted apparatus claims by inducing others to make, use, sell, offer to sell, and/or import the Accused Instrumentalities in the United States in an infringing manner, as directed and instructed by TP-Link.

For example, TP-Link tells its customers that "Wi-Fi 6 is the next generation standard in WiFi technology" and it "builds and improves on the current 802.11ac WiFi Standard." https://www.tp-link.com/us/wifi6/. According to TP-Link "Wi-Fi 6 is designed to improve speed, increase efficiency and reduce congestion in heavy bandwidth usage scenarios." *Id.* TP-Link has also stated: "If you own a VR device, multiple smart home devices, or simply have a large number of devices in your household, then a Wi-Fi 6 router might just be the best Wi-Fi router for you." *Id.* Key benefits of Wi-Fi 6 include "a virtually flawless smart home experience," "improv[ed] raw speeds by 25% compared to 802.11ac 256-QAM," "increased efficiency," and "vast improvement in efficiency works for both uploads and downloads." *Id.* TP-Link also

indicated that Wi-Fi 6 is "[t]he future of home Wi-Fi." https://www.tp-link.com/us/wifi6/best-wifi6-router/. TP-Link indicates that Wi-Fi 6 produces "3X faster speeds," "4x higher capacity" and "greater efficiency" than the legacy versions of Wi-Fi, and provides "the foundation of your smart home." *Id.* According to TP-Link, Wi-Fi 6 provides "increased efficiency with OFDMA," will "connect to more devices simultaneously," and operates to "minimize WiFi conflicts with your neighbor." https://www.tp-link.com/us/wifi6/. TP-Link touts these and other benefits to users looking for a new router.  TP-Link's user manuals and technical support also instruct customers and end users how to configure the Accused Instrumentalities to form and/or connect to Wi Fi 6 networks; once complete, they will automatically implement the WiFi 6 standard to infringe based on the hardware and software provided by TP-Link.  Further evidence that TP-Link induces its customers to infringe, including via promoting its products' Wi-Fi 6 functionality on its website and via obtaining Wi-Fi 6 certification, can be found in this production: ATLAS-TPL-00000001 to ATLAS-TPL-00000382.

Atlas reserves the right to supplement its infringement contentions to identify additional products and/or services, if necessary, when it is provided with non-public documents and/or source code from third parties and/or TP-Link via the discovery process.

### C.    P.R. 3-1(c): Preliminary Infringement Charts

Subject to ongoing discovery and investigation, and based on present information and belief, Atlas contends that each element of each infringed claim is found within each Accused Instrumentality as shown in the infringement charts attached as Exhibits A to H.  Atlas's identification in the claim charts is exemplary and based upon public information currently available to Atlas.

These disclosures, including Exhibits A to H, are based on the present state of Atlas's knowledge, without the benefit of any discovery.  Atlas's investigation is ongoing, and no

6

*Markman* order has been entered in this action.  Atlas reserves all rights to supplement, amend, and/or otherwise modify its infringement contentions.

The parties have not exchanged claim terms or proposed claim constructions, TP-Link has not served its preliminary invalidity contentions and accompanying production, and the *Markman* hearing date is yet to be determined.  Atlas is not required to disclose claim construction positions at this time, and does not. These disclosures, inclusive of Exhibits A to H, should not be construed as setting forth Atlas's claim construction positions. To the extent TP-Link asserts that a particular Atlas claim construction position is implied by these disclosures, including Exhibits A to H, Atlas denies and objects to any such assertion.  Atlas reserves all rights to modify its claim construction positions.

**D.**     **P.R. 3-1(d): Literal Infringement and Infringement Under the Doctrine of Equivalents**

Subject to ongoing discovery and investigation, and based on available information obtained to date, Atlas contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A to H unless otherwise stated in that exhibit. As indicated above, discovery is necessary to further develop Atlas's infringement positions—either literal or under the Doctrine of Equivalents—and the Court has yet to issue a claim construction order. Pursuant to P.R. 3-6, Atlas expressly reserves the right to amend and supplement its position on whether there is infringement under the Doctrine of Equivalents of any element of any asserted claim after further discovery from TP-Link (and/or third parties) and/or pending this Court's claim construction order.

7

**E.    P.R. 3-1(e): Priority Dates**

These initial disclosures are based on the present state of Atlas's knowledge.  Atlas's investigation is ongoing, and Atlas reserves all rights to modify the positions taken in these initial disclosures.

### 1.    U.S. Patent No. 9,531,520 ("the '520 Patent")

The '520 Patent was filed on March 23, 2016 as Application No. 15/078,920 and claims the benefit of U.S. Provisional Application No. 62/140,349, filed on March 30, 2015, and U.S. Provisional Application No. 62/137,138, filed on March 23, 2015. Based on information currently available to Atlas, the earliest priority date for the '520 Patent is March 23, 2015 and/or March 30, 2015.

### 2.    U.S. Patent No. 9,532,187 ("the '187 Patent")

The '187 Patent was filed on August 11, 2015 as Application No. 14/823,524 and claims the benefit of U.S. Provisional Application No. 62/135,094, filed on March 18, 2015, and Korean Patent Application No. 10-2014-0103275, filed August 11, 2014.  Based on information currently available to Atlas, the earliest priority date for the '187 Patent is August 11, 2014.

### 3.    U.S. Patent No. 9,763,259 ("the '259 Patent")

The '259 Patent was filed on September 22, 2015 as Application No. 14/862,078 and claims the benefit of Korean Patent Application No. 10-2015-0116576, filed on August 19, 2015, and U.S. Provisional Application No. 62/054,270, filed on September 23, 2014.  Based on information currently available to Atlas, the earliest priority date for the '259 Patent is September 23, 2014.

### 4.    U.S. Patent No. 9,825,738 ("the '738 Patent")

The '738 Patent was filed on April 3, 2015 as Application No. 14/678,724 and claims the benefit of U.S. Provisional Application No. 61/981,427, filed on April 18, 2014, and U.S. Provisional Application No. 61/975,622, filed on April 4, 2014. Based on information currently available to Atlas, the earliest priority date for the '738 Patent is April 4, 2015 and/or April 18, 2015.

### 5.    U.S. Patent No. 9,912,513 ("the '513 Patent")

The '513 Patent was filed on July 6, 2016 as Application No. 15/203,717 as a continuation of Application No. 14/868,303, filed on September 28, 2015 (which resulted in U.S. Patent No. 9,413,581), and further claims the benefit of U.S. Provisional Application No. 62/061,503, filed on October 8, 2014. Based on information currently available to Atlas, the earliest priority date for the '513 Patent is October 8, 2014.

### 6.    U.S. Patent No. 9,917,679 ("the '679 Patent")

The '679 Patent was filed on November 3, 2015 as Application No. 14/931,753 and claims the benefit of U.S. Provisional Application No. 62/080,026, filed on November 14, 2014, and U.S. Provisional Application No. 62/074,514, filed on November 3, 2014. Based on information currently available to Atlas, the earliest priority date for the '679 Patent is November 3, 2014 and/or November 14, 2014.

### 7.    U.S. Patent No. 10,020,919 ("the '919 Patent")

The '919 Patent was filed on April 25, 2017 as Application No. 15/497,094 as a continuation of Application No. 15/291,947, filed on October 12, 2016 (which resulted in U.S. Patent No. 9,667,394), and further claims the benefit of U.S. Provisional Application No. 62/333,192, filed on May 7, 2016, U.S. Provisional Application No. 62/333,077, filed on May 6,

2016, U.S. Provisional Application No. 62/331,380, filed on May 3, 2016, and U.S. Provisional Application No. 62/240,419, filed on October 12, 2015.  Based on information currently available to Atlas, the earliest priority date for the '919 Patent is October 12, 2015, May 3, 2016, May 6, 2016, and/or May 7, 2016.

### 8. U.S. Patent No. 10,756,851 ("the '851 Patent")

The '851 Patent was filed on November 28, 2018 as Application No. 16/203,501 as a continuation of Application No. 15/151,433, filed on May 10, 2016 (which resulted in U.S. Patent No. 10,181,930), and further claims the benefit of U.S. Provisional Application No. 62/193,305, filed on July 16, 2015, U.S. Provisional Application No. 62/191,623, filed on July 13, 2015, U.S. Provisional Application No. 62/160,527, filed on May 12, 2015, and U.S. Provisional Application No. 62/159,346, filed on May 10, 2015.  Based on information currently available to Atlas, the earliest priority date for the '851 Patent is May 10, 2015, May 12, 2015, July 13, 2015, and/or July 16, 2015.

### F. P.R. 3-1(f): Right to Rely on Plaintiff's Own Instrumentality

Atlas does not contend that it practices the Asserted Claims.

## II. Atlas's P.R. 3-2 Document Production Accompanying Disclosure

In producing the accompanying documents, Atlas does not admit or concede the relevancy, materiality, authenticity, or admissibility as evidence of any of these documents.  All objections to the use, at trial or otherwise, of any document produced are hereby expressly reserved, and Atlas objects to the production of any documents protected by the attorney-client privilege, the work-product doctrine, or any other immunities from discovery.

Atlas makes these disclosures without the benefit of discovery.  Further, Atlas's investigation is ongoing.  Atlas produces these documents without prejudice to its right to

produce additional documents after considering documents obtained and reviewed throughout discovery and further investigation.

### A.    Documents Responsive to P.R. 3-2(a)

Atlas does not presently possess any relevant, non-privileged documents responsive to P.R. 3-2(a). Atlas will supplement this response should any relevant, non-privileged documents be identified in the future.

### B.    Documents Responsive to P.R. 3-2(b)

The following documents evidence the conception, reduction to practice, design, and development of the inventions in the Asserted Claims and were created on or before the date of application for the asserted patents and/or the priority dates identified pursuant to P.R. 3-1(e) above: ATLAS-00004101-00004261 ('520); ATLAS-00004490-00004619 ('187); ATLAS-00008764-00008980 ('259); ATLAS-00013749-00013899 ('738); ATLAS-00014361-00014729 ('513); ATLAS-00018813-00019944 ('679); ATLAS-00019278-00019944 ('919); and ATLAS-00020585-00021067 ('851).

### C.    Documents Responsive to P.R. 3-2(c)

Pursuant to P.R. 3-2(c), a copy of the file histories of the asserted patents has been produced at: ATLAS-00000034-00004100 ('520); ATLAS-00004297-00004489 ('187); ATLAS-00004659-00008763 ('259); ATLAS-00009023-00013748 ('738); ATLAS-00014214-00014360 ('513); ATLAS-00014777-00018812 ('679); ATLAS-00018996-00019277 ('919); and ATLAS-00020389-00020584 ('851).

11

Dated: May 4, 2022

Respectfully submitted,

*/s/ Eric J. Enger*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

12

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

13