# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00430-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LTD, and TP-LINK INTERNATIONAL LTD., | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Atlas Global

Technologies, LLC ("Atlas") hereby objects and responds to Defendants TP-Link Technologies

Co., Ltd., TP-Link Corporation Limited and TP-Link International Ltd. (collectively, "TP-Link"

or "Defendants") First Set of Interrogatories (Nos. 1-17), dated August 26, 2022.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

The following apply to each of Atlas's specific responses and are incorporated into those

responses.

1.      Atlas objects to the definition of "Accused Products" as overbroad and not

proportional to the needs of the case to the extent it refers to anything other than the

instrumentalities that Atlas accuses in its operative infringement contentions in this case.

2.      Atlas objects to the definitions of "Atlas," "You," and "Your" to the extent they are

used to seek information outside of Atlas's custody and control.  Atlas will respond for the named

plaintiff in this case, including, where appropriate, the agents, representatives, officers, directors,

1

and employees of those named defendants.  But Atlas will not respond based on information held by other entities or individuals because doing so would be unreasonably burdensome and such a request is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Atlas objects to the definition of "Communications" to the extent it refers to email or electronically stored information (ESI). Pursuant to the Court's Model Order Regarding E-Discovery In Patent Cases, such information must be requested by specific e-mail production requests.

4.      Atlas objects to the definition of "Document" as overbroad and not proportional to the needs of the case to the extent it requests information equally available to Defendants or information no longer in Atlas's possession, custody, or control.

5.      Atlas objects to the definition of "Infringement Contentions" as overbroad and not proportional to the needs of the case to the extent it refers to anything other thand Atlas's operative infringement contentions in this case.

6.      Atlas objects to the definition of "Prior Art" as vague and otherwise improper to the extent it calls for Atlas to reach a legal conclusion as to its intended scope.

7.      Atlas objects to the definition of "Related Patents" as vague, overbroad, and not proportional to the needs of the case. The'259 Patent, '738 Patent, '513 Patent, '679 Patent, '919 Patent, '851 Patent, '520 Patent, and '187 Patent are the only patents that Atlas contends Defendants have infringed in any way.

8.      Atlas objects to the definition of "relating to," "related to," and/or "concerning." Defendants offer two distinct definitions for these terms, one of which consists of almost 20 synonymous terms that are vague, ambiguous, and do not lend themselves to an objective

2

determination of whether information is responsive to any given request. Atlas will interpret these terms to refer to information that directly relates to, discusses, or refers to the subject matter.

9.      Atlas objects to Instruction Nos. 1–9 as overbroad and unduly burdensome to the extent they impose obligations on Atlas beyond those required by the Federal Rules of Civil Procedure, the Local Rules, the Local Patent Rules, or the Court's Discovery Order (Dkt. No. 41).

10.     In providing these responses, Atlas does not waive nor intend to waive, but to the contrary preserves and intends to preserve, all objections as to the competency, relevancy, materiality, privilege, immunity, and admissibility as evidence of the interrogatories, their subject matter, and Atlas's responses.

11.     No incidental or implied admissions are intended by the responses herein. The fact that Atlas has responded to any interrogatory should not be taken as an admission that Atlas accepts or admits the existence of any "fact" set forth or assumed by such interrogatory. That Atlas has responded to all or part of any interrogatory is not intended to be, and shall not be construed to be a waiver by Atlas of any objection to any interrogatory or any portion of any interrogatory.

12.     As additional discovery and investigations continue, Atlas reserves its right to amend or supplement these responses in the event that additional information is discovered, or in the event of error, inadvertent mistake, or omission.

December 27, 2021, Atlas and Arris executed a licensing agreement for the Patents-in-Suit with an effective date of December 27, 2021, The following documents evidence those agreements: ATLAS-TPL-00000383 – ATLAS-TPL-00000605.  *See* FRCP 33(d).

Atlas's investigation is ongoing, and Atlas reserves the right to amend or supplement this response to provide additional information in accordance with its obligations under the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Docket Control Order (Dkt. No. 60).

**INTERROGATORY NO. 2:** Separately for each Asserted Claim, describe fully and with particularity the circumstances leading to the alleged invention of the claim, including the earliest date on which You contend the claimed subject matter was conceived, the earliest date on which You contend the claimed subject matter was reduced to practice, the identity of any actual embodiment of each Asserted Claim that was reduced to practice, and any alleged diligence between the asserted conception and reduction to practice dates, as well as a complete and particularized description of the circumstances of its conception, first reduction to practice, and any diligence exhibited by the inventor(s) from the time of its conception until its reduction to practice (e.g., on a claim-by-claim basis, an identification of all Persons who participated in and Documents Concerning the conception, reduction to practice, and/or diligence; on a claim-by-claim basis, a complete and particularized description of each such Person's involvement in the conception, reduction to practice, and/or diligence; and, on a claim-by-claim basis, an identification of all Documents by production number(s) and Persons corroborating these events).

**RESPONSE:** In addition to its General Objections, Atlas specifically objects to this interrogatory as unduly burdensome and disproportional to the needs of the case because, among other reasons, it requires Atlas to identify and describe each and every document that relates to conception, reduction to practice, and diligence. Atlas further objects to this interrogatory as premature. Atlas's validity expert will opine on conception and diligence in reduction to practice in accordance with the Court's Docket Control Order (Dkt. No. 60).

Atlas further objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Atlas will respond only based on non-privileged information. Atlas further objects to this interrogatory

to the extent Defendants assert this constitutes a single interrogatory as it contains multiple discrete subparts, each of which count against Defendants' 35-interrogatory limit under the Court's Discovery Order (Dkt. No. 41).

Subject to these General and Specific Objections, and based on a reasonable investigation, Atlas responds as follows:

**U.S. Patent No. 9,531,520 ("the '520 Patent")** – Inventors Young Hoon Kwon and Ahmad Reza Hedayat conceived of the inventions of each asserted claim while working at Newracom no later than March 20, 2015.  Those inventors diligently worked to constructively reduce those inventions to practice by filing U.S. Provisional Application No. 62/137,138 on March 23, 2015, U.S. Provisional Application No. 62/140,349 on March 30, 2015, and U.S. Non-Provisional Application No. 15/078,920 on March 23, 2016.  The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00004101 – 00004261.  *See* FRCP 33(d).

**U.S. Patent No. 9,532,187 ("the '187 Patent")** – Inventor Yongho Seok conceived of the inventions of each asserted claim while working at Newracom no later than August 11, 2014.  That inventor diligently worked to constructively reduce those inventions to practice by filing Korean Patent Application No. 10-2014-0103275 on August 11, 2014, U.S. Provisional Application No. 62/135,094 on March 18, 2015, and U.S. Non-Provisional Application No. 14/823,524 on August 11, 2015.  The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00004490 – 00004619.  *See* FRCP 33(d).

**U.S. Patent No. 9,763,259 ("the '259 Patent")** – Inventors Yongjin Kwon, Hyungu Park, Jongee Oh, and Inkyeong Choi conceived of the inventions of each asserted claim while working at Newracom no later than September 15, 2014.  Those inventors diligently worked to

6

constructively reduce those inventions to practice by filing U.S. Provisional Application No. 62/054,270 on September 23, 2014, Korean Patent Application No. 10-2015-0116576 on August 19, 2015, and U.S. Non-Provisional Application No. 14/862,078 on September 22, 2015. The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00008764 – 00008980. *See* FRCP 33(d).

**U.S. Patent No. 9,825,738 ("the '738 Patent")** – Inventors Yongjin Kwon, Jong-ee Oh, Hyungu Park, Je-Hun Lee, Hong Soog Kim, Heejung Yu, Minho Cheong, and Hyoung Jin Kwon conceived of the inventions of each asserted claim while working at Newracom no later than April 4, 2014. Those inventors diligently worked to constructively reduce those inventions to practice by filing U.S. Provisional Application No. 61/975,622 on April 4, 2014, U.S. Provisional Application No. 61/981,427 on April 18, 2014, and U.S. Non-Provisional Application 14/678,724 on April 3, 2015. The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00013749-00013899. *See* FRCP 33(d).

**U.S. Patent No. 9,912,513 ("the '513 Patent")** – Inventor Younghoon Kwon conceived of the inventions of each asserted claim while working at Newracom no later than late September 2014. That inventor diligently worked to constructively reduce those inventions to practice by filing U.S. Provisional Application No. 62/061,503 on October 8, 2014, U.S. Non-Provisional Application No. 14/868,303 on September 28, 2015, and U.S. Non-Provisional Application No. 15/203,717 on July 6, 2016. The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00014361 – 00014729. *See* FRCP 33(d).

**U.S. Patent No. 9,917,679 ("the '679 Patent")** – Inventor Yongho Seok conceived of the inventions of each asserted claim while working at Newracom no later than November 3, 2014. That inventor diligently worked to constructively reduce those inventions to practice by filing U.S.

Provisional Application No. 62/074,514 on November 3, 2014, U.S. Provisional Application No. 62/080,026 on November 14, 2014, and U.S. Non-Provisional Application No. 14/931,753 on November 3, 2015.  The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00018813-00019944.  *See* FRCP 33(d).

**U.S. Patent No. 10,020,919 ("the '919 Patent")** – Inventors Dae Won Lee, Young Hoon Kwon, Yujin Noh, Sungho Moon, and Ahmad Reza Hedayat conceived of the inventions of each asserted claim while working at Newracom no later than October 9, 2015.  Those inventors diligently worked to constructively reduce those inventions to practice by filing U.S. Provisional Application No. 62/240,419 on October 12, 2015, U.S. Provisional Application No. 62/331,380 on May 3, 2016, U.S. Provisional Application No. 62/333,077 on May 6, 2016, U.S. Provisional Application No. 62/333,192 on May 7, 2016, U.S. Non-Provisional Application No. 15/291,947 on October 12, 2016, and U.S. Non-Provisional Application No. 15/497,094 on April 25, 2017. The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00019278-00019944.  *See* FRCP 33(d).

**U.S. Patent No. 10,756,851 ("the '851 Patent")** – Inventor Ahmad Reza Hedayat conceived of the inventions of each asserted claim while working at Newracom no later than May 10, 2015.  That inventor diligently worked to constructively reduce those inventions to practice by filing U.S. Provisional Application No. 62/159,346, filed on May 10, 2015, U.S. Provisional Application No. 62/160,527 on May 12, 2015, U.S. Provisional Application No. 62/191,623 on July 13, 2015, U.S. Provisional Application No. 62/193,305 on July 16, 2015, U.S. Non-Provisional Application No. 15/151,433 on May 10, 2016, and U.S. Non-Provisional Application No. 16/203,501 on November 28, 2018.  The following documents evidence the conception, diligence, and reduction to practice: ATLAS-00020585-00021067.  *See* FRCP 33(d).

Atlas's investigation is ongoing, and Atlas reserves the right to amend or supplement this response to provide additional information in accordance with its obligations under the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Docket Control Order (Dkt. No. 60).

**INTERROGATORY NO. 3:** Separately for each claim element of each Asserted Claim, as identified by You in each exhibit to Your Infringement Contentions, identify with particularity any and all portion(s) of any patent specification(s), using column and line numbers of the patent and specific references to portions of any applications to which the Patents-in-Suit claim priority, that You contend supports the written description and enablement of each such claim element under 35 U.S.C. § 112(a) and in view of TP-Link's Invalidity Contentions.

**RESPONSE:** In addition to the General Objections, Atlas specifically objects to this interrogatory as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to the discovery of relevant admissible evidence because, among other reasons, it attempts to shift the burden to Atlas to prove validity. Defendants have the burden to prove invalidity by clear and convincing evidence. Atlas further objects to this interrogatory as premature. Atlas's validity expert will opine on written description and enablement in accordance with the Court's Docket Control Order (Dkt. No. 60).

Atlas further to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Atlas will respond only based on non-privileged information. Atlas further objects to this interrogatory to the extent Defendants assert this constitutes a single interrogatory as it contains multiple discrete subparts, each of which count against Defendants' 35-interrogatory limit under the Court's Discovery Order (Dkt. No. 41).

Subject to these General and Specific Objections, and based on a reasonable investigation, Atlas responds as follows:

9

Rules of Civil Procedure, the Court's Local Rules, and the Court's Docket Control Order (Dkt. No. 60).

Dated: September 26, 2022

Respectfully submitted,

*/s/ Eric Enger*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519

45

**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com
eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Atlas Global Technologies*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via email.

/s/ Alejandra C. Salinas
Alejandra C. Salinas

46