# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TP-LINK TECHNOLOGIES CO., LTD.;**<br>**TP-LINK CORPORATION LTD, and TP-**<br>**LINK INTERNATIONAL LTD.;**<br><br>**Defendants.** | **Civil Action No.  2:21-cv-00430**<br><br>Jury Trial Requested |

## PLAINTIFF'S MOTION TO EXCLUDE IN PART THE EXPERT DISCLOSURE AND TESTIMONY OF THOMAS P. MCGAHEE

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................1

STANDARD FOR EXPERT TESTIMONY ADMISSIBILITY ....................................................2

ARGUMENT..............................................................................................................................2

CONCLUSION...........................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharms.*,
509 U.S. 579 (1993)......................................................................................................2

*Evolved Wireless, LLC v. Apple Inc.*,
2019 WL 1178517 (D. Del. Mar. 13, 2019) ........................................................3, 5

*Fidelity Nat'l Title Ins. Co. v. Doubletree Partners, L.P.*,
866 F.Supp.2d 604 (E.D. Tex. 2011)............................................................................3

*Genband US LLC v. Metaswitch Networks Corp.*,
No. 2:14-cv-33-JRG-RSP, 2016 WL 7645444 (E.D. Tex. Jan. 8, 2016) ..................2

*Goodman v. Harris Cnty.*,
571 F.3d 388 (5th Cir. 2009) .......................................................................................2

*Hillwood Enters., L.P. v. Intel Corp.*,
2009 WL 3008082 (E.D. Tex. 2009) ...........................................................................3

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)......................................................................................................2

*Metaswitch Networks Ltd. v. Genband US LLC*,
2016 WL 866715 (E.D. Tex. 2016) .............................................................................2

*Microsoft Corp. v. Motorola, Inc.*,
2013 WL 4008822 (W.D. Wash. Aug. 5, 2013).......................................................3, 5

*Ultravision Technologies, LLC v. GoVision LLC*,
2021 WL 2188710 (E.D. Tex. 2021) ...........................................................................3

**Rules**

Fed. R. Evid. 702 ...............................................................................................................2, 5

Plaintiff Atlas Global Technologies LLC ("Atlas") moves to exclude the expert opinions of Thomas P. McGahee related to Atlas' alleged FRAND contractual obligation. Specifically, Dr. McGahee offers various opinions regarding what he believes Atlas' "FRAND terms and conditions" require or entail. What a contract requires, however, is a legal opinion, inappropriate for a damages expert. This Court should thus exclude Dr. McGahee's FRAND opinions.

## BACKGROUND

On May 9, 2023, Defendants TP-Link Technologies Co., Ltd. and TP-Link Corporation Limited (formerly known as TP-Link International Ltd.) (collectively, "TP-Link") served the "Expert Report of Thomas P. McGahee, Ph.D" (hereinafter, the "Opening Report"). ███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ Opening Report ¶ 4.

TP-Link served the Opening Report in support of its ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ *Id.* ¶ 3. Specifically,

as Dr. McGahee explains in the Opening Report, ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ *Id.*

1

On May 23, 2023, TP-Link served the "Rebuttal Expert Report of Thomas P. McGahee, Ph.D" (hereinafter, the "Rebuttal Expert Report").  In the Rebuttal Expert Report, Dr. McGahee evaluated "Atlas's claimed royalty damages," Rebuttal Report ¶ 4, and incorporated his FRAND Opinions from the Opening Report, *id.* ¶¶ 2, 80-81, 113, 128 130, 132, 134.

## STANDARD FOR EXPERT TESTIMONY ADMISSIBILITY

Rule 702 imposes a "special obligation upon a trial judge" to "ensure the reliability and relevancy of expert testimony."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 152 (1999). Courts act as gatekeepers and must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Id.* at 152.

Under Rule 702 and *Daubert*, an expert witness may provide opinion testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 7645444, at *1 (E.D. Tex. Jan. 8, 2016) (citing Fed. R. Evid. 702); *see also Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592–93 (1993).

## ARGUMENT

"[A]n expert may never render conclusions of law."  *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).  Indeed, this Court has repeatedly struck expert opinions that violate that well-settled rule.  *E.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 866715, at *1 (E.D. Tex. 2016) ("The Court is responsible for deciding disputed questions of law, and the Federal

2

Circuit has consistently disfavored reliance on expert testimony as the basis for legal conclusions."); *Ultravision Technologies, LLC v. GoVision LLC*, 2021 WL 2188710, at *3 (E.D. Tex. 2021) (striking an expert report that "crosses the line from factual analysis to legal conclusions").

The construction of a contract and parties' obligations thereunder is one of the legal questions for the court, not expert opinion. *See Fidelity Nat'l Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F.Supp.2d 604, 615 (E.D. Tex. 2011) (holding that expert opinion related to "terms of the contract" was inadmissible because "the interpretation of a contract is a question of law for the Court to decide"); *Hillwood Enters., L.P. v. Intel Corp.,* 2009 WL 3008082, at *4 (E.D. Tex. 2009) (excluding expert because "expert opinion testimony to interpret contract language is inadmissible"). In fact, courts have specifically held that "there is little question that ***statements by an expert witness as to the circumstances under which a patent holder fulfills its RAND obligation is beyond the scope of permissible expert testimony***." *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 4008822, at *14 (W.D. Wash. Aug. 5, 2013) (emphasis added); *Evolved Wireless, LLC v. Apple Inc.*, 2019 WL 1178517, at *6 (D. Del. Mar. 13, 2019) (excluding opinion that plaintiff "was obligated to offer Qualcomm a license" because "the breach of FRAND obligations issue is a matter for determination by the Court").

Despite these prohibitions, Dr. McGahee offers unvarnished legal opinions regarding his interpretation of the applicable FRAND obligations in this case. For example, he states that

Opening Report ¶¶ 42, 64; *see also id.* at ¶ 68

3

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ Dr. McGahee's interpretation of Atlas's contractual

FRAND obligations should be stricken.

The only specific breaches Dr. McGahee points to (1) rest on his interpretation of the

███████████████████████████ and (2) do not require any specialized knowledge, skill,

experience, training, or education that Dr. McGahee has.  Instead, they are a simple application of

his recitation of the evidence (which is unsubstantiated, as addressed in Atlas's Motion for

Summary Judgment on FRAND) to his recitation of the contract's requirements (which are

incorrect and unsubstantiated).  *See e.g.,* at ¶ 42 ██████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████

In fact, Dr. McGahee provides no support in the LOA for his opinion ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████. It is nothing more

than his legal interpretation.  Nor does Dr. McGahee identify any contractual language to support

his criticism of Atlas' royalty rate and discount program as some sort of breach.  Because no such

language exists in either the LOA or the IEEE Bylaws to support any of Dr. McGahee's assertions

of breach in support of TP-Link's Counterclaim or additional criticism of Atlas' conduct in

violation of its alleged contractual obligations, Dr. McGahee's opinions of such obligations and

Atlas' alleged breach of these obligations rests on his extrapolation of contract requirements: a

question of law inappropriate for him to answer.

4

Put simply, Dr. McGahee's breach of FRAND report is based on his normative, legal opinions about FRAND contractual requirements. Those opinions, and the subsequent opinions about whether Atlas breached such an interpretation of FRAND that they are based on, are improper, irrelevant, and unhelpful to the jury under Rule 702. This Court should exclude his opinions. *See Microsoft*, 2013 WL 4008822, at *14; *Evolved Wireless*, 2019 WL 1178517, at *6.

## CONCLUSION

Accordingly, for reasons set forth above, Atlas asks the Court to exclude the identified testimony of Dr. McGahee.

5

Dated: June 8, 2023

Respectfully submitted,

*/s/ Max L. Tribble*

Max L. Tribble Jr.
Texas Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
Alejandra C. Salinas
Texas Bar No. 24102452
asalinas@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
Oleg Elkhunovich
CA State Bar No. 269238
oelkhunovich@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Alden G. Harris
Texas Bar No. 24083138
aharris@hpcllp.com
William B. Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**

6

1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***

7

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 8, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

/s/ Alejandra C. Salinas
Alejandra C. Salinas

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that prior to filing this motion, lead and local counsel for Atlas conferred by phone with lead and local counsel for TP-Link. This motion is opposed.

/s/ Alejandra C. Salinas
Alejandra C. Salinas

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that this document contains material designated under the Protective Order (Dkt. 55).

/s/ Alejandra C. Salinas
Alejandra C. Salinas