**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **TP-LINK TECHNOLOGIES CO., LTD.; TP-LINK CORPORATION LTD; and TP-LINK INTERNATIONAL LTD.;** <br><br> **Defendants.** | **Civil Action No.  2:21-cv-00430** <br><br> Jury Trial Requested |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIM

**TABLE OF CONTENTS**

STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................1

STANDARD OF REVIEW ...........................................................................................3

ARGUMENT .................................................................................................................3

    I.      TP-Link Has Failed to Establish That Atlas Did Not "Communicate" With TP-Link Prior To Filing This Case or Properly "Disclose" Any Asserted Patent...........................................................................................3

    II.    As a Matter of Contract Interpretation, the LOA Does Not Require Atlas to Provide TP-Link with Any Specific Notice Prior to Filing This Case or Further Disclose Any Asserted Patent to the IEEE. ..........................5

    III.   TP-Link Has Failed to Establish That TP-Link Can Enforce the LOA Against Atlas as A Willing Licensee. ...................................................7

CONCLUSION..............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)......................................................................................................3

*Authentic Apparel Grp., LLC v. United States*,
989 F.3d 1008 (Fed. Cir. 2021)....................................................................................5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)......................................................................................................3

*In re Qualcomm Litigation*,
2019 WL 7834768 (S.D. Cal. 2019)..........................................................................7, 8

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................................3

Plaintiff Atlas Global Technologies LLC ("Atlas") is entitled to no evidence summary judgment on TP-Link's breach of contract counterclaim for three independent reasons. First, TP-Link has failed to introduce any evidence that supports its principal factual contentions. Second, TP-Link has failed to demonstrate that Atlas was contractually required to provide TP-Link with any specific notice of a licensing opportunity for the Asserted Patents prior to filing this case or disclose more information regarding the Asserted Patents. Third, TP-Link has failed to demonstrate that it is a willing licensee, and therefore has not shown that it can enforce any of Atlas' alleged contractual commitments.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The Institute of Electrical and Electronics Engineers ("IEEE") is a standard-setting organization that produces globally applicable standards for local area networks, including Wi-Fi standards IEEE 802.11, IEEE 802.11a, IEEE 802.11b, IEEE 802.11g, IEEE 802.11n, IEEE 802.11ac and IEEE 802.11ax.  Dkt. No. 120 ¶ 9.  The IEEE 802.11 standard is entitled "Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").  *Id.*  The IEEE 802.11ax standard is an amendment to 802.11 standards.  *Id.*

2.      On March 11, 2015, Newracom, Inc. ("Newracom")—the original assignee of the Asserted Patents—submitted a Letter of Assurance ("LOA") for Essential Patent Claims to the IEEE that was "limited" to the "IEEE 802.11ax" or "High Efficiency Wireless LAN" standard.  Ex. 1.  The LOA was signed by Newracom's Vice President of IP Group Joongwon Cho.  *Id.* at 3.

3.      In the LOA, Mr. Cho checked "box 1" under "Submitter's Position Regarding Licensing of Essential Patent Claims." That box stated: "The Submitter will grant a license under

1

reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination." *Id.* at 2.

4.    On February 19, 2021, Newracom assigned its 802.11ax patent portfolio to Atlas. Ex. 2. This assignment included the Asserted Patents. *Id.*

5.    ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Ex. 4.

6.    In November 2021, after Atlas waited more than five months for TP-Link to respond to any of its written communications, Atlas filed the above-captioned case against TP-Link in the Eastern District of Texas. Dkt. No. 1.

7.    On February 16, 2023, Defendants TP-Link Technologies Co., Ltd. and TP-Link Corporation Limited (formerly known as TP-Link International Ltd.) (collectively, "TP-Link") filed a Counterclaim against Atlas. Dkt. No. 120. In the Counterclaim, TP-Link alleges that "Atlas breached its contractual commitment, as set forth in the [Newracom March 11, 2015 Letter of Assurance] to the IEEE and the IEEE Bylaws." It offers two theories of breach: 1) Atlas allegedly failed "to communicate with Defendants or to offer Defendants [Fair, Reasonable and Nondiscriminatory] license terms for the Asserted Patents before filing this Complaint," and 2) Atlas allegedly failed to disclose "one or more of the Asserted Patents to the IEEE pursuant to the IEEE's requirements to declare that the patent(s) are essential to any IEEE 802.11 standard."

8.    On May 9, 2023, TP-Link served the "Expert Report of Thomas P. McGahee, Ph.D" (hereinafter, the "Opening Report"). In the Opening Report, Dr. McGahee evaluated

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████  Ex. 8 ¶ 4.  Atlas has challenged the admissibility of such

opinions in a separate motion to the exclude.

## STANDARD OF REVIEW

Summary judgment is appropriate where the movant has shown there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  No evidence summary judgment is appropriate when the moving party demonstrates an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant has demonstrated the absence of evidence, the nonmovant must present affirmative evidence indicating that there is a genuine factual issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  A party moving for no evidence summary judgment need not "produce evidence showing the absence of a genuine issue of material fact" on issues for which it does not bear the burden of proof.  *Celotex*, 477 U.S. at 325.

## ARGUMENT

I.    **TP-Link Has Failed to Establish That Atlas Did Not "Communicate" With TP-Link Prior To Filing This Case or Properly "Disclose" Any Asserted Patent.**

TP-Link has failed to produce any admissible evidence to establish the principal factual contentions in its Counterclaim. Specifically, in the Counterclaim, TP-Link asserts:

20. Atlas did not communicate any desire or offer to license the Asserted Patents to Defendants before initiating this action.

21. Atlas purportedly sent a letter to non-party TP-Link USA Corporation on June 8, 2021, but no such letter was ever sent to either of the Defendants named in this action.

…

3

24. Atlas's failure to so disclose one or more of the Asserted Patents to IEEE constitutes a waiver of Atlas's rights to enforce any claimed-essential patents against any entity practicing any IEEE 802.11 standard and renders those patents unenforceable.

Dkt. 120 ¶¶ 20-21, 24.

At the close of discovery, the only evidence contradicts TP-Link's contentions; no evidence supports them.



Ex. 3.

Ex. 4.

Ex. 4.  TP-Link has never denied that it actually received Atlas' letters.  And there are no documents or testimony in the record from the recipients of these communications or anyone else at TP-Link, including TP-Link's Corporate Representatives, to suggest otherwise.

Moreover, TP-Link cannot substantiate its assertion in the Counterclaim that Atlas contacted the incorrect TP-Link representatives.

Ex. 5.

In addition to failing to produce evidence that Atlas did not contact TP-Link before filing suit, TP-Link has never put forth any evidence or otherwise identified what specific Asserted Patents Atlas or Newracom allegedly failed to sufficiently disclose to the IEEE.  Nor has TP-Link ever presented any evidence or even specifically alleged in its Counterclaim that any particular

4

royalty rate offer or discount by Atlas is an alleged breach of Atlas' contractual commitments.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████    Ex. 8 ¶ 52.  Thus, while Atlas does not dispute that it must still demonstrate

to the jury how the damages it seeks in this case are fair, reasonable, and non-discriminatory, TP-

Link has failed to demonstrate how or why Atlas' royalty rate can be adjudicated as a part of its

Counterclaim.

TP-Link accordingly has not submitted a shred of evidence to satisfy its most basic

evidentiary burden to demonstrate the factual allegations in paragraphs 20, 21, and 24 that are the

basis of the Counterclaim.  Without this basic evidentiary support from TP-Link, this Court should

grant Atlas' motion for no evidence summary judgment on the Counterclaim.

II.    **As a Matter of Contract Interpretation, the LOA Does Not Require Atlas to Provide TP-Link with Any Specific Notice Prior to Filing This Case or Further Disclose Any Asserted Patent to the IEEE.**

Summary judgment is also appropriate because TP-Link rests on a flawed legal position.

The LOA, which serves as the basis for TP-Link's Counterclaim, does not contractually require

Atlas to provide TP-Link with any specific notice prior to filing this case or to disclose any of the

Asserted Patents to the IEEE in a different way, other than the LOA.  Because contract

interpretation is a question of law, not a question of fact for the jury, it is proper for this Court to

grant summary judgment dismissing TP-Link's breach of contract counterclaim as a matter of law.

*Authentic Apparel Grp., LLC v. United States*, 989 F.3d 1008, 1014 (Fed. Cir. 2021) ("Contract

interpretation is a question of law generally amenable to summary judgment.").

5

In the Counterclaim, TP-Link repeatedly contends that Atlas "breached its contractual commitment[s]" to provide specific information prior to filing its Complaint and further disclose the Asserted Patents:

19. Atlas breached its contractual commitment, as set forth in the LOA to the IEEE and the IEEE Bylaws, by failing to offer a license to its essential patents— including, but not limited to, some or all of the Asserted Patents—on FRAND terms and conditions prior to filing the Complaint in this action.

…

22. By failing to communicate with Defendants or to offer Defendants FRAND license terms for the Asserted Patents before filing this Complaint, Atlas breached its FRAND commitments for each of the Asserted Patents.

23. Atlas further breached its contractual commitments with respect to the IEEE as neither it nor Newracom disclosed, in accordance with IEEE's policies, one or more of the Asserted Patents to the IEEE pursuant to the IEEE's requirements to declare that the patent(s) are essential to any IEEE 802.11 standard.

Dkt. 120 ¶¶ 19, 22-23.

But TP-Link fails to reference <u>any</u> language in the LOA or IEEE Bylaws requiring Atlas to offer a license before commencing litigation or imposing any disclosure requirements beyond those spelled out in the LOA, which Newracom complied with.  TP-Link's expert, Dr. Thomas McGahee similarly failed to reference any language in the LOA or IEEE Bylaws in support of his nearly identical improper legal opinions in his report.

The reasons TP-Link cannot point to any such obligations is simple: they do not exist.  The IEEE Bylaws only request "licensing assurance" from the patent holder in the form of a letter of assurance submitted to the IEEE, and indicate that a transfer of rights cannot be used to circumvent or negate any representations made therein.  Ex. 6.  The IEEE Bylaws also state it is "not responsible for … determining whether any licensing terms or conditions provided in connection with submission of a Letter of Assurance, if any, or in any licensing agreements are reasonable or

6

nondiscriminatory." *Id.*

The LOA submitted by Newracom and subsumed by Atlas—which used the template offered by the IEEE—likewise does not require a license or specific terms be offered before filing suit or specific identification of standard essential patents. Instead, it requires that the submitter acknowledge that it "may own, control or have the ability to license Patent Claims that might be or become Essential Patent Claims." Ex. 1.  Newracom did so. And it required Newracom to commit to "grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination." Ex. 1.  Atlas has done so. The LOA makes no reference to a party needing to offer a license or any specific licensing terms before filing suit or to specifically identify standard essential patents, beyond indicating that a party has such patents.

In sum, TP-Link failed to identify any contractual language that would support the commitments TP-Link seeks to enforce against Atlas in the Counterclaim. The LOA and IEEE Bylaws demonstrate that any such interpretation of Atlas' obligations would be counter to the plain language of those documents. As such, the Counterclaim cannot be sustained as a matter of law.

### III.    TP-Link Has Failed to Establish That TP-Link Can Enforce the LOA Against Atlas as A Willing Licensee.

Finally, there is a third independent reason TP-Link's Counterclaim should be dismissed. TP-Link has failed to offer any evidence to demonstrate that it is a willing licensee of the Asserted Patents or any patents in Atlas' 802.11ax portfolio.  Courts have recognized that a party's ability to assert such FRAND contractual requirements are contingent on that party's ability to demonstrate that it is a willing licensee of the patents at issue.  *See In re Qualcomm Litigation*, 2019 WL 7834768, at *7 (S.D. Cal. 2019) (recognizing the "determination" that "Apple has engaged in conduct that constitutes unreasonable holdout behavior and demonstrate that it is an

7

unwilling licensee … will relieve Qualcomm of any further FRAND obligations towards Apple").

Here, the undisputed record is that TP-Link refused to respond to any of Atlas' written communications for more than five months prior to filing this case. ████████████

████████████████████████████████████████████████████████████

██████████████████████████████████ Ex. 7.  Indeed, there is no evidence in the record that anyone from TP-Link, apart from its outside counsel, has ever attempted to contact Atlas to discuss the licensing opportunity, the Asserted Patents, or this case.   Thus, absent such evidence, TP-Link has "forfeited its rights to a FRAND license" and Atlas is not obligated to offer [TP-Link] a FRAND license" to the Asserted Patents.  *See In re Qualcomm Litigation*, 2019 WL 7834768, at *7.

## CONCLUSION

Accordingly, for reasons set forth above, TP-Link's Counterclaim should be dismissed.

Dated: June 8, 2023

Respectfully submitted,

*/s/ Max L. Tribble*
Max L. Tribble Jr.
Texas Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
Alejandra C. Salinas
Texas Bar No. 24102452
asalinas@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

8

Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
Oleg Elkhunovich
CA State Bar No. 269238
oelkhunovich@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Alden G. Harris
Texas Bar No. 24083138
aharris@hpcllp.com
William B. Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

9

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 8, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

/s/ Alejandra C. Salinas
Alejandra C. Salinas

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this document contains material designated under the Protective Order (Dkt. 55).

/s/ Alejandra C. Salinas
Alejandra C. Salinas