**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD.,<br><br>Defendants. | Civil Action No. 2:21-cv-430-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND A FINDING OF NO ENTITLEMENT TO PRIORITY
DATES EARLIER THAN ACTUAL FILING DATES FOR CERTAIN PRIOR ART**

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................1

II.   RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS ..................2

III.  LEGAL STANDARD............................................................................................8

IV.   ARGUMENT.......................................................................................................9

V.    CONCLUSION..................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Sanofi*,
No. CV 14-1317-SLR, 2016 WL 825671 (D. Del. Mar. 2, 2016).........................................8, 9

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) (en banc)...............................................................................10

*Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*,
655 F.2d 598 (5th Cir. 1981) ....................................................................................................8

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
800 F.3d 1375 (Fed. Cir. 2015)............................................................................................1, 8

*Genband US LLC v. Metaswitch Networks Corp.*,
No. 2:14-cv-33-JRG-RSP, 2016 WL 7645424 (E.D. Tex. Jan. 6, 2016) .................................8

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
782 F.3d 671 (Fed. Cir. 2015)..................................................................................................8

*Zeiss A.G. v. Nikon Corp*,
2018 WL 5078256, at *11 (C.D. Cal. Oct. 4, 2018).................................................................9

**Other Authorities**

Fed. R. Civ. P. 56(a) ...................................................................................................................7

## I.    INTRODUCTION

Defendants TP-Link Technologies Co., LTD. and TP-Link Corporation, LTD., f/k/a TP-Link International, LTD. (collectively, "TP-Link") oppose Atlas's "Motion for Partial Summary Judgment and a Finding of No Entitlement to Priority Dates Earlier Than Actual Filing Dates for Certain Prior Art" (Dkt. 194).  The motion should be denied.

Atlas relies heavily on the *Drinkware* case, but it has highly limited applicability in this case.  Most of the challenged prior art references are published patent *applications* (as opposed to patents like were at issue in *Drinkware*).  Because the claims of a published application are not examined and subject to change, there is no requirement to compare the claims of a patent *application* to its provisional application(s) to determine if the application is prior art as described in *Drinkware*.

Moreover, Atlas omitted Dr. Hansen's expert report exhibits from its Motion. As seen in those exhibits, each challenged prior art reference discloses the relevant, respective provisional applications by number and filing date. Atlas provided no more disclosure than this during fact discovery when Atlas was required to set forth evidence sufficient to show that its asserted patent claims are entitled to the benefit of various priority applications. The Court should not hold TP-Link to a different standard than Atlas with respect to the scope of the required priority disclosures.  Notably, despite Dr. Hansen opining that the challenged references are entitled to the earlier priority date in his report, Atlas did not ask one question of Dr. Hansen regarding his invalidity report.  And Atlas's expert, Dr. Psounis, does not provide a contrary opinion that the provisional applications do not support the challenged published applications.  Therefore, the Court should deny Atlas's Motion in its entirety.

1

## II.    RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS[1]

1.    TP-Link disputes Atlas's Statement of Undisputed Materials Facts at ¶¶ 2-3. Atlas never provided any analysis demonstrating that the identified provisional applications provide written description for any of Atlas's dozens of asserted claims in its final infringement contentions.  Taking the '520 patent as a representative example, Atlas's infringement contentions state:

> The '520 Patent was filed on March 23, 2016 as Application No. 15,078,920 and claims the benefit of U.S. Provisional Application No. 62/140,349, filed on March 30, 2015, and U.S. Provisional Application No. 62/137,138, filed on March 31, 2015.  Based on information currently available to Atlas, the earliest priority date for the '520 Patent is March 23, 2015 and/or March 30, 2015.

Atlas Ex. C (Dkt. 194-4) at 8.  While Atlas stated that the '520 Patent "claims the benefit" of certain provisional applications, Atlas did not provide any further analysis to show that any asserted claim of the '520 Patent was described in either of the identified provisional applications.  Moreover, Atlas did not identify a "date certain" for any asserted claim's priority—it only gave an "earliest" possible date; and even then, included "and/or" alternatives.

2.    Atlas' contentions for the other asserted patents are similar in that Atlas does not provide any analysis that would show that any asserted claim of any of the other asserted patents were described in and supported by any provisional application.  Plus, Atlas did not take a concrete position on the priority date for any asserted claim—Atlas mentions only an "earliest" possible date (and in some cases provides "and/or" alternatives).  *See* Atlas Ex. C at 8-10.

3.    TP-Link also disputes Atlas's Statement of Undisputed Materials Facts at ¶ 4. TP-Link's Interrogatory No. 2 asked Atlas to, among other things, and on a "separately for each

---

[1] TP-Link does not dispute the paragraphs in Atlas's Statement of Undisputed Material Facts that are not explicitly addressed in this Section II.

Asserted Claim" basis, "describe fully and with particularity" the "earliest date on which You contend the claimed subject matter was conceived," the "earliest date on which You contend the claimed subject matter was reduced to practice," and "a complete and particularized description of the circumstances" of the "conception" and "first reduction to practice."  Atlas's Ex. D (Dkt. 194-5) at 5.  Atlas's response was similar to its infringement contentions.  Atlas only provided the numbers and filing dates of provisional applications but did not otherwise show that any asserted claim of any asserted patent was described in any provisional application.  *See id*. at 6-8.  Atlas also invoked Fed. R. Cvi. P. 33(d) in citing thousands of pages of documents, including the provisional applications, but did not provide any analysis purporting to show how any particular document provided written description support for any asserted claim.  *See id*.

4.      For the first time in a rebuttal expert report presented by Dr. Psounis, Atlas debuted a longer analysis in support of its position that the asserted patents are entitled to claim priority to their provisional applications—an analysis that was never disclosed as required during infringement contentions and in response to on-point discovery requests.  *See* Atlas's Statement of Undisputed Materials Facts at ¶ 7 .

**The '259 Patent**

5.      TP-Link disputes Atlas's Statement of Undisputed Facts at ¶ 12.  Atlas did not include Dr. Hansen's exhibits with its Motion, which are an integral part of his report.  *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi).  Dr. Hansen's Ex. 259-2 is the "Chun 898" published application.  Ex. 1.  Dr. Hansen's Ex. 259-2 identifies Chun 898's priority provisional applications: No. 61/977,100, filed on April 9, 2014, and No. 62/014,701, filed on June 20, 2014.  *See id*.  And in his invalidity report, Dr. Hansen states that he understands that "a published patent application" can qualify as prior art to a claimed invention

3

based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority."  Dkt. 194-2 at ¶ 24.  Dr. Hansen applied that understanding in his report in opining that the reference is prior art and discloses and renders obvious various asserted claims. Implicit in that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application. Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report to rebut this opinion and show that Chun 898 is not entitled to the benefit of the priority dates of its provisional applications.

### The '520 Patent

6.       TP-Link disputes Atlas's Statement of Undisputed Facts at ¶ 17.  Atlas did not include Dr. Hansen's exhibits with its Motion, which are an integral part of his report.  *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi).  Dr. Hansen's Ex. 520-4 is the "Chun 910" published application.  Ex. 2.  Dr. Hansen's Ex. 520-4 identifies Chun 910's priority provisional application: No. 62/068,768, filed on October 27, 2014.  *See id.*  And in his invalidity report, Dr. Hansen states that he understands that "a published patent application" can qualify as prior art to a claimed invention based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority."  Dkt. 194-2 at ¶ 24.  Dr. Hansen applied that understanding in his report in opining that the reference is prior art and discloses and renders obvious various asserted claims. Implicit in that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application.  Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report to rebut this opinion and show that Chun 910 is not entitled to the benefit of the priority date of its provisional application.

**The '187 Patent**

7.      TP-Link disputes Atlas's Statement of Undisputed Facts at ¶¶ 22 and 24.  Atlas did not include Dr. Hansen's exhibits with its Motion, which again are an integral part of his report.  *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi).  Dr. Hansen's Ex. 187-2 is the "Lee" published application.  Ex. 3.  Dr. Hansen's Ex. 187-2 identifies Lee's priority provisional applications: No. 62/030,018, filed on July 28, 2014; No. 62/034,732, filed on August 7, 2014; and No. 62/034,764, filed on August 7, 2014.  *See id.*  Dr. Hansen's Ex. 187-3 is the "Choi 701" published application.  Ex.4.  Dr. Hansen's Ex. 187-3 identifies Choi 701's priority provisional applications: No. 62/075,272, filed on Nov. 5, 2014 and No. 62/088,688, filed on December 8 2014.  *See id.*  And in his invalidity report, Dr. Hansen states that he understands that "a published patent application" can qualify as prior art to a claimed invention based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority."  Dkt. 194-2 at ¶ 24.  Dr. Hansen applied that understanding in his report in opining that the reference is prior art and discloses and renders obvious various asserted claims. Implicit in that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application.  And Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report to rebut this opinion and to show that Lee or Choi 701 are not entitled to the benefit of the priority date of their respective provisional applications.

8.      Finally, "Marvell" (Dr. Hansen's Ex. 187-6) is not a patent document, and so the concept of "priority" does not apply.  *See* Ex. 5.  So, whether Dr. Hansen provided any opinion or analysis with respect to Marvell's "priority date" is not material and not the proper subject of a motion for summary judgment.

**The '738 Patent**

9.      TP-Link disputes Atlas's Statement of Undisputed Facts at ¶¶ 30, 33, 35, and 37. Again, Atlas did not include Dr. Hansen's exhibits with its Motion, which are an integral part of his report. *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi). Dr. Hansen's Ex. 738-2 is the "Merlin 258" published application. Ex. 6. Dr. Hansen's Ex. 738-2 identifies Merlin 258's priority provisional application: No. 61/871,269, filed on August 28, 2013. Dr. Hansen's Ex. 738-5 is the "Merlin 690" published application. Ex. 7. Dr. Hansen's Ex. 738-5 identifies Merlin 690's priority provisional application: No. 61/899,121. Dr. Hansen's Ex. 738-6 is the "Vermani 335" published application. Ex. 8. Dr. Hansen's Ex. 738-6 identifies Vermani 335's priority provisional applications: No. 61/914,276, filed on December 10, 2013; No. 61/892,946, filed on October 18, 2013; No. 61/847,386, filed on July 17, 2013; and No. 61/983,365, filed on April 23, 2014. Dr. Hansen's Ex. 738-7 is the "Chu" patent. Ex. 9. Dr. Hansen's Ex. 738-7 identifies Chu's priority provisional application: No. 61/909,024, filed on November 26, 2013. And in his invalidity report, Dr. Hansen states that he understands that "a published patent application" can qualify as prior art to a claimed invention based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority." Dkt. 194-2 at ¶ 24. Dr. Hansen applied that understanding in his report in opining that the reference is prior art and discloses and renders obvious various asserted claims. Implicit in that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application. And Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report to rebut this opinion and show that the above-referenced documents are not entitled to the benefit of the priority date of their respective provisional applications.

**The '513 Patent**

10.     TP-Link disputes Atlas's Statement of Undisputed Facts at ¶¶ 41, 43, and 45. Atlas did not include Dr. Hansen's exhibits with its Motion, which are an integral part of his report.  *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi).  Dr. Hansen's Ex. 513-2 is the "Rong" published application.  Ex. 10.  Dr. Hansen's Ex. 513-2 identifies Rong's priority provisional application: No. 61/895,217, filed on October 24, 2013.   Dr. Hansen's Ex. 513-3 is the "Choi 654" published application.  Ex. 11.  Dr. Hansen's Ex. 513-3 identifies Choi 654's priority provisional application: No. 61,820,185.   Dr. Hansen's Ex. 513-6 is the "Chun 288" published application.  Ex. 12.  Dr. Hansen's Ex. 513-6 identifies Chun 288's priority provisional applications: No. 61/947,388, filed on March 3, 2014; and No. 62/026,706, filed on July 21, 2014.   And in his invalidity report, Dr. Hansen states that he understands that "a published patent application" can qualify as prior art to a claimed invention based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority."  Dkt. 194-2 at ¶ 24.  Dr. Hansen applied that understanding in his report in opining that the reference is prior art and discloses and renders obvious various asserted claims. Again, implicit in that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application.  And Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report to rebut this opinion and show that the above-referenced documents are not entitled to the benefit of the priority date of their respective provisional applications.

**The '919 Patent**

11.     TP-Link disputes Atlas's Statement of Undisputed Facts at ¶¶ 49 and 51.  Atlas did not include Dr. Hansen's exhibits with its Motion, which again are an integral part of his

7

report.  *See* Atlas's Ex. A at "Selected Exhibits" (Hansen Report at pages xv-xxi).  Dr. Hansen's

Ex. 919-2 is the "Merlin 051" published application.  Ex. 13.  Dr. Hansen's Ex. 919-2 identifies

Merlin 051's priority provisional applications: No. 62/127,187, filed on March 2, 2015; No.

62/235,564, filed on September 30, 2015.   Dr. Hansen's Ex. 919-5 is the "Chun 388" published

application.  Ex. 14.  Dr. Hansen's Ex. 919-5 identifies Chun 388's priority provisional

applications: No. 62/206,862, filed on August 19, 2015; No. 62/209,899, filed on August 26,

2015; and No. 62/264,836, filed on December 8, 2015.  And in his invalidity report, Dr. Hansen

states that he understands that "a published patent application" can qualify as prior art to a

claimed invention based on "the filing date of the earliest application for which the patent or

application is entitled, as to such invention, to a right of priority."  Dkt. 194-2 at ¶ 24.   Dr.

Hansen applied that understanding in his report in opining that the reference is prior art and

discloses and renders obvious various asserted claims. Again, implicit in that opinion is that the

disclosure of the cited provisional applications supports the disclosure of the published

application.  And Atlas's validity expert, Dr. Psounis, made no attempt in his responsive report

to rebut this opinion and show that the above-referenced documents are not entitled to the benefit

of the priority date of their respective provisional applications.

## III.    LEGAL STANDARD

Summary judgment is appropriate only when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(a).  In assessing the dispute, the trial court "must resolve all reasonable doubts in

favor of the party opposing the motion" for summary judgment.  *Casey Enters., Inc. v. Am.*

*Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).  As a general rule, summary

judgment is inappropriate where an expert's testimony supports the non-moving party's case.

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015); *see also*

8

*Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 7645424, at *4 (E.D. Tex. Jan. 6, 2016) (finding that an "opinion of a qualified expert" supporting plaintiff's infringement arguments "giv[es] rise to a genuine fact dispute").

## IV.    ARGUMENT

The motion should be denied for at least three reasons.

**First**, Atlas cites *Drinkware* for the proposition that a prior art "reference *patent* is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the *claims in the reference patent* in compliance with § 112." *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc*., 800 F.3d 1375, 1382 (Fed. Cir. 2015) (emphasis added); *see* Dkt. 194 at 8 (citing *Drinkware*).  But *Drinkware* does not apply to the twelve relevant prior art references at issue in this motion that are not patents, but are instead published *applications*.  The claims in a published application are fluid as they have not been finally examined.  They could be altered or deleted entirely.  If *Drinkware* applied, then the identical disclosure in a published application could qualify as prior art one day and not the next day, merely because a claim has been changed.  And as discussed above, *Drinkware* also does not apply to the "Marvell" publication—it is not a patent or a published patent application, and thus the concept of "priority" does not apply.

In *Sanofi v. Amgen*, the plaintiff similarly challenged the defendant's invalidity case for not complying with *Drinkware*, but the defendant argued that *Drinkware* does not apply to prior art published applications for the reasons explained above.  *Amgen Inc. v. Sanofi*, No. CV 14-1317-SLR, 2016 WL 825671, at *1 (D. Del. Mar. 2, 2016).  Recognizing that *Drinkware* did not involve published applications, the court elected to eliminate any uncertainty on the issue by simply allowing "defendants the opportunity to supplement their expert reports" address the question of whether certain references constitute prior art by comparing them to their priority

9

applications" *Id*. at *2.  The Court implied that this was the best result because, like Atlas in this case, the plaintiff "did not object" to the defendant's prior art references at issue "until the conclusion of expert discovery."  *Id*., at *2.  Similarly, in *Zeiss A.G. v. Nikon Corp*, plaintiffs argued "that Defendants failed to demonstrate that the claims of the Guidash '800 patent are supported by its provisional application and thus that the 2005 filing date applies."  2018 WL 5078256, at *11 (C.D. Cal. Oct. 4, 2018).  The Court denied the motion for summary judgment on that issue, again electing to resolve any uncertainty on the question by allowing a post-expert-discovery declaration from defendant's expert to show that the expert had "analyzed the Guidash '900 claims and compared them to the '104 provisional."  *Id*. (referencing "ECF No. 167," an August 31, 2018 declaration, attached here as Ex. 15).

 *Second*, and in any event, Dr. Hansen did consider the provisional applications in connection with rendering the opinions in his invalidity report, and he did conclude that the relevant prior art publications are supported by their priority provisional applications.  *See* Section II, *supra*.  As stated previously, Atlas only provided the Court with Dr. Hansen's expert report, but left off all the exhibits.  Those exhibits on their faces show that each of the prior art patent applications claim priority to one or more identified provisional applications.  And Dr. Hansen disclosed in his report his understanding that a patent application can be prior art on the basis of its provisional application(s)' priority date(s).  Dkt. 194-2 at ¶ 24.  Given that express understanding, Dr. Hansen's opinion that the published applications constitute prior art necessarily implies that the provisional applications provide support for the invalidating subject matter that was carried forward into the relevant non-provisional applications on which Dr. Hansen relied.  Further, the provisional applications are *themselves* evidence that they describe invalidating subject matter in the later-filed published applications.  This evidence, along with

Dr. Hansen's opinions that each of the relevant published applications anticipate or render obvious various asserted claims, is at least enough to create a genuine dispute of material fact that defeats the motion for partial summary judgment.  This is especially the case because compliance with the written description requirement "is a question of fact" that "will necessarily vary depending on the context." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

*Third*, and independently, it would be unfair to grant the Motion.  During fact discovery, Atlas itself failed to provide sufficient analysis that its own asserted patent claims are entitled to the benefit of their priority provisional applications under the rigid standard that Atlas now asks the Court to impose on TP-Link.  *See* Section II, *supra*.  Commensurate with Dr. Hansen's opinion, Atlas twice stated that its asserted patents have provisional applications and that the asserted patents are entitled to that priority.  It did not compare its provisional applications to any asserted claims, and certainly did not do so on a claim-by-claim basis as it now contends is mandatory to show priority.  *See id*.  Atlas did not do this in its infringement contentions, and Atlas did not do this in response to TP-Link's Interrogatory No. 2 which called for Atlas to "describe fully and with particularity" its priority claim.  *See id*.  Yet Atlas now asks the Court to punish TP-Link because it provided a disclosure that is perfectly commensurate with Atlas's previously priority disclosures.  The Court should not indulge Atlas's blatant double standard. At a minimum, TP-Link should be allowed to provide a targeted supplementation to Dr. Hansen's report to resolve the issue as prior courts have allowed.  *See Amgen*, 2016 WL 825671, at *2 (providing "opportunity to supplement [defendants'] expert reports" on similar facts).

## V.    CONCLUSION

For the reasons given above, Atlas's Motion should be denied.

11

Dated:  June 22, 2023                              Respectfully submitted,

                                                   */s/ Melissa R. Smith*
                                                   Melissa R. Smith
                                                   (Eastern District of Texas Member)
                                                   GILLIAM & SMITH LLP
                                                   303 South Washington Avenue
                                                   Marshall, TX 75670
                                                   Telephone: (903) 934-8450
                                                   Facsimile: (903) 934-9257
                                                   melissa@gillamsmithlaw.com

                                                   Steven D. Moore
                                                   (Eastern District of Texas Member)
                                                   KILPATRICK, TOWNSEND & STOCKTON LLP
                                                   Two Embarcadero Center, Suite 1900
                                                   San Francisco, CA 94111
                                                   Telephone: (415) 576-0200
                                                   Facsimile: (415) 576-0300
                                                   smoore@kilpatricktownsend.com

                                                   Kristopher L. Reed
                                                   (Eastern District of Texas Member)
                                                   KILPATRICK, TOWNSEND & STOCKTON LLP
                                                   2001 Ross Avenue, Suite 4400
                                                   Dallas, TX 75201
                                                   Telephone: (214) 922-7143
                                                   Facsimile: (214) 922-7101
                                                   kreed@kilpatricktownsend.com

                                                   Kevin M. Bell
                                                   (Eastern District of Texas Member)
                                                   Edward J. Mayle
                                                   (Eastern District of Texas Member)
                                                   KILPATRICK, TOWNSEND & STOCKTON LLP
                                                   1400 Wewatta Street Suite 600
                                                   Denver, CO 80202
                                                   Telephone: (303) 571-4000
                                                   Facsimile: (303) 571-4321
                                                   kbell@kilpatricktownsend.com
                                                   tmayle@kilpatricktownsend.com

                                                   Andrew N. Saul
                                                   (Eastern District of Texas Member)
                                                   KILPATRICK, TOWNSEND & STOCKTON LLP
                                                   1100 Peachtree Street NE, Suite 2800

12

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 22, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/ Melissa R. Smith*
Melissa R. Smith