**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP-LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT AND A FINDING OF NO ENTITLEMENT TO PRIORITY DATES
EARLIER THAN ACTUAL FILING DATES FOR CERTAIN PRIOR ART**

██████████████████████████

**TABLE OF CONTENTS**

I.      Introduction........................................................................................................ 1

II.     Analysis.............................................................................................................. 2

        A.    *Dynamic Drinkware* Applies to Published Applications......................................... 2

        B.    Attaching a Patent as an Exhibit is not the same thing as Providing a *Dynamic Drinkware* Analysis.................................................................................... 3

        C.    It Would be Unfair to Atlas to Deny the Motion........................................................ 4

III.    Conclusion ....................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Cases**

*Amgen Inc. v. Sanofi*,
872 F.3d 1367 (Fed. Cir. 2017) .................................................................................. 2

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
800 F.3d 1375 (Fed. Cir. 2015) .................................................................. 1, 2, 3, 4, 5

*Sanofi v. Amgen*,
2016 U.S. Dist. LEXIS 26049 (D. Del. Mar. 2, 2016)................................................. 2

I.      INTRODUCTION

TP-Link does not cite a single word of analysis from its invalidity expert, Dr. Hansen, explaining how any disclosure from any challenged prior art reference is supported by its provisional application. In fact, TP-Link concedes that Dr. Hansen never even mentions most of the provisional applications in question. TP-Link's only "expert opinion" regarding the priority dates for the challenged references is the fact that the references themselves make priority claims, and Dr. Hansen opines that the references are prior art. This sort of handwaving is nowhere near sufficient to establish priority, especially when Federal Circuit caselaw states there is no presumption that a prior art patent is entitled to its provisional date. *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1380 (Fed. Cir. 2015).

TP-Link's three arguments against exclusion are meritless. First, TP-Link argues it was not required to perform a *Dynamic Drinkware* analysis because *Dynamic Drinkware* does not apply to published patent applications. But the Federal Circuit decision from the **very case** TP-Link cites holds that *Dynamic Drinkware* applies to both issued patents and published applications (and thus completely eliminates TP-Link's first argument). Second, TP-Link argues Dr. Hansen performed an "implicit" priority analysis by citing prior art references that claimed priority to earlier-filed provisional applications. TP-Link cites no authority for this novel legal argument. Third, TP-Link argues it would be unfair to preclude it from arguing for an earlier priority date for the challenged references because Atlas did not provide more detailed discovery responses or P.R. 3-1(e) disclosures. This argument improperly seeks to shift the burden of proof to establish invalidity from TP-Link to Atlas. It is also a red herring. TP-Link never objected or moved to compel more complete responses, and it cannot complain about them now to justify its own failure of proof. The Motion should be granted.

1

## II.    ANALYSIS

### A.    *Dynamic Drinkware* Applies to Published Applications

TP-Link argues *Dynamic Drinkware* does not apply to prior art references that are published applications and only applies to prior art references that are issued patents. Dkt. 209 ("Response") at 9. In support, TP-Link cites *Sanofi v. Amgen*, 2016 U.S. Dist. LEXIS 26049 (D. Del. Mar. 2, 2016). In *Sanofi*, the plaintiff argued the defendant failed to establish that two published applications (Schering and Novartis) qualified as prior art because the defendant failed to show the publications were entitled to claim priority to their provisional applications. *Id*. at *2-3. The district court ultimately granted JMOL under Rule 50(a) in favor of the plaintiff on the issue. *See* Ex. H (*Sanofi* JMOL Motion); Ex. I (*Sanofi* JMOL Order).

The defendant appealed the decision, arguing the district court improperly applied *Dynamic Drinkware* to published applications. *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1380 (Fed. Cir. 2017). The Federal Circuit affirmed the district court, holding that *Dynamic Drinkware* applies to both patents *and* published applications. *Id*. In particular, the court noted that the defendant failed to proffer any evidence that the provisional applications provided written description support for the published claims of the prior art patent applications. *Id*. Thus, the very case TP-Link cites for the proposition that *Dynamic Drinkware* does not apply to published applications refutes TP-Link's argument.

TP-Link suggests the proper remedy is to allow it to serve a supplemental report to prove up the priority dates for its prior art references. *See* Response at 9-10. This argument implies TP-Link performed the wrong type of priority analysis based on a genuine dispute over the legal standard. But TP-Link performed *no* priority analysis, not the wrong kind of priority analysis. And there is no dispute over the legal standard—*Dynamic Drinkware* applies to both issued patents and patent publications. *See Amgen*, 872 F.3d at 1380.

2

Nor is TP-Link entitled to serve a supplemental report simply because it failed to meet its burden of proof. If this was the standard, expert reports would never end. The parties would ping-pong back and forth with new supplemental reports.

Finally, three of the challenged references (Chu, Chun 288, and Chun 388) are issued patents. TP-Link's arguments in this section are inapplicable to these references. A fourth reference—Marvell—is a publication, and TP-Link makes zero argument and cites no evidence/expert opinion that Marvell pre-dates the provisional application of Atlas's '187 Patent. *See* Response at 5, 9.

### B. Attaching a Patent as an Exhibit is not the same thing as Providing a *Dynamic Drinkware* Analysis

TP-Link does not dispute that Dr. Hansen failed to perform a claim-by-claim analysis showing how each disputed prior art reference is supported by its provisional application. Instead, TP-Link argues Dr. Hansen ***implicitly*** performed this analysis by including the references in his report. Response at 10. The only support TP-Link cites from Dr. Hansen's report █████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

TP-Link does not cite any cases supporting its position. And its argument would lead to absurd results. The PTO does not examine priority claims unless necessary, so there is no presumption that a prior art patent is necessarily entitled to the filing date of its provisional application. *Dynamic Drinkware*, 800 F.3d at 1380. Moreover, simply because a prior art reference claims priority to a provisional application does not mean the provisional application supports the prior art reference. If TP-Link's position was the law, an issued patent or published application could be prior art simply by virtue of citing a provisional application, even if nothing in that

3

provisional application anticipated or rendered obvious any claims of an asserted patent. In other words, TP-Link's position would turn non-prior art into prior art.

TP-Link argues "the provisional applications are themselves evidence that they describe invalidating subject matter in the later-filed published applications." Response at 10. But there are no witnesses qualified to introduce or provide analysis on the priority dates of TP-Link's prior art references. There are no witnesses with personal knowledge of the prior art provisional applications, and no experts (from either side) opined on the issue.

## C.    It Would be Unfair to Atlas to Deny the Motion

TP-Link argues it would be unfair to grant the Motion because during discovery, Atlas never provided a claim-by-claim analysis showing how the asserted patents are entitled to claim priority to their provisional applications.[1] Response at 11. But Atlas was not required to do so. P.R. 3-1(e) only required Atlas to identify "the priority date to which each asserted claim allegedly is entitled." P.R. 3-1(e). Additionally, if this was a genuine concern for TP-Link, it could have objected to Atlas's contentions and discovery responses and moved to compel. It did not do so.

This argument also improperly shifts the burden of proof from Atlas to TP-Link. The asserted patents are presumed valid. TP-Link bears both the initial burden of going forward with evidence that there is anticipating prior art and the ultimate burden of proving invalidity by clear and convincing evidence. *See Dynamic Drinkware*, 800 F.3d at 1380. It is not unfair to hold TP-Link to its burden of proof, and TP-Link cites no cases supporting its position. Instead, ***it would be unfair to Atlas*** to permit TP-Link to serve a supplemental report just because it failed to meet

---

[1] The irony of this argument is that if TP-Link is correct that Dr. Hansen implicitly opined that the prior art references were fully disclosed by their provisional applications simply by citing a reference with a priority claim (*see, e.g.*, Response at 4), then Atlas implicitly performed a priority analysis by asserting patents that claim priority to provisional applications.

its burden. *See* Response at 11.

Even if the Court agrees with TP-Link that it would be unfair to preclude TP-Link from arguing for earlier priority dates for its prior art references based on Atlas's discovery responses, TP-Link still loses. Dr. Shoemake, Atlas's infringement expert, provided a short analysis of the priority date of each asserted patent in his opening infringement report. *See* Ex. J (Shoemake Report) at ¶¶227-234 ('520 Patent), ¶¶413-421 ('187 Patent), ¶¶728-735 ('738 Patent), ¶¶1090-1094 ('523 Patent), ¶¶1272-1275 ('679 Patent), ¶¶1388-1393 ('919 Patent). Dr. Shoemake cited the provisional applications and explained why they supported the claims of the asserted patents.[2] *See id*. Thus, TP-Link and Dr. Hansen were fully aware of Atlas's priority date arguments from both Atlas's discovery responses *and* its opening expert report. Dr. Hansen served a rebuttal non-infringement report responding to Dr. Shoemake and never addressed the priority dates of the challenged prior art references in that rebuttal report. If it was genuinely "unfair" to TP-Link to assume that Atlas's infringement contentions and discovery responses provided the requisite knowledge (which Atlas disputes), Dr. Shoemake's infringement report rectified that unfairness, and Dr. Hansen could have addressed the issue in his second expert report. He never did, and TP-Link should not be permitted another bite at the apple to satisfy its burden of proof.

## III. CONCLUSION

*Dynamic Drinkware* applies to both issued patents and patent publications, but TP-Link did not perform any *Dynamic Drinkware* analysis. The Court should find that TP-Link cannot argue for an earlier priority date for the Chun 288, Chun 388, Chun 898, Chun 910, Lee, Choi 654, Choi 701, Marvell, Merlin 258, Merlin 690, Vermani 335, Chu, Rong, and Merlin 051 references.

---

[2] Dr. Psounis then provided a more comprehensive analysis of the issue in his validity rebuttal report. Ex. B (Psounis Report) at ¶¶62-68 ('520 Patent), 335-45 ('187 Patent), 873-903 ('259 Patent), 1002-44 ('738 Patent), 1467-99 ('513 Patent), 1795-1831 ('919 Patent).

Dated: June 29, 2023

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

6

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via email.

*/s/ Blaine Larson*
Blaine Larson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this brief contains material that has been designated confidential under the protective order.

*/s/ Blaine Larson*
Blaine Larson