# Exhibit I

- VOLUME 5 -

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

AMGEN INC.,                          :    CIVIL ACTION
                                     :
            Plaintiff,               :
                                     :
       vs.                           :
                                     :
SANOFI; SANOFI-AVENTIS U.S.          :
LLC; AVENTISUB LLC, f/d/b/a          :
AVENTIS PHARMACEUTICALS              :
INC., and REGENERON                  :
PHARMACEUTICALS, INC.,               :
                                     :
            Defendants.    :    NO. 14-1317 (SLR)

- - -

Wilmington, Delaware
Monday, March 14, 2016
8:45 o'clock, a.m.

- - -

BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J., and a jury

- - -

APPEARANCES:

        YOUNG CONAWAY STARGATT & TAYLOR LLP
        BY:  MELANIE K. SHARP, ESQ.

                -and-

                        Valerie J. Gunning
                        Official Court Reporter

APPEARANCES (Continued):


              McDERMOTT WILL & EMERY
              BY:  WILLIAM G. GAEDE, III, ESQ.
                   (Menlo Park, California)


                     -and-


              McDERMOTT WILL & EMERY.
              BY:  SARAH CHAPIN COLUMBIA, ESQ. and
                   ERIC HAGEN, ESQ.
                   (Boston, Massachusetts)


                     -and-


              LONDON & MEAD
              BY:  CHRISTOPHER B. MEAD, ESQ.
                   (Washington, D.C.)


                     -and-


              AMGEN INC.
              BY:  WENDY A. WHITEFORD, ESQ. and
                   SIMON JACKSON
                   (Thousand Oaks, California)


                   Counsel for Plaintiff



              ASHBY & GEDDES
              BY:  STEVEN J. BALICK, ESQ.


                     -and-

APPEARANCES (Continued):


AKIN GUMP STRAUSS HAUER & FELD LLP
BY:  DIANNE B. ELDERKIN, ESQ.,
     STEVEN MASLOWSKI, ESQ.,
     MATTHEW PEARSON, ESQ. and
     ANGELA VERRECCHIO, ESQ.
     (Philadelphia, Pennsylvania)


          -and-


STEPTOE & JOHNSON LLP
BY:  JOHN J. MOLENDA, ESQ. and
     VISHAL CHANDRA GUPTA, ESQ.
     (New York, New York)


     Counsel for Defendants
     Sanofi, Sanofi-Aventis U.S. LLC, and
     Aventisub LLC, f/d/b/a Aventis
     Pharmaceuticals Inc.


          -  -  -

P R O C E E D I N G S

(Proceedings commenced in the courtroom, beginning at 8:45 a.m.)

THE COURT: All right. I appreciate your patience, appreciate the conversation I had with counsel in chambers.

I think the one thing that counsel and I agreed on was that this case could have benefited from a summary judgment practice because the issues that you all have presented the Court would have been better served by being addressed in a more fulsome manner than in Daubert motions and in my motion in limine practice at the very end of the case.

I can't do anything about that now. I think the record for appeal, and this case obviously will be appealed, will be clearer if I stick to the lines I've drawn, and if it comes back, it comes back. But I think if I start changing the lines now, it just muddies the water.

So with respect to the obviousness issue and what is prior art, consistent with my legal conclusion, right or wrong, I did make it, that the Drinkware case was the better description of the requirements. And the fact that the defendant went forward with its obviousness

defense knowing that its expert did not satisfy those requirements, I am, to be consistent, I will grant Amgen's motion for judgment as a matter of law on obviousness.  That will not go to the jury.  I understand that defendants have a good argument the other way, but it will be made to the Federal Circuit, not to the jury.

I think jurors, I'm not confident are as curious as you all think they are.  I think generally, the fewer issues they have to decide, the better.  It will simply be stated in the jury instructions that the issue of obviousness has been resolved.  They don't need to know how or by whom or for what reason.

Having said that, all the other papers you've given me since 5:00 o'clock yesterday, because I was here until 5:00 o'clock yesterday, have been, I believe, a regurgitation of all of the issues that we have so painfully gone through, and to some extent, have made the two-hour charge conference we had on Friday a waste of everyone's time.

So I decline to let all of this evidence in that I declined on let in initially, and it is not clear to me what jury instruction issues there are for us to resolve, because you threw so much at me.  And so what I propose to do at this point is go back to what I gave you on Friday, and we'll go from there.

I do have a question. On page 13 of my proposal, there's something about stipulations, and that some of the evidence has been received in the form of stipulations. I don't remember your agreeing to anything, and if there have been no stipulations, it makes no sense for me to include that instruction.

Is my recollection clear or appropriate or accurate in that regard? Anyone recall a stipulation or anticipate a stipulation?

MS. ELDERKIN: The only stipulation is the infringement stipulation, which obviously I understand the jury is not hearing about, so we're not aware of any stipulations.

MR. GAEDE: I think there are a few agreed-upon facts, your Honor, but I don't see that there's an issue.

THE COURT: Well, unless you've read them to the jury. All right.

So I guess the question is: In all the papers you've given me, with obviousness in the objective indicia, secondary, are there remaining issues with respect to enablement? I didn't think there were any in the first place, or written description? I actually have lost track of that.

Oh, I did make a decision on page 33, the extra language from defendants. It struck me that it was

3:08 p.m. to begin their deliberations.)

THE COURT:  All right.  I'm working on Phase 2 of the trial in case we need to go there, so I will hand out to you whatever I have as soon as I have it.

You just need to make sure we've got one phone number from each party so that if we have a juror question, we can reach you efficiently and get back to the jury as soon as possible.  All right?

MS. ELDERKIN:  Thank you, your Honor.

MR. GAEDE:  Thanks you, your Honor.

(Court recessed at 3:09 p.m. while jury deliberates.)

- - -