**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LTD, and<br>TP LINK INTERNATIONAL LTD.,<br><br>Defendants. | Civil Action No. 2:21-cv-430-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND A FINDING OF NO ENTITLEMENT**
**TO PRIORITY DATES EARLIER THAN ACTUAL FILING DATES FOR CERTAIN**
**<u>PRIOR ART</u>**

i

Atlas failed to show that it is entitled to partial summary judgment.

*First*, even if *Dynamic Drinkware* applies, a genuine dispute of material fact exists as to whether the prior art patent / published patent application references' respective provisional applications provide written description for the relied-upon portions of the prior art references. Atlas does not genuinely dispute the following material facts:

- Atlas omitted Dr. Hansen's expert report exhibits from its Motion.  As seen in those exhibits, which are integral to Dr. Hansen's report, each challenged prior art patent or published application discloses the relevant, respective provisional application(s) by number and by filing date.  Dkt. 209 at 3-8, ¶¶ 5-11.

- In his invalidity report, Dr. Hansen expressly stated that he understands that "a published patent application" can qualify as prior art to a claimed invention based on "the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority."  Dkt. 209 at 3-8, ¶¶ 5-11.

- Dr. Hansen applied that understanding in his report in opining that the challenged references are prior art and discloses and render obvious various asserted claims. Included within that opinion is that the disclosure of the cited provisional applications supports the disclosure of the published application.  Dkt. 209 at 3-8, ¶¶ 5-11.

Unable to dispute the above facts, Atlas argues that "there are no witnesses qualified to introduce or provide analysis on the priority dates of TP-Link's prior art references" and that "no experts (from either side) opined on the issue."  Dkt. 218 ("Reply") at 4.  Atlas is wrong on both counts.

Not only did Dr. Hansen address these issues as noted, but Atlas's validity expert Dr. Psounis also is indisputably "qualified" to provide such an analysis.  And, in fact, Dr. Psounis expressly opined in his own report "that a later-filed patent may be entitled to the earlier priority

1

date of a provisional application to which it claims priority if that provisional application provides support for both (1) the disclosures in the later-filed patent and (2) at least one claim of the later-filed patent." Psounis Report (Dkt. 194-3) at ¶ 32. And not only that, but Dr. Psounis expressly opined that the challenged prior art references are "not prior art." *See id*. at *e.g*., ¶ 183 ("Chun is not prior art"), ¶ 363 ("Lee is not prior art"), ¶ 380 ("Choi is not prior art") ¶ 1088 ("Merlin '258 is not prior art"), ¶ 1089 ("Merlin '690 is not prior art"), ¶ 1090 ("The Vermani publication is not prior art"), ¶ 1091 ("Chu is not prior art").

Having put the references' status as allegedly "not prior art" at issue, TP-Link is entitled to cross-examine Dr. Psounis regarding whether the relevant provisional applications provide written description for the non-provisional prior art documents per the test set forth in paragraph 32 of Dr. Psounis's own report. *See e.g.*, *Shure Inc. v. ClearOne, Inc.*, No. CV 19-1343-RGA, 2021 WL 5014770, at *1 (D. Del. Oct. 28, 2021) (allowing plaintiff to cross examine defendant's damages expert to "present evidence of a reasonably royalty" after part of plaintiff's expert's testimony was excluded).

Thus, based on: (1) the provisional applications themselves, (2) Dr. Hansen's direct testimony, and (3) the potential cross-examination testimony of Dr. Psounis described above, it will be for the jury to decide whether the provisional applications provide written description for the prior art—a "question of fact." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). That another court granted JMOL in another case, based on different facts, is irrelevant. The defendant there "failed to proffer any evidence that the provisional applications provided written description support for the published claims of the prior art patent applications." Reply at 2. Here, TP-Link provided the evidence described above, and TP-Link is entitled to confront Dr. Psounis with the provisional applications on cross-examination.

2

***Second***, Atlas's "fairness" argument rings hollow.  TP-Link showed that during fact discovery, Atlas had not compared any of its own asserted claims to any of their respective provisional applications to show that the provisional applications provide adequate written description.  Dkt. 209 at 2-3, ¶¶ 1-4.  Atlas does not genuinely dispute this and instead argues only that Atlas was not "required" to do more under P.R. 3-1(e). Reply at 4.  That is beside the point because TP-Link propounded an interrogatory requiring Atlas, on a patent-by-patent basis, to "describe fully and with particularity" the earliest date on which Atlas contends the claimed subject matter was invented.  Dkt. 209 at 2-3, ¶ 3.  Atlas identified its own provisional applications but did not compare them to any asserted claims.  *See id.*  Atlas argues that TP-Link's argument is full of "irony."  Reply at 4 n.1.  But Atlas's argument lacks consistency—if what Atlas provided in response to interrogatories was sufficient to show that its *own* provisional applications support Atlas's asserted claims, then TP-Link was not required to do more with respect to the prior art references it similarly argues are entitled to provisional priority.

Unable to dispute these facts, Atlas pivots. It now argues that Dr. Shoemake provided "a short analysis of the priority date of each asserted patent in his opening infringement report." Reply at 5.  This somehow made "TP-Link and Dr. Hansen … fully aware of Atlas's priority date arguments" and "rectified" the "unfairness."  *Id.*  Not so.  Dr. Hansen's report was due on the same date that Dr. Shoemake served his infringement report, and thus TP-Link had no notice of Atlas's pivot.  Finally, Atlas argues that Dr. Hansen "could have addressed the issue in his second expert report" (Reply at 5), but Dr. Hansen's "second report" was a rebuttal report to Dr. Shoemake's *infringement* report and not related to invalidity.  The upshot is that Atlas "fully and with particularity" claimed priority to its own provisional applications one way during fact discovery in response to TP-Link's interrogatory, but now complains and asks the Court for

3

redress when Dr. Hansen provided commensurate priority descriptions of the prior art provisional applications.

At a minimum, if the Court finds that there was some defect in Dr. Hansen's report (and by extension Atlas's discovery disclosures), TP-Link should be allowed to provide a targeted supplementation to Dr. Hansen's report to resolve the issue as prior courts have allowed.[1]  In any event, as discussed above—and even absent supplementation of Dr. Hansen's report—there exists a genuine dispute of material fact premised on other evidence as to the disclosure of the provisional applications that is sufficient to defeat the motion.

*Third*, TP-Link showed that the "Marvell" reference is not a patent or a published patent application and, as such, the concept of "priority" does not apply to Marvell and is therefore not a proper subject of Atlas's motion for partial summary judgment.  Dkt. 209 at 5, ¶ 8.  Atlas does not dispute this and instead argues that "TP-Link makes zero argument and cites no evidence/expert opinion that Marvell pre-dates the provisional application of Atlas's '187 Patent."  Reply at 3.  That is a non-sequitur.  Marvell is prior art to the '187 patent if the '187 patent is not entitled to priority to its provisional application.  But the issue in Atlas's motion is *not* whether the '187 Patent is entitled to its own claimed priority date.  TP-Link was not required (under *Drinkware* or otherwise) to show that a <u>non-patent</u> prior art reference like Marvell was somehow entitled to an earlier "priority" date.  As such, this aspect of Atlas's motion for partial summary judgment should be denied.

---

[1] *See Amgen Inc. v. Sanofi*, No. CV 14-1317-SLR, 2016 WL 825671, at *2 (D. Del. Mar. 2, 2016) (providing "opportunity to supplement [defendants'] expert reports" on similar facts). Similarly, in *Zeiss A.G. v. Nikon Corp*, the Court denied a motion for summary judgment similar to Atlas's here, electing to resolve any uncertainty on the question by allowing a post-expert-discovery declaration from defendant's expert to show that the expert had "analyzed the Guidash '900 claims and compared them to the '104 provisional."  2018 WL 5078256, at *11 (C.D. Cal. Oct. 4, 2018).  *See* Dkt. 209 at 10.

## **<u>CONCLUSION</u>**

For the reasons given above and in TP-Link's Opposition, Atlas's Motion should be denied.

Dated:  July 6, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell
(Eastern District of Texas Member)
Edward J. Mayle
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800

6

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
asaul@kilpatricktownsend.com

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 6, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith

77520424V.2

8