IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK TECHNOLOGIES CO., LTD., <br> TP-LINK CORPORATION LTD, and <br> TP-LINK INTERNATIONAL LTD., <br><br> Defendants. | Civil Action No. 2:21-cv-00430-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE IN PART THE EXPERT DISCLOSURE AND TESTIMONY OF THOMAS P. MCGAHEE**

███████████████████████████████

## INTRODUCTION

Rather than substantively respond to Atlas's motion to exclude Dr. McGahee's Opening Report ("Motion"), TP-Link's Opposition ignores *all* of the cited legal authority in Atlas's Motion and attempts to rewrite Dr. McGahee's improper legal opinions into what TP-Link's counsel wishes Dr. McGahee had stated instead. Accordingly, as described further below, TP-Link's Opposition lacks merit and Atlas's Motion should be granted in its entirety.

## ARGUMENT

**First**, TP-Link fails to address, much less distinguish *any* of the dispositive cited case law in Atlas's Motion. As Atlas's Motion explains, at least two courts have specifically excluded an expert for offering improper legal opinions on whether conduct constitutes a breach of FRAND obligations. In *Microsoft Corp. v. Motorola, Inc.*, the court held "there is little question that statements by an expert witness as to the circumstances under which a patent holder fulfills its RAND obligation is beyond the scope of permissible expert testimony." 2013 WL 4008822, at *14 (W.D. Wash. Aug. 5, 2013). Similarly, in *Evolved Wireless, LLC v. Apple Inc.*, the court excluded an expert opinion "relating to Apple's conduct with respect to seeking injunctive relief without offering a license for each of the Asserted Patents on FRAND terms" because "the Court has determined that the breach of FRAND obligations issue is a matter for determination by the Court." 2019 WL 1178517, at *5-6 (D. Del. Mar. 13, 2019). As discussed below, those are precisely the opinions Dr. McGahee offers: he opines that Atlas has breached its FRAND obligations. TP-Link's failure to address the relevance of this authority in any respect is reason alone to grant Atlas's Motion.

**Second**, Atlas's FRAND obligations are contractual in nature, but TP-Link fails to address, much less distinguish *any* of the other cited case law in Atlas's motion that recognizes any expert

1

opinion on the terms of a contract or the parties' obligations thereunder is improper. As Atlas's

Motion explains, courts in this district have repeatedly recognized expert opinion related to "terms

of the contract" are inadmissible because "the interpretation of a contract is a question of law for

the Court to decide." *Fidelity Nat'l Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F.Supp.2d 604,

615 (E.D. Tex. 2011), *aff'd in part, rev'd in part, & remanded on other grounds*, 739 F.3d 848 (5th

Cir. 2014); *Hillwood Enters., L.P. v. Intel Corp.*, 2009 WL 3008082, at *4 (E.D. Tex. Aug. 12,

2009) (excluding expert because "expert opinion testimony to interpret contract language is

inadmissible"). TP-Link's complete failure to address this additional authority is yet another reason

to grant Atlas's Motion.

**Third**, contrary to TP-Link's assertions, Atlas's Motion neither "inaccurately" represents

nor improperly "truncated" Dr. McGahee's opinions. Opposition at 7-10. As the annotated

snapshot below of the first page of Dr. McGahee's section on Atlas's alleged contractual

obligations demonstrates, Dr. McGahee clearly and repeatedly opines that Atlas "



Opening Report ¶¶ 42-43.

Thus, no matter how TP-Link wants to dress it up, Dr. McGahee seeks to opine that Atlas has breached its FRAND contractual obligations. But again, experts are not permitted to opine as whether a party has complied with its FRAND contractual obligations or contractual obligations more broadly. There is nothing "expert" about it; it is application of simple facts to a legal question. Moreover, although TP-Link's Opposition attempts to characterize the remainder of this liability section as something other than a more detailed discussion of these improper legal opinions, Dr. McGahee plainly states at the end of the opening paragraph of this liability section: "These observations are discussed in detail in the remainder of this section of my report." Opening Report ¶ 43.

**Third**, TP-Link offers no authority to suggest Dr. McGahee's improper legal opinions can nevertheless be admitted because Dr. McGahee also offers an alleged "economic" rationale for his opinions. Opposition at 1-5. TP-Link dedicates most of its Opposition to argue that Dr. McGahee is not offering improper legal opinion on what Atlas's contractual obligations require or whether Atlas allegedly breached its contractual obligations because Dr. McGahee is offering those opinions "from an economic standpoint." *Id.* However, absent some authority that suggests an "economic" rationale (or any rationale) can transform Dr. McGahee's opinions on what a contract requires or whether a contract has been breached into proper admissible opinions, TP-Link's attempt to reframe Dr. McGahee's opinions is irrelevant and Dr. McGahee's legal opinions remain improper.

At bottom, TP-Link is trying to confuse the issue. Atlas's FRAND commitments are a matter of contract. Where the contract does not spell out, for example, an amount owed or a color to paint a house, opinions as to what terms and conduct are and are not complaint with the contract

██████████████████████████████████████████

necessarily opine on contract interpretation, which is a legal question. TP-Link can claim Dr. McGahee is offering economic rationales but that is at best a thin gloss on the actual import of his opinions. And if Dr. McGahee were truly only opining as to whether Atlas had complied with some amorphous, economic concept of FRAND principles, then exclusion would even more so be required because such opinions are not helpful in "determine[ing] a fact in issue." FED. R. EVID. 702. Atlas's FRAND obligations are set out by contract, not by free-floating economic principles, and thus any opinions as to whether Atlas has complied with FRAND principles other than those it is contractually obligated to follow are irrelevant.[1]

**Fourth**, TP-Link's argument that Dr. McGahee's improper legal opinions are "akin to a damages expert evaluating damages 'should the trier of fact' find infringement of a patent claim'" is misleading. Opposition at 9-10. In the more than 20-page section of Dr. McGahee's Opening Report that discusses Atlas's alleged contractual obligations and contractual breaches, Dr. McGahee never states that *any* of his opinions are based on the assumption that the judge or jury is going to conclude that Atlas breached its contractual obligations or what Atlas's contractual obligations require. Indeed, when TP-Link makes this argument in its Opposition, it does not cite to any specific language from this liability section of Dr. McGahee's Opening Report. Instead, TP-Link cites to language from the damages section of Dr. McGahee's Opening Report, which states

█████████████████████████████████████████████████

████████████████████████████████████████  Opposition at 9-10 (citing Opening

Report ¶ 79). This very limited qualification only with respect to damages does not suggest that

█████████████████████████████████████████████████

---

[1] Indeed, in two other patent infringement cases against Atlas involving a substantially similar FRAND breach of contract counterclaim in the Western District of Texas, neither defendant submitted an expert report in support of their counterclaim.

████████████████████████████████████████████

█████████████ Rather, it demonstrates the opposite: Dr. McGahee knew exactly what he could have stated to qualify his opinions on liability and affirmatively chose not to do so as he did for damages.

**Fifth**, if this Court grants Atlas's Motion for Summary Judgment on TP-Link's Counterclaim and/or determines that Dr. McGahee's improper legal opinions should be excluded, there is no reason for any opinion from Dr. McGahee's Opening Report to be introduced. It is undisputed that Dr. McGahee's Opening Report was offered only in support of TP-Link's Counterclaim and that the reasonableness of the damages and royalty rate Atlas seeks in this case is separately addressed in Dr. McGahee's Rebuttal Report. Accordingly, in the event the Court grants Atlas's Motion for Summary Judgment on TP-Link's Counterclaim, this Court will not need to address the merits of Atlas's Motion to Exclude Dr. McGahee's Opening Report in order to determine that Dr. McGahee's Opening Report should be excluded.

Moreover, as explained above, TP-Link's contention that Dr. McGahee's Opening Report contains anything more than improper legal opinions on whether Atlas breached its contractual obligations and what Atlas's contractual obligations require is inaccurate. While it is certainly true that the words "breach," "obligation," or "requires" do not appear in every sentence of the Opening Report, the only purpose of each of those sentences is to support Dr. McGahee's conclusion and improper legal opinions that Atlas breached its contractual obligations. ███████████

███████████████████████████████████████████████████████

███████████████████████████ Opening Report ¶ 12. Therefore, if this Court determines that these opinions are improper, there will be nothing substantively left from the Opening Report for Dr. McGahee to present and the entirety of the Opening Report should be struck.

███████████████████████████████

Dated: June 30, 2023                    Respectfully submitted,


                                        */s/ Alejandra C. Salinas*
                                        Max L. Tribble, Jr.
                                        Texas State Bar No. 20213950
                                        Joseph S. Grinstein
                                        Texas State Bar No. 24002188
                                        Alejandra C. Salinas
                                        Texas State Bar No. 24102452
                                        **SUSMAN GODFREY, LLP**
                                        1000 Louisiana Street, Suite 5100
                                        Houston, Texas 77002
                                        Telephone: (713) 651-9366
                                        Facsimile: (713) 654-6666
                                        mtribble@susmangodfrey.com
                                        jgrinstein@susmangodfrey.com
                                        asalinas@susmangodfrey.com

                                        Kalpana Srinivasan
                                        California State Bar No. 237460
                                        Oleg Elkhunovich
                                        California State Bar No. 269238
                                        **SUSMAN GODFREY, LLP**
                                        1900 Avenue of the Stars, 14th Floor
                                        Los Angeles, CA 90067
                                        Telephone: (310) 789-3100
                                        Facsimile: (310) 789-3150
                                        ksrinivasan@susmangodfrey.com
                                        oelkhunovich@susmangodfrey.com

                                        Michael F. Heim
                                        Texas State Bar No. 09380923
                                        Eric J. Enger
                                        Texas State Bar No. 24045833
                                        Blaine A. Larson
                                        Texas State Bar No. 24083360
                                        Alden G. Harris
                                        Texas State Bar No. 24083138
                                        William B. Collier, Jr.
                                        Texas State Bar No. 24097519
                                        **HEIM, PAYNE & CHORUSH, LLP**
                                        1111 Bagby, Suite 2100
                                        Houston, Texas 77002
                                        Telephone: (713) 221-2000
                                        Facsimile: (713) 221-2021
                                        mheim@hpcllp.com

6

████████████████████████████████████████████████

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

7

██████████████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to all counsel of record via CM/ECF.

*/s/ Alejandra C. Salinas*
Alejandra C. Salinas


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this brief contains material that has been designated confidential under the protective order.

*/s/ Alejandra C. Salinas*
Alejandra C. Salinas