IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | § <br> § |
| *Plaintiff*, | § <br> § |
| v. | § <br> § CIVIL ACTION NO. 2:21-CV-00430-JRG-RSP |
| TP-LINK TECHNOLOGIES CO., LTD., <br> TP-LINK CORPORATION LIMITED, <br> TP-LINK INTERNATIONAL LTD., | § <br> § <br> § <br> § |
| *Defendants*. | § |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Atlas Global Technologies LLC's Motion for Partial Summary Judgment on Entitlement to Priority Dates Earlier than Actual Filing Dates for Certain Prior Art. **Dkt. No. 194**.[1] Defendants[2] filed their Response (Dkt. No. 209), Atlas Global filed its Reply (Dkt. No. 218), and Defendants filed their Sur-reply (Dkt. No. 227). For the following reasons, the motion should be **GRANTED**.

**I.   BACKGROUND**

Atlas Global alleges that Defendants infringe U.S. Patent Nos. 9,532,187 (the "'187 Patent"), 9,763,259 (the "'259 Patent"), 9,825,738 (the "'738 Patent"), 9,912,513 (the "'513 Patent"), 9,917,679 (the "'679 Patent") (collectively, the "Asserted Patents")).[3] According to Atlas Global, the Asserted Patents cover various aspects of Wi-Fi 6, the current and most advanced version of Wi-Fi based on the Institute of Electrical and Electronics Engineers (IEEE)

---

[1] Citations to docket and page number correspond to those assigned through ECF.

[2] TP-Link Technologies Co., LTD. and TP-Link Corporation, LTD., f/k/a TP-Link International, LTD.'s (collectively, "Defendants")

[3] Atlas Global's initial complaint, filed November 22, 2021, also asserted U.S. Patent Nos. 9,531,520 (the "'520 Patent"), 10,020,919 (the "'919 Patent"), and 10,756,851 (the "'851 Patent"), which have since been dropped from the case. *See* Complaint, Dkt. No. 1 at ¶ 1; *see also* Joint Pretrial Order, Dkt. No. 241 at 5.

802.11ax standard. *See* Dkt. No. 88 at 6–7 ("The Asserted Patents enable numerous features of Wi-Fi 6, including OFDMA and MU-MIMO" (*e.g.*, '679 Patent), "multi-user triggering frames and/or acknowledgement frames" (*e.g.*, '738 Patent, '513 Patent), "channel sounding, estimation, and feedback in multi-user communication" (*e.g.*, '259 Patent), "and interleaving in multi-user systems" (*e.g.*, '187 Patent)).

Defendants' invalidity expert, Dr. Hansen, relies on multiple prior art references—including patents and printed patent publications that claim priority to earlier-filed provisional applications—in forming his opinions that the Asserted Patents are invalid. *See* Dr. Hansen Invalidity Report, Dkt. No. 194-2 at 17–23 (Selected Exhibits); *see also* Dkt. Nos. 209-2–209-15 (Chun 898, Chun 910, Lee, Choi 701, Marvell, Merlin 258, Merlin 690, Vermani 335, Chu, Rong, Choi 654, Chun 288, Merlin 051, Chun 388 (collectively, the "Disputed References")). In his report, Dr. Hansen also states that he understands "the term 'effective filing date' for a claimed invention in a patent or application for patent means … the filing date of the earliest application for which the patent or application is entitled, as to such invention, to a right of priority." Dr. Hansen Invalidity Report, Dkt. No. 194-2 at ¶ 24.

Atlas Global's validity expert, Dr. Konstantinos Psounis, analyzes the asserted claims for each of the Asserted Patents, and opines that they are all entitled to the provisional filing dates for their respective Asserted Patents. Dr. Psounis Validity Report, Dkt. No. 194-3 at ¶¶ 335–45 ('187 Patent), ¶¶ 873–903 ('259 Patent), ¶¶ 1002–44 ('738 Patent), ¶¶ 1467–99 ('513 Patent). The provisional filing dates for certain of the Asserted Patents are earlier than the filing dates of the respective Disputed References.

### A. The '259 Patent

The '259 Patent issued from Application No. 14/862,078, filed September 22, 2015, which lists a Provisional Application No. 62/054,270, filed on Sep. 23, 2014. '259 Patent, Dkt. No. 1-2 at 2.

Dr. Hansen opines that the asserted claims of the '259 Patent are invalid over Chun 898. Dr. Hansen Invalidity Report, Dkt. No. 194-2 at ¶ 1564.

Chun 898 was a national phase entry from a PCT application filed February 16, 2015, which lists a provisional application, filed June 20, 2014. Chun 898, Dkt. No. 209-2 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Chun 898 is entitled to a priority date earlier than February 16, 2015. Motion, Dkt. No. 194 at 7.

### B. The '187 Patent

The '187 Patent issued from Application No. 14/823,524, filed August 11, 2015, which lists a Provisional Application No. 62/135,094, filed on Mar. 18, 2015, and a Korean Application 10-2014-0103275, filed August 11, 2014. '187 Patent, Dkt. No. 1-9 at 2.

Dr. Hansen opines that the asserted claims of the '187 Patent are invalid over Lee, Choi 701, and Marvell. Dr. Hansen Invalidity Report, Dkt. No. 194-2 at ¶ 879.

Lee published from a national phase entry of a PCT application, filed July 2, 2015, which lists three provisional applications—one filed July 28, 2014, and two filed August 7, 2014. Lee, Dkt. No. 209-4 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Lee is entitled to a priority date earlier than July 2, 2015. Motion, Dkt. No. 194 at 7.

Choi 701 was a national phase entry of a PCT application, filed November 5, 2015, which lists two provisional applications—one filed November 5, 2014, and another filed December 8, 2014. Marvell, Dkt. No. 209-6 at 3. Atlas Global contends that Dr. Hansen provides

no analysis or opinion that Choi 702 is entitled to a priority date earlier than November 5, 2015. Motion, Dkt. No. 194 at 8.

Marvell is a printed publication dated July 12, 2015. Marvell, Dkt. No. 209-6 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Marvell was publicly available earlier than July 12, 2015. Motion, Dkt. No. 194 at 8.

### C. The '738 Patent

The '738 Patent issued from Application No. 14/678,724, filed April 3, 2015, which lists Provisional Application No. 61/981,427, filed on April 18, 2014, and Provisional Application No. 61/975,622, filed on Apr. 4, 2014. '738 Patent, Dkt. No. 1-3 at 2.

Dr. Hansen opines that the asserted claims of the '738 Patent are invalid over Merlin 258, Merlin 690, Vermani 335, and Chu. Dr. Hansen Invalidity Report, Dkt. No. 194-2 at ¶ 1867.

Merlin 258 published from an application, filed August 26, 2014, which lists a provisional application, filed August 28, 2013. Marlin 258, Dkt. No. 209-7 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Merlin 258 is entitled to a priority date earlier than August 26, 2014. Motion, Dkt. No. 194 at 9.

Merlin 690 published from an application, filed October 30, 2014, which lists a provisional application, filed November 1, 2013. Merlin 690, Dkt. No. 209-8 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Merlin 690 is entitled to a priority date earlier than October 30, 2014. Motion, Dkt. No. 194 at 9.

Vermani 335 published from an application, filed July 15, 2014, which lists four provisional applications, filed on December 10, 2013, October 18, 2013, July 17, 2013, and April 23, 2014, respectively. Vermani 335, Dkt. No. 209-9 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion regarding Vermani 335's publication date or priority date. Motion, Dkt. No. 194 at 9.

Chu published from an application, filed November 11, 2014, which lists a provisional application, filed November 26, 2013. Chu, Dkt. No. 209-10 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Chu is entitled to a priority date earlier than November 11, 2014. Motion, Dkt. No. 194 at 9.

### D. The '513 Patent

The '513 Patent issued from Application No. 15/203,717, filed July 6, 2016, which lists Provisional Application No. 62/061,503, filed on Oct. 8, 2014. '513 Patent, Dkt. No. 1-4 at 2–3.

Dr. Hansen opines that the asserted claims of the '513 Patent are invalid over Rong, Choi 654, and Chun 288. Dr. Hansen Invalidity Report, Dkt. No. 194-2 at ¶ 2404.

Rong published from an application, filed on October 22, 2014, and lists a provisional application, filed on October 24, 2013. Rong, Dkt. No. 209-11 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Rong is entitled to a priority date earlier than October 22, 2014. Motion, Dkt. No. 194 at 10.

Choi 654 was a national phase entry of a PCT application, filed October 20, 2015, which lists a provisional application, filed May 7, 2013. Choi 654, Dkt. No. 209-12 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion regarding Rong's publication date or priority date. Motion, Dkt. No. 194 at 10.

Chun 288 issued from a national phase entry of a PCT application, filed February 16, 2015, which lists a provisional application, filed July 21, 2014. Chun 288, Dkt. No. 209-13 at 3. Atlas Global contends that Dr. Hansen provides no analysis or opinion that Chun 288 is entitled to a priority date earlier than February 16, 2015. Motion, Dkt. No. 194 at 10.

In the motion, Atlas Global moves for partial summary judgment on the ground that Defendants failed to present any evidence that the Disputed References are entitled to priority dates—and qualify as prior art—earlier than their later latest filing dates. Dkt. No. 194 at 11. As

shown in the figure below, the dispute concerns whether Defendants have provided evidence to establish the link in priority represented by the dashed red line in the following picture:



## II.   LAW

### A.  Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

A "no evidence" summary judgment is appropriate when the moving party demonstrates an absence of evidence to support the case of the party with the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has demonstrated the absence of evidence, the nonmovant must present affirmative evidence indicating that there is a genuine factual issue.

*Liberty Lobby, Inc.*, 477 U.S. at 257. A party moving for a "no evidence" summary judgment need not "produce evidence showing the absence of a genuine issue of material fact" on issues for which it does not bear the burden of proof. *Celotex*, 477 U.S. at 325. A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific facts which meet its burden of proof. *Id.* "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy*, 44 F.2d at 312 (citing *Liberty Lobby*, 477 U.S. at 247).

### B. Entitlement to Priority

For purposes of prior art, a "reference patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims in the reference patent in compliance with § 112, ¶ 1." *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1381 (Fed. Cir. 2015) (citing *In re Wertheim,* 646 F.2d 527, 537 (CCPA 1981).[4] The same principle extends to published patent applications. *See Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1380 (Fed. Cir. 2017) (holding Appellants were incorrect in arguing that the *Dynamic Drinkware* case only related to whether "'a patent asserted as prior art under § 102(e)(2) was prior art as of the filing date of a parent application' but does not relate to whether 'published patent applications asserted as prior art under § 102(e)(1)' were prior art as of the filing date of their provisional applications").

The party asserting invalidity bears the burden of proving the provisional application provides written description support for the claims of the prior art reference. *Id.* at 1381–82. To satisfy the written description requirement of §112, the description must "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad*

---

[4] While the Federal Circuit did not explicitly address this question with respect to AIA § 102(d), the guidance from *Dynamic Drinkware* is instructive. *See* 800 F.3d at 1381 n.2 ("Because we refer to the pre-AIA version of § 102, we do not interpret here the AIA's impact on *Wertheim* in newly designated § 102(d)")

*Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). "Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the nonmoving party." *PowerOasis Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008).

### III.  ANALYSIS

#### A.  Atlas Global Provided Notice of Its Priority Date Arguments

Atlas Global identified the provisional application filing dates as the priority date for each of the Asserted Patents in its infringement contentions as well as in its responses to Defendants' first set of interrogatories. *See* Infringement Contentions, Dkt. No. 194-4 at 10–12; *see also* Atlas Global's Interrogatory Responses, Dkt. No. 194-5 at 5–9.  Thus, Defendants have long been on notice that Plaintiff would contend that the Asserted Patents claimed priority to the date of the provisional applications, and that Plaintiff would seek to prove that through its expert.

#### B.  Defendants Failed to Provide Any Evidence that the Disputed References Qualify as Prior Art as of the Date of The Provisional Filings

Defendants had the initial burden of production to come forward with evidence that the Disputed References anticipate and/or render obvious the asserted claims. *Dynamic Drinkware*, 800 F.3d at 1379. Defendants satisfied that initial burden.

The burden of production then shifted to Atlas Global to argue or produce evidence that either (1) the Disputed References do not actually anticipate and/or render obvious the asserted claims or (2) the Disputed References are not prior art because the asserted claims are entitled to the benefit of a filing date antedating the Disputed References. *Dynamic Drinkware*, 800 F.3d at 1380. Atlas Global has provided evidence—through the rebuttal report of its validity expert, Dr. Psounis—that each of the asserted claims at issue is entitled to the priority date of the provisional applications for each of the respective Asserted Patents.

The burden of production then returned to Defendants to prove that the Disputed References are entitled to the benefit of a filing date prior to the earlier date of the asserted claims. *Dynamic Drinkware*, 800 F.3d at 1380. Defendants' efforts fall short of satisfying that burden of production. Defendants' invalidity expert, Dr. Hansen, recognizes that the Disputed References—other than Marvell—have provisional application dates that were filed earlier than the non-provisional published applications and patents relied upon.[5] He also repeats his understanding of the law, which recognizes priority claims. Dr. Hansen's general recognition of the *possibility* of priority falls short of offering analysis or opinion that any of the Disputed References is *actually entitled* to the priority date of an earlier application.

For Defendants to have carried their burden on this motion, they needed to show evidence that the subject matter relied upon in the reference patent or published application is described in the provisional application, and at least one of the claims of the patent or published application is supported by the written description of the provisional application. *See Dynamic Drinkware*, 800 F.3d at 1381; *see also Amgen Inc. v. Sanofi*, 872 F.3d at 1380. They did not. Signaling their dearth of evidence, Defendants' primary argument is that Dr. Hansen's statements amount to an *implicit* opinion that the disclosures of the cited provisional applications support the disclosures of the Disputed References. Response, Dkt. No. 209 at 6–14. Defendants allege that there is a genuine dispute of material fact given (1) the provisional applications themselves, (2) Dr. Hansen's "implicit" opinion and (3) potential future cross-examination testimony of Atlas Global's validity expert, Dr. Psounis. *see also* Sur-reply, Dkt. No. 227 at 3. Defendants have simply failed to present any evidence to establish a genuine dispute of material fact.

---

[5] The Marvell reference was a printed publication, but Defendants do not argue that Marvell was publicly available, and therefore qualifies as prior art, before its listed July 12, 2015 date.

The Court is also not persuaded by Defendants' fairness argument and rejects their request to supplement their expert reports, since Atlas Global has long provided notice of its intent to rely on the earlier priority dates for the Asserted Patents.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the motion for partial summary judgment (Dkt. Nos. 194) be **GRANTED** and Defendants be precluded from arguing that (1) the Marvell reference was publicly available before July 12, 2015, and (2) any of the Disputed References are entitled to priority dates earlier than the reference application's filing date. Plaintiff will still, of course, be required to prove its entitlement to the priority date of the provisional application as it set forth in the report of Dr. Psounis.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 1st day of August, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE