IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:21-CV-00430-JRG-RSP <br> TP-LINK TECHNOLOGIES CO., LTD., § <br> TP-LINK CORPORATION LIMITED, § <br> TP-LINK INTERNATIONAL LTD., § <br> § <br> *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court is Atlas Global's Motion to Exclude in Part the Expert Disclosure and Testimony of Thomas P. Mcgahee. **Dkt. No. 197**.[1] TP-Link Technologies Co., Ltd. and TP-Link Corporation, Ltd., f/k/a TP-Link International, Ltd.'s (collectively, "Defendants") filed their Response (Dkt. No. 211), Atlas Global filed its Reply (Dkt. No. 221), and Defendants filed their Sur-reply (Dkt. No. 235). For the following reasons, the Court **GRANTS-IN-PART** the motion.

**I.      BACKGROUND**

Atlas Global alleges that Defendants infringe U.S. Patent Nos. 9,532,187 ("the '187 Patent"), 9,763,259 (the "'259 Patent"), 9,825,738 (the "'738 Patent"), 9,912,513 (the "'513 Patent"), 9,917,679 (the "'679 Patent") (collectively, the "Asserted Patents")).[2] According to Atlas Global, the Asserted Patents cover various aspects of Wi-Fi 6, the current and most advanced version of Wi-Fi based on the Institute of Electrical and Electronics Engineers (IEEE) 802.11ax

---

[1] Citations to docket and page number correspond to those assigned through ECF.

[2] Atlas Global's initial complaint, filed November 22, 2021, also asserted U.S. Patent Nos. 9,531,520 (the "'520 Patent"), 10,020,919 (the "'919 Patent"), and 10,756,851 (the "'851 Patent"), which have since been dropped from the case. *See* Complaint, Dkt. No. 1 at ¶ 1; *see also* Joint Pretrial Order, Dkt. No. 241 at 5.

1

standard. *See* Dkt. No. 88 at 6–7 ("The Asserted Patents enable numerous features of Wi-Fi 6, including OFDMA and MU-MIMO" (*e.g.*, the '679), "multi-user triggering frames and/or acknowledgement frames" (*e.g.*, the '738, '513), "channel sounding, estimation, and feedback in multi-user communication" (*e.g.*, the '259), "and interleaving in multi-user systems" (*e.g.*, the '187)).

In February 2023, Defendants filed a counterclaim alleging that Atlas Global breached its contractual obligations (1) by "failing to communicate with Defendants or to offer Defendants FRAND license terms for the Asserted Patents before filing this Complaint" and (2) by failing to disclose one or more of the Asserted Patents to the IEEE. Answer, Dkt. No. 120 at ¶¶ 8–27 (Counterclaim Count 1: Breach of Contract). The Report and Recommendation (Dkt. No. 256) recommends eliminating that counterclaim from the case.

Defendants' damages expert, Dr. Thomas P. McGahee, has a Ph.D in economics and a B.B.A. in management from the University of Georgia, more than a decade of experience in the field, and is a former economics professor. Dr. McGahee Opening Damages Report, Dkt. No. 197-2 at ¶¶ 5–7 (II. – Qualifications and Experience). Dr. McGahee offers certain opinions as to what he understands Atlas Global's obligations are under the IEEE Bylaws and the Letter of Assurance. *See* Dr. McGahee Opening Damages Report, Dkt. No. 197-2 at ¶¶ 12, 36, 37, 40. Dr. McGahee also provides rebuttal damages opinions to Atlas Global's claim, in which he evaluates whether Atlas Global's claimed royalty damages comply with its FRAND obligations. Dr. McGahee Damages Rebuttal Report, Dkt. No. 197-3 at ¶ 4. In his rebuttal report, Dr. McGahee also incorporates many of his opinions from the opening damages report supporting Defendants' counterclaim. *Id.* at ¶¶ 2, 80–81, 113, 128 130, 132, 134.

Atlas Global now moves to exclude expert opinions of Dr. McGahee that it contends are inappropriate legal opinions regarding Atlas Global's FRAND obligations. *Id.* at 4–5.

## II.  LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct ...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

## III.  ANALYSIS

As an initial matter, Atlas Global argues that "in the event the Court grants Atlas's Motion for Summary Judgment on TP-Link's Counterclaim, this Court will not need to address the merits of Atlas's Motion to Exclude Dr. McGahee's Opening Report in order to determine that Dr.

3

McGahee's Opening Report should be excluded. Response, Dkt. No. 221 at 6. Yet, in its motion, Atlas Global recognizes that Dr. McGahee's rebuttal report incorporates content from numerous paragraphs in his opening report. *See* Motion, Dkt. No. 197 at 5. The Court declines to exclude Dr. McGahee's entire opening report.

Turning to the remaining issue in the motion, the parties dispute whether Dr. McGahee improperly interprets Atlas Global's contractual FRAND obligations. Atlas contends he does, and that those opinions are improper, irrelevant and unhelpful to a jury under Rule 702. Motion, Dkt. No. 197 at 7 (citing Dr. McGahee Opening Damages Report, Dkt. No. 197-2 at ¶¶ 42, 49, 64, 68, 79).

Defendants respond that Dr. McGahee's opinions are properly offered from an economic standpoint as to whether Atlas Global's licensing activities use rates and terms that are "fair reasonable and non-discriminatory." Response, Dkt. No. 211 at 4.

Atlas admits that it is contractually bound under the Letter of Assurance to the IEEE to "grant a license" to the Asserted Patents "under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination." Dkt. No. 241 at 5, 8.  What Dr. McGahee may properly do is to analyze Atlas' reasonable royalty analysis and offer opinions as to whether, from an economic theory point of view, it has reasonable rates with reasonable terms and conditions that are free of unfair discrimination.  What he is not allowed to do is to offer his view of what "FRAND principles" require.  He has already opined that his understanding of those "principles" includes a requirement that an offer be made before suit, which the Court has found to have no basis in the applicable law. He also advances other opinions based on his view of what FRAND principles require as far as when and how *offers* are to be made.  Those are his opinions as to what the law requires, a topic

4

well beyond his area of expertise and beyond the purview of evidence. All of his opinions based on his understanding of "FRAND principles" are hereby stricken.[3] Nonetheless, he will be permitted to opine, based on economic analysis, on whether the royalty sought by Atlas is a "reasonable rate" with "reasonable terms and conditions" and "free of unfair discrimination." Those are the only FRAND principles relevant to this case.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** the motion to the extent previously mentioned. The motion is otherwise **DENIED**.

**SIGNED this 4th day of August, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law."); *see also Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 866715, at *1 (E.D. Tex. 2016) ("The Court is responsible for deciding disputed questions of law, and the Federal Circuit has consistently disfavored reliance on expert testimony as the basis for legal conclusions."); *accord Ultravision Technologies, LLC v. GoVision LLC*, 2021 WL 2188710, at *3 (E.D. Tex. 2021) (striking an expert opinions that "cross[] the line from factual analysis to legal conclusions").