# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00430-JRG |
| | § | |
| TP-LINK TECHNOLOGIES CO., LTD., | § | |
| TP-LINK CORPORATION LTD, and | § | |
| TP-LINK INTERNATIONAL LTD., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants TP-Link Technologies Co., Ltd.'s, TP-Link Corporation Ltd.'s, and TP-Link International, Ltd.'s (collectively, "TP-Link") Partially Opposed Motion to Continue Trial Setting or, in the Alternative, to Reorder Trials (the "Motion"). (Dkt. No. 280.) In the Motion, TP-Link requests that the Court prioritize the above-captioned case for trial on August 18, 2023, one of the dates the Court has set aside for jury trials, or, in the alternative, that the trial be continued until at least December 4, 2023. (*Id.* at 1.) The August 18, 2023 trial setting has passed. As such, the portion of the Motion requesting that the Court re-prioritize the above-captioned case is **DENIED-AS-MOOT**. Plaintiff Atlas Global Technologies LLC ("Atlas") opposes the remaining portion of the Motion requesting a continuance until at least December 4, 2023. (Dkt. No. 292.) This case is currently set for jury selection and trial on September 8, 2023.

On July 24, 2023, the Court announced the order of trials set for August 18, 2023. The Court provided notice to all parties that *Estech Systems IP, LLC v. Mitel Networks, Inc.*, 2:21-cv-473, would be set first, meaning that if the case did not settle it would proceed to trial. The above captioned case was set second, meaning that it would not proceed to trial unless the matter set

before it, *Estech*, did not proceed to trial. TP-Link filed the Motion on August 15, 2023, less than 72 hours before its trial was to commence on the 18th.

TP-Link argues that the Court should continue the trial until December 4, 2023 because its lead counsel, Mr. Steven Moore, has planned to be out of the country on sabbatical leave between August 31 and November 20 of this year.[1] (Dkt. No. 280 at 1.) TP-Link also argues that the trial should be continued because its corporate representative, Ms. Vivian Sun, has "speaking engagements at universities in Hong Kong and China between September 7 and 12." (Dkt. No 293 at 3.) TP-Link also notes that it expected to go to trial on August 18 because of Magistrate Judge Payne's observation that he personally viewed the *Estech* matter as likely to settle such that the above-captioned would probably be reached. (Dkt. No. 280 at 2.)

Atlas argues in opposition that the trial should not be continued because the case has already been delayed, which prejudices Atlas by inhibiting its ability to timely enforce its rights, and further delay would cause further prejudice. (Dkt. No. 292 at 2.)

The Court finds that if TP-Link is prejudiced by a trial that begins on September 8, 2023, it is prejudice of its TP-Link's own making, and therefore not prejudice that the Court should recognize. Moreover, the Court will not pass on any such prejudice created by TP-Link to Atlas by inhibiting Atlas's ability to timely adjudicate its rights.

The Court's long-standing practice has been to set multiple cases to begin trial on the same day. This ensures that parties may have their day in court in a timely manner. As cases approach trial, the parties often settle, but not every case settles, and it is impossible for the Court to forecast which case will settle. By setting multiple cases for trial on the same day, when one case settles, another takes its place and proceeds to trial. This ensures that all parties practicing before the Court

---

[1] This sabbatical is described by TP-Link as an extended vacation after 25 years of practicing law. It is not portrayed as a research or work-related event.

are able to timely adjudicate their rights. Further, it conserves the Court's limited resources by avoiding the waste of dedicated trial time for a single case which has been set by itself and then settles at the last minute. Moreover, this practice is common across many of the nation's 94 districts. This is precisely why the appellate courts have nationally recognized that trial courts have (and should have) wide discretion as to the management of their dockets. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Johnson v. Lumpkin*, 74 F.4th 334, 342 (5th Cir. 2023); *Emamian v. Rockefeller Univ.*, 971 F.3d 380, 391 (2d Cir. 2020); *Pinson v. Blanckensee*, 834 F. App'x 427 (9th Cir. 2021); *Attias v. Carefirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017).

Of course, this system does not always work perfectly. Sometimes none of the cases set for a particular trial date settle, meaning that the Court then has a backlog of cases to try later. At other times, every case set for a particular trial date settles, meaning that another case could have been tried sooner but can't be because insufficient time exists to notice the parties in another case for trial.

The Court is well aware that this practice means that parties may have to prepare for trial more than once. However, this is how this Court (and many others) keep their dockets moving and try more rather than fewer cases. By setting multiple cases for trial on the same day, this means that the time to trial for all parties practicing before the Court is shorter, and the costs associated with litigation are thereby minimized over the long run. TP-Link and Atlas have already benefited from this system, seeing that they stand next in line to resolve their disputes before a jury in a matter of weeks, not months or years in the future.

TP-Link well knows the ins and outs of this practice, seeing that its counsel has practiced before this Court many times over many years, including by participating in multiple trials under this system. Nonetheless, TP-Link decided to inform the Court of their lead counsel's planned

sabbatical vacation three days before it was initially set for trial. TP-Link could have done so at least two weeks earlier. Moreover, the fact that Judge Payne may have commented from the bench that the *Estech* matter might settle is irrelevant. As counsel for TP-Link should know, a case is not settled until it is settled, no matter how one reads the tea leaves. Accordingly, the Court finds that any prejudice to TP-Link brought about by a September trial setting is of its own making. It reflects an eventuality well-known to TP-Link. There is no surprise here except that TP-Link appears to have guessed wrongly about the *Estech* case.

Finally, to the extent that Ms. Vivan Sun is indisposed and unable to attend trial, this too is a problem of TP-Link's making. If she wanted to attend trial, Ms. Sun should not have scheduled speaking engagements at times when she was set to be in trial. Nothing in the briefing indicates such engagements cannot be rescheduled. Nothing in the briefing described the nature of these engagements. Without more, the Court sees no reason to find this fact compelling.

For the foregoing reasons, the remaining portion of the Motion (Dkt. No. 280) is **DENIED**. The above-captioned case will proceed to trial as scheduled, with jury selection beginning on September 8, 2023 at 2:30 p.m. CT in Marshall, Texas.[2]

**So Ordered this**
**Aug 24, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] Unless this case settles, in which case the number two case scheduled for trial will go forward. If the number two case does not go forward for any reason, the number three case will go forward.